FILED    COPY

1   ELLEN M. BRONCHETTI, CA Bar No. 226975
    ebronchetti@littler.com
2   GUISSU N. RAAFAT, CA Bar No. 254615
    graafat@littler.com
3   LITTLER MENDELSON, P.C.
    650 California Street
4   20th Floor
    San Francisco, California 94108.2693
5   Telephone: 415.433.1940
    Fax No.:     415.399.8490
6

2010 JUN -2 PH 1:00

CLERK, U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
RIVERSIDE

BY_____

7   Attorneys for Defendant
    SWIFT TRANSPORTATION CO., INC

8

9                 UNITED STATES DISTRICT COURT

10           FOR THE CENTRAL DISTRICT OF CALIFORNIA

ED CV 10 - 00809 VAP (OPx)

11  JOHN BURNELL and all other similarly    Case No.
    situated,

12                                (San Bernardino Superior Court
            Plaintiff,               Case No. CIVDS 1004377)

13

14       v.                       NOTICE TO FEDERAL COURT
                              OF REMOVAL OF CIVIL ACTION
15  SWIFT TRANSPORTATION CO., INC.    FROM STATE COURT
    an Arizona corporation; and DOES 1      PURSUANT TO 28 U.S.C.
    through 50, inclusive,           SECTION 1332(a)(d), 1441, AND
16                              1446.
                Defendant.
17

18                              DIVERSITY JURISDICTION AND
                              CLASS ACTION FAIRNESS ACT

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

TO THE CLERK OF THE ABOVE TITLED COURT AND PLAINTIFF JOHN BURNELL ("PLAINTIFF") AND HIS ATTORNEY OF RECORD:

PLEASE TAKE NOTICE that Defendant SWIFT TRANSPORTATION INC. (hereinafter "Swift" or "Defendant") hereby effects the removal of the this action from the Superior Court in the State of California for the County of San Bernardino to the United States District Court for the Central District of California.

Removal is based on 28 U.S.C. sections 1332(a) (Diversity Jurisdiction) and (d) (the Class Action Fairness Act), 1441(b), and 1446 on the following grounds:

# I.

## STATEMENT OF JURISDICTION

**A.    Diversity of Citizenship Jurisdiction.**

1.    This Court has original jurisdiction over this action under 28 U.S.C. section 1332(a)(2) (diversity jurisdiction), and this case may be removed pursuant to the provisions of 28 U.S.C. section 1441(a), in that it is a civil action wherein the amount in controversy for the named plaintiff exceeds the sum of seventy five thousand dollars ($75,000), exclusive of interest and costs, and it is between "citizens of a State and citizens or subjects of a foreign state."

2.    Here, Diversity jurisdiction exists because Plaintiff is a citizen of the State of California and Defendant is a corporation incorporated under the laws of Arizona with its principal place of business in Phoenix, Arizona, and the amount in controversy, exclusive of interests and/or costs exceeds $75,000 as shown hereafter.

**B.    Jurisdiction Under The Class Action Fairness Act.**

3.    On February 18, 2005, the Class Action Fairness Act "the Act" was enacted.   In relevant part, the Act grants federal district courts original jurisdiction over civil class action lawsuits filed under federal or state law in which any member of a class of plaintiffs is a citizen of state different from any defendant, and where the matter in controversy exceeds $5,000,000, exclusive of interest and costs.

ITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

1    4.    This Court has jurisdiction over this case under the Class Action

2    Fairness Act, 28 U.S.C. section 1332(d), and this case may be removed pursuant to the

3    provisions of 28 U.S.C. section 1441(a), in that it is a civil class action wherein: 1) the

4    proposed class contains at least 100 members; 2) the primary defendants are not states,

5    state officials or other governmental entities; 3) the total amount in controversy for all

6    class members exceeds $5,000,000 and; 4) there is diversity between at least one class

7    member and one defendant.

8    5.    The Act's minimal diversity requirement is satisfied when at least

9    one plaintiff is a citizen of a state in which none of the defendants are citizens, when

10   one plaintiff is a citizen of a foreign state and one defendant is a U.S. citizen, or when

11   one plaintiff is a U.S. citizen and one defendant is a citizen of a foreign state.

12   6.    As set forth below, this case meets all of the Act's requirements for

13   removal and is timely and properly removed by the filing of this Notice.

14                                          **II.**

15                           **STATUS OF PLEADINGS**

16   7.    On or about March 22, 2010, Plaintiff filed an original complaint

17   in the Superior Court of the State of California in and for the County of San

18   Bernardino, entitled *John Burnell v. Swift Transportation Co., Inc., an Arizona*

19   *Corporation and Does 1-50, Defendants*, case number CIVDS 1004377 (the

20   "Complaint"). The Complaint is a purported class action.

21   8.    A copy of the Complaint, Summons, and Civil Case Cover Sheet

22   was served on Swift on May 5, 2010. True and correct copies of the Complaint,

23   Summons and Civil Case Cover Sheet are attached hereto, collectively, as Exhibit A.[1]

24   9.    Plaintiff asserts in his Complaint that he was a former employee of

25   Swift Transportation. Exh. A, Complaint ¶ 9.

26   10.    Plaintiff's Complaint asserts eight (8) causes of action: for (1)

27

28

---

[1] Defendant asks the Court to take judicial notice of the exhibits attached to this Notice of Removal all of which are pleadings filed with or by other California courts.

ITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA 94108 2693
415.433.1940

-3-

NOTICE TO FEDERAL COURT OF REMOVAL

Recovery of unpaid minimum wages under Labor Code § 1194; (2) Recovery of Unpaid Wages at the Agreed Rate (Secret Lower Wage) pursuant to Labor Code §§ 221-223 (3) Failure to Provide Meal and Rest Periods pursuant to Labor Code §226.7; (4) Failure to Timely Furnish Accurate Wage Statements pursuant to Labor Code § 226 (5) Unlawful Payment Instruments pursuant to Labor Code § 212(a) (6) Failure to Pay All Earned Final Wages pursuant to Labor Code §§ 201-203 (7) Violation of Business and Professions Code §17200 and (8) Civil penalties under Labor Code § 2698 *et seq.*

## III.

## COMPLETE DIVERSITY OF CITIZENSHIP EXISTS HERE

11.    Plaintiff was at the time of commencing this action, and Defendant is informed and believes that Plaintiff still is a citizen of the State of California. Based on a review of Plaintiff's personnel file, Defendant is informed and believes that Plaintiff's resident address is  PO Box 5444 Buena Park, CA 90622.  Declaration of Robin Rohwer in Support of Defendant Swift Transportation Co., Inc.'s Notice of Removal, ("Rohwer Decl.") filed herewith at ¶ 7.  *See* 28 U.S.C. § 1332(a)(1) (an individual is a citizen of the state in which he or she is domiciled); *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994) (residence is *prima facie* evidence of domicile for purposes of determining citizenship).

12.    Plaintiff seeks to represent current and former employees of Swift who were employed in the State of California during the putative four-year class period. Exh. A, Complaint ¶¶ 3,10.

13.    For diversity purposes, a corporation is deemed to be a citizen of the state in which it has been incorporated and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1).  A corporation's principal place of business is the state containing "'a substantial predominance of corporate operations.'" *Tosco Corp. v. Communities for a Better Environment*, 236 F.3d 495, 500 (9th Cir. 2001) (quoting *Indus. Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990)).  If no state

ITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA 94108.2693
415 433.1940

-4-

NOTICE TO FEDERAL COURT OF REMOVAL

contains a "substantial predominance" of corporate operations, courts apply the "nerve center" test, which locates the corporation's principal place of business in the state where "the majority of its executive and administrative functions are performed." *Id.*

14. Swift's principal place of business is in Arizona. Rohwer Decl. ¶ 13.

15. Plaintiff's Complaint concedes that Swift Transportation Co., Inc. is an Arizona Corporation. Exh. A, Complaint at page 1, Cover Page, ¶ 11.

16. At the time of the filing of the state court action, Swift was a corporation incorporated under the laws of the State of Arizona, and to date, remains a corporation under the laws of the State of Arizona. Exh. A, Complaint ¶ 11. Swift's corporate headquarters and nerve center were, at the time of filing of the state court action and throughout the entire period encompassed by the Complaint (March 22, 2006 to present date), and remain, located in Phoenix, Arizona, where almost all of its executive and corporate employees are employed and where its primary administrative functions are performed. *Id.* Phoenix, Arizona is Swift's corporate headquarters and is the actual center of direction, control and coordination. Rohwer Decl. ¶ 4. On April 13, 2010, Swift's registered business name changed from Swift Trans. Co., Inc of AZ to Swift Transportation Co. of Arizona, LLC. Rohwer Decl. ¶ 5.

17. Swift is one of the largest truckload motor carrier services in the world. Rohwer Decl. ¶ 16. Defendant provides transportation services on a national and international basis. Rohwer Decl. ¶ 17. Swift employs individuals in nearly forty-eight states in which it provides driving services. The Company's current aggregate work force is more than 15,000. Rohwer Decl. ¶ 18.

18. Defendant employs more individuals in the state of Arizona than it does in any other state, including California. Rohwer Decl. ¶ 19. Consequently, no single state has a substantial predominance (significantly larger) of Defendant's employees.

/ / /

ITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA 94108 2693
415.433.1940

-5-

NOTICE TO FEDERAL COURT OF REMOVAL

19.     Defendant's customers are located throughout the country in nearly forty-eight states.  In general, Illinois, Indiana and Arizona generate more loads of freight than any other state (including California.)  Rohwer Decl. ¶ 20.  Therefore, Defendant does not have a substantial predominance of its operations in California.  Thus, for purposes of establishing Defendant's citizenship, Defendant's principal place of business is  where its nerve center is located.  *See, e.g., J.A. Olson Co. v. Winona*, 818 F. 2d 401, 407 (5th Cir. 1987) ("[w]here a corporation is engaged in far-flung and varied activities which are carried on in different states, its principal place of business is the nerve center from which it radiates out to its constituent parts and from which its offers direct, control and coordinate all activities without regard to locale, in the *furtherance of the corporate objective.*" (citing *Scot Typewriter Co. v. Underwood Corp.*, 170 F. Supp. 862 (S.D. N.Y. 1959) (emphasis added))*; see* also *Ho v. Ikon Office Solutions, Inc.*, 143 F. Supp. 2d 1163, 1166 (N.D. Cal. 2001) (concluding that no state contained a substantial predominance of business activity where the defendant corporation conducted business in all fifty states and had 8.6% of its employees in California, 7.4% in Texas, 4.9% in Pennsylvania, 4.9% in New York, and 4.8% in Florida; this composition of employees meant that the corporation's contact was "spread relatively evenly"); *Arellano v. Home Depot U.S.A., Inc.*, 245 F. Supp. 2d 1102, 1106 (S.D. Cal. 2003) (although the employer had vastly higher percentage of employees in California, the District Court found that operations did not predominate in California because, among other things, California was the nation's most populous state and one would expect operations to be proportionate to state size for national corporations.)

20.     With respect to Swift's citizenship, the Supreme Court's recent decision in *Hertz v. Friend*, No. 08-1107 (U.S. February 23, 2010) clarifies the test that is to be applied to determine a corporation's principal place of business:

> We conclude that "principal place of business" is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities. It

ITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA 94108-2693
415.433.1940

1   is the place that Courts of Appeals have called the
2   corporation's "nerve center." And in practice it should
    normally be the place where the corporation maintains its
3   headquarters—provided that the headquarters is the actual
    center of direction, control, and coordination, i.e., the "nerve
4   center," and not simply an office where the corporation
    holds its board meetings. Slip op. at 14.

5       21.     The relevant considerations under the "nerve center" test include

6   the following: (a) where the directors and stockholders meet; (b) where the executives

7   live and have their offices; (c) where the administrative and financial offices are

8   located and the records kept; (d) where the corporate income tax return is filed; (e)

9   where the "home office" is located; and (f)  where day-to-day control of the business

10  is exercised.  *See Unger v. Del E. Webb Corp.*, 233 F. Supp. 713, 716 (N.D. Cal.

11  1964).

12      22.     There can be no dispute that Defendant's nerve center is located in

13  Phoenix, Arizona.  Rohwer Decl. ¶ 4.

14      23.     Defendant's corporate headquarters are located at 2200 S. 75th

15  Avenue, Phoenix, AZ 85043.  Rohwer Decl. ¶ 15.

16      24.     The administrative functions crucial to Defendant's day-to-day

17  operations, including Defendant's payroll and human resources functions, are

18  conducted in its Phoenix, Arizona. *Id.*

19      25.     The respective officers for Swift's administrative and corporate

20  departments work in Phoenix, Arizona and are responsible for developing policies and

21  protocols for Defendant's nationwide operations. *Id.*  In addition, Defendant's Board

22  of Directors meets in Phoenix, Arizona. *Id.*

23      26.     Based on the foregoing, the nerve center for Defendant is located

24  in Arizona, and Defendant is an Arizona corporation.

25      27.     Accordingly, Plaintiff, a California citizen, is a citizen of a state

26  different from Defendant.

27      28.     Defendants designated as DOES 1 through 50 are fictitious

28  defendants, are not parties to this action, have not been named or served, and are to be

ITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA 94108 2693
415 433.1940

disregarded for the purpose of this removal. 28 U.S.C. § 1441(a); *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987). Pursuant to Section 1441, the citizenship of defendants sued under fictitious names must be disregarded for the purpose of determining diversity jurisdiction and cannot destroy the diversity of citizenship between the parties in this action. *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998). The Doe defendants, therefore, need not consent to this removal.

**IV.**

**<u>AMOUNT IN CONTROVERSY EXCEEDS $75,000</u>**

29. Plaintiff's Complaint alleges that the amount in controversy for *each potential class member* is less than $75,000 and the aggregate claim is less than $5,000,000. Exh. A, Complaint ¶ 7.

30. Without making an admission of liability or damages with respect to any aspect of this case or to the proper legal test(s) applicable to Plaintiff's allegations, Defendant represents that the amount placed in controversy by Plaintiff's claims exceeds the jurisdictional minimum. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996); *Singer v. State Farm Mutual Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997). Swift Transportation is not obliged to "research, state, and prove the plaintiff's claims for damages." *McCraw v. Lyons,* 863 F. Supp. 430, 434 (W.D. Ky. 1994).

31. Defendant can establish the amount in controversy by the allegations in the Complaint, or by setting forth facts in the notice of removal that demonstrate that the amount in controversy "more likely than not" exceeds the jurisdictional minimum. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). The District Court may consider whether it is facially apparent from the Complaint that the jurisdictional amount is in controversy. *Singer v. State Farm Mut. Auto Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997); *Conrad Assoc. v. Hartford Accident & Indem. Co.*, 994 F. Supp. 1196, 1198 (N.D. Cal. 1998). In addition to the contents

ITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA 94108 2693
415 433 1940

-8-

NOTICE TO FEDERAL COURT OF REMOVAL

of the removal petition, the Court considers "summary-judgment-type evidence relevant to the amount in controversy at the time of removal," such as affidavits or declarations. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004); *Singer v. State Farm Mut. Auto Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997).

32.   In measuring the amount in controversy, a court must assume that the allegations of the complaint are true and that a jury will return a verdict for Plaintiff on all claims made in the complaint. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002). The ultimate inquiry is what amount is put "in controversy" by Plaintiff's complaint, not what Defendant will actually owe. *Rippee v. Boston Market Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005); see also *Scherer v. Equitable Life Assurance Society of the United States*, 347 F.3d 394, 399 (2d Cir. 2003) (recognizing that the ultimate or provable amount of damages is not what is considered when determining the amount in controversy; rather, it is the amount put in controversy by the plaintiff's complaint).

33.   Defendant Swift provides the following calculations only to demonstrate that the amount in controversy in this case easily exceeds the jurisdictional amount in controversy. Defendant makes no admission of any liability or, damages with respect to any aspect of this case or to the proper legal test to be applied to Plaintiff's claims. Nor does Swift waive its right to ultimately contest the proper amount of damages due, if any, should Plaintiff prevail with respect to any of his claims.

34.   Plaintiff Burnell was employed by Defendant from January 29, 2008 until February 26, 2009. Rohwer Decl. ¶ 7. Based on a review of Swift's business records, Defendant estimates that Plaintiff's average hourly rate of pay was approximately $15.60 per hour. Rohwer Decl. ¶ 8.

35.   With regard to Plaintiff's individual claims, there are approximately 336 work days (assuming a six day work week) during Plaintiff's employment. Rohwer Decl. ¶ 8.

ITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

36.   Plaintiff's First and Second Causes of Action allege he was not paid the state-mandated minimum wage.  Exh. A, Complaint ¶¶ 26-34.[2]  Plaintiff Burnell also seeks liquidated damages pursuant to Labor Code § 1194.2(a) on the straight time portion of the uncompensated hours worked, including interest thereon.  Section 1194.2(a) grants liquidated damages in the amount equal to the wages allegedly unpaid in addition to 10% interest.  Estimating conservatively, Plaintiff Burnell worked approximately eight hours per day on approximately 336 days during his employment with Swift.  Assuming Plaintiff was not paid for four hours per day of unpaid wages and an average hourly wage rate of $15.60, Plaintiff is seeking approximately $20,966.40 in unpaid wages ($15.60 multiplied by 4 hours, multiplied by 336 days.)  Labor Code section 1194.2(a) doubles this amount for liquidated damages and allows 10% interest.  Plaintiff also seeks interest for nonpayment of wages pursuant to Labor Code section 218.6 and Civil Code sections 3287, 3289.  Therefore, the amount in controversy for Plaintiff's First and Second Causes of action alone is $41,932.80 ($20,966.40 in alleged unpaid wages and $20,966.40—liquidated damages, excluding interest.)

37.   Plaintiff Burnell's Third and Fourth Causes of Action allege Defendant "routinely failed to provide" meal and rest periods.  Exh. A, Complaint ¶¶ 42-48.   Estimating conservatively, Plaintiff likely worked 336 days during his employment.    Without conceding the appropriate legal standard(s) to be applied to Plaintiff's claims or the number of meal and rest period penalties Plaintiff may recover per day, assuming Plaintiff missed one meal period per day and two rest periods per day during his employment, Plaintiff's individual claim for missed meal and rest periods could be $15,724.80 (one missed meal period and two missed rest period for every work day multiplied by the hourly rate, $15.60, multiplied by 336

---

[2] Plaintiff's Second Cause of Action alleges "Unpaid Wages At the Agreed Rate (Secret Lower Wage).  Given the way Plaintiff has pled this cause of action, it is unclear whether it is separate and distinct from his unpaid overtime allegation.

ITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA  94108 2693
415 433 1940

-10-

NOTICE TO FEDERAL COURT OF REMOVAL

days equals $15,724.80, excluding interest.) In addition, Plaintiff Burnell seeks to recover a civil penalty under Labor Code Section 558 in the amount of $50 for the initial violation and $100 for each subsequent violation per pay period. Exh. A, Complaint ¶ 76(D).  Swift pays employee drivers in California on a weekly basis. Rohwer Decl. ¶ 21.  Assuming 56 pay periods during Plaintiff's employment, the potential civil penalties for Plaintiff's Third Cause of action amount to at least $ 5,550.00.

38.   Plaintiff's Fourth Cause of action alleges that Defendant failed to furnish accurate itemized statements in writing showing (1) gross wages earned; (2) total hours worked by the employee (3) all deductions (4) net wages earned and/or (5) all applicable hourly rates in effect during each respective pay period and the corresponding number of hours worked at each hourly rate.  Complaint ¶ 51.  Labor Code § 226(e) provides as follows: "[a]n employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and is entitled to an aware of costs and reasonable attorneys fees.  Cal. Labor Code § 226(e).   Section 226(e) carries a one-year limitations period.  Plaintiff was an employee of Defendant from January 28, 2008 until February 26, 2009.  Therefore, given that Swift pays drivers on weekly basis, if Plaintiff should succeed in demonstrating that he received inaccurate wage statements, he would be entitled to $4000.00.

39.   Plaintiff's Fifth Cause of Action alleges the Defendant paid wages with an unlawful instrument in violation of Labor Code section 212.  California Labor Code Section 225.5 imposes the following penalty for unlawfully withholding wages in violation of Labor Code Section 212: (a) For any initial violation, one hundred dollars ($100) for each failure to pay each employee and (b) For each subsequent

ITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA  94108 2693
415.433.1940

1  violation, or any willful or intentional violation, two hundred dollars ($200) for each
2  failure to pay each employee, plus 25 percent of the amount unlawfully withheld.
3  Thus, Plaintiff's potential individual recovery on this cause of action would be $5,100
4  in addition to 25 percent of the amount allegedly unlawfully withheld.  Based on the
5  above calculations, the amount in controversy for this cause of action is approximately
6  $14,665.92 ($5,100 + ($20,966.40 (in withheld minimum wages) + $17,297.28 (in
7  meal and rest period penalties) x 25% = $9172.80).

8      40.   Plaintiff's Sixth Cause of Action alleges that Defendant failed to
9  pay all earned final wages in violation of Labor Code sections 201-203.  Plaintiff
10  seeks to recover penalties pursuant to Labor Code section 203 in the amount of a daily
11  wage multiplied by up to a maximum of thirty days.  Based on Plaintiff's estimated
12  daily wage, this amount in controversy is $3,744 ($15.60 multiplied by 8 hours per
13  day, multiplied by 30 days).

14      41.   Plaintiff's Seventh Cause of Action alleges that Defendant the
15  California Unfair Competition Law, Business and Professions Code §§ 17200 *et seq*.
16  Plaintiff seeks penalties and interest as a result of the alleged unlawful or unfair
17  business practices.  The UCL extends the three year statute of limitations on allege
18  Labor Code violations from three years to four years.  Here, Plaintiff did not work
19  more than thirteen months.[3]

20      42.   Plaintiff further asserts that he is seeking interest, reasonable
21  attorney's fees and costs.  Exh. A, Complaint p. 19, Prayer for Relief.  It is well-
22  settled that in determining whether a complaint meets the amount in controversy
23  requirement, the Court should consider attorneys' fees.  It is not usual in matters such
24  as this one for attorneys' fees and cost to amount to tens of thousands of dollars. *See,*
25  *e.g.*, *Bell v. Preferred Life Assur. Soc. of Montgomery, Ala.*, 320 U.S. 238, 64 S.Ct. 5

26

[3] Plaintiff's UCL Cause of Action is erroneously identified as the Sixth Cause of Action.  Plaintiff
27  also alleges a final cause of action (erroneously identified as the Seventh Cause of Action) for
28  penalties relating to the alleged Labor Code violations.

ITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA 94108 2693
415.433.1940

-12-

NOTICE TO FEDERAL COURT OF REMOVAL

(1943); *Goldberg v. CPC Int'l, Inc.*, 678 F.2d 1365, 1367 (9th Cir. 1982) (attorneys' fees may be taken into account to determine jurisdictional amounts); *see also Gibson v. Chrysler Corp.*, 261 F.3d 927 (9th Cir. 2001). At a minimum, Defendant believes that attorneys' fees will amount to at least 1/3 of the ultimate damage award, if any and will be added to the amount of wages, penalties and interest owing. Given that many of the statutes at issue in this lawsuit allow for an award of attorneys' fees, it appears likely that the fees will be even greater than 33% of the ultimate damage award.

43. By virtue of the claims asserted in this case and the potential attorney's fees, the preponderance of the evidence indicates that the amount in controversy is well into the six figures, and well over $75,000. Thus, removal is proper. *See De Aguillar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995) (removal proper where "the defendant can show by a preponderance of the evidence that the amount in controversy is greater than the jurisdictional amount"); *accord Gaus v. Miles, Inc.*, 980 F.2d 564, 566-67 (9th Cir. 1992); *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999) (facts presented in notice of removal, combined with plaintiff's allegations, sufficient to support finding that jurisdictional limits satisfied); A failure to allege an amount in controversy may surpass the amount in controversy requirement, especially when economic damages sought are considerable. *See Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005) (where Plaintiff failed to allege a specific amount in controversy but whose lost wages and 401(k) contribution amounted to at least $56,000 the court held that based on similar claims, Plaintiff would meet the amount in controversy requirement of $75,000).

44. Plaintiff's Complaint also describes punitive damages of undetermined amounts. (Exh. A, Civil Cover Sheet, Paragraph 3). Despite Defendant's denial that it owes Plaintiff any damages and punitive damages, these categories of damages must be considered when calculating the amount in controversy. *See Gibson v. Chrysler Corp.*, 261 F. 3d 927, 945 (9th Cir. 2001) ("It is

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA 94108 2693
415.433.1940

-13-

NOTICE TO FEDERAL COURT OF REMOVAL

1    well established that punitive damages are part of the amount in controversy in a civil

2    action."); *see also Richmond v. All State Insurance*, 897 F. Supp. 447, 450 (S.D. Cal.

3    1995) (general and special damages included in the amount in controversy).  Punitive

4    damages on any one of Plaintiff's claims could meet the jurisdictional requirement.

5    *See White v. FCI USA, Inc.*, 319 F.3d 672 at 675 (punitive damages alone was more

6    likely than not to exceed the jurisdictional amount).

7                                         **V.**

8    **JURISDICTION PURSUANT TO THE CLASS ACTION FAIRNESS ACT**

9            45.    Pursuant to Section 4 of the Class Action Fairness Act of 2005

10   ("CAFA" or "the Act"), 28 U.S.C. section 1332(d)(2):

11           The district courts shall have original jurisdiction of any
             civil action in which the matter in controversy exceeds the
12           sum or value of $5,000,000, exclusive of interest and costs,
             and is a class action in which —
13
             (A) any member of a class of plaintiffs is a citizen of a State
14           different from any defendant.

15           While there are a number of exceptions to this rule of original jurisdiction

16   contained in 28 U.S.C. section 1332(d)(3)-(5), none of the exceptions is applicable

17   here, as demonstrated hereafter.

18   / / /

19           46.    This Court has jurisdiction over this action pursuant to CAFA, 28

20   U.S.C. section 1332(d), and this case may be removed by Defendant pursuant to the

21   provisions of 28 U.S.C. section 1441(a), in that it is a civil class action wherein: (1)

22   the proposed class contains at least 100 members; (2) Defendants are not the state,

23   state official or other governmental entity; (3) the total amount in controversy exceeds

24   $5,000,000; and (4) there is diversity between at least one class member and one of

25   Defendants.  28 U.S.C. § 1332.

26           47.    Venue is proper in this Court pursuant to 28 U.S.C. sections 84(c),

27   and 1391.

28           48.    Swift is the only Defendant that has been named and served in this

ITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA 94108 2693
415 433 1940

-14-

NOTICE TO FEDERAL COURT OF REMOVAL

1  matter.   All defendants which have been named and served, therefore, join in the
2  removal.

3          49.   This action has been styled as an action pursuant to California
4  Code of Civil Procedure section 382.  Exh. A, Complaint ¶ 19-25.  California Code of
5  Civil Procedure section 382 is a state statute authorizing an action to be brought by
6  one or more representative persons as a class action.  Plaintiff brings this action on
7  behalf of himself and "all Drivers and other similarly-titled employees with similar
8  job duties employed in California who worked for Defendants during the relevant time
9  period."  Exh. A, Complaint ¶ 19(a).

10          50.   The Act authorizes the removal of class actions in which, among
11  the other factors mentioned above, *the aggregate* amount in controversy for all class
12  members exceeds five million dollars ($5,000,000.00).  See 28 U.S.C. § 1332(d).  The
13  allegations in Plaintiff's Complaint and the claimed penalties greatly exceed the
14  jurisdictional minimum.  By demonstrating that the actual amount in controversy
15  exceeds the threshold, Defendant does not concede the validity of Plaintiff's claims,
16  the legal bases for the damages calculations, or the likelihood that Plaintiff will
17  recover anything.

18          51.   Defendant Swift provides the following calculations only to
19  demonstrate that the amount in controversy in this case easily exceeds the amount in
20  controversy requirement of the Act.  Defendant makes no admission of any liability or
21  damages with respect to any aspect of this case, nor does it endorse or concede that
22  the proffered methodology for such calculations passes muster.

23          52.   The statutes of limitation on the various claims asserted in the
24  complaint are up to four years.  Business & Profession Code § 17208; *Deutsch v.*
25  *Turner Corp.* (2002) 324 F 3d 692, 2003 US App LEXIS 3942, 192 ALR Fed 657;
26  *Cazares v. Household Fin. Corp.* (2005) 2005 US Dist LEXIS 39222.

27          53.   During the period encompassed by the Complaint (March 22, 2006
28  to present date), Swift employed over 9,000 individuals in the position of employee

ITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA 94108 2693
415 433 1940

-15-

NOTICE TO FEDERAL COURT OF REMOVAL

Driver in California. Rohwer Decl. ¶ 12. Thus, because Plaintiff seeks to represent a class of all such persons within four years of filing of this action, Plaintiff purports to sue on behalf of over 9,000 persons.

54. The average hourly rate for employee Drivers employed by Swift in California throughout the period encompassed by the Complaint (March 22, 2006 to current date) is approximately $ 14.76. Rohwer Decl. ¶ 10.

55. Plaintiff's First and Second Causes of Action allege that Defendant failed to pay the putative class the state-mandated minimum wage. Exh. A, Complaint ¶¶ 26-34.[4] Plaintiff also seeks liquidated damages pursuant to Labor Code § 1194.2(a) on the straight time portion of the uncompensated hours worked, including interest thereon. Estimating conservatively, putative class members worked approximately 312 days per year. Because Plaintiff also asserts a claim under Business and Professions Code section 17200, the statute of limitations for the overtime claims increases from three years to four years. Exh. A, Complaint, ¶¶ 67-73.[5] More than 9,000 class members have worked for the Company over the last four years (since March 22, 2006). Assuming conservatively, that each class member who worked for the last four years was not paid four hours per day at a minimum wage rate of $14.76 per hour, the amount in controversy on these causes of action is $165,784,320.00 (312 days multiplied by $14.76, multiplied by 4 hours, multiplied by 9,000 class members In addition, Plaintiff seeks liquidated damages and interest pursuant to Labor Code Section 1194.2(a). Section 1194.2(a) grants liquidated damages in the amount equal to the wages allegedly unpaid in addition to 10% interest. Thus class members place another $182,362,752.00 ($165,784,320.00 multiplied by 10% = $16,578,432.00 + $165,784,320.00) in controversy based on this code section.

---

[4] Plaintiff's Second Cause of Action alleges "Unpaid Wages At the Agreed Rate (Secret Lower Wage)." Given the way Plaintiff has pled this cause of action, it is unclear whether it is separate and distinct from his unpaid wage allegation.
[5] Plaintiff erroneously alleges two separate causes of action as the "Sixth Cause of Action." Complaint page 15-16.

ITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA 94108-2693
415.433.1940

NOTICE TO FEDERAL COURT OF REMOVAL

56.    Among other claims, Plaintiff has pled causes of action for Failure to Provide Meal and Rest Breaks.  Complaint, Third Cause of Action.  The average hourly rate for all class members is $14.76.  Rohwer Decl. ¶ 12.  Plaintiff alleges that he and other similarly situated employees were "suffered to work without being afforded meal and rest periods in conformity with California law . . . ." Complaint ¶ 5(b).   California Labor Code section 226.7 provides that if an employer fails to provide meal and or rest breaks, "the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided." Cal. Labor Code § 226.7.  Assuming for the sake of argument only, that Plaintiff can indeed prove that he, and the class he purports to represent, were never provided meal or rest periods, the liability as to such claims

/ / /

/ / /

/ / /

/ / /

ITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

-17-

NOTICE TO FEDERAL COURT OF REMOVAL

would exceed the jurisdictional minimum under CAFA (average hourly rate of $14.76 multiplied by three for daily missed meal and two rest breaks, multiplied by 312 average work days per year x 9,000 Drivers x Four Year Statute of Limitations)[6] = $497,352,960.00

57.     Furthermore, Plaintiff's Fourth Cause of Action asserts a cause of action for failure to comply with itemized employee wage statements pursuant to Labor Code section 226.  Section 226(e) provides for damages for this alleged failure as follows:

> (e) An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000) and is entitled to an award of costs and reasonable attorney's fees.

58.     Assuming, for the purposes of removal only, that Plaintiff's allegation that the wage statements of each driver were deficient to be true, and the Court were to accept a claim by Plaintiff that the maximum penalty of $4,000 should be awarded to each putative class member, the amount in controversy for such penalties would be $36,000,000.  (9,000 x $4,000 = $36,000,000.)  This potential recovery under Section 226 further serves to demonstrate that the amount in controversy in this case exceeds the minimum jurisdictional amount, permitting removal of this action.

59.     Plaintiff's claims for attorneys' fees must also be considered in determining whether the jurisdictional limit is met.  Complaint ¶ 79 and Prayer at page 19.  *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) – attorneys' fees recoverable by statute or contract are properly included in the amount in

---

[6] In *Murphy v. Kenneth Cole Productions, Inc.*, 40 Cal. 4th 1094, 1099, the California Supreme Court held that such claims for wages are subject to a three year statute of limitations.  However, claims under Business & Professions code section 17200 et seq. are subject to a four year limitations period.  Business and Professions Code § 17208.

ITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA 94108-2693
415.433.1940

controversy.  In California, where wage and hour class actions have settled prior to trial for millions of dollars, it is not uncommon for an attorneys' fee award to be twenty-five to forty percent of the settlement and, thus, in excess of $1,000,000.[7]

60.    In addition to the claims outlined above, Plaintiff also claims penalties pursuant to Labor Code § 203 in the amount of 30 days' pay for each Driver who is no longer employed by Swift.  Complaint ¶¶ 61-66.  Of the putative class, approximately 7,400 are former employees.  Rohwer Decl. ¶ 12.  Assuming an eight hour work day, the amount of such damages could be approximately $26,213,760.00. (8 hours per day, multiplied by the average hourly rate of $14.76, multiplied by the number of terminated drivers, 7400, multiplied by 30 days).

61.    As set forth above, the preponderance of the evidence is that the amount sought in the Complaint is substantially greater than the jurisdictional amount of $5,000,000 required by the Act.  The amount in controversy requirement for CAFA is, therefore, met based on Plaintiff's pleaded facts and claims.

## TIMELINESS OF REMOVAL

62.    This Notice of Removal is timely in that it has been filed within thirty (30) days of service of the Complaint on Swift on June 2, 2010. Exh. A.

## NOTICE TO PLAINTIFF

63.    Contemporaneously with the filing of this Notice of Removal in the United States District Court for the Central District of California, written notice of such filing will be served on Plaintiff's counsel of record: David Spivak 9454

---

[7] See *Abasi v. HCA, the Healthcare Co. Inc.*, C.D. Cal. No. CV 03-7606 (May 9, 2005) (approving $4.75 million settlement for claims of unpaid overtime, meal and rest break periods; attorney's fee award totaling over $1.2 million); *Butler et. al. v. Countrywide Financial Corp.*, Los Angeles County Superior Court Case No. BC 268250 (April 2005) (preliminary approval given for $30 million settlement for alleged misclassification of approximately 400 account executives; attorney's fees award estimated at 25% or $7.5 million); see also *Bell v. Farmers Insurance Exchange* (2004) 115 Cal.App.4th 715 (case went to trial as a class action in July 2001, resulting in a $90 million jury award for overtime pay, virtually all of which was upheld on appeal.  Class consisted of approximately 9,400 insurance claims adjusters.  The court awarded attorney's fees totaling approximately $9.4 million.)

ITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA 94108-2693
415.433.1940

-19-

1  Wilshire Blvd, Suite 303, Beverly Hills, California and Co-counsel Shaun Setareh
2  9454 Wilshire Blvd., Penthouse Suite 3 Beverly Hills, California and Louis Benowitz
3  9454 Wilshire Blvd., Penthouse Suite 34, Beverly Hills, California.   In addition, a
4  copy of this Notice of Removal will be filed with the Clerk of the Court for the
5  Superior Court of the County of San Bernardino, California.

6       WHEREFORE, having provided notice as is required by law, the above-
7  entitled action should be removed from the Superior Court for the County of San
8  Bernardino to this Court.

9
   Dated:  June 2 , 2010
10

11                                        _____
12                                        Ellen M. Bronchetti
                                          Guissu N. Raafat
13                                        LITTLER MENDELSON, P.C.

14                                        Attorneys for Defendant
                                          SWIFT TRANSPORTATION CO., INC
15

16

17

18  Firmwide:95397333.2 024599.1074

19

20

21

22

23

24

25

26

27

28

ITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

-20-

NOTICE TO FEDERAL COURT OF REMOVAL

# EXHIBIT A

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
SWIFT TRANSPORTATION CO. INC., an Arizona corporation; and DOES 1
through 50, inclusive

F I L E D
SUPERIOR COURT
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

MAR 2 2 2010

By _____ 
Deputy

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
JOHN BURNELL, and all others similarly situated

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

---

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Superior Court of California, County of San Bernardino<br>303 West Third Street<br>San Bernardino, California  92401-0210 | **CASE NUMBER:**<br>*(Número del Caso):*<br>CIVDS 1 0 0 4 3 7 7 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: David Spivak, Esq.
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
THE SPIVAK LAW FIRM
9454 Wilshire Blvd, Suite 303, Beverly Hills, CA 90212                    3104994730

| DATE:<br>*(Fecha)*  MAR 2 2 2010 | Clerk, by<br>*(Secretario)*  **SHANNON PRATT** | , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
[SEAL]
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*

ProDOC

CM-010

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State bar number, and address):
David Spivak, Esq.                    SBN: 179684
THE SPIVAK LAW FIRM                   e-mail: david@spivaklaw.com
9454 Wilshire Blvd, Suite 303, Beverly Hills, CA 90212
TELEPHONE NO.: 3104994730      FAX NO.: 3104994739
ATTORNEY FOR (Name): John Burnell

**FOR COURT USE ONLY**

F I L E D
SUPERIOR COURT
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

MAR 2 2 2010

By _____
                          Deputy

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO
STREET ADDRESS: 303 West Third Street
MAILING ADDRESS: 303 West Third Street
CITY AND ZIP CODE: San Bernardino, 92401-0210
BRANCH NAME: San Bernardino District Civil Division

CASE NAME: JOHN BURNELL vs. SWIFT TRANSPORTATION CO. INC., a Arizona corporation

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [X] Unlimited   [ ] Limited<br>(Amount demanded exceeds $25,000)   (Amount demanded is $25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | CIVDS 1 0 0 4 3 7 7 <br> JUDGE:<br> DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [X] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition (not specified above) (43)

2. This case [ ] is  [X] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a.[X] monetary  b.[X] nonmonetary; declaratory or injunctive relief  c.[X] punitive
4. Number of causes of action (specify): Eight (8)
5. This case [X] is  [ ] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: March 17, 2010

David Spivak, Esq.
_____
(TYPE OR PRINT NAME)                          (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]                    CIVIL CASE COVER SHEET    ProDoc®     Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

1  David Spivak (SBN 179684)
2  THE SPIVAK LAW FIRM
   9454 Wilshire Blvd, Suite 303
3  Beverly Hills, CA 90212
   Tel:    (310) 499-4730
4  Fax:    (310) 499-4739
5  david@spivaklaw.com
   (Additional Counsel on Following Page)
6
   Attorneys for Plaintiffs,
7  JOHN BURNELL, and all others similarly situated
8
9                SUPERIOR COURT OF THE STATE OF CALIFORNIA
10                    FOR THE COUNTY OF SAN BERNARDINO
                          (UNLIMITED JURISDICTION)

F I L E D
SUPERIOR COURT
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

MAR 2 2 2010

By _____
                    Deputy

**By Fax**

11  JOHN BURNELL, and all others similarly   )   Case No. CIVDS 1004377
    situated,                                )
12                                           )   CLASS ACTION
              Plaintiffs,                    )
13                                           )
       vs.                                   )   COMPLAINT FOR:
14                                           )   1. RECOVERY OF UNPAID MINIMUM
    SWIFT TRANSPORTATION CO. INC., an        )      WAGES (Lab. Code §1194);
15  Arizona corporation; and DOES 1 through  )   2. RECOVERY OF UNPAID WAGES AT
    50, inclusive,                           )      THE AGREED RATE (SECRET
16                                           )      LOWER WAGE) (Lab. Code § 221-223);
              Defendants.                     )   3. FAILURE TO PROVIDE MEAL AND
17                                           )      REST PERIODS (Lab. Code § 226.7);
                                             )   4. FAILURE TO TIMELY FURNISH
18                                           )      ACCURATE ITEMIZED WAGE
                                             )      STATEMENTS (Lab. Code § 226(a));
19                                           )   5. UNLAWFUL PAYMENT
                                             )      INSTRUMENTS (Lab. Code § 212(a));
20                                           )   6. FAILURE TO TIMELY PAY ALL
                                             )      EARNED FINAL WAGES (Lab. Code
21                                           )      §§ 201-203);
                                             )   7. UNFAIR BUSINESS PRACTICES (Bus.
22                                           )      & Prof. Code §§ 17200, et seq.); and
                                             )   8. CIVIL PENALTIES (Lab. Code §§ 2698,
23                                           )      et seq.)
24
25                                               **JURY TRIAL DEMANDED**
26
27
28

_Burnell v. Swift Transportation Co., Inc. et al._                    _Class Action Complaint_

## ADDITIONAL COUNSEL FOR PLAINTIFFS

Shaun Setareh (SBN 204514)
LAW OFFICES OF SHAUN SETAREH
9454 Wilshire Blvd, Penthouse Suite 3
Beverly Hills, California  90212
Tel:    (310) 888-7771
Fax:    (310) 888-0109
setarehlaw@sbcglobal.net

Louis Benowitz (SBN 262300)
LAW OFFICES OF LOUIS BENOWITZ
9454 Wilshire Blvd, Penthouse Suite 34
Beverly Hills, California 90212
Tel:    (310) 888-7771
Fax:    (310) 888-0109
louis@benowitzlaw.com

2

Plaintiff JOHN BURNELL ("Plaintiff"), on behalf of himself, all others similarly situated, and the general public, hereby files this Complaint against defendant SWIFT TRANSPORTATION CO., INC., an Arizona corporation; and DOES 1 through 50, inclusive ("Defendants"). Plaintiff is informed, believes, and thereon alleges as follows:

### INTRODUCTION

1.      Plaintiff has filed this action, seeking class action treatment, to recover unpaid wages and penalties from Defendants for their violations of, *inter alia,* California Labor Code ("Labor Code") §§ 200, et seq., 512 and 1194, *et seq.,* Business & Professions Code §§17200, *et seq.,* the applicable Wage Order(s) issued by the California Industrial Welfare Commission (hereinafter, the "IWC Wage Order(s)"), and related common law principles.

2.      This Class Action lawsuit challenges the Defendants' employment practices with respect to its Drivers and other similarly-titled employees employed in California, primarily in that Defendants did not pay them minimum wages for all hours worked and failed to ensure that they were actually relieved of all duty during meal periods. Through this action, Plaintiff seeks general and liquidated damages, penalties, restitution from Defendants on behalf of himself, others similarly situated, and/or the general public.

3.      The acts complained of herein have occurred, are presently occurring, and are expected to continue occurring, within the time period from four (4) years preceding the filing of the original Complaint herein, up to and through the time of trial for this matter (hereinafter, the "Relevant Time Period").

4.      Plaintiff is informed and believes and thereon alleges that all of Defendants' Drivers in California had virtually the same duties and responsibilities, regardless of region, district, and/or facility. As a consequence, any differences between particular individual employees who have worked as local and regional drivers for Defendants, in terms of the duties actually performed, were and are legally insignificant to the issues presented by this action.

5.      The economic reality of the relationship was that Plaintiff and the members of the class, who are or were non-exempt employees of Defendants, were, among other things, suffered to:

3

a.   Regularly work without being paid minimum wages or agreed rates as required by law (e.g., Lab. Code §§ 221-223 and 1194);

b.   Work without being afforded proper meal and rest periods in conformity with California law (e.g. Labor Code § 226.7 and the applicable IWC Wage Order(s));

c.   Work without being provided accurate wage statements/paystubs in violation of Labor Code § 226(a);

d.   Work without having timely received all pay due to them, in particular, upon the termination of their employment (whether voluntary or involuntary), in violation of Labor Code § 203;

e.   Work without being properly reimbursed and/or indemnified for the necessary expenditures or losses incurred by them in direct consequence of the discharge of their duties, or of their obedience to the directions of the employer, e.g. mileage, sales materials, cell phones charges, and the like; and

f.   Work in a business environment where they were routinely and uniformly subjected to unfair business practices within the meaning of Business & Professions Code §§ 17200, *et seq.*

## JURISDICTION AND VENUE

6.   This Court has subject matter jurisdiction to hear this case because Plaintiff is informed, believes, and thereon alleges that the monetary damages, restitution, and penalties sought herein for Defendants' violations of the Labor and Business and Professions Codes exceed the minimal jurisdictional limits of the Superior Court.

7.   This Court has subject matter jurisdiction to hear this case because Plaintiff is informed, believes, and thereon alleges that the individual claims of the members of the classes and subclasses defined herein are under the seventy-five thousand dollar ($75,000.00) threshold for Federal diversity jurisdiction and the aggregate claim is under the five million dollar ($5,000,000.00) threshold for Federal jurisdiction under the Class Action Fairness Act of 2005.

4

Further, there is no federal question at issue, as the issues herein are based solely on California law.

8.     Venue is proper in San Bernardino County pursuant to Code of Civil Procedure sections 395(a) and 395.5 in that liability arose there because at least some of the transactions that are the subject matter of this Complaint occurred therein and/or each Defendant either is found, maintains offices, transacts business, and/or has an agent therein.

## PARTIES

### A.   Plaintiff

9.     Plaintiff JOHN BURNELL worked for Defendants as a Driver in California during the Relevant Time Period.

10.     Plaintiff, on behalf of himself and others similarly situated, seeks damages, including, but not limited to restitution for unpaid wages, reimbursement, penalties and other compensation, from Defendants for the Relevant Time Period, because they have:

    a.     Failed to pay them minimum wages or agreed rates for all hours worked;

    b.     Failed to provide them proper meal and rest periods;

    c.     Failed to furnish them accurate itemized wage statements;

    d.     Paid them with instruments that are not immediately payable in cash, on demand, and without discount in California;

    e.     Failed to timely pay them all wages due following separation of employment; and/or

    f.     Subjected them to unfair and unlawful business practices.

### B.   Defendants

11.     Defendant SWIFT TRANSPORTATION CO., INC. is a corporation organized under the laws of Arizona. Plaintiff is informed and believes and thereon alleges that SWIFT TRANSPORTATION CO., INC. has employed Drivers and engaged in unlawful business practices in California as alleged herein.

12.     Defendants DOES 1 through 50, inclusive are now, and/or at all times mentioned in this Complaint were licensed to do business and/or actually doing business in California.

//

5

13.     Plaintiff does not know the true names or capacities, whether individual, partner or corporate, of DOES 1 through 50, inclusive, and for that reason, DOES 1 through 50 are sued under such fictitious names pursuant to Code of Civil Procedure § 474. Plaintiff will seek leave of court to amend this Complaint to allege such names and capacities as soon as they are ascertained.

14.     Plaintiff is informed, believes, and thereon alleges that Defendants and each of them, are now and/or at all times mentioned in this Complaint were in some manner legally responsible for the events, happenings and circumstances alleged in this Complaint.

15.     Plaintiff is informed, believes, and thereon alleges that Defendants and each of them, that at all times herein mentioned, all Defendants, and each of them, were and are the agents, servants, employees, joint venturers, and/or partners of each of the other Defendants, and were, at all such times, acting within the course and scope of said employment and/or agency; furthermore, that each and every Defendant herein, while acting as a high corporate officer, director and/or managing agent, principal and/or employer, expressly directed, consented to, approved, affirmed and ratified each and every action taken by the other co-defendants, as herein alleged and was responsible in whole or in part for the matters referred to herein.

16.     Plaintiff is informed, believes, and thereon alleges that Defendants, and each of them, proximately caused Plaintiffs, all others similarly situated and the general public to be subjected to the unlawful practices, wrongs, complaints, injuries and/or damages alleged in this Complaint.

17.     Defendants, and each of them, are now and/or at all times mentioned in this Complaint were members of and/or engaged in a joint venture, partnership and common enterprise, and were acting within the course and scope of, and in pursuit of said joint venture, partnership and common enterprise and, as such were co-employers of the Plaintiffs and the putative Class herein.

18.     Defendants, and each of them, at all times mentioned in this Complaint concurred with, contributed to, approved of, aided and abetted, condoned and/or otherwise

6

1   ratified the various acts and omissions of each and every one of the other Defendants in

2   proximately causing the injuries and/or damages alleged in this Complaint.

3                        **CLASS ACTION ALLEGATIONS**

4        19.    Pursuant to Code of Civil Procedure § 382, this action is brought and may be

5   properly maintained as a class action. The class and subclass definitions are as follows:

6                a.    **Driver Class:** All Drivers and other similarly-titled employees with

7                       similar job duties employed in California who worked for Defendants

8                       during the Relevant Time Period ("'Covered Position").

9                b.    **Pay Card Class:** All members of the **Plaintiff Class** who were paid their

10                      wages with a Comdata pay card and paid for their first cash or check

11                      transaction following a payment of wages.

12               c.    **Former Employee Class:** All persons employed by Defendants in

13                      California during the Relevant Time Period who either: a) were

14                      discharged and not paid all wages owed on or before the day of

15                      termination; b) resigned without notice and were not paid all wages owed

16                      within 72 hours of resignation; or c) resigned with 72 hours-notice and

17                      were not paid all wages owed on or before the day of quitting.

18               d.    **UCL Class:** All members of the **Plaintiff Class, Pay Card Class**, and/or

19                      **Former Employee Class.**

20       20.    Numerosity: Plaintiff is informed, believes, and thereon alleges the potential

21   membership in each of the classes is so numerous that joinder of all members is impractical and

22   exceeds the minimum number required for numerosity purposes under California law. The exact

23   number and specific identities of class members may be readily ascertained through inspection

24   of Defendants' business records.

25       21.    Commonality: Plaintiff is informed, believes, and thereon alleges that numerous

26   questions of law *and/or* fact are common to all class and/or subclass members including,

27   without limitation:

28   //

                                        7

a.  Whether class members received the legal minimum wage or agreed rate under California law for all hours during which they were subject to Defendants' control;

b.  Whether Defendants failed and continue to fail to provide meal periods and paid rest periods, free of duty, to class members in violation of the Labor Code and the applicable IWC Wage Order(s);

c.  Whether Defendants failed to timely furnish accurate itemized statements to class members in conformity with Labor Code § 226(a);

d.  Whether Comdata pay cards comply with Labor Code § 212(a);

e.  Whether class members are entitled to penalties pursuant to Labor Code § 203; and

f.  Whether class members are entitled to restitution under Business & Professions Code § 17204.

22.  _Typicality_: Plaintiff is informed, believes, and thereon alleges that his claims are typical of the claims of all class members who he seeks to represent. Defendants treated both Plaintiff and class members in a virtually identical manner with respect to the violations of law asserted herein. These violations of law arise out of Defendants' common course of conduct in requiring members of the Class to (a) work hours for which they were not properly compensated (in terms of basic minimum wages or agreed rates), (b) forego duty free meal breaks and rest periods to which they were entitled, (c) receive inaccurate wage statements, and (d) endure patently unfair business practices within the meaning of Business & Professions Code §§ 17200, _et seq._

23.  _Adequacy of Representative_: Plaintiff will fairly and adequately protect the interests of the class members he seeks to represent. Plaintiff is an adequate representative because he is a class member whose interests do not conflict with the interests of the class and subclasses that he seeks to represent. Plaintiff intends to prosecute this action vigorously for the benefit of class members. The interests of class members will be fairly an adequately protected by Plaintiff.

8

24.   <u>Adequacy of Counsel</u>: Plaintiff has retained counsel competent and experienced in the prosecution of wage and hour class actions. Plaintiff's counsel intends to prosecute this action vigorously for the benefit of class members. The interests of class members will be fairly and adequately protected by Plaintiff's counsel.

25.   <u>Superiority</u>: Plaintiff is informed, believes, and thereon alleges that this action is properly brought as a class action, because:

a.   The prosecution of separate actions by or against class members would create risk of inconsistent or varying adjudications with respect to individual class members, which would establish incompatible standards of conduct for the party opposing class members;

b.   Adjudications with respect to individual class members would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests;

c.   Defendants have acted or refused to act on grounds generally applicable to all members of the Class, making injunctive relief or declaratory relief appropriate with respect to all of the Class;

d.   Questions of law or fact common to class members predominate over any questions affecting only individual class members; and

e.   Class action treatment is superior to other available methods for the fair and efficient adjudication of the controversy.

<u>FIRST CAUSE OF ACTION</u>

RECOVERY OF UNPAID MINIMUM WAGES

(Lab. Code §§ 221-223, 1194)

(By Plaintiff and the Driver Class)

26.   Plaintiff incorporates each and every one the allegations contained in the preceding paragraphs of this Complaint as though fully set forth herein.

//

9

27.   Failure of an employer to pay its employees the minimum wage fixed by the California Labor Commission violates, *inter alia* Labor Code § 1197.

28.   During the Relevant Time Period, Defendants required the members of the **Driver Class** to remain under Defendants' control without paying therefor, which resulted in the members of the **Driver Class** earning less than the legal minimum wage in California for portions of the days during which they worked.

29.   Specifically, Defendants maintained a practice of refusing to pay hourly rates of at least the state-mandated minimum wage for time spent by **Driver Class** members doing activities that include, but are not limited to, the following:

    a.   Driving miles in excess of the estimated miles for which they were paid;

    b.   Performing pre- and post-trip inspections;

    c.   Fueling vehicles;

    d.   Waiting for dispatch to be issue assignments via on board computer systems; and

    e.   Hooking and unhooking empty trailers.

30.   Defendants' pattern and practice of uniformly administering a corporate policy, whereby Defendants failed to pay the legal minimum wage to the members of the **Driver Class**, violates Labor Code §§ 221-223, 1194(a).

31.   Plaintiff, on behalf of himself and the members of the **Driver Class**, seeks to recover, pursuant to Labor Code § 1194(a), the unpaid balance of the minimum wages owed them, calculated as the difference between the compensation paid and the applicable minimum wage for all hours worked, including interest thereon.

32.   Plaintiff, on behalf of himself and the members of the **Driver Class**, also seeks liquidated damages pursuant to Labor Code § 1194.2(a) on the straight-time portion of uncompensated hours of work (not including the overtime portion thereof) in an amount equal to the wages unlawfully unpaid and interest thereon.

33.   Plaintiff, on behalf of himself and the members of the **Driver Class**, further seeks, as a consequence of Defendants' non-payment of minimum wages, penalties pursuant to

10

the applicable IWC Wage Order at § 20(A).

34.     Plaintiff, on behalf of himself and the members of the **Driver Class**, also seeks all legal remedies available for Defendants' willful failure to pay minimum wages, including, but not limited to interest pursuant to Labor Code §§ 218.6 and 1194(a), Civil Code §§ 3287 and § 3289, and reasonable attorneys' fees and costs of suit pursuant to Labor Code § 1194, Code of Civil Procedure § 1021.5, the common fund doctrine, and/or the substantial benefit doctrine.

## SECOND CAUSE OF ACTION

### RECOVERY OF UNPAID WAGES AT THE AGREED RATE

### (SECRET LOWER WAGE)

### (Labor Code §§ 221-223)

### (By Plaintiff and the Driver Class)

35.     Plaintiff incorporates each and every one the allegations contained in the preceding paragraphs of this Complaint as though fully set forth herein.

36.     Failure of an employer to pay its employees the agreed or statutory rate violates Labor Code §§ 221-223.

37.     During the Relevant Time Period, Defendants required the members of the **Driver Class** to remain under Defendants' control without paying therefor, which resulted in them earning less than the agreed or statutory rate for portions of the days during which they worked.

38.     Specifically, Defendants maintained a practice of refusing to pay either the agreed upon or statutory rate for time spent by members of the **Plaintiff Class** that they spent doing activities that include, but are not limited to, the following:

        a.     Driving miles in excess of the estimated miles for which they were paid;

        b.     Performing pre- and post-trip inspections;

        c.     Fueling vehicles;

        d.     Waiting for dispatch to issue assignments via on board computer systems; and

11

e.     Hooking and unhooking empty trailers.

39.     Defendants' pattern and practice of uniformly administering a corporate policy, whereby Defendants failed to pay the agreed upon or statutory rate to the members of the **Driver Class** for the portions of the day specified hereinabove in violation of Labor Code §§ 221-223 and were unjustly enriched as a result.

40.     Plaintiff, on behalf of himself and the members of the **Driver Class**, seek to recover the unpaid balance of wages owed to them at the agreed or statutory rate.

41.     Plaintiff, on behalf of himself and the members of the **Driver Class**, also seeks all legal remedies available for Defendants' willful non-payment of wages at the agreed rate, including but not limited to interest pursuant to Labor Code §§ 218.6 and Civil Code §§ 3287 and § 3289, and reasonable attorneys' fees and costs of suit pursuant to Labor Code § 1194, Code of Civil Procedure § 1021.5, the common fund doctrine, and/or the substantial benefit doctrine.

## THIRD CAUSE OF ACTION

### FAILURE TO PROVIDE MEAL AND REST PERIODS

#### (Lab. Code §§ 226.7 and 512)

#### (By Plaintiff and the Driver Class)

42.     Plaintiff incorporates each and every one the allegations contained in the preceding paragraphs of this Complaint as though fully set forth herein.

43.     Plaintiff is informed, believes, and thereon alleges that members of the **Driver Class** regularly worked more than five (5) hours per shift; thus, they were entitled to one or more meal periods of not less than thirty (30) minutes without duty.

44.     Plaintiff is informed, believes, and thereon alleges that all members of the **Driver Class** regularly worked 8 or more hours per shift, thus they were entitled to at least two paid rest periods of not less than ten (10) minutes without duty

45.     Nevertheless, Plaintiff is informed, believes, and thereon alleges that Defendants routinely failed to timely provide members of the **Driver Class** with such meal periods and paid rest periods without duty, notwithstanding the fact that members of the Class had not waived

12

their right to the same. This is to say that Defendants treated members of the **Driver CLass** as if they were exempt from the meal and rest period requirements established by Labor Code §§ 226.7, 512, 516 and Sections 11 and 12 of the IWC Wage Order(s), and, in failing to comply with these provisions of California law, Defendants denied and/or failed to permit the **Driver Class** meal and rest periods on a regular basis.

46.    Plaintiff, on behalf of himself and the members of the **Driver Class**, seeks damages (in terms of premium pay) pursuant to Section 11(D) and/or 12(B) of the IWC Wage Order(s) and Labor Code § 226.7(b), in the amount of one (1) additional hour of pay at the employee's regular rate of compensation for each work day that the meal and/or rest period is/was not provided to any member of the Class, the cumulative sum of which is to be proved at time of trial.

47.    Plaintiff, on behalf of himself and the members of the **Driver Class**, seeks pre-judgment interest on all amounts recovered herein pursuant to Labor Code §§ 218.6, 1194(a) and Civil Code §§ 3287(b) and 3289.

48.    Plaintiff, on behalf of himself and the members of the **Driver Class**, seeks reasonable attorneys' fees and costs of suit pursuant to Labor Code § 1194, Code of Civil Procedure § 1021.5, the common fund doctrine, and/or the substantial benefit doctrine.

## FOURTH CAUSE OF ACTION

### FAILURE TO TIMELY FURNISH ACCURATE ITEMIZED WAGE STATEMENTS

#### (Lab. Code § 226(a))

#### (By Plaintiff and the Driver Class)

49.    Plaintiff incorporates each and every one the allegations contained in the preceding paragraphs of this Complaint as though fully set forth herein.

50.    Defendants paid the **Driver Class** on a piece-rate basis, typically on a cents per mile basis with some variations thereon. However, Defendants failed to pay the Class minimum wages for all hours worked by the **Driver Class** during the Relevant Time Period.

51.    Plaintiff is informed, believes, and thereon alleges that Defendants in violation of Labor Code § 226(a), engaged in a consistent practice with respect to members of the **Driver**

13

**Class** of regularly failing to furnish each **Driver Class** member with accurate itemized statements in writing showing (1) gross wages earned, (2) total hours worked by the employee, (3) all deductions, (4) net wages earned and/or (5) all applicable hourly rates in effect during each respective pay period and the corresponding number of hours worked at each hourly rate by each respective individual.

52.    Plaintiff is informed, believes, and thereon alleges that Defendants did not maintain accurate business records pertaining to the total hours worked for Defendants by the members of the **Driver Class**.

53.    Plaintiff, on behalf of himself and the members of the **Driver Class**, seeks the greater of actual damages or penalties pursuant to Labor Code § 226( e) for each violation by Defendants of Labor Code § 226(a)

54.    Plaintiff, on behalf of himself and the members of the **Driver Class**, also seeks an award of reasonable attorneys' fees and costs pursuant to Labor Code § 226(g).

**FIFTH CAUSE OF ACTION**

**UNLAWFUL PAYMENT INSTRUMENTS**

**(Lab. Code § 212(a))**

**(By Plaintiff and the Pay Card Class)**

55.    Plaintiff incorporates each and every one the allegations contained in the preceding paragraphs of this Complaint as though fully set forth herein.

56.    Labor Code section 212 makes it unlawful for an employer to pay wages with an instrument unless it is payable in cash, on demand, and without discount at some established place of business in California, the name of which must appear on the face of the instrument.

57.    Plaintiff is informed, believes, and thereon alleges that Defendants in violation of Labor Code § 226(a), engaged in a consistent practice with respect to members of the **Pay Card Class** of paying them with Comdata pay cards that do not state where in California they may be cashed on demand and without discount that has resulted in fees being charged to members of the **Pay Card Class** in obtaining their wages.

//

14

*Burnell v. Swift Transportation Co., Inc., et al.*          *Class Action Complaint*

58.     Plaintiff, on behalf of himself and the members of the **Pay Card Class**, seeks to recover all moneys lost as a result of fees they incurred from Comdata pay cards.

59.     Plaintiff, on behalf of himself and the members of the **Pay Card Class**, seeks pre-judgment interest on all amounts recovered herein pursuant to Labor Code §§ 218.6, 1194(a) and Civil Code §§ 3287(b) and 3289.

60.     Plaintiff, on behalf of himself and the members of the **Pay Card Class**, seeks reasonable attorneys' fees and costs of suit pursuant to Labor Code § 1194, Code of Civil Procedure § 1021.5, the common fund doctrine, and/or the substantial benefit doctrine.

<u>**SIXTH CAUSE OF ACTION**</u>

**FAILURE TO TIMELY PAY ALL EARNED FINAL WAGES**

**(Lab. Code §§ 201-203)**

**(By Plaintiff and the Former Employee Class)**

61.     Plaintiff incorporates each and every one the allegations contained in the preceding paragraphs of this Complaint as though fully set forth herein.

62.     Labor Code §§ 201-202 impose the following requirements on employers with respect to the final payment of all earned and unpaid wages upon separation of employment:

      A.     Employees whose employment is involuntarily terminated must be immediately paid all earned and unpaid wages at the time of separation;

      B.     Employees who voluntarily terminate their employment and give at least 72 hours-notice before quitting must be immediately paid all earned and unpaid wages at the time of separation; and

      C.     Employees who voluntarily terminate their employment and give less than 72 hours-notice before quitting must be all earned and unpaid wages no later than 72 hours after the time of separation.

63.     Plaintiff is informed, believes, and thereon alleges that Defendants, in violation of Labor Code §§ 201-203, consistently and willfully failed to timely pay members of the **Former Employee Class** by failing to timely furnish them with any wages due and owing and/or failing to timely furnish them with all wages due and owing including, but not limited to,

15

basic minimum wages and premium pay due for denial of meal periods.

64.     Plaintiff, on behalf of himself and the members of the **Former Employee Class**, seeks the penalties to which they are entitled pursuant to Labor Code § 203, in the amount of each class members' daily wage multiplied by up to a maximum of thirty (30) days, the exact amount of which is to be determined at trial.

65.     Plaintiff, on behalf of himself and the members of the **Former Employee Class**, seeks pre-judgment interest on all amounts recovered herein pursuant to Labor Code §§ 218.6, 1194(a) and Civil Code §§ 3287(b) and 3289.

66.     Plaintiff, on behalf of himself and the members of the **Former Employee Class**, seeks reasonable attorneys' fees and costs of suit pursuant to Labor Code § 1194, Code of Civil Procedure § 1021.5, the common fund doctrine, and/or the substantial benefit doctrine.

## SIXTH CAUSE OF ACTION

### UNFAIR COMPETITION

### (Bus. & Prof. Code §§ 17200, *et seq.*)

### (By Plaintiff and the UCL Class)

67.     Plaintiff incorporates each and every one the allegations contained in the preceding paragraphs of this Complaint as though fully set forth herein.

68.     The unlawful conduct of Defendants alleged herein amounts to and constitutes unfair competition within the meaning of Business and Professions Code § 17200. Due to its unfair and unlawful business practices in violation of the Labor Code, Defendants have unfairly gained a competitive advantage over other comparable companies doing business in California that comply with their legal obligations under the Labor Code.

69.     Business and Professions Code §§ 17203-17204 authorize a person who has suffered an injury in fact and lost money or property as a result of unfair competition and complies with the requirements of Code of Civil Procedure § 382 seek relief on his or her own behalf and on behalf of others similarly situated where a defendant may have acquired money or property through means of unfair competition.

//

70.     As a result of Defendants' unfair competition as alleged herein, Plaintiff has suffered injuries in fact and lost money or property from not being paid wages, being charged fees to obtain their wages, and not being paid continuation wages for not being timely paid all earned and unpaid wages.

71.     Plaintiff is informed and believes and thereon alleges that Defendants may have acquired interests in money or property from the members of the **UCL Class** from not being paid wages, being charged fees to obtain their wages, and not being paid continuation wages for not being timely paid all earned and unpaid wages.

72.     Pursuant to Business and Professions Code § 17203, Plaintiff, on behalf of himself and the **UCL Class**, seeks to recover all money or property that Defendants may have acquired as a result of their unlawful and unfair business practices as alleged herein.

73.     Pursuant to Code of Civil Procedure § 1021.5, the substantial benefit doctrine, and/or the common fund doctrine, Plaintiff, on behalf of himself and the members of the **UCL Class**, seeks an award of reasonable attorneys' fees.

## SEVENTH CAUSE OF ACTION

### CIVIL PENALTIES

### (Lab. Code §§ 2698, *et seq.*)

74.     Plaintiff incorporates each and every one the allegations contained in the preceding paragraphs of this Complaint as though fully set forth herein.

75.     Defendants violated Labor Code §§ 201, 202, 203, 204, 212, 221, 223, 226(a), 226.7, 510, 512, 1194, and 1197.

76.     Labor Code §§ 2699(a) and (g) authorize an aggrieved employee, on behalf of himself and other current or former employees, to bring a civil action to recover civil penalties pursuant to the procedures specified in Labor Code section 2699.3.

77.     Pursuant to Labor Code §§2699(a) and (f), Plaintiff may recover civil penalties on behalf of himself and other aggrieved current and former employees for Defendants' violations of Labor Code §§ 201, 202, 203, 204, 212, 221, 223, 226(a), 226.7, 510, 512, 1194, and 1197 in the following amounts:

70.   As a result of Defendants' unfair competition as alleged herein, Plaintiff has suffered injuries in fact and lost money or property from not being paid wages, being charged fees to obtain their wages, and not being paid continuation wages for not being timely paid all earned and unpaid wages.

71.   Plaintiff is informed and believes and thereon alleges that Defendants may have acquired interests in money or property from the members of the **UCL Class** from not being paid wages, being charged fees to obtain their wages, and not being paid continuation wages for not being timely paid all earned and unpaid wages.

72.   Pursuant to Business and Professions Code § 17203, Plaintiff, on behalf of himself and the **UCL Class**, seeks to recover all money or property that Defendants may have acquired as a result of their unlawful and unfair business practices as alleged herein.

73.   Pursuant to Code of Civil Procedure § 1021.5, the substantial benefit doctrine, and/or the common fund doctrine, Plaintiff, on behalf of himself and the members of the **UCL Class**, seeks an award of reasonable attorneys' fees.

## SEVENTH CAUSE OF ACTION

## CIVIL PENALTIES

### (Lab. Code §§ 2698, *et seq.*)

74.   Plaintiff incorporates each and every one the allegations contained in the preceding paragraphs of this Complaint as though fully set forth herein.

75.   Defendants violated Labor Code §§ 201, 202, 203, 204, 212, 221, 223, 226(a), 226.7, 510, 512, 1194, and 1197.

76.   Labor Code §§ 2699(a) and (g) authorize an aggrieved employee, on behalf of himself and other current or former employees, to bring a civil action to recover civil penalties pursuant to the procedures specified in Labor Code section 2699.3.

77.   Pursuant to Labor Code §§2699(a) and (f), Plaintiff may recover civil penalties on behalf of himself and other aggrieved current and former employees for Defendants' violations of Labor Code §§ 201, 202, 203, 204, 212, 221, 223, 226(a), 226.7, 510, 512, 1194, and 1197 in the following amounts:

A.    For violations of Labor Code §§ 201, 202, 203, 226, 226.7, 1194, and 1197, one hundred dollars ($100.00) for each aggrieved employee per pay period for each initial violation and two hundred dollars ($200.00) for each aggrieved employee per pay period for each subsequent violation (penalty amounts established by Labor Code § 2699(f)(2));

B.    For violations of Labor Code § 204, one hundred dollars ($100.00) for each aggrieved employee for each initial violation and two hundred dollars ($200.00) for each aggrieved employee plus twenty-five percent (25%) of the amount unlawfully withheld from each aggrieved employee for each subsequent, willful or intentional violation (penalty amounts established by Labor Code § 210);

C.    For violations of Labor Code §§ 212, 221, and 223, one hundred dollars ($100.00) for each aggrieved employee for each initial violation and two hundred dollars ($200.00) for each aggrieved employee plus twenty-five percent (25%) of the amount unlawfully withheld from each aggrieved employee for each subsequent, willful or intentional violation (penalty amounts established by Labor Code § 225.5); and

D.    For violations of Labor Code § 512, fifty dollars ($50.00) for each aggrieved employee for each initial violation for pay period for which the employee was underpaid in addition to an amount sufficient to recover unpaid wages and one hundred dollars ($100.00) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover unpaid wages (penalty amounts established by Labor Code § 558).

78.    Plaintiff has complied with the procedures for bringing suit specified in Labor Code § 2699.3. By letter postmarked September 11, 2009, Plaintiff gave written notice via certified mail to the Labor and Workforce Development Agency ("LWDA") and Defendants of the specific provisions of the California Labor Code alleged to have been violated, including the

facts and theories to support the alleged violations. By letter dated October 23, 2009, the LWDA informed Plaintiff that it docs not intend to investigate their allegations by the time judgment is entered in this action.

79.     Pursuant to Labor Code section 2699(g), Plaintiff is entitled to an award of reasonable attorney's fees and costs in connection with his claims for civil penalties on behalf of himself and other aggrieved employees.

**PRAYER FOR RELIEF**

1.     WHEREFORE, Plaintiff, on behalf of himself and all others similarly situated, prays for relief and judgment against Defendants as follows:

A.     An order that the action be certified as a class action;

B.     An order that Plaintiff be appointed class representative;

C.     An order that counsel for Plaintiff be appointed class counsel;

D.     Damages;

E.     Restitution;

F.     Declaratory relief;

G.     Injunctive relief;

H.     Civil penalties;

I.     Statutory penalties;

J.     Pre-judgment interest;

K.     Costs of suit;

L.     Reasonable attorney's fees; and

M.     Such other relief as the Court deems just and proper.

//
//
//
//
//
//

19

### DEMAND FOR JURY TRIAL

Plaintiff, on behalf of himself and all others similarly situated, hereby demands a jury trial on all issues so triable.

DATED:  February 26, 2010

THE SPIVAK LAW FIRM
LAW OFFICES OF SHAUN SETAREH
LAW OFFICES OF LOUIS BENOWITZ

BY _____
LOUIS BENOWITZ

Attorneys for Plaintiffs,
JOHN BURNELL, and all others
similarly situated

20

P.023

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
JOHN BURNELL

**DEFENDANTS**
SWIFT TRANSPORTATION CO., INC.

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
ELLEN M. BRONCHETTI / GUISSU N. RAAFAT
Littler Mendelson, A Professional Corporation
650 California Street, 20th Floor
San Francisco, CA  94108.2693
Telephone:  415.433.1940

Attorneys (If Known)
ELLEN M. BRONCHETTI
GUISSU N. RAAFAT
Attorneys for Defendant
SWIFT TRANSPORTATION CO., INC.

---

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff

☐ 2 U.S. Government Defendant

☐ 3 Federal Question (U.S. Government Not a Party

☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

---

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding   ☒ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:  JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION** under F.R.C.P. 23:  ☐ Yes ☒ No.   ☒ **MONEY DEMANDED IN COMPLAINT:** $ £.00

**VI. CAUSE OF ACTION** (Cite the U. S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 U.S.C. section 1332 et seq. (diversity); 28 U.S.C. section 1441(a) (CAFA)

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 540 Mandamus/Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 22 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☒ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities -- Employment | ☐ 630 Liquor Laws | ☐ 61 HIA(1395ff) |
| ☐ 892 Economic Stabilization Act | REAL PROPERTY | IMMIGRATION | ☐ 446 American with Disabilities -- Other | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 462 Naturalization Application | ☐ 440 Other Civil Rights | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW 405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 463 Habeas Corpus-Alien Detainee | | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 465 Other Immigration Actions | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 240 Torts to Land | | | | FEDERAL TAX SUITS |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 290 All Other Real Property | | | | ☐ 871 IRS-Third Party 26 USC 7609 |

---

**FOR OFFICE USE ONLY:**   Case Number:

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)          CIVIL COVER SHEET          Page 1 of 2

ED   CV  10  -   00809   VAP (OPx)

American LegalNet, Inc.
www.FormsWorkflow.com

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

---

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?   ☒ No ☐ Yes
If yes, list case number(s):

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?   ☒ No ☐ Yes
If yes, list case number(s):

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange County | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Maricopa County, Arizona |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
     **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange County | |

---

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER):   _Ellen Bett_   Date June 2, 2010

ELLEN M BRONCHETTI

---

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3 -1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

---

American LegalNet, Inc.
www.FormsWorkflow.com

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

American LegalNet, Inc.
www.FormsWorkflow.com