SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
RONALD J. HOLLAND Cal. Bar No. 148687
rholland@sheppardmullin.com
ELLEN M. BRONCHETTI, Cal. Bar No. 226975
ebronchetti@sheppardmullin.com
PAUL S. COWIE, Cal. Bar No. 250131
pcowie@sheppardmullin.com
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4109
Telephone: 415-434-9100
Facsimile: 415-434-3947

Attorneys for Swift Transportation Co., of Arizona LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN BURNELL, JACK POLLOCK, and all others similarly situated,,<br><br>            Plaintiffs,<br><br>   v.<br><br>SWIFT TRANSPORTATION CO., OF ARIZONA LLC,<br><br>            Defendant. | Case No. EDCV10-00809-VAP (OPx)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT SWIFT TRANSPORTATION CO. OF ARIZONA, LLC'S MOTION FOR JUDGMENT ON THE PLEADINGS – FAAAA PREEMPTION**<br><br>The Hon. Virginia A. Phillips<br><br>Hearing Date: May 13, 2013<br>Time: 2:00 PM<br>Courtroom: 2<br><br>Complaint Filed: March 22, 2010<br>Trial Date: None Set |

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ..................................................................................... 1

II. RELEVANT BACKGROUND ................................................................. 2

    A. Plaintiffs' Claims ............................................................................ 2

    B. Procedural Status of This Action and Meet and Confer Efforts ............. 3

    C. Swift's Operations .......................................................................... 4

III. LEGAL STANDARD ............................................................................... 4

IV. ARGUMENT ............................................................................................ 5

    A. Scope of the FAAAA's Preemption Clause. ................................... 5

    B. California Meal and Rest Break Laws Are Preempted .................... 6

    C. California's Meal and Rest Break Laws Have a Significant Impact on Prices, Routes and Services ................................................ 8

        1. The Effect on Routes ............................................................. 8

        2. The Effect on Services ........................................................... 9

        3. The Effect on Prices ............................................................. 10

    D. Plaintiffs' Derivative Claims are Preempted ................................. 10

V. CONCLUSION ....................................................................................... 11

SMRH:408126243.2

MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF DEFT'S MOTION FOR JUDGMENT ON THE PLEADINGS- FAAAA PREEMPTION

# TABLE OF AUTHORITIES

Page(s)

Federal Cases

*Aguiar v. Cal. Sierra Express, Inc.*
   2012 U.S. Dist. LEXIS 63348 (C.D. Cal. May 4, 2012, Judge John A. Mendez) .................................................................................................................. 7

*American Trucking Ass'ns, Inc. v. City of Los Angeles,* 55
   9F.3d 1046 (9th Cir. 2009) ........................................................................................ 6

*Blackwell v. SkyWest Airlines, Inc.*
   2008 WL 5103195 (S.D. Cal. Dec. 3, 2008) – ADA .................................................. 8

*Burnham v. Ruan Transportation*
   Case No. SACV 12-0688 AG (C.D. Cal. February 4, 2013) ................................ 1, 10

*Campbell v. Vitran Express, Inc.*
   2012 U.S. Dist. LEXIS 85509, 2012 WL 2317233 (C.D. Cal. June 8, 2012) ............................................................................................... 1, 5, 7, 9, 10

*Cole v. CRST, Inc.*
   2012 U.S. Dist. LEXIS 144944
   (C.D. Cal. September 27, 2012) ................................................ 1, 2, 3, 4, 6, 7, 8, 10, 11

*Dilts v. Penske*
   819 F. Supp.2d 1109 (S.D. Cal. 2011) ........................................................... 5, 6, 7, 10

*Dworkin v. Hustler Magazine, Inc.*
   867 F.2d 1188 (9th Cir. 1989) ................................................................................... 4

*Esquivel v. Vistar Corp.*
   2012 U.S. Dist. LEXIS 26686 (C.D. Cal. Feb. 8, 2012, Judge Jacqueline H. Nguyen) ............................................................................................................. 7

*Esquivel v. Vistar Corp.*
   2012 WL 516094 (C.D. Cal. Feb. 8, 2012) ............................................................... 5

*Hishon v. King & Spalding*
   467 U.S. 69, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984) .................................................. 4

*Miller v. Southwest Airlines, Co.*
   2013 WL 556963 (N.D. Cal. February 12, 2013) .................................................. 2, 8

*Morales v. Trans World Airlines, Inc.*
   504 U.S. 374, 112 S. Ct. 2031, 119 L. Ed. 2d 157 (1992) ............................. 5, 6

*New Hampshire Motor Transport Ass'n v. Rowe*
   448 F.3d 66 (1st Cir. 2006) ................................................................................ 6

*Rowe v. New Hampshire Motor Transport Ass'n*
   552 U.S. 364, 128 S. Ct. 989, 169 L. Ed. 2d 933 (2008) ............................. 5, 6

State Cases

*Brinker Restaurant Corp. v. Superior Court*
   53 Cal. 4th 1004 (2012) ..................................................................................... 8

Federal: Statutes, Rules, Regulations, Constitutional Provisions

49 U.S.C. § 14501(c)(1) ............................................................................................ 5

49 U.S.C. § 41713(b)(1) ............................................................................................ 5

Airline Deregulation Act (ADA) ...................................................................... 5, 6, 8

Fed. R. Civ. P. 12(c) ............................................................................................ 1, 4

Local Rule 7-3 ........................................................................................................... 3

State: Statutes, Rules, Regulations, Constitutional Provisions

Cal. Bus. & Prof. Code §§ 17200, *et seq.* .................................................. 2, 10, 11

§ 17200 of the California Business and Professions Code ("UCL") ................... 3

§ 2698 of the California Labor Code ("PAGA") ................................................... 3

§ 203 of the California Labor Code ........................................................................ 3

§ 212(a) of the California Labor Code .................................................................... 3

§§ 226.7 and 512 of the California Labor Code .................................................... 2

§ 2802 of the California Labor Code ...................................................................... 2

Federal Aviation Administration Authorization Act of 1994
   ("FAAAA") ........................................................................... 1, 2, 5, 6, 7, 8, 11

California Labor Code §§ 201-203 .................................................................. 2, 11

Califoria Labor Code § 226(a) .................................................................................. 2, 3, 10

Private Attorneys General Act Lab. Code § 2698 *et. seq.* ............................... 2, 3, 10, 11

§§ 204, 223, 1194, 1197 and 1198 of the California Labor Code (2) .......................... 2

Other Authorities

William W. Schwarzer, A. Wallace Tashima & James M. Wagstaffe, *Federal Civil Procedure Before Trial* § 9:319–323 ................................................................ 4

# I. INTRODUCTION

Pursuant to Fed. R. Civ. P. 12(c) Defendant Swift Transportation Co. of Arizona, LLC ("Swift" or "Defendant") seeks judgment on the pleadings regarding Plaintiffs' second cause of action for alleged meal and rest break violations because that claim is preempted by the Federal Aviation Administration Authorization Act of 1994 ("FAAAA") as a matter of law. This Court has already decided the same issue in *Cole v. CRST, Inc.* 2012 U.S. Dist. LEXIS 144944 (C.D. Cal. September 27, 2012). As Judge Virginia Phillips held in *Cole*:

> California's Meal and Rest Break Laws are preempted by the FAAAA because the laws affect a carrier's routes, services, and prices. First, the Meal and Rest Break Laws affect routes by limiting the carriers to a smaller set of possible routes. Drivers must select routes that allow for the logistical requirements of stopping and breaking and they may be forced to take shorter or fewer routes. Second, the Meal and Rest Break Laws affect services by dictating when services may *not* be performed, by increasing the time it takes to complete a delivery, and by effectively regulating the frequency and scheduling of transportation. Finally, price is affected by the Meal and Rest Break Laws by virtue of the laws effect on routes and services.

*Cole* at *11-12.

Furthermore, "no factual analysis is required to decide this question of preemption" because evidence outside the pleadings "is not necessary to determine whether the Meal and Rest Break laws have an impact on prices, routes, or service." *Cole* at *13-14 citing *Dilts v. Penske,* 819 F. Supp.2d 1109 (S.D. Cal. 2011) and *Campbell v. Vitran Express, Inc.* 2012 U.S. Dist. LEXIS 85509, 2012 WL 2317233 (C.D. Cal. June 8, 2012).

Judge Phillips' decision in *Cole* has subsequently been followed by Judge Andrew Guilford in *Burnham v. Ruan Transportation* Case No. SACV 12-0688 AG (C.D. Cal. February 4, 2013). Indeed, there are at least six District Court decisions

holding that the FAAAA preempts California meal and rest break laws.[1] Most recently, Judge Alsup also agreed with Judge Phillips' decision in *Cole* and granted a motion for judgment on the pleadings as to Plaintiff's California meal and rest break claims based on identical preemption provisions of the Airline Deregulation Act. *Miller v. Southwest Airlines, Co.* 2013 WL 556963 (N.D. Cal. February 12, 2013).

The wealth of authority mandates dismissing Plaintiffs' second cause of action regarding meal and rest breaks and Plaintiffs' derivative fourth, sixth, seventh and eighth causes of action for failure to timely furnish accurate itemized wage statements under Lab. Code §226(a), failure to timely pay all earned final wages under Lab. Code §§ 201-203, unfair competition under Cal. Bus. & Prof. Code §§ 17200, *et seq.*, and penalties under the Private Attorneys General Act Lab. Code §2698 *et. seq.*

## II. RELEVANT BACKGROUND

### A. Plaintiffs' Claims

Plaintiff John Burnell filed this action on March 22, 2010 on behalf of all current and former employee drivers employed in California within the last four years. (Declaration of Paul Cowie ("Cowie Decl.") ¶ 2.) On October 6, 2010, Plaintiff amended his Complaint to add Jack Pollock as a named Plaintiff. Plaintiffs' First Amended Complaint alleges eight causes of action on behalf of themselves and the putative class: (1) unpaid minimum wage pursuant to Sections 204, 223, 1194, 1197 and 1198 of the California Labor Code, (2) failure to provide meal and rest periods pursuant to Sections 226.7 and 512 of the California Labor Code; (3) failure to indemnify and reimburse business expenses pursuant to Section 2802 of the California Labor Code; (4) failure to timely furnish accurate itemized

---

[1] *Penske, Cole, Campbell, Burnham, supra; Esquivel v. Vistar Corp.*, 2012 WL 516094, (C.D. Cal. Feb. 8, 2012); and *Aguiar v. Cal. Sierra Express, Inc.*, 2012 WL 1593202 (C.D. Cal. May 4, 2012).

-2-

wage statements pursuant to Section 226(a) of the California Labor Code; (5) unlawful payment instruments pursuant to Section 212(a) of the California Labor Code; (6) failure to timely pay all earned final wages pursuant to Section 203 of the California Labor Code; (7) unfair competition pursuant to Section 17200 of the California Business and Professions Code ("UCL") and (8) civil penalties pursuant to Section 2698 of the California Labor Code ("PAGA"). (Cowie Decl. ¶ 3).

**B.    Procedural Status of This Action and Meet and Confer Efforts**

On June 2, 2010, Defendant removed the action to the Central District of California. (Cowie Decl. ¶ 4). The parties have exchanged initial disclosures and engaged in written discovery. (Cowie Decl. ¶ 5). At the Case Management Conference on August 27, 2012, the Court set April 22, 2013 as the deadline for Plaintiffs to file a motion for class certification. (Cowie Decl. ¶ 6). The parties subsequently stipulated, with the Court's permission, to move this deadline to June 17, 2013. *Id.*

On February 8, 2013, the parties held a conference of counsel to meet and confer about this Motion in accordance with Central District Local Rule 7-3. (Cowie Decl. ¶ 7). During the conference, Defendant asked Plaintiffs to stipulate to dismiss Plaintiffs' meal and rest break claims and the derivative itemized wage statements, final wages, unfair competition and PAGA claims. The parties specifically discussed Judge Phillips' decision in *Cole v. CRST* and the likelihood that the same result would be reached in this case. Thus, a stipulation to dismiss would have avoided wasted costs, fees and judicial resources associated with this Motion. Defendant indicated its intent to file a Motion for Judgment on the Pleadings if Plaintiffs did not agree to dismiss. Plaintiffs' refused to dismiss these claims. *Id.*

Thereafter, the parties further met and conferred about Defendant's Motion for Judgment on the Pleadings in the context of stipulating to continue the class certification briefing schedule. (Cowie Decl. ¶ 8). In agreeing to stipulate to

-3-

continue the class certification briefing schedule both parties understood that Defendant would file a Motion for Judgment on the Pleadings, which may make certain discovery unnecessary. (Cowie Decl. ¶ 9).

C. **Swift's Operations**

Swift is one of the largest truckload motor carrier services in the world providing transportation services on a national and international basis. Rohwer Decl. ¶ 4. Swift's customers are located throughout the country in nearly forty-eight states and Swift employs drivers to deliver property to its customers. Rohwer Decl. ¶ 5. Consequently, Swift's drivers regularly transport goods in interstate commerce. *Id.* Swift is a motor carrier that operates under the federal Hours of Service ("HOS") Regulations that uniformly imposes driver work hour rules for the trucking industry throughout the United States. Rohwer Decl. ¶ 6.

### III. LEGAL STANDARD

A motion for judgment on the pleadings is a vehicle for summary adjudication, but the standard is like that of a motion to dismiss. *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984); *Dworkin v. Hustler Magazine, Inc.,* 867 F.2d 1188, 1192 (9th Cir. 1989). It is "functionally identical" to a motion to dismiss for failure to state a claim; the only significant difference is that a 12(c) motion is properly brought "after the pleadings are closed- but early enough not to delay trial." Fed. R. Civ. P. 12(c); *Dworkin,* 867 F. 2d at 1192; see William W. Schwarzer, A. Wallace Tashima & James M. Wagstaffe, *Federal Civil Procedure Before Trial* § 9:319–323. See Cole at *5-6.[2]

///
///
///
///

---

[2] Defendant has taken much of its briefing directly from this Court's decision in *Cole* as the legal issue, standard and conclusion are identical in this case.

-4-

## IV. ARGUMENT

### A. Scope of the FAAAA's Preemption Clause.

Federal preemption occurs when either: "(1) a Congressional statute explicitly preempts state law, (2) state law actually conflicts with federal law, or (3) federal law occupies a legislative field to such an extent that one can reasonably conclude that Congress left no room for state regulation in that field." *Campbell v. Vitran Express, Inc.*, 2012 WL 2317233, at *2 (C.D. Cal. June 8, 2012). The FAAAA states that: "[A] State ... may not enact or enforce a law ... related to a price, route, or service of any motor carrier ... with respect to the transportation of property." 49 U.S.C. § 14501(c)(1). The Supreme Court has identified four principles applicable to preemption by the FAAAA:

> (1) that "[s]tate enforcement actions having a connection with, or reference to" carrier " 'rates, routes, or services' are pre-empted," ... (2) that such pre-emption may occur even if a state law's effect on rates, routes or services "is only indirect," ... (3) that, in respect to pre-emption, it makes no difference whether a state law is "consistent" or "inconsistent" with federal regulation, ... (4) that pre-emption occurs at least where state laws have a "significant impact" related to Congress' deregulatory and pre-emption related objectives.

*Rowe v. New Hampshire Motor Transport Ass'n*, 552 U.S. 364, 370–71, 128 S. Ct. 989, 169 L. Ed. 2d 933 (2008), quoting *Morales v. Trans World Airlines, Inc.*, 504 U.S. 374, 112 S. Ct. 2031, 119 L. Ed. 2d 157 (1992); *Dilts v. Penske*, 819 F.Supp.2d 1109 (S.D. Cal. 2011), *appeal docketed*, No. 128 (9th Cir. Apr. 18, 2012); *Esquivel v. Vistar Corp.*, 2012 WL 516094, at *4 (C.D. Cal. Feb. 8, 2012).

The FAAAA was introduced to level the playing field between the trucking industry and the airline industry, which in 1978 implemented the Airline Deregulation Act ("ADA") to preempt state regulation "relating to rates, routes or services" of an air carrier. 49 U.S.C. § 41713(b)(1); *Morales* 504 U.S. at 378-379. The purpose of the ADA was to eliminate the "patchwork" of state regulations to

-5-

SMRH:408126243.2   MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF DEFT'S MOTION FOR JUDGMENT ON THE PLEADINGS- FAAAA PREEMPTION

allow "competitive market forces" to best further "efficiency, innovation and low prices." *Morales* 504 U.S. at 378. In enacting the FAAAA, Congress intended to preempt state regulation of the trucking industry in the same way as it had preempted the airline industry under the ADA. *Rowe*, 552 U.S. 364, 368 (explaining that the ADA and FAAAA are subject to the same analysis because both contain identical preemption provisions).[3]

Moreover, FAAAA preemption is broad because it prohibits state laws that have a "connection with, or reference to" carrier "rates, routes, or services" even where such laws only have an indirect effect. *Rowe*, 552 U.S. 364, 370 (quoting *Morales*, 504 U.S. at 384).[4] The Ninth Circuit has confirmed this broad preemption: "[t]here can be no doubt that when Congress adopted the [FAAAA] it intended to broadly preempt state laws that were 'related to a price, route or service' of a motor carrier." *American Trucking Ass'ns, Inc. v. City of Los Angeles,* 559 F.3d 1046, 1053 (9th Cir. 2009).

Finally, as affirmed by the U.S. Supreme Court: "if a state law is preempted as to one carrier, it is preempted as to all carriers." *New Hampshire Motor Transport Ass'n v. Rowe,* 448 F.3d 66, 72 (1st Cir. 2006), *aff'd Rowe*, 552 U.S. 364. As discussed below, this broad preemption should result in dismissal of Plaintiffs' meal and rest period claims and any derivative claims just as it has done in many prior cases.

**B.    California Meal and Rest Break Laws Are Preempted.**

"California's Meal and Rest Break Laws are preempted by the FAAAA because the laws affect a carrier's routes, services, and prices." *Cole* at *11. Numerous decisions support that conclusion. In *Dilts v. Penske,* the District Court

---

[3] See *Miller v. Southwest Airlines, Co.* 2013 WL 556963 (N.D. Cal. February 12, 2013) at *5.
[4] See also *Cole* at *9-10.

-6-

in the Southern District of California held that the FAAAA preempted California's meal break laws because:

> the "fairly rigid meal and break requirements impact the types and lengths of routes" because "[w]hile the laws do not strictly bind [a carrier's] drivers *to* one particular route, they have the same effect by depriving them of the ability to take any route that does not offer adequate locations for stopping, or by forcing them to take shorter or fewer routes."

*Id.* at 1118–19.

The *Penske* court also found that California's meal and rest break laws "have a significant impact on [a carrier's] services" by virtue of its effect on the "frequency and scheduling of transportation." *Id.* at 1119. Binding a carrier "to a schedule and frequency of routes that ensures many off-duty breaks" is an interference with competitive market forces within the industry. *Id.; see also Cole* at *12-13.

Other District Courts have reached the same conclusion. *See Esquivel v. Vistar Corp.,* 2012 U.S. Dist. LEXIS 26686 at *5 (C.D. Cal. Feb. 8, 2012, Judge Jacqueline H. Nguyen) – finding the reasoning in *Penske* to be applicable and persuasive); *Campbell v. Vitran Express, Inc.* 2012 U.S. Dist. LEXIS 85509 at *1 (C.D. Cal. June 8, 2012, Judge R. Gary Klausner) – as a matter of law California meal and rest break laws are preempted by the FAAAA; and *Aguiar v. Cal. Sierra Express, Inc.,* 2012 U.S. Dist. LEXIS 63348 (C.D. Cal. May 4, 2012, Judge John A. Mendez) – granting defendant's motion to dismiss based on pre-emption by the FAAAA.[5]

---

[5] *See also Marine v. Interstate Distributor Co.* Case # RG07-358277 (March 14, 2013) Superior Court for County of Alameda, for a detailed discussion and analysis of all of these federal district court decisions, finding them persuasive for the conclusion that California meal and rest break claims, and all derivative causes of action, are preempted by the FAAAA.

Federal courts also continue to consistently apply the Airline Deregulation Act to preempt California meal and rest break laws. *Miller v. Southwest Airlines, Co.* 2013 WL 556963 (N.D. Cal. February 12, 2013) – relying upon *Cole, Campbell and Penske* to conclude that the ADA, like the FAAAA, preempts California meal and rest break laws; *Blackwell v. SkyWest Airlines, Inc.*, 2008 WL 5103195 (S.D. Cal. Dec. 3, 2008) – ADA preempts California meal and rest break rules as applied to airline customer service representatives.

### C. California's Meal and Rest Break Laws Have a Significant Impact on Prices, Routes and Services

As explained in *Cole*: "no factual analysis is required to decide this question of preemption" because "evidence outside the pleadings . . . is not necessary to determine whether the Meal and Rest Break laws have an impact on prices, routes, or service." *Cole* at *13-14. For completeness, however, Defendant addresses the FAAAA's effect on routes, services and prices.

#### 1. The Effect on Routes

California law requires off-duty meal and rest breaks of specified durations at specified times. *Brinker Restaurant Corp. v. Superior Court* 53 Cal. 4th 1004 (2012). These rigid rules would require a driver to stop every five hours, regardless of circumstance, to take an off-duty thirty-minute meal period and every four hours (or major fraction thereof), to take a ten minute rest break. *Id.* To impose such restrictions on professional truck drivers would ignore the realities of the services they provide and the substantial impact such rules would have on their routes.

In the world of a professional driver, invariables such as weather, traffic and road closures make it logistically impossible to plan for the frequent stops necessary to comply with California's meal and rest break laws. A truck driver cannot simply pull over to take a break. California has a mountain of regulations restricting a

driver's ability to take such frequent breaks at prescribed times.[6] Consequently, for a driver to take a break he must exit his current route and drive until he locates a safe and legal place to stop. When traveling through a city, residential neighborhood, stuck in traffic or on a mountain pass, a safe and legal place to stop may not be available for miles and certainly not at specified times.

Furthermore, if all drivers were required to stop for such breaks, the roads would be filled with wandering trucks seeking a safe place to stop. It is not subject to reasonable dispute that to comply with California's meal and rest break laws, drivers would be forced to change their routes to find a lawful and safe stopping place (assuming one could be found). It would also require drivers to forego routes by "bind[ing] motor carriers to a smaller set of possible routes"[7] and limiting carriers to "only use routes that are amenable to the logistical requirements of scheduled breaks." *Campbell*, 2012 WL 2317233 at *4. Any law that limits the routes that a carrier can use and requires a driver to change his route is "related to a . . . route" and preempted.

### 2. The Effect on Services

The most obvious impact on a carrier's service is that California's meal and rest break laws require a driver to stop working and, thus, provide *no* service.

---

[6] For example, see Cal. Veh. Code § 21718(a) (prohibiting stopping on the freeway except under limited circumstances, such as when a vehicle becomes disabled); Cal. Veh. Code §§ 22500; 22502 (restricting locations at which vehicles may be parked); Cal. Veh. Code § 22505 (authorizing state authorities to prohibit the stopping or parking of vehicles exceeding six feet in height in areas that would be "dangerous to those using the highway"); Cal. Veh. Code §§ 22507.5; 35701 (permitting local authorities to impose weight restrictions upon the parking – or use – of commercial vehicles on designated roadways). California also prohibits certain trucks from idling for more than 5 minutes at a time. Cal. Code Regs. tit. 13, §2485; *see also* 49 C.F.R.§ 392.14 (Dec. 25, 1968 as amended July 28, 1995) (imposing a duty on commercial motor vehicle operators to use "extreme caution" when hazardous weather conditions exist); 49 C.F.R. §§ 397.7 (Dec. 12, 1994); 397.69 (Oct. 4, 2002) (restricting the parking of and authorizing local restrictions on the routing of vehicles carrying hazardous materials).
[7] *Penske* 819 F. Supp. 2d at 1118-1119.

-9-

SMRH:408126243.2                             MEMORANDUM OF POINTS & AUTHORITIES IN
                                             SUPPORT OF DEFT'S MOTION FOR JUDGMENT ON THE
                                             PLEADINGS- FAAAA PREEMPTION

Likewise: "[w]hen employees must stop and take breaks, it takes longer to drive the same distance." *Campbell* 2012 WL 2317233 at *4. At a minimum, over a twelve hour shift a driver would lose one hour and thirty minutes.[8] And that does not account for the time it would take to find a safe and legal place to stop to take each of these five breaks. Thus, mandating these breaks would inevitably reduce the amount of service motor carriers could offer. As explained in *Penske*, California's meal and rest breaks "directly and significantly realte[] to . . . the frequency and scheduling of transportation" so that services are effected. *Id.* at 1119.

### 3. The Effect on Prices

In light of the inescapable impact of California's break laws on routes and services, the effect on prices is readily apparent. If it takes more time and more resources to provide the same service, logically prices must increase. As described in *Penske*, these "ramifications . . . all contribute to create a significant impact on prices." *Id.* at 1119.

### D. Plaintiffs' Derivative Claims are Preempted

Most recently, in February 2013, Judge Guilford in *Burnham v. Ruan Transportation*, Case No. SACV 12-0688 AG (C.D. Cal. February 4, 2013) relied on *Penske, Esquivel, Aguiar, Campbell* and *Cole* to grant summary judgment as to Plaintiffs' claims for PAGA penalties, unfair competition and waiting time penalties associated with alleged meal and rest break violations. This Court in *Cole* also dismissed Plaintiffs' UCL and PAGA claims to the extent they were derivative of Plaintiffs' meal and rest break claims. *Cole* at *17.

Here too, the Court should dismiss all of Plaintiffs' claims that are derivative of Plaintiffs' meal and rest break claims, including Plaintiffs' fourth, sixth, seventh and eighth causes of action for failure to timely furnish accurate itemized wage statements under Lab. Code §226(a), failure to timely pay all earned final wages

---

[8] Two thirty meal periods and three ten minute rest breaks.

under Lab. Code §§ 201-203, unfair competition under Cal. Bus. & Prof. Code §§ 17200, *et seq.*, and for penalties under the Private Attorneys General Act Lab. Code §2698 *et. seq.*

## V. CONCLUSION

The many District Court decisions holding that the FAAAA preempts California's meal and rest break laws as a matter of law, including this Court's decision in *Cole*, merits dismissal of Plaintiffs' Second Cause of Action alleging meal and rest break violations and all derivative claims.

Dated:  April 9, 2013

                                              SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

                                              By    /s/ Ronald J. Holland
                                                     Ronald J. Holland
                                                     Ellen M. Bronchetti
                                                     Paul S. Cowie
                                                     Attorneys for
                                             SWIFT TRANSPORTATION CO., OF ARIZONA LLC