**PRIORITY SEND**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

<u>CIVIL MINUTES -- GENERAL</u>

Case No.   EDCV 10-00809 VAP(OPx)                    Date:  August 22, 2013

Title:     JOHN BURNELL AND ALL OTHER SIMILARLY SITUATED -*v*- SWIFT
           TRANSPORTATION CO., INC. AN ARIZONA CORPORATION; AND
           DOES 1 THROUGH 50, INCLUSIVE
===============================================================
PRESENT:      HONORABLE VIRGINIA A. PHILLIPS, U.S. DISTRICT JUDGE

           Marva Dillard                         None Present
           Courtroom Deputy                      Court Reporter

ATTORNEYS PRESENT FOR                ATTORNEYS PRESENT FOR
PLAINTIFFS:                          DEFENDANTS:

           None                                  None

PROCEEDINGS:      MINUTE ORDER (1) DENYING DEFENDANT'S MOTION TO
                  STAY; (2) GRANTING, IN PART, PLAINTIFFS' MOTION
                  FOR ENTRY OF FINAL JUDGMENT; AND (3) GRANTING
                  PLAINTIFFS' MOTION FOR LEAVE TO FILE A SECOND
                  AMENDED COMPLAINT (IN CHAMBERS)

        Before the Court is (1) a motion to stay filed by Defendant Swift Transportation
Co. of Arizona, LLC ("Swift") (Doc. Nos. 85, 87) ("Stay Motion" or "Stay Mot."); (2) a
Motion for Entry of Final Judgment Pursuant to Federal Rule of Civil Procedure 54(b)
filed by Plaintiffs John Burnell and Jack Pollock (collectively, "Plaintiffs") (Doc. No.
91) ("Judgment Motion" or "Judgment Mot.") and (3) a Motion for Leave to File a
Second Amended Complaint Adding New Representative Plaintiff filed by Plaintiffs

EDCV 10-00809 VAP(OPx)
JOHN BURNELL AND ALL OTHER SIMILARLY SITUATED v. SWIFT TRANSPORTATION CO., INC. AN ARIZONA CORPORATION; AND DOES
1 THROUGH 50, INCLUSIVE
MINUTE ORDER of August 22, 2013

(Doc. No. 92) ("Leave Motion" or "Leave Mot.").  These matters came before the Court for hearing on August 19, 2013.  The Court considered the papers filed in support of, and in opposition to, the Motions, and the arguments put forth at the hearing, and for the reasons set forth below, the Court (1) DENIES the Stay Motion; (2) GRANTS, in part, the Judgment Motion; and (3) GRANTS the Leave Motion.

## I. BACKGROUND

The instant action was removed from the California Superior Court for the County of San Bernardino on June 2, 2010 (Not. of Removal (Doc. No. 1).) Plaintiffs, on their own behalf and putatively, others similarly situated, filed a First Amended Complaint (Doc. No. 19-2) ("FAC") on October 6, 2010, asserting the following eight claims:

1.   Recovery of unpaid minimum wages under Cal. Labor Code §§ 204, 223, 1194, 1197, and 1198;

2.   Failure to provide meal and rest periods, in violation of Cal. Labor Code §§ 226.7 and 512;

3.   Failure to indemnify, in violation of Cal. Labor Code § 2802(a);

4.   Failure to furnish timely accurate itemized wage statements, in violation of Cal. Labor Code § 226(a);

5.   Unlawful payment instruments, in violation of Cal. Labor Code § 212(a);

6.   Failure to pay timely all earned final wages, in violation of Cal. Labor Code §§ 201-203;

7.   Unfair competition, in violation of Cal. Bus. & Prof. Code §§ 17200, et seq.; and

8.   Civil penalties under Cal. Labor Code §§ 2698, et seq.

On January 20, 2011, the Court stayed the case pending the California Supreme Court's decision in Brinker Restaurant Corp. v. Superior Court, 165 Cal. App. 4th 24 (2008) rev. granted, 85 Cal. Rptr. 39 688, or Brinkley v. Public Storage, Inc., 167 Cal. App. 4th 1278 (2008), rev. granted, 87 Cal. Rptr. 3d 674 (2009) (Doc. No. 34).  The Court lifted the stay on August 8, 2012, after the decision in Brinker (Doc. No. 46).

EDCV 10-00809 VAP(OPx)
JOHN BURNELL AND ALL OTHER SIMILARLY SITUATED v. SWIFT TRANSPORTATION CO., INC. AN ARIZONA CORPORATION; AND DOES
1 THROUGH 50, INCLUSIVE
MINUTE ORDER of August 22, 2013

On April 9, 2013, Swift filed a motion for judgment on the pleadings as to the FAC's second, fourth, sixth, seventh, and eighth claims (Doc. No. 70).  The Court granted Swift's motion for judgment on the pleadings, finding that Plaintiffs' second claim –- failure to provide meal and rest periods in violation of California Labor Code § 226.7 ("Section 226.7") –- was preempted by the Federal Aviation Administration Authorization Act of 1994 ("FAAAA").  (See May 29, 2013 Order (Doc. No. 82) ("May 29, 2013 Order").)  The Court also granted judgment in favor of Swift as to the fourth, sixth, seventh, and eighth claims, only to the extent these claims are based on misconduct alleged in the second claim.  (Id.)

On April 29, 2013, the Court granted Swift's motion to stay in Rudsell v. Swift Transportation of Arizona, LLC, et al. (Case No. EDCV 12-00692 VAP (OPx)) (the "Rudsell Action").  (See April 29, 2013 Order (Doc. No. 26) ("Rudsell Order").)  The Court granted the stay on two grounds.  First, the question of whether the FAAAA preempts Section 226.7 is pending on appeal before the Ninth Circuit in Dilts v. Penske, 819 F. Supp. 2d 1109 (S.D. Cal. 2011), appeal docketed, No. 12-55705 (9th Cir. Apr. 19, 2012), and Campbell v. Vitran, 2012 WL 2317233 (C.D. Cal. June 8, 2012), appeal docketed, No. 12-56250 (9th Cir. July 9, 2012).  (Id.)  Accordingly, "[i]n light of the potential for wasteful and duplicitous litigation pending the outcome of the Ninth Circuit's decision," the Court found a stay appropriate.  (Id.)  Second, the Court found that the Rudsell Action is subsumed within this action.  Therefore, the Court stayed the Rudsell Action pending resolution of this action.  (Id.)

Swift filed the Stay Motion on July 8.  Plaintiffs filed their opposition to the Stay Motion on July 15, 2013 (Doc. No. 88) ("Stay Opposition" or "Stay Opp.").  Swift filed its reply in support of the Stay Motion on July 22, 2013 (Doc. No. 96) ("Stay Reply").

Plaintiffs filed both the Judgement Motion and the Leave Motion on July 16, 2013.  Swift filed its opposition to the Judgment Motion (Doc. No. 97) ("Judgment Opp.") and its opposition to the Leave Motion (Doc. No. 98) ("Leave Opp.") on July 29, 2013.  Plaintiffs filed their reply in support of the Judgment Motion (Doc. No. 99) ("Judgment Reply") and their reply in support of the Leave Motion (Doc. No. 100) ("Leave Reply") on August 5, 2013.

EDCV 10-00809 VAP(OPx)
JOHN BURNELL AND ALL OTHER SIMILARLY SITUATED v. SWIFT TRANSPORTATION CO., INC. AN ARIZONA CORPORATION; AND DOES
1 THROUGH 50, INCLUSIVE
MINUTE ORDER of August 22, 2013

## A.    Request for Judicial Notice
Both Swift and Plaintiffs filed requests for judicial notice.

Swift seeks judicial notice of ten exhibits: (1) selected pages of the appellants' brief in Penske (Doc. No. 11); (2) selected pages of the appellee's brief in Penske (Doc. No. 12); (3) selected pages of the appellants' reply brief in Penske (Doc. No. 13); (4) selected pages of the appellants' brief in Campbell (Doc. No. 14); (5) selected pages of the appellee's brief in Campbell (Doc. No. 15); (6) order granting motion to stay in Bickley v. Schneider National Carriers, Inc., Case No. 3:09-cv-05806-JSW (the "Bickley Action") (Doc. No. 16) (the "Bickley Order"); (7) the complaint filed in the Bickley Action (Doc. No. 17); (8) defendant's motion for summary judgment in the Bickley Action (Doc. No. 18); (9) order granting motion to stay in the Rudsell Action (Doc. No. 19); and (10) order granting motion for partial stay in Alejandro Cardenas v. Swift Transportation Co., et al., Case No. BC483806 (Doc. No. 20).  (See Swift's Request for Judicial Notice (Doc. No. 85-10) ("Swift RJN").)  Plaintiffs do not oppose judicial notice of these exhibits.

A court may take judicial notice of court filings and other matters of public record.  See Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006) (citing Burbank-Glendale-Pasadena Airport Auth. v. City of Burbank, 136 F.3d 1360, 1364 (9th Cir. 1998)).  Finding that Swift's exhibits are all court filings, the Court GRANTS Swift's request and takes judicial notice of these exhibits.

Plaintiffs also submit a request for judicial notice.  (See Doc. No. 89 ("Plaintiffs' RJN").)  Plaintiffs request judicial notice of three exhibits: (1) order denying defendant's motion for decertification in Penske (Doc. No. 89-1); (2) order denying defendant's motion to stay all proceedings in Ortega v. J.B. Hunt Transport, Inc., Case No. CV 07-8336-MWF (FMOx) (Doc. No. 89-2); and (3) Swift's motion to stay all proceedings in the Rudsell Action (Doc. No. 89-3).  (Id.)  Swift does not oppose judicial notice of these exhibits.  For the same reasons above, the Court finds these exhibits appropriate for judicial notice and grants Plaintiffs' request.

## II. LEGAL STANDARD

## A.    Motion to Stay

MINUTES FORM 11                                      Initials of Deputy Clerk __md___
CIVIL -- GEN                           Page 4

EDCV 10-00809 VAP(OPx)
JOHN BURNELL AND ALL OTHER SIMILARLY SITUATED v. SWIFT TRANSPORTATION CO., INC. AN ARIZONA CORPORATION; AND DOES
1 THROUGH 50, INCLUSIVE
MINUTE ORDER of August 22, 2013

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. N. Am. Co., 299 U.S. 248, 254 (1936); Dependable Highway Express, Inc. v. Navigators Ins. Co., 498 F.3d 1059, 1066 (9th Cir. 2007).  Considering efficiency and fairness to the parties, the Court may "enter a stay of an action before it, pending resolution of independent proceedings which will bear on the case." Leyva v. Certified Grocers of Cal., Ltd., 593 F.2d 857, 863 (9th Cir. 1979).

When considering a motion to stay, the court weighs a series of competing interests (hereafter, "Landis factors"): (1) "the possible damage which may result from the granting of a stay;" (2) "the hardship or inequity which a party may suffer in being required to go forward;" and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." CMAX, Inc. v. Hall, 300 F.2d 265, 268 (9th Cir. 1962) (citing Landis, 299 U.S. at 254-55).

## B.    Entry of Final Judgment

Pursuant to Federal Rule of Civil Procedure 54(b), "[w]hen an action presents more than one claim for relief . . .  the court may direct entry of a final judgment as to one or more, but fewer than all, claims . . . only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b).  In order to make such a finding, "[a] district court must first determine that it has rendered a 'final judgment,' that is, a judgment that is an 'ultimate disposition of an individual claim entered in the course of a multiple claims action.'" Wood v. GCC Bend, LLC, 422 F.3d 873, 878 (9th Cir. 2005) (quoting Curtiss-Wright Corp. v. Gen. Elec. Co., 446 U.S. 1, 7 (1980).  Then the Court must determine if there is a just reason for delay before entering final judgment. Id.

## C.    Leave to File Second Amended Complaint

Federal Rule of Civil Procedure 15(a) provides that leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a).  In light of the liberal standard, leave to amend should only be denied upon a showing of bad faith, undue delay, prejudice to the opposing party, or futility of amendment. Eminence Capital,

MINUTES FORM 11                                    Initials of Deputy Clerk __md___
CIVIL -- GEN                     Page 5

LLC v. Aspeon, Inc., 316 F.3d 1048, 1051-52 (9th Cir. 2003).  It is the "consideration of prejudice to the opposing party that carries the greatest weight."  Id. at 1052.  The party opposing leave to amend bears the burden of showing prejudice.  DCD Program, Ltd. v. Leighton, 833 F.2d 183, 187 (9th Cir. 1987).

## III. DISCUSSION

### A.    Motion to Stay

Swift seeks to stay this action on the basis that the Ninth Circuit has not yet ruled, in Penske and Campbell, whether Section 226.7 is preempted by the FAAAA. (Stay Mot. at 1, 3, 6.)  Swift argues that the "procedural status of this case now merits a stay because Plaintiffs intend to pursue a Rule 54 appeal of this Court's Order granting Defendant's Motion for Judgment on the Pleadings on the FAAAA preemption issue." (Id. at 1.)  Swift further argues that it will be burdened if a stay is not granted because litigating Plaintiffs' remaining claims "will result in piecemeal litigation and an unnecessary expenditure of time and resources." (Id. at 8.)

The Landis factors do not favor granting a stay here.

First, the orderly cause of justice does not support a stay.  Swift's primary argument is that the Ninth Circuit has not yet determined whether Section 226.7 is preempted by the FAAAA.  This Court, however, has already granted judgment in Swift's favor on Plaintiffs' Section 226.7 claim, and all related claims.  (See May 29, 2013 Order at 12.)  Plaintiffs' meal and rest period claims are no longer at issue in this case.

Swift's position on Penske and Campbell is inconsistent.  Swift relied heavily on Penske and Campbell in its motion for judgment on the pleadings on Plaintiffs' meal and rest period claims.  Now, with the instant Motion, Swift relies on Penske and Campbell to argue that the case should be stayed, arguing that the Ninth Circuit has not yet resolved the preemption issue presented in these district court cases. The Court rejects Swift's argument at this stage of the proceedings.  Swift should have made that argument before seeking judgment on Plaintiffs' meal and rest period claims.

EDCV 10-00809 VAP(OPx)
JOHN BURNELL AND ALL OTHER SIMILARLY SITUATED v. SWIFT TRANSPORTATION CO., INC. AN ARIZONA CORPORATION; AND DOES
1 THROUGH 50, INCLUSIVE
MINUTE ORDER of August 22, 2013

Second, Plaintiffs will be prejudiced if this action is stayed.  This action has already been stayed once, for over a year, while the Court awaited the rulings in Brinkley and Brinker.  The Court has already ruled on Swift's motion for judgment on the pleadings, and has narrowed Plaintiffs' claims substantially.  Plaintiffs should be allowed to move forward with this action.

On the other hand, Swift will endure very little hardship in moving forward with this action.  If the Ninth Circuit ultimately finds, in Penske and Campbell, that Section 226.7 is not preempted by the FAAAA, and Plaintiffs are able to revive their meal and rest period claims in this action, the scope of the litigation will only broaden, not narrow.  The risk of unnecessary litigation is slight; if the meal and rest period claims are revived, the resources expended to that point by Swift will not be in vain; rather, these efforts will remain relevant in resolving this action.

Swift relies heavily on the Rudsell Order, in support of its argument that a stay is warranted here.  (See Stay Mot. at 1, 5.)  As stated above, the Court stayed the Rudsell Action, on the basis that (1) the Rudsell Action is subsumed within this action, and (2) the Ninth Circuit's rulings in Penske and Campbell are pending.  In Rudsell, however, plaintiffs' meal and rest period claims were not ruled upon, and were still active claims.  Accordingly, it was appropriate to stay that action while waiting for the Ninth Circuit's ruling on FAAAA preemption.  Here, however, the Court has granted judgment in Swift's favor on Plaintiffs' meal and rest period claims.

Swift also cites an order from the Northern District of California in the Bickley Action.  (See Ex. 6 to RJN.)  In Bickley, defendant sought summary judgment on all of Plaintiffs' claims based on FAAAA preemption.  Instead of granting summary judgment, the Court found that a stay was appropriate.  This is different from this action, where the Court has already granted judgment on the meal and rest period claims.

Accordingly, Swift has not demonstrated that a stay is warranted here.  Therefore, the Court DENIES Swift's Stay Motion.

MINUTES FORM 11                                    Initials of Deputy Clerk __md___
CIVIL -- GEN                        Page 7

EDCV 10-00809 VAP(OPx)
JOHN BURNELL AND ALL OTHER SIMILARLY SITUATED v. SWIFT TRANSPORTATION CO., INC. AN ARIZONA CORPORATION; AND DOES
1 THROUGH 50, INCLUSIVE
MINUTE ORDER of August 22, 2013

## B.    Entry of Final Judgment

Plaintiffs seek an entry of final judgment on their second claim -- failure to provide meal and rest periods in violation of Section 226.7.  The only argument set forth by Plaintiffs in their opening brief is that their second claim is "factually and legally distinct from the remaining claims."  (Judgment Mot. at 2.)  Plaintiffs do not elaborate on this argument nor do they cite any case law.  In its opposition, Swift identified the void in Plaintiffs' motion.  In response, Plaintiffs fleshed out their argument in their Judgment Reply.

The Court finds that an entry of final judgment is appropriate here.

First, the Court "rendered a 'final judgment,' that is, a judgment that is an 'ultimate disposition of an individual claim entered in the course of a multiple claims action.'"  Wood, 422 F.3d at 878 (quoting Curtiss-Wright Corp., 446 U.S. at 7).  The Court reached an ultimate disposition on Plaintiffs' second claim, finding that it was preempted by the FAAAA.  The Court, however, did not reach an ultimate disposition on Plaintiffs' fourth, sixth, seventh, and eighth claims.  Although the Court found that these claims were disposed of to the extent they relied on misconduct in Plaintiffs' second claims, the Court did not issue a judgment on these claims, in their entirety.

Second, the Court finds there is no just reason for delay before entering a final judgment on the second claim.  The issue whether a claim for violation of Section 226.7 is pre-empted is a hotly contested issue, and it is one that is currently pending before the Ninth Circuit in at least two other cases (Dilts and Campbell).  Plaintiffs should have a similar opportunity to present their appeal before the Ninth Circuit on this issue.

Swift argues that it would be prejudiced if it were forced to defend this action piecemeal.  Swift relies primarily on the Rudsell Order, in which the Court stayed the Rudsell action, in part, because the issue of FAAAA pre-emption is before the Ninth Circuit.  In Rudsell, however, plaintiff's meal and rest period claims were not ruled upon, and were still active claims.  Here, plaintiffs' meal and rest period claims have been ruled upon, and Swift has been granted judgment in its favor.  Swift presents

MINUTES FORM 11                                        Initials of Deputy Clerk __md___
CIVIL -- GEN                          Page 8

EDCV 10-00809 VAP(OPx)
JOHN BURNELL AND ALL OTHER SIMILARLY SITUATED v. SWIFT TRANSPORTATION CO., INC. AN ARIZONA CORPORATION; AND DOES
1 THROUGH 50, INCLUSIVE
MINUTE ORDER of August 22, 2013

the hypothetical that, if the Ninth Circuit finds Plaintiffs' second claim is not pre-
empted, then duplicitous discovery, a second motion for class certification, and
possibly a second trial would be required.  This argument is not well-taken.  While
Swift's doomsday scenario may become reality, it also may not.  The Ninth Circuit
may affirm this Court's finding that the second claim is pre-empted.

Accordingly, the Court GRANTS, in part, the Judgment Motion.  The Court
issues a final entry of judgment, in Swift's favor, as to Plaintiff's second claim.

## C.   Leave to File Second Amended Complaint

Plaintiffs seek to file a second amended complaint ("SAC"), adding Gilbert
Saucillo as a new representative plaintiff.  Pollock, one of two current representative
plaintiffs, is unavailable to participate in this action and the parties have filed a
stipulation to withdraw Pollock.  (See Doc. No. 94.)  With the SAC, Plaintiffs do not
seek to add any new claims or change the complaint in any other substantive way.

Leave to amend should only be denied upon a showing of bad faith, undue
delay, prejudice to the opposing party, or futility of amendment. Eminence Capital,
LLC v. Aspeon, Inc., 316 F.3d 1048, 1051-52 (9th Cir. 2003).

Swift argues that any amendment would be unduly prejudicial to it.  Swift
argues this case was filed three years ago, and that it has been preparing its
defenses based on the previously identified plaintiffs.  (Leave Opp. at 3.)  According
to Swift, if Plaintiffs are permitted to substitute Saucillo at this stage, Swift will be
required to "reevaluate its entire case strategy developed over the course of three
years."  (Id.)

Swift's argument is not persuasive.  First, this case was stayed for more than a
year and half; therefore, Swift's argument that it has been diligently preparing its
case for three years is unconvincing.  Second, Saucillo is merely stepping into the
shoes of the current representative plaintiff.  While Swift may need to make some
modifications in preparing its defense with Saucillo as a new representative plaintiff,
any prejudice will be only slight.  Moreover, the parties have stipulated that the

EDCV 10-00809 VAP(OPx)
JOHN BURNELL AND ALL OTHER SIMILARLY SITUATED v. SWIFT TRANSPORTATION CO., INC. AN ARIZONA CORPORATION; AND DOES 1 THROUGH 50, INCLUSIVE
MINUTE ORDER of August 22, 2013

Court's May 29, 2013 Order, granting judgment as to Plaintiffs' second claim, will apply to the new representative plaintiff, as well.  (<u>See</u> Doc. No. 95.)

Swift further argues that Plaintiffs' proposed amendment is untimely because Plaintiffs knew or should have known they would want to add an additional plaintiff when they first filed their lawsuit.  (Leave Opp. at 4.)  This argument makes little sense.  Plaintiffs only sought leave to add Saucillo after Pollock informed them in writing, on July 15, 2013, that he sought to withdraw as a representative plaintiff.  (Leave Mot. at 7.)

Finally, Swift argues that amendment here would be futile.  (Leave Opp. at 4.)  Swift argues Plaintiffs fail to demonstrate how Saucillo is an adequate representative.  The Court is not persuaded by Swift's argument.  In the proposed SAC, Plaintiffs allege that Saucillo "worked for and continues to work for [Swift] as a Driver in California during the Relevant Time Period."  (Ex. A to Leave Mot. ("SAC") ¶ 11.)  The same facts and claims alleged on behalf of Pollock are alleged on behalf of Saucillo, as well.  (<u>See</u> <u>generally</u> SAC.)

Swift has not met its burden in arguing that Plaintiffs should not be allowed to file the SAC.  Accordingly, the Court GRANTS the Leave Motion.

## IV. CONCLUSION

For the reasons set forth above, the Court (1) DENIES Swift's Stay Motion; (2) GRANTS, in part, Plaintiffs' Judgment Motion; and (3) GRANTS Plaintiffs' Leave Motion.

**IT IS SO ORDERED.**