FILED

**MARLIN & SALTZMAN, LLP**
Stanley D. Saltzman, Esq. (SBN 90058)
Marcus J. Bradley, Esq. (SBN 174156)
Christina A. Humphrey, Esq. (SBN 226326)
Leslie H. Joyner, Esq. (SBN 262705)
29229 Canwood Street, Suite 208
Agoura Hills, California  91301
Telephone:  (818) 991-8080
Facsimile:  (818) 991-8081
ssaltzman@marlinsaltzman.com
mbradley@marlinsaltzman.com
chumphrey@marlinsaltzman.com

**LAW OFFICES OF SHAUN SETAREH**
Shaun Setareh, (SBN 204514)
9454 Wilshire Boulevard, Penthouse Suite 1
Beverly Hills, CA 90212
Telephone: (310) 888-7771
Facsimile: (310) 888-0109
shaun@setarehlaw.com

Attorneys for Plaintiffs

2013 AUG 27  AM 11: 13

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
RIVERSIDE

BY:_____

BY FAX

IN THE UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN BURNELL, JACK POLLOCK; GILBERT SAUCILLO and all others similarly situated,<br><br>          Plaintiffs,<br><br>v.<br><br>SWIFT TRANSPORTATION CO. OF ARIZONA, LLC,<br><br>          Defendant.<br><br>. | **CASE NO: 5:10-CV-00809-VAP (OPx)**<br>(Assigned to the Hon. Virginia A. Phillips)<br><br>**CLASS ACTION**<br><br>**SECOND AMENDED COMPLAINT FOR:**<br>  1. **RECOVERY OF UNPAID MINIMUM WAGES;**<br>  2. **FAILURE TO PROVIDE MEAL AND REST PERIODS;**<br>  3. **FAILURE TO INDEMNIFY;**<br>  4. **FAILURE TO TIMELY FURNISH ACCURATE ITEMIZED WAGE STATEMENTS;**<br>  5. **UNLAWFUL PAY INSTRUMENTS;**<br>  6. **FAILURE TO TIMELY PAY ALL EARNED FINAL WAGES;**<br>  7. **UNFAIR COMPETITION; AND**<br>  8. **CIVIL PENALTIES.**<br><br>**JURY TRIAL DEMANDED**<br><br>Complaint Filed:  March 22, 2010<br>Trial Date:  None Set<br>Case Stayed:  January 20, 2011 – August 8, 2012 |

Plaintiffs JOHN BURNELL, JACK POLLOCK and GILBERT SAUCILLO ("Plaintiffs"), on behalf of themselves, all others similarly situated, and the aggrieved employees under the Labor Code Private Attorneys General Act ("PAGA") of 2004, hereby file this Complaint against defendants SWIFT TRANSPORTATION CO., INC., an Arizona corporation, SWIFT TRANSPORTATION CO. OF ARIZONA, LLC, a Delaware limited liability company, and DOES 1 through 50, inclusive ("Defendants"). Plaintiffs are informed, believe, and thereon allege as follows:

## INTRODUCTION

1. Plaintiffs have filed this action, seeking class action treatment, to recover unpaid wages and penalties from Defendants for their violations of, *inter alia,* California Labor Code ("Labor Code") §§ 200, et seq., 512 and 1194, *et seq.*, Business & Professions Code §§ 17200, *et seq.*, the applicable Wage Order(s) issued by the California Industrial Welfare Commission (hereinafter, the "IWC Wage Order(s)"), and related common law principles.

2. This Class Action lawsuit challenges Defendants' employment practices with respect to its Drivers and other similarly-titled employees employed in California, primarily in that Defendants did not pay them minimum wages for all hours worked, failed to ensure that they were actually relieved of all duty during meal and rest periods, failed to reimburse them for all necessary business related expenses, and failed to provide them with lawful payment instruments. Through this class and collective action, Plaintiffs seek general damages, liquidated damages, penalties, and restitution from Defendants on behalf of themselves, all others similarly situated, and/or the aggrieved employees.

3. In this action, Plaintiffs seek to represent the class of employees of Defendants that are residents of the state of California.

4. The acts complained of herein have occurred, are presently occurring, and are expected to continue occurring, within the time period from four (4) years preceding the filing of the original Complaint, up to and through the time of trial for this matter (hereinafter, the "Relevant Time Period").

**Second Amended Complaint**
**CV10-00809-VAP(OPx)**

5.     Plaintiffs are informed and believe and thereon allege that all of Defendants' Drivers in California have virtually the same duties and responsibilities, regardless of region, district, and/or facility. As a consequence, any differences between particular individual employees who have worked as local and regional drivers for Defendants, in terms of the duties actually performed, were and are legally insignificant to the issues presented by this action.

6.     The economic reality of the relationship is that Plaintiffs and the members of the class, who are or were non-exempt employees of Defendants, were, among other things, suffered to:

A.     Regularly work without being paid minimum wages or agreed rates as required by Labor Code §§ 204, 223, 1194, 1197, and 1198;

B.     Work without being afforded proper meal and rest periods in conformity with Labor Code §§ 226.7, 512, and the applicable IWC Wage Order(s);

C.     Work without being properly reimbursed and/or indemnified for all necessary business expenditures or losses incurred by them in the direct consequence of the discharge of their duties in violation of Labor Code § 2802;

D.     Work without being paid with instruments immediately payable in cash, on demand, and without discount in California in violation of Labor Code § 212;

E.     Work without being provided accurate wage statements/paystubs in violation of Labor Code § 226(a);

F.     Work without having timely received all pay due to them, in particular, upon the termination of their employment, whether voluntary or involuntary, in violation of Labor Code § 203; and

G.     Work in a business environment where they were routinely and uniformly subjected to unfair business practices within the meaning of Business & Professions Code §§ 17200, *et seq*.

## **JURISDICTION AND VENUE**

7.     This Court has subject matter jurisdiction over this case pursuant to

**Second Amended Complaint**
**CV10-00809-VAP(OPx)**

28 U.S.C. §§ 1332(d)(2) and 1367(a). Plaintiffs are informed and believe that the aggregate amount in controversy in this action exceeds $5 million, that there are more than 100 class members, and that at least one Defendant is a citizen of a different state than Plaintiffs.

8.     Venue is proper under 28 U.S.C. § 1391 because Defendants are subject to personal jurisdiction in this judicial district and the conduct described herein occurred in whole or in part in this judicial district as directed toward  Plaintiffs and the members of the below-described classes and/or subclasses.

<strong><u>PARTIES</u></strong>

**A.     <u>Plaintiffs</u>**

9.     Plaintiff JOHN BURNELL worked for Defendants as a Driver in California during the Relevant Time Period. He was at all relevant times a California resident.

10.     Plaintiff JACK POLLOCK worked for Defendants as a Driver in California during the Relevant Time Period. He was at all relevant times a California resident.

11.     Plaintiff GILBERT SAUCILLO worked for and continues to work for Defendants as a Driver in California during the Relevant Time Period. He was at all relevant times a California resident.

12.     Plaintiffs, on behalf of themselves and all others similarly situated, seek damages, including, but not limited to, restitution for unpaid wages, reimbursement, penalties and other compensation, from Defendants for the Relevant Time Period because they have:

A.     Failed to pay them minimum wages or agreed rates for all hours worked;

B.     Failed to provide them with duty free meal and rest periods;

C.     Failed to reimburse them for all necessary business expenditures and/or losses incurred during the discharge of their duties;

D.     Failed to pay them with instruments that are immediately payable in cash, on demand, and without discount in California;

4

1        E.      Failed to furnish them accurate itemized wage statements;

2        F.      Failed to timely pay them all wages due following separation of

3 employment; and/or

4        G.      Subjected them to unfair and unlawful business practices.

5 **B.**    **Defendants**

6        13.     Defendant SWIFT TRANSPORTATION CO., INC. is a corporation

7 organized under the laws of Arizona. Plaintiffs is are informed and believe and thereon

8 allege that SWIFT TRANSPORTATION CO., INC. has employed Drivers and engaged

9 in unlawful business practices in California as alleged herein.

10        14.     Defendant SWIFT TRANSPORTATION CO. OF ARIZONA, LLC is a

11 limited liability company organized under the laws of Delaware. Plaintiffs are informed

12 and believe and thereon allege that SWIFT TRANSPORTATION CO. OF ARIZONA,

13 LLC has employed Drivers and engaged in unlawful business practices in California as

14 alleged herein.

15        15.     Defendants DOES 1 through 50, inclusive are now, and/or at all times

16 mentioned in this Complaint were licensed to do business and/or actually doing business

17 in California.

18        16.     Plaintiffs are ignorant of the true names, capacities, relationships, and

19 extents of participation in the conduct alleged herein, of Defendants sued as DOES 1-50,

20 inclusive, but are informed and believe and thereon allege that said Defendants are

21 legally responsible for the wrongful conduct alleged herein and therefore sues these

22 Defendants by such fictitious names. Plaintiffs will amend the Complaint to allege the

23 true names and capacities of the DOE Defendants when ascertained.

24        17.     Plaintiffs are informed, believe, and thereon allege that Defendants, and

25 each of them, are now and/or at all times mentioned in this Complaint were in some

26 manner legally responsible for the events, happenings and circumstances alleged in this

27 Complaint.

28        18.     Plaintiffs are informed, believe, and thereon allege that Defendants, and

each of them, at all times herein mentioned, were and are the agents, servants, employees, joint venturers, and/or partners of each of the other Defendants, and were, at all such times, acting within the course and scope of said employment and/or agency; furthermore, that each and every Defendant herein, while acting as a high corporate officer, director and/or managing agent, principal and/or employer, expressly directed, consented to, approved, affirmed and ratified each and every action taken by the other co-defendants, as herein alleged and was responsible in whole or in part for the matters referred to herein.

19.    Plaintiffs are informed, believe, and thereon allege that Defendants, and each of them, proximately caused Plaintiffs, all others similarly situated, and the aggrieved employees to be subject to the unlawful practices, wrongs, complaints, injuries and/or damages alleged in this Complaint.

20.    Defendants, and each of them, are now, and/or at all times mentioned in this Complaint were, members of and/or engaged in a joint venture, partnership and common enterprise, and were acting within the course and scope of, and in pursuit of said joint venture, partnership and common enterprise and, as such were co-employers of the Plaintiffs and the putative class herein.

21.    Defendants, and each of them, at all times mentioned in this Complaint concurred with, contributed to, approved of, aided and abetted, condoned and/or otherwise ratified the various acts and omissions of each and every one of the other Defendants in proximately causing the injuries and/or damages alleged in this Complaint.

## CLASS ACTION ALLEGATIONS

22.    Plaintiffs seek to represent the following classes and subclasses of current, future, and/or former employees of Defendants defined below:

A.    **Driver Class:** All Drivers and other similarly-titled employees with similar job duties who (1) are residents of the state of California, (2) worked for Defendants during the Relevant Time Period in California, and (3) Defendants assigned to home terminals in California.

B. **California Route Driver Subclass**: All members of the Driver Class who drove from one California location to another without leaving the State.

C. **Pay Card Class:** All members of the **Driver Class** and the **California Route Driver Subclass** who were paid their wages with a Comdata pay card and paid for their first cash or check transaction following a payment of wages.

D. **Former Employee Class:** All persons employed by Defendants in California, including, but not limited to the members of the **Driver Class** and the **California Route Driver Subclass**, whose employment with Defendants ended during the period beginning four (4) years prior to the filing of this action and ending on the date that final judgment is entered in this action.

E. **UCL Class**: All members of the **Driver Class, California Route Driver Subclass**, **Pay Card Class**, and/or **Former Employee Class**.

23. This action has been brought and may be maintained as a class action under Rule 23(a) of the Federal Rules of Civil Procedure with respect to claims for violations of California law.

24. <u>Numerosity</u>: Plaintiffs are informed, believe, and thereon allege the potential membership in each of the classes is so numerous that joinder of all members is impractical and exceeds the minimum number required for numerosity purposes under both California and Federal law. The exact number and specific identities of class members may be readily ascertained through inspection of Defendants' business records.

25. <u>Commonality</u>: Plaintiffs are informed, believe, and thereon allege, that numerous questions of law *and/or* fact are common to all class and/or subclass members including, without limitation:

A. Whether class members received the legal minimum wage or agreed rate under California law for all hours during which they were subject to Defendants' control;

B. Whether Defendants failed and continue to fail to provide meal periods and paid rest periods, free of duty, to class members in violation of the Labor

Code and the applicable IWC Wage Order(s);

C.      Whether Defendants failed and continue to fail to reimburse class members for all necessary business expenditures and/or losses incurred in the discharge of their duties as required by Labor Code § 2802;

D.      Whether Defendants failed to timely furnish accurate itemized statements to class members in conformity with Labor Code § 226(a);

E.      Whether Comdata pay cards comply with Labor Code § 212(a);

F.      Whether class members are entitled to penalties pursuant to Labor Code § 203; and

G.      Whether class members are entitled to restitution under Business & Professions Code § 17204.

26.      <u>Typicality</u>:  Plaintiffs are informed, believe, and thereon allege, that their claims are typical of the claims of all class members who they seek to represent. Plaintiffs have suffered the same or similar injuries as other class members based on courses of conduct which Plaintiffs are informed and believe and thereon allege have resulted from company policies and/or practices to which other class members are also subject.

27.      <u>Adequacy of Representative</u>:  Plaintiffs will fairly and adequately protect the interests of the class members they seek to represent. Plaintiffs are adequate class representatives because they are class members whose interests do not conflict with the interests of the class and subclasses that they seek to represent. Plaintiffs intend to prosecute this action vigorously for the benefit of the class members. The interests of class members will be fairly and adequately protected by Plaintiffs.

28.      <u>Adequacy of Counsel</u>:  Plaintiffs have retained counsel competent and experienced in the prosecution of wage and hour class actions. Plaintiffs' counsel intends to prosecute this action vigorously for the benefit of class members. The interests of class members will be fairly and adequately protected by Plaintiffs' counsel.

29.      <u>Superiority</u>:  Plaintiffs are informed, believe, and thereon allege that this

action is properly brought as a class action, because:

A.   The prosecution of separate actions by or against class members would create risk of inconsistent or varying adjudications with respect to individual class members, which would establish incompatible standards of conduct for the party opposing class members;

B.   Adjudications with respect to individual class members would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests;

C.   Defendants have acted or refused to act on grounds generally applicable to all members of the class, making injunctive relief or declaratory relief appropriate with respect to all of the class;

D.   Questions of law or fact common to class members predominate over any questions affecting only individual class members; and

E.   Class action treatment is superior to other available methods for the fair and efficient adjudication of the controversy.

## FIRST CAUSE OF ACTION

### RECOVERY OF UNPAID MINIMUM WAGES

### (Lab. Code §§ 204, 223, 1194, 1197, and 1198)

### (By Plaintiffs, the Driver Class, and the California Route Driver Subclass)

30.   Plaintiffs incorporate each and every one of the allegations contained in the preceding paragraphs of this Complaint as though fully set forth herein.

31.   Section 2 of the applicable Wage Orders defines "hours worked" as "the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so."

32.   Section 4 of the applicable Wage Orders require an employer to pay non-exempt employees at least the minimum wage set forth therein for all hours worked, which consist of all hours that an employer has actual or constructive knowledge that employees are working.

33.    Labor Code § 1194 invalidates any agreement between an employer and an employee to work for less than the minimum wage required under the applicable Wage Orders.

34.    Labor Code § 1194.2 entitles non-exempt employees to recover liquidated damages in amounts equal to the amounts of unpaid minimum wages and interest thereon in addition to the underlying unpaid minimum wages and interest thereon.

35.    Labor Code § 1197 makes it unlawful for an employer to pay an employee less than the minimum wage required under the applicable Wage Orders for all hours worked during a payroll period.

36.    Labor Code § 1197.1 provides that it is unlawful for any employer or any other person acting either individually or as an officer, agent, or employee of another person, to pay an employee, or cause an employee to be paid, less than the applicable minimum wage.

37.    Labor Code § 1198 makes it unlawful for an employer to employ an employee under conditions that violate the applicable Wage Orders.

38.    Labor Code § 223 prohibits an employer from secretly paying an employee lower wages than required by statute or contract while purporting to pay legal wages.

39.    Labor Code § 204 requires employers to timely pay earned wages to their employees for all labor that their employees normally perform by no later than the regularly scheduled payday for that pay period and for all labor in excess of that which their employees normally perform by no later than the regularly scheduled payday for the next pay period.

40.    During the Relevant Time Period, Defendants required the members of the **Driver Class** and the **California Route Driver Subclass** to remain under Defendants' control without paying therefor, which resulted in the members of the **Driver Class** and the **California Route Driver Subclass** earning less than the legal minimum wage in California for portions of the days during which they worked.

41.    Specifically, Defendants maintained a practice of refusing to pay hourly

rates of at least the state-mandated minimum wage for time spent by **Driver Class** and the **California Route Driver Subclass** members doing activities that include, but are not limited to, the following:

A. Driving miles in excess of the estimated miles for which they were paid;

B. Performing pre- and post-trip inspections;

C. Fueling vehicles;

D. Waiting for dispatch to be issued assignments via on board computer systems; and

E. Hooking and unhooking empty trailers.

42. Defendants' pattern and practice of uniformly administering a corporate policy, whereby Defendants failed to pay the legal minimum wage to the members of the **Driver Class** and the **California Route Driver Subclass**, violates Labor Code §§ 204, 223, 1194, 1197, and 1198.

43. Plaintiffs, on behalf of themselves and the members of the **Driver Class** and the **California Route Driver Subclass**, seek to recover, pursuant to Labor Code § 1194(a), the unpaid balance of the minimum wages owed them, calculated as the difference between the compensation paid and the applicable minimum wage for all hours worked, including interest thereon.

44. Plaintiffs, on behalf of themselves and the members of the **Driver Class** and the **California Route Driver Subclass**, seek liquidated damages pursuant to Labor Code § 1194.2(a) on the straight-time portion of uncompensated hours of work (not including the overtime portion thereof) in an amount equal to the wages unlawfully unpaid and interest thereon.

45. Plaintiffs, on behalf of themselves and the members of the **Driver Class** and the **California Route Driver Subclass**, further seeks, as a consequence of Defendants' non-payment of minimum wages, penalties pursuant to the applicable IWC Wage Order at § 20(A).

46.     Plaintiffs, on behalf of themselves and the members of the **Driver Class** and the **California Route Driver Subclass**, seek pre-judgment interest on all amounts recovered herein pursuant to Labor Code §§ 218.6, 1194(a) and Civil Code §§ 3287(b) and 3289.

47.     Plaintiffs, on behalf of themselves and the members of the **Driver Class** and the **California Route Driver Subclass**, seek reasonable attorneys' fees and costs of suit pursuant to Labor Code § 1194, Code of Civil Procedure § 1021.5, the common fund doctrine, and/or the substantial benefit doctrine.

## SECOND CAUSE OF ACTION

### FAILURE TO PROVIDE MEAL AND REST PERIODS

### (Lab. Code §§ 226.7 and 512)

**(By Plaintiffs, the Driver Class, and the California Route Driver Subclass)**

48.     Plaintiffs incorporate each and every one of the allegations contained in the preceding paragraphs of this Complaint as though fully set forth herein.

49.     Plaintiffs are informed, believe, and thereon allege, that members of the **Driver Class** and the **California Route Driver Subclass** regularly worked more than five (5) hours per shift; thus, they were entitled to one or more meal periods of not less than thirty (30) minutes without duty.

50.     Plaintiffs are informed, believe, and thereon allege, that all members of the **Driver Class** and the **California Route Driver Subclass** regularly worked eight (8) or more hours per shift, thus they were entitled to at least two paid rest periods of not less than ten (10) minutes without duty.

51.     Nevertheless, Plaintiffs are informed, believe, and thereon allege, that Defendants routinely fail to timely provide members of the **Driver Class** and the **California Route Driver Subclass** with such meal periods and paid rest periods without duty, notwithstanding the fact that members of the class have not waived their right to the same.

52.     At all relevant times during the applicable limitations period, Defendants

**Second Amended Complaint**
**CV10-00809-VAP(OPx)**

treated members of the **Driver Class** and the **California Route Driver Subclass** as if they were exempt from the meal and rest period requirements established by Labor Code §§ 226.7, 512, 516 and Sections 11 and 12 of the IWC Wage Order(s), and, in failing to comply with these provisions of California law, Defendants denied and/or failed to permit the **Driver Class** and the **California Route Driver Subclass** meal and rest periods on a regular basis.

53.     Plaintiffs, on behalf of themselves and the members of the **Driver Class** and the **California Route Driver Subclass**, seek damages (in terms of premium pay) pursuant to Section II(D) and/or 12(B) of the IWC Wage Order(s) and Labor Code § 226.7(b), in the amount of one (1) additional hour of pay at the employee's regular rate of compensation for each work day that the meal and/or rest period is/was not provided to any member of the class, the cumulative sum of which is to be proved at time of trial.

54.     Plaintiffs, on behalf of themselves and the members of the **Driver Class** and the **California Route Driver Subclass**, seek pre-judgment interest on all amounts recovered herein pursuant to Labor Code §§ 218.6, 1194(a) and Civil Code §§ 3287(b) and 3289.

55.     Plaintiffs, on behalf of themselves and the members of the **Driver Class** and the **California Route Driver Subclass**, seek reasonable attorneys' fees and costs of suit pursuant to Labor Code § 1194, Code of Civil Procedure § 1021.5, the common fund doctrine, and/or the substantial benefit doctrine.

## THIRD CAUSE OF ACTION

### FAILURE TO INDEMNIFY

#### (Lab. Code § 2802(a))

**(By Plaintiffs, the Driver Class, and the California Route Driver Subclass)**

56.     Plaintiffs incorporate each and every one of the allegations contained in the preceding paragraphs of this Complaint as though fully set forth herein.

57.     In pertinent part, Labor Code § 2802(a) states, "An employer shall indemnify his or her employee[s] for all necessary expenditures incurred by the employee

in direct consequence of the discharge of his or her duties . . . ."

58.    At relevant times during the applicable limitations period, Plaintiffs and the members of the **Driver Class** and the **California Route Driver Subclass** incurred necessary business related expenses and costs, including, but not limited to, cell phone usage, mileage, gas, tolls, and other necessary business expenses.  Defendants failed to indemnify Plaintiffs and the members of the **Driver Class** and the **California Route Driver Subclass** for such expenditures.

59.    By reason of the above, Plaintiffs and the members of the **Driver Class** and the **California Route Driver Subclass** are entitled to restitution for all unpaid amounts due and owing to them within four years (4) of the date of the filing of the Complaint until the date of entry of judgment.

60.    Plaintiffs, on behalf of themselves and the members of the **Driver Class** and the **California Route Driver Subclass**, seek interest thereon pursuant to Labor Code § 218.6, costs pursuant to California Labor Code § 218.6, and reasonable attorneys' fees pursuant to California Code of Civil Procedure § 1021.5.

<u>**FOURTH CAUSE OF ACTION**</u>

**FAILURE TO TIMELY FURNISH ACCURATE ITEMIZED WAGE STATEMENTS**

**(Lab. Code § 226(a))**

**(By Plaintiffs, the Driver Class, and the California Route Driver Subclass)**

61.    Plaintiffs incorporate each and every one of the allegations contained in the preceding paragraphs of this Complaint as though fully set forth herein.

62.    Defendants paid the **Driver Class** and the **California Route Driver Subclass** on a piece-rate basis, typically on a cents per mile basis with some variations thereon.  However, Defendants failed to pay class members at least minimum wages for all hours worked by the **Driver Class** and the **California Route Driver Subclass** during the Relevant Time Period.

63.    Plaintiffs are informed, believe, and thereon allege, that Defendants, in

14

violation of Labor Code § 226(a), engaged in a consistent practice with respect to members of the **Driver Class** and the **California Route Driver Subclass** of regularly failing to furnish each **Driver Class** and **California Route Driver Subclass** member with accurate itemized statements in writing showing (1) gross wages earned, (2) total hours worked by the employee, (3) all deductions, (4) net wages earned and/or (5) all applicable hourly rates in effect during each respective pay period and the corresponding number of hours worked at each hourly rate by each respective individual.

64.    Plaintiffs are informed, believe, and thereon allege, that Defendants did not maintain accurate business records pertaining to the total hours worked for Defendants by the members of the **Driver Class** and the **California Route Driver Subclass**.

65.    Plaintiffs, on behalf of themselves and the members of the **Driver Class** and the **California Route Driver Subclass**, seek the greater of actual damages or penalties pursuant to Labor Code § 226( e) for each violation by Defendants of Labor Code § 226(a), and also seek an award of reasonable attorneys' fees and costs.

## FIFTH CAUSE OF ACTION

### UNLAWFUL PAYMENT INSTRUMENTS

### (Lab. Code § 212(a))

### (By Plaintiffs and the Pay Card Class)

66.    Plaintiffs incorporate each and every one of the allegations contained in the preceding paragraphs of this Complaint as though fully set forth herein.

67.    Labor Code § 212 makes it unlawful for an employer to pay wages with an instrument unless it is payable in cash, on demand, and without discount at some established place of business in California, the name of which must appear on the face of the instrument.

68.    Plaintiffs are informed, believe, and thereon allege that Defendants in violation of Labor Code § 212, engaged in a consistent practice with respect to members of the **Pay Card Class** of paying them with Comdata pay cards that do not state where in California they may be cashed on demand and without discount that has resulted in fees

being charged to members of the **Pay Card Class** in obtaining their wages.

69.     Plaintiffs, on behalf of themselves and the members of the **Pay Card Class**, seek to recover all monies lost as a result of fees they incurred from Comdata pay cards.

70.     Plaintiffs, on behalf of themselves and the members of the **Pay Card Class**, seek pre-judgment interest on all amounts recovered herein pursuant to Labor Code §§ 218.6, 1194(a) and Civil Code §§ 3287(b) and 3289.

71.     Plaintiffs, on behalf of himself themselves and the members of the **Pay Card Class**, seek reasonable attorneys' fees and costs of suit pursuant to Labor Code § 1194, Code of Civil Procedure § 1021.5, the common fund doctrine, and/or the substantial benefit doctrine.

## SIXTH CAUSE OF ACTION

### FAILURE TO TIMELY PAY ALL EARNED FINAL WAGES

### (Lab. Code §§ 201-203)

### (By Plaintiffs and the Former Employee Class)

72.     Plaintiffs incorporate each and every one of the allegations contained in the preceding paragraphs of this Complaint as though fully set forth herein.

73.     Labor Code §§ 201-202 impose the following requirements on employers with respect to the final payment of all earned and unpaid wages upon separation of employment:

A.     Employees whose employment is involuntarily terminated must be immediately paid all earned and unpaid wages at the time of separation;

B.     Employees who voluntarily terminate their employment and give at least 72 hours-notice before quitting must be immediately paid all earned and unpaid wages at the time of separation; and

C.     Employees who voluntarily terminate their employment and give less than 72 hours' notice before quitting must be all earned and unpaid wages no later than 72 hours after the time of separation.

74.     Plaintiffs are informed, believe, and thereon allege that Defendants, in

violation of Labor Code §§ 201-203, consistently and willfully failed to timely pay members of the **Former Employee Class** by failing to timely furnish them with any wages due and owing and/or failing to timely furnish them with all wages due and owing including, but not limited to, basic minimum wages and premium pay due for denial of meal periods.

75. Plaintiffs, on behalf of themselves and the members of the **Former Employee Class**, seek to recover continuations of wages pursuant to Labor Code § 203, in the amount of each class members' daily wage multiplied by up to a maximum of thirty (30) days, the exact amount of which is to be determined at trial.

76. Plaintiffs, on behalf of themselves and the members of the **Former Employee Class**, seek pre-judgment interest on all amounts recovered herein pursuant to Labor Code §§ 218.6, 1194(a) and Civil Code §§ 3287(b) and 3289.

77. Plaintiffs, on behalf of themselves and the members of the **Former Employee Class**, seek reasonable attorneys' fees and costs of suit pursuant to Labor Code § 1194, Code of Civil Procedure § 1021.5, the common fund doctrine, and/or the substantial benefit doctrine.

<u>**SEVENTH CAUSE OF ACTION**</u>

**UNFAIR COMPETITION**

**(Bus. & Prof. Code §§ 17200, *et seq.*)**

**(By Plaintiffs and the UCL Class)**

78. Plaintiffs incorporate each and every one of the allegations contained in the preceding paragraphs of this Complaint as though fully set forth herein.

79. The unlawful conduct of Defendants alleged herein amounts to and constitutes unfair competition within the meaning of Business and Professions Code § 17200. Due to its unfair and unlawful business practices in violation of the Labor Code, Defendants have unfairly gained a competitive advantage over other comparable companies doing business in California that comply with their legal obligations under the Labor Code.

80.     Business & Professions Code §§ 17200, *et seq*., protects against unfair competition and allows a person who has suffered an injury-in-fact and has lost money or property as a result of an unfair, unlawful, or fraudulent business practice to seek restitution on his own behalf and on behalf of other similarly situated persons in a class action proceeding.

81.     As a result of Defendants' unfair competition as alleged herein, Plaintiffs have suffered injuries in fact and lost money or property from not being paid wages for all hours worked, not being paid premium wages for missed meal and rest periods, not being reimbursed for all necessary business expenditures, being provided with unlawful pay instruments that charge fees to obtain wages, and not being paid continuation wages for not being timely paid all earned and unpaid wages.

82.     Plaintiffs are informed and believe and thereon allege that Defendants may have acquired interests in money or property from the members of the **UCL Class** from not being paid wages for all hours worked, not being paid premium wages for missed meal and rest periods, not being reimbursed for all necessary business expenditures, being provided with unlawful pay instruments that charge fees to obtain wages, and not being paid continuation wages for not being timely paid all earned and unpaid wages.

83.     Pursuant to Business and Professions Code § 17203, Plaintiffs, on behalf of themselves and the members of the **UCL Class**, seek to recover all money or property that Defendants may have acquired as a result of their unlawful and unfair business practices as alleged herein.

84.     Pursuant to Code of Civil Procedure § 1021.5, the substantial benefit doctrine, and/or the common fund doctrine, Plaintiffs, on behalf of themselves and the members of the **UCL Class,** seek an award of reasonable attorneys' fees.

## **EIGHTH CAUSE OF ACTION**

### **CIVIL PENALTIES**

### **(Lab. Code §§ 2698, *et seq.*)**

85.     Plaintiffs incorporate each and every one the allegations contained in the

preceding paragraphs of this Complaint as though fully set forth herein.

86.     Defendants violated Labor Code §§ 201, 202, 203, 204, 212, 223, 226(a), 226.7, 450, 512, 1194, 1197, 1198 and 2802.

87.     Labor Code §§ 2699(a) and (g) authorize an aggrieved employee, on behalf of himself and other current or former employees, to bring a civil action to recover civil penalties pursuant to the procedures specified in Labor Code Section 2699.3.

88.     Pursuant to Labor Code §§ 2699(a) and (f), Plaintiffs may recover civil penalties on behalf of themselves and other aggrieved current and former employees for Defendants' violations of Labor Code §§ 201, 202, 203, 204, 212,  223, 226(a), 226.7, 512, 1194, 1197, 1198 and 2802 in the following amounts:

A.     For violations of Labor Code §§ 201, 202, 203, 226.7, 1194, 1197, 1198, and 2802 one hundred dollars ($100.00) for each aggrieved employee per pay period for each initial violation and two hundred dollars ($200.00) for each aggrieved employee per pay period for each subsequent violation (penalty amounts established by Labor Code § 2699(f)(2));

B.     For violations of Labor Code § 204, one hundred dollars ($100.00) for each aggrieved employee for each initial violation and two hundred dollars ($200.00) for each aggrieved employee plus twenty-five percent (25%) of the amount unlawfully withheld from each aggrieved employee for each subsequent, willful or intentional violation (penalty amounts established by Labor Code § 210);

C.     For violations of Labor Code §§ 212 and 223, one hundred dollars ($100.00) for each aggrieved employee for each initial violation and two hundred dollars ($200.00) for each aggrieved employee plus twenty-five percent (25%) of the amount unlawfully withheld from each aggrieved employee for each subsequent, willful or intentional violation (penalty amounts established by Labor Code § 225.5);

D.     For violations of Labor Code § 226(a), if this action is deemed to constitute an initial citation pursuant to Labor Code § 226.3, two hundred fifty dollars ($250.00) per each employee for each violation.  Alternatively, if an initial citation or its

equivalent occurred prior to this action, one thousand dollars ($1,000.00) per each employee for each subsequent violation (penalty amounts established by Labor Code § 226.3);

E.     For violations of Labor Code § 512, fifty dollars ($50.00) for each aggrieved employee for each initial violation for pay period for which the employee was underpaid in addition to an amount sufficient to recover unpaid wages and one hundred dollars ($100.00) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover unpaid wages (penalty amounts established by Labor Code § 558).

89.     Plaintiffs have complied with the procedures for bringing suit specified in Labor Code § 2699.3.  By letters postmarked September 11, 2009 and September ___, 2010, Plaintiffs gave written notice via certified mail to the Labor and Workforce Development Agency ("LWDA") and Defendants of the specific provisions of the California Labor Code alleged to have been violated, including the facts and theories to support the alleged violations. By letter dated October 23, 2009, the LWDA stated that it does not intend to investigate their allegations by the time judgment is entered in this action.

90.     Pursuant to Labor Code section 2699(g), Plaintiffs are entitled to an award of reasonable attorneys' fees and costs in connection with their claims for civil penalties on behalf of themselves and other aggrieved employees.

## **PRAYER FOR RELIEF**

91.     WHEREFORE, Plaintiffs, on behalf of themselves, all others similarly situated, and the aggrieved employees pray for relief and judgment against Defendants as follows:

A.     An order that the action be certified as a class action;

B.     An order that Plaintiffs be appointed class representatives;

C.     An order that Plaintiffs' counsel be appointed class counsel;

D.     Damages;

E.     Restitution;

F.     Declaratory relief;

G.     Civil penalties;

H.     Statutory penalties;

I.     Pre-judgment interest;

J.     Costs of suit;

K.     Reasonable attorneys' fees; and

L.     Such other relief as the Court deems just and proper.

### DEMAND FOR JURY TRIAL

Plaintiffs, on behalf of themselves, all others similarly situated, and the aggrieved employees hereby demand a jury trial on all issues so triable.


DATED: July 16, 2013                    **MARLIN & SALTZMAN, LLP**
                                        **LAW OFFICES OF SHAUN SETAREH**


                                        By:  /S/  Christina A. Humphrey
                                            Stanley D. Saltzman, Esq.
                                            Marcus J. Bradley, Esq.
                                            Christina A. Humphrey, Esq.
                                            Leslie H, Joyner, Esq.
                                            Attorneys for Plaintiffs

21

**Second Amended Complaint**
**CV10-00809-VAP(OPx)**

STATE OF CALIFORNIA      )
                         ) ss.
COUNTY OF LOS ANGELES    )

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 29229 Canwood Street, Suite 208, Agoura Hills, California 91301-1555.

On August 26, 2013, I served the foregoing document described as **SECOND AMENDED COMPLAINT** on all interested parties in said action  as follows:

### SEE ATTACHED SERVICE LIST

[X]  **(VIA US MAIL)** I caused such envelope(s) to be deposited in the mail at Agoura Hills, California with postage thereon fully prepaid.

I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  It is deposited with the U.S. Postal Service on that same day in the ordinary course of business.  I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ]  **(VIA FEDERAL EXPRESS)** I caused to have served such document(s) by depositing them in the drop box at Agoura Hills, California, for priority overnight next day delivery.

[ ]  **(VIA FACSIMILE)** I caused such document to be faxed to the persons identified with fax numbers on the attached Mailing List.

[ ]  **(VIA PERSONAL SERVICE)** I delivered such envelope(s) by hand to the offices of the addressee.

[ ]  **(VIA E-MAIL)** I caused to have such documents sent by electronic service [Fed. Rule Civ. Proc. Rule 5(b)(2)(a)] by electronically mailing a true and correct copy through Marlin & Saltzman's electronic mail system to the e-mail address(s) set forth below, or as stated on the attached service list per agreement in accordance with Federal Rules of Civil Procedure rule 5(b).

[ ]  **(STATE)** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

[X]  **(FEDERAL)** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on August 26, 2013, at Agoura Hills, California.

_Sandy Laranjo_
Sandy Laranjo

**Second Amended Complaint**
**CV10-00809-VAP(OPx)**

*Burnell v. Swift Transportation*
**USDC Case No. CV10-00809-VAP(OPx)**

**Service List**

| | |
|---|---|
| Ronald J. Holland, Esq.<br>Ellen M. Bronchetti, Esq.<br>Paul S. Cowie, Esq.<br>**SHEPPARD, MULLIN, RICHTER &**<br>**HAMPTON LLP**<br>Four Embarcadero Center, 17th Floor<br>San Francisco, CA 94111-4109<br>Telephone:   (415) 434-910<br>Facsimile:   (415) 434-3947<br>ebronchetti@sheppardmullin.com<br>pcowie@sheppardmullin.com | Attorney for Defendant Swift<br>Transportation Co. of Arizona, LLC |
| Shaun Setareh, Esq.<br>**LAW OFFICES OF SHAUN**<br>**SETAREH**<br>Penthouse Suite 1<br>99454 Wilshire Boulevard<br>Beverly Hills, CA 90212<br>Telephone   (310) 888-7771<br>Facsimile:   (310) 888-0109<br>shaun@setarehlaw.com | Co-Counsel for Plaintiff |

23