# EXHIBIT B
## to
### JOINT SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL OF THE PARTIES' CLASS ACTION SETTLEMENT



| | | |
|---|---|---|
| U.S. Department of Transportation<br>**Federal Motor Carrier Safety Administration** | Chief Counsel | 1200 New Jersey Avenue, SE<br>Washington, DC 20590 |

## FEDERAL MOTOR CARRIER SAFETY ADMINISTRATION
## LEGAL OPINION OF THE OFFICE OF THE CHIEF COUNSEL

Pursuant to 49 U.S.C. § 31141, the Secretary of Transportation may in certain circumstances determine that Federal law preempts a State law or regulation on commercial motor vehicle safety. The Secretary has delegated this authority to the Federal Motor Carrier Safety Administration ("FMCSA"). FMCSA has received inquiries about whether a preemption decision it issued under Section 31141 applies to litigation that was pending at the time the decision was issued. This legal opinion sets forth FMCSA's considered judgment on that question.[1]

**Background**

Under 49 U.S.C. § 31141(a), "[a] State may not enforce a State law or regulation on commercial motor vehicle safety that the Secretary of Transportation decides under this section may not be enforced." A State law or regulation on commercial motor vehicle safety may not be enforced if the Secretary determines that it is "less stringent than" an FMCSA safety regulation. *Id.* § 31141(c)(3). A State law or regulation on commercial motor vehicle safety also may not be enforced if the Secretary determines that it "is additional to or more stringent than" an FMCSA safety regulation, and that it either: (1) "has no safety benefit"; (2) "is incompatible with" the FMCSA regulation; or (3) "would cause an unreasonable burden on interstate commerce." *Id.* § 31141(c)(4). The Secretary may review a State law or regulation upon submission by the State, "on petition of an interested person," or "on the Secretary's own initiative." *Id.* § 31141(b), (g). The Secretary has delegated her authority under Section 31141 to the Administrator of FMCSA. 49 CFR § 1.87(f).

On December 21, 2018, FMCSA issued a determination that the State of California's meal and rest break rules are preempted under Section 31141 as applied to property-carrying commercial motor vehicle drivers covered by FMCSA's hours of service regulations. *See* 83 Fed. Reg. 67470 (Dec. 28, 2018). On January 7, 2019, an FMCSA attorney sent an email, responding to an inquiry from a private attorney, in which he stated that "[t]he FMCSA

---

[1] This opinion is issued by the Deputy Chief Counsel because the Chief Counsel is recused from the particular preemption determination that gave rise to the question addressed herein.

EXHIBIT B
PAGE 072

determination does not have retroactive effect." This statement, however, did not and does not represent the views of FMCSA. On January 18, 2019, the FMCSA attorney sent a further email message to the private attorney, in which he clarified that "our Agency is giving the retroactivity issue further consideration, and we will provide additional clarification as soon as possible."

On March 15, 2019, FMCSA posted a public statement clarifying that the January 7 statement did not represent the views of FMCSA. https://www.fmcsa.dot.gov/safety/california-meal-rest-update-march-2019. FMCSA indicated that it "intend[ed] to post a more detailed public statement in the near future, addressing how the December 21, 2018 preemption determination applies to pending cases." The present legal opinion represents the "more detailed public statement" referred to at that time, and it represents the considered views of FMCSA.[2]

**Opinion**

FMCSA's view is that once the agency issues a preemption decision under Section 31141, the preempted State law or regulation may not thereafter be enforced as to the activity or persons covered by the preemption determination. Among other things, an FMCSA preemption decision precludes courts from granting relief pursuant to the preempted State law or regulation with regard to the activity or persons in question at any time following issuance of the decision. An FMCSA preemption decision has this effect regardless of whether the conduct at issue in the lawsuit occurred before or after the decision was issued, and regardless of whether the lawsuit was filed before or after the decision was issued.

FMCSA's opinion derives from the nature of Federal preemption. The Supremacy Clause of the U.S. Constitution provides that the "Constitution, and the Laws of the United States . . . shall be the supreme Law of the Land; and Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding." U.S. Const. Art. VI, cl. 2. "Congress may consequently pre-empt, *i.e.*, invalidate, a state law through federal legislation . . . [including] through express language in a statute." *ONEOK, Inc. v. Learjet, Inc.*, 135 S. Ct. 1591, 1595 (2015). To the extent Congress has expressly or impliedly preempted a State law, the preempted law is "without effect." *See, e.g., Cipollone v. Liggett Group, Inc.*, 505 U.S. 504, 516 (1992); *U.S. Small Bus. Admin. v. Bensal*, 853 F.3d 992, 997 (9th Cir. 2017). In Section 31141, Congress provided that a State law or regulation would be preempted once the Secretary made the requisite determination. *See* 49 U.S.C. § 31141(a) ("Preemption after decision"). Thus, once FMCSA issues a preemption decision under Section 31141, the State law or regulation, to the extent preempted, is invalidated and "without effect," and courts lack the authority to take any contrary action on the basis of that State law or regulation, regardless of when the underlying conduct occurred.

---

[2] This opinion represents the considered views of the agency charged with administering Section 31141. Questions about the applicability of FMCSA preemption decisions to particular lawsuits will ultimately be determined by the courts presiding over those lawsuits, and litigants remain free to argue their own views on these issues.

FMCSA's opinion is also consistent with the plain language of Section 31141(a), which provides that a "State may not enforce a State law or regulation on commercial motor vehicle safety that the Secretary of Transportation decides under this section may not be enforced." *Accord* 83 Fed. Reg. at 67480 ("California may no longer enforce the [meal and rest break] [r]ules with respect to drivers of property-carrying CMVs subject to FMCSA's [hours of service] rules."). This language tracks the general rule of preemption described above: a preempted State law is "without effect" and thus may not be enforced.

While Section 31141(a) literally prohibits enforcement only by the State itself, it is well established that preemption statutes apply to private lawsuits even when the language of the Federal law is directed only to States. For example, the Federal Aviation Administration Authorization Act of 1994 ("FAAAA") and the Airline Deregulation Act ("ADA") provide that "*a State* . . . may not enact or enforce" certain laws or regulations concerning, respectively, motor carriers and air carriers. 49 U.S.C. §§ 14501(c)(1), 41713(b)(1) (emphasis added). Although these provisions mention only State enforcement, courts routinely apply the provisions to hold private lawsuits preempted. *See, e.g., Northwest, Inc. v. Ginsberg*, 572 U.S. 273 (2014) (ADA); *Schwann v. FedEx Ground Package Sys. Inc.*, 813 F.3d 429 (1st Cir. 2016) (FAAAA). There is no reason to treat Section 31141 differently.[3] Thus, Section 31141(a) provides that once FMCSA issues a preemption decision with regard to particular activities or persons, the preempted State law or regulation may not be enforced as to those activities or persons. Enforcement of a law, moreover, includes a court's granting of relief based on that law. "Enforce" means "[t]o give force or effect to (a law, etc.)," Black's Law Dictionary (10th ed. 2014), and a court that grants relief on the basis of a law unquestionably gives force and effect to that law.

Accordingly, the nature of preemption and the express language of Section 31141 lead to the same conclusion: At any time after FMCSA issues a decision preempting a State law or regulation as applied to certain activities or persons, no court may grant relief with respect to such activities or persons on the basis of that State law or regulation, regardless of when the underlying conduct occurred (and regardless of when the lawsuit was filed). This view is not inconsistent with the presumption against retroactive legislation or rulemaking, because it does not involve the retroactive application of an FMCSA decision, and instead involves only attempts to enforce a State law or regulation *after* the issuance of a preemption decision. An FMCSA preemption decision, moreover, has the same effect as a statute that removes jurisdiction in a pending lawsuit, as it eliminates a legal predicate for the lawsuit. Thus, just as a statute removing jurisdiction applies "whether or not jurisdiction lay when the underlying conduct occurred or when the suit was filed," *Landgraf v. USI Film Prods.*, 511 U.S. 244, 274 (1994), so too does an FMCSA preemption decision apply without regard to any consideration of retroactivity.

---

[3] While it is true that the FAAAA and the ADA, unlike Section 31141, also provide that a State may not "enact" a prohibited law, that is not a material difference. As the Supreme Court has recently made clear, a preemption statute prohibiting the enactment of State law does not actually dictate the activities of State legislatures, and instead "operates just like any other federal law with preemptive effect." *Murphy v. NCAA*, 138 S. Ct. 1461, 1480 (2018). Thus, a statute saying that a State may not "enact or enforce" a law has the same effect as a statute saying that a State may not "enforce" a law—in either case, the State law may not be enforced by any party.

3

In any event, the presumption against retroactivity is just a presumption: When Congress has made its intent clear, "the potential unfairness of retroactive civil legislation is not a sufficient reason for a court to fail to give a statute its intended scope." *Landgraf*, 511 U.S. at 267. Thus, the intent of Congress always controls. Here, Congress has expressed its intent by its specific command in Section 31141 that "a State may not enforce a State law or regulation on commercial motor vehicle safety that the Secretary decides under this section may not be enforced." Thus, even if giving an FMCSA decision effect in pending and future cases could be considered retroactive, the presumption against retroactivity would not apply because Congress has already addressed the reach of FMCSA decisions under Section 31141.

**Conclusion**

For all of the reasons discussed herein, FMCSA's legal opinion is that an FMCSA preemption decision under Section 31141 precludes courts from granting relief pursuant to the preempted State law or regulation at any time following issuance of the decision, regardless of whether the conduct underlying the lawsuit occurred before or after the decision was issued, and regardless of whether the lawsuit was filed before or after the decision was issued.

March 22, 2019

Charles J. Fromm
Deputy Chief Counsel