1  **SHEPPARD, MULLIN, RICHTER & HAMPTON LLP**
PAUL S. COWIE, Cal. Bar No. 250131
2  pcowie@sheppardmullin.com
379 Lytton Ave.
3  Palo Alto, California 94301
Telephone: 650.815.2600  Facsimile:  650.815.2601

4  **SHEPPARD, MULLIN, RICHTER & HAMPTON LLP**
JOHN D. ELLIS Cal. Bar No. 269221
5  jellis@sheppardmullin.com
CORINNE K. HAYS Cal. Bar No. 248576
6  chays@sheppardmullin.com
Four Embarcadero Center, 17th Floor
7  San Francisco, California 94111-4109
Telephone: 415.434.9100  Facsimile:  415.434.3947

8  **SHEPPARD, MULLIN, RICHTER & HAMPTON LLP**
ROBERT MUSSIG, Cal. Bar No. 240369
9  rmussig@sheppardmullin.com
333 South Hope Street, 43rd Floor
10  Los Angeles, California 90071-1422
Telephone: 213.620.1780  Facsimile:  213.620.1398

11  Attorneys for Defendants SWIFT TRANSPORTATION CO.
OF ARIZONA, LLC, and SWIFT TRANSPORTATION COMPANY

12

13  UNITED STATES DISTRICT COURT

14  CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| 14  JOHN BURNELL, et. al, | Case No. 5:10-cv-00809-VAP-OP; and |
| 15       Plaintiffs, | Case No. 5:12-cv-00692 VAP OP |
| 16      v. | Hon. Virginia A. Phillips |
| 17  SWIFT TRANSPORTATION COMPANY OF ARIZONA, LLC, et al. | **DECLARATION OF JAMES RUDSELL IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL OF THE PARTIES' CLASS ACTION SETTLEMENT** |
| 18      Defendants. | |
| 19      and | Date of Hearing: August 12, 2009 |
| 20  JAMES R. RUDSELL, | Time:         2:30 p.m. |
| | Room:       8A – First Street |
| 21      Plaintiff, | |
| 22      v. | |
| 23  SWIFT TRANSPORTATION COMPANY OF ARIZONA, LLC | |
| 24      Defendant | |

Case No. 5:10-cv-00809-VAP-OP

I, James Rudsell hereby declare and state:

1.      I am an individual over the age of eighteen. I am a named plaintiff in this lawsuit. I have personal knowledge of the matters stated herein and, if called upon, I could and would competently testify thereto.

2.      I worked as a driver for Defendant Swift Transportation Company of Arizona, LLC ('Swift") from June 2011 through approximately October 2011.  I earned mileage based pay for my work during most the time I worked for Swift.  I lived in California during the entire time I worked for Swift.

3.      I understand that I am a named plaintiff and proposed class representative in this lawsuit.  I understand that as a representative plaintiff, I will represent a class of other drivers who were employed by Swift to perform work in California and earned mileage based pay.

4.      I understand that my lawsuit has been consolidated with another lawsuit filed by another former Swift driver named Gilbert Saucillo and that the consolidated case alleges that Swift drivers, including Mr. Saucillo and I, were not paid for all of our worktime, were not provided meal and rest breaks, were not reimbursed for work-related expenses, were not paid timely paid final wages, and were not provided accurate wage statements.

5.      To my knowledge, there are no conflicts which exist between my interests in this case and the interests of the other drivers I will represent that would impair my ability to serve as a representative.

6.      I have been an active participant in this case and have assisted in the investigation of this case. I have provided documents to my attorneys and have assisted in preparing filings and gathering facts.

7.      I understand my duties and responsibilities to the proposed class.  Before signing the settlement agreement with Swift, I reviewed the agreement with my lawyers and understand that it provides for at least $4,273,333.33 to be paid to Swift drivers, which I believe to be a fair and adequate result.  I have not been promised any

1  compensation other than my proportionate share of the settlement money and a $5,000

2  incentive award for my work on this case.

3        I declare under penalty of perjury under the laws of the United States of America

4  that the foregoing is true and correct.

Roseburg Or 97471

5        Executed this 27th day of July, 2019 at _____

6

7  _____

8                  JAMES RUDSELL

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

          Case No. EDCV-10-00809-VAP