| | |
|---|---|
| 1 | **SHEPPARD, MULLIN, RICHTER & HAMPTON LLP**<br>PAUL S. COWIE, Cal. Bar No. 250131<br>pcowie@sheppardmullin.com<br>379 Lytton Ave.<br>Palo Alto, California 94301<br>Telephone: 650.815.2600  Facsimile: 650.815.2601 |

**SHEPPARD, MULLIN, RICHTER & HAMPTON LLP**
JOHN D. ELLIS Cal. Bar No. 269221
jellis@sheppardmullin.com
CORINNE K. HAYS Cal. Bar No. 248576
chays@sheppardmullin.com
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4109
Telephone: 415.434.9100  Facsimile: 415.434.3947

**SHEPPARD, MULLIN, RICHTER & HAMPTON LLP**
ROBERT MUSSIG, Cal. Bar No. 240369
rmussig@sheppardmullin.com
333 South Hope Street, 43rd Floor
Los Angeles, California 90071-1422
Telephone: 213.620.1780  Facsimile: 213.620.1398

Attorneys for Defendants SWIFT TRANSPORTATION CO. OF ARIZONA, LLC, and SWIFT TRANSPORTATION COMPANY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES R. RUDSELL,<br><br>         Plaintiffs,<br><br>    v.<br><br>SWIFT TRANSPORTATION COMPANY OF ARIZONA, LLC, et al.<br><br>         Defendants.<br><br>    and<br><br>JOHN BURNELL, et al.<br><br>         Plaintiffs,<br><br>    v.<br><br>SWIFT TRANSPORTATION COMPANY OF ARIZONA, LLC<br><br>         Defendant | Case No. 5:12-cv-00692 VAP OP; and<br>Case No. 5:10-cv-00809-VAP-OP<br><br>Hon. Virginia A. Phillips<br><br>**DECLARATION OF ROBERT MUSSIG IN SUPPORT OF DEFENDANTS' REPLY TO LAWRENCE PECK'S OBJECTIONS TO PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF THE PARTIES' CLASS ACTION SETTLEMENT**<br><br>Date of Hearing: July 8, 2009<br>Time:                    2:00 p.m.<br>Room:                  8A – First Street |

1. I am an attorney licensed to practice law in the State of California. I am a partner at Sheppard, Mullin, Richter & Hampton LLP, counsel of record for Defendants Swift Transportation Co. of Arizona LLC and Swift Transportation Company in this consolidated action and in the actions filed by Mr. Peck against Defendants. I make this declaration based on my own personal knowledge. If called upon to testify to the facts set forth below, I could and would competently do so.

2. Mr. Peck is currently prosecuting two separate actions against Defendants: a state court action asserting a single cause of action under the Private Attorneys General Act (PAGA) and a proposed class action lawsuit currently pending in this Court. Mr. Peck has argued time and again in his state court PAGA case that he does not have sufficient discovery to try his case or properly value his claims. He has argued that he requires time, pay and other data applicable to all drivers in order to effectively try the case. Defendants have not produced this data and have vigorously opposed Peck's efforts to obtain the data as it would cost Defendants millions of dollars to do so. Based on my communications with Mr. Peck's attorneys, I understand the primary reason Mr. Peck and his lawyers agreed to a trial continuance in the state court PAGA case is that they do not believe they have sufficient discovery to go to trial.

3. The stipulated settlement agreement in this matter was executed in May 2019. Prior to that date, the parties engaged in extensive negotiations, including attendance at a mediation in April 2018, to come to mutually acceptable, reasonable and fair settlement terms. During this time period, Defendants were also exploring settlement with Objector Lawrence Peck and his counsel. In part because discussions with the *Rudsell/Burnell* lawyers were dragging on, Defendants were absolutely willing to explore a settlement with Peck and his lawyers under the right conditions, including settlement on an individual basis. However, while at various times Mr. Peck and his lawyers have generally indicated a range where their

opening settlement demand might fall, neither he nor his lawyers have ever made a concrete settlement demand to Defendants supported by any sort of analysis or evidence.

4. As required by the Class Action Fairness Act (CAFA), Defendants delivered notices of the parties' settlement to the United States Attorney General and each state attorney general in which a class member resides within 10 days of Plaintiffs filing the motion for preliminary approval. As part of that notice, Defendants included the names and states of residence for each potential class member, and an analysis of the class by state of residence. Attached hereto as **Exhibit 1** is the analysis of the class by state of residence included in the CAFA notice, which provides that the class consists of 19,626 members.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on June 24, 2019, at Los Angeles, California.

                                        Robert Mussig