**JAMES R. HAWKINS, APLC**
James R. Hawkins, Esq. SBN 192925
Gregory E. Mauro, Esq. SBN 222239
9880 Research Drive, Suite 200
Irvine, CA 92618
TEL:   (949) 387-7200
FAX:   (949) 387-6676

Attorneys for Plaintiff, JAMES R. RUDSELL, on behalf of
himself and all others similarly situated

**MARLIN & SALTZMAN, LLP**
Stanley D. Saltzman, Esq. (SBN 90058)
29800 Agoura Road, Suite 210
Agoura Hills, California   91301
Telephone:   (818) 991-8080
Facsimile:    (818) 991-8081
ssaltzman@marlinsaltzman.com

**SETAREH LAW GROUP**
Shaun Setareh, (SBN 204514)
315 South Beverly Drive, Suite 315
Beverly Hills, CA 90212
Telephone: (310) 888-7771
Facsimile: (310) 888-0109
shaun@setarehlaw.com

Attorneys for Plaintiffs GILBERT SAUCILLO, et al.

## IN THE UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN BURNELL, JACK POLLOCK, and all others similarly situated,<br><br>        Plaintiffs,<br><br>    v.<br><br>SWIFT TRANSPORTATION CO. OF ARIZONA, LLC,<br><br>        Defendant. | Case. No. EDCV 12-00692 VAP OPx; Related Case: 5:10-CV-00809-VAP (OPx)<br>Hon. Virginia A. Phillips)<br><br>**DECLARATION OF GREGORY MAURO IN SUPPORT OF PLAINTIFFS' REPLY TO LAWRENCE PECK'S OBJECTION TO PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Date:        July 8, 2019<br>Time:       02:00 p.m.<br>Room:      8A – First Street |

Declaration of Gregory Mauro ISO Reply

## <u>DECLARATION OF GREGORY MAURO</u>

I, Gregory Mauro, declare as follows:

1.      I am an individual over the age of 18.  I am a partner and one of the attorneys of record for Plaintiffs ("Plaintiffs" or "Class Representatives"), who filed this class action on behalf of the Class. I submit this Declaration in support of Plaintiff's Reply to Lawrence Peck's Objection to Plaintiffs' Motion for Preliminary Approval of Class Action Settlement.  I have personal knowledge of the facts set forth below, and if called to testify regarding them, I could and would do so competently.

2.      On September 11, 2009, Plaintiff Burnell submitted the requisite notice to the LWDA via certified mail to the LWDA and Swift, outlining the specific predicate Labor Code violations plus the facts and theories to support each violation (LWDA Case No. LWDA-CM-281439-17).

3.      Thereafter, on October 8, 2010, an amended letter was sent to both the LWDA and Swift, on behalf of Jack Pollock which references the September 11, 2009 LWDA letter for Plaintiff Burnell and reasserts the alleged   the specific predicate Labor Code violations, specifically including §2802, and the facts and theories to support each violation referenced. Attached herein as **Exhibit 1** is a true and correct copy of Plaintiff Jack Pollock's October 8, 2010 LWDA letter.

4.      Finally, on January 8, 2012 Plaintiff James Rudsell submitted his own PAGA Notice letter, and said letter similarly included the claims at issue in this case. Attached herein as **Exhibit 2** is a true and correct copy of Plaintiff James Rudsell's January 8, 2012 LWDA letter.

5.      Defendants are currently in the process of devising a separate settlement in another case, specifically for all hourly drivers.

6.      On June 5, 2019, Plaintiffs submitted Notice of the Settlement to the LWDA.

///

2

Declaration of Gregory Mauro ISO Reply

1          I declare under penalty of perjury under the laws of the United States that

2 the foregoing is true and correct.  Executed on this 24th day of June, 2019 at Irvine,

3 California.

4

5                                    /s/ Gregory Mauro

                                   Gregory Mauro, Esq.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Declaration of Gregory Mauro ISO Reply

CV12-00692-VAP-OP

# EXHIBIT 1

## SENDER: COMPLETE THIS SECTION

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

## COMPLETE THIS SECTION ON DELIVERY

A. Signature

X ☐ Agent ☐ Addressee

B. Received by ( Printed Name )  C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

1. Article Addressed to:

Swift Transportation Co. of AZ
C/o Ellen Bronchetti
Littler Mendelson
650 California St, 20th FL
San Francisco, CA 94108

3. Service Type
☒ Certified Mail  ☐ Express Mail
☐ Registered  ☐ Return Receipt for Merchandise
☐ Insured Mail  ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)  ☐ Yes

2. Article Number
(Transfer from service label)

7007 0710 0005 2067 8941

PS Form 3811, February 2004  Domestic Return Receipt  102595-02-M-1540

---

## U.S. Postal Service™
## CERTIFIED MAIL™ RECEIPT
**(Domestic Mail Only; No Insurance Coverage Provided)**

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| | |
|---|---|
| Postage | $ .78 |
| Certified Fee | 2.30 |
| Return Receipt Fee (Endorsement Required) | 2.80 |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

10/8/10
Postmark Here

Sent To  Swift Transportation of Arizona
Street, Apt. No.;  C/o Ellen Bronchetti Littler Mendel
or PO Box No.
City, State, ZIP+4  (6?) California St 20th PL SF CA 94108

PS Form 3800, August 2006  See Reverse for Instructions

CERTIFIED MAIL™

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

7007 0710 0005 2067 8941

---

## SENDER: COMPLETE THIS SECTION

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

## COMPLETE THIS SECTION ON DELIVERY

A. Signature

X [signature] ☐ Agent ☐ Addressee

B. Received by ( Printed Name )  C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

1. Article Addressed to:

Swift Transportation Co. of AZ
C/o Ellen Bronchetti
Littler Mendelson
650 California St, 20th FL
San Francisco, CA 94108

3. Service Type
☒ Certified Mail  ☐ Express Mail
☐ Registered  ☐ Return Receipt for Merchandise
☐ Insured Mail  ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)  ☐ Yes

2. Article Number
(Transfer from service label)

7007 0710 0005 2067 8941

PS Form 3811, February 2004  Domestic Return Receipt  102595-02-M-154-

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X ☐ Agent ☐ Addressee

B. Received by ( Printed Name )   C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

1. Article Addressed to:

Victoria Bradshaw
LWDA
801 K St, Ste 2101
Sacramento, CA 95814

3. Service Type
☒ Certified Mail ☐ Express Mail
☐ Registered ☐ Return Receipt for Merchandise
☐ Insured Mail ☐ C.O.D.

4. Restricted Delivery? (Extra Fee) ☐ Yes

2. Article Number
(Transfer from service label)   7007 0710 0005 2067 8927

PS Form 3811, February 2004     Domestic Return Receipt     102595-02-M-1540



**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| | |
|---|---|
| Postage | $ .78 |
| Certified Fee | 2.30 |
| Return Receipt Fee (Endorsement Required) | 2.80 |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ 5.88 |

10/8/10
Postmark Here

Sent To   Victoria Bradshaw LWDA
Street, Apt. No.;
or PO Box No.   801 K St Ste 2101
City, State, ZIP+4   Sacramento, CA 95814

PS Form 3800, August 2006     See Reverse for Instructions

CERTIFIED MAIL
PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

7007 0710 0005 2067 8927

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X ☐ Agent ☐ Addressee

RECEIVED
OCT 13 2010
State of California
Labor & Workforce Development Agency

B. Received by ( Printed Name )   C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

1. Article Addressed to:

Victoria Bradshaw
LWDA
801 K St, Ste 2101
Sacramento, CA 95814

3. Service Type
☒ Certified Mail ☐ Express Mail
☐ Registered ☐ Return Receipt for Merchandise
☐ Insured Mail ☐ C.O.D.

4. Restricted Delivery? (Extra Fee) ☐ Yes

2. Article Number
(Transfer from service label)   7007 0710 0005 2067 8927

PS Form 3811, February 2004     Domestic Return Receipt     102595-02-M-1540

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Swift Transportation Co. Inc.
C/o Ellen Bronchetti
Littler Mendelson
650 California St. 20th FL
San Francisco, CA 94108

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X ☐ Agent ☐ Addressee

B. Received by ( Printed Name )   C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

3. Service Type
   ☒ Certified Mail   ☐ Express Mail
   ☐ Registered       ☐ Return Receipt for Merchandise
   ☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
   (Transfer from service label)   7007 0710 0005 2067 8934

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540



**U.S. Postal Service**
**CERTIFIED MAIL₁₀ RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com₀

OFFICIAL USE

| | |
|---|---|
| Postage $ | 78 |
| Certified Fee | 2.30 |
| Return Receipt Fee (Endorsement Required) | 2.80 |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees $ | 5.88 |

10/8/10
Postmark
Here

Sent To Swift Trans. Co. Inc.
Street, Apt. No.; or PO Box No. C/o Ellen Bronchetti, Littler Mend
City, State, ZIP+4 650 California St. 20th FL San Francisco CA

PS Form 3800, August 2006    See Reverse for Instructions

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Swift Transportation Co. Inc.
C/o Ellen Bronchetti
Littler Mendelson
650 California St. 20th FL
San Francisco, CA 94108

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X Adina L Chi ☐ Agent ☒ Addressee

B. Received by ( Printed Name )   C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

3. Service Type
   ☒ Certified Mail   ☐ Express Mail
   ☐ Registered       ☐ Return Receipt for Merchandise
   ☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
   (Transfer from service label)   7007 0710 0005 2067 8934

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

LAW OFFICES OF

**SHAUN SETAREH**

9454 WILSHIRE BOULEVARD
PENTHOUSE 3
BEVERLY HILLS, CALIFORNIA 90212
TELEPHONE (310) 888-7771
FACSIMILE (310) 888-0109

SETAREHLAW@SBCGLOBAL.NET

**\*SENT BY CERTIFIED MAIL**

October 8, 2010

Victoria Bradshaw
Secretary
Labor and Workforce Development Agency
801 K Street, Suite 2101
Sacramento, CA 95814

     RE:    *Jack Pollock / Swift Transportation Co., Inc. / Swift Transportation Co. of Arizona, LLC*
            LWDA No. 5201

Dear Ms. Bradshaw:

On September 11, 2009, my co-counsel, David Spivak, sent a letter to your office on behalf of our client, John Burnell, pursuant to the California Labor Code Private Attorneys General Act of 2004, California Labor Code §§ 2698, *et seq.* This letter discussed alleged violations of California Labor Code §§ 200, 201, 202, 203, 204, 212, 213, 223, 226, 226.7, and 512, by Swift Transportation Co., Inc., an Arizona corporation, Swift Transportation Company, a California corporation, Swift Transportation Corporation Which Will Do Business in California As ST Swift Transportation Corporation, a Nevada corporation, Swift Trucking, U.S.A., Inc., a California corporation, and Swift Trucking, Inc., a California corporation. On October 23, 2009, your office advised that the Labor and Workforce Development Agency did not intend to investigate the claims alleged in our original correspondence. We have since been retained by another former employee of Swift Transportation and have discovered additional potential violations of the Labor Code. This letter will serve as an update to our original correspondence.

Pursuant to Labor Code §§ 2968, *et seq.*, Jack Pollock ("Pollock") provides notice on behalf of himself and all individuals currently and formerly employed as Drivers ("the aggrieved employees") by Swift Transportation Co., Inc., an Arizona corporation and Swift Transportation Co. of Arizona, LLC, a Delaware limited liability company (hereafter collectively referred to as "Swift"), of violations of Labor Code Sections 201, 202, 203, 204, 212, 223, 226, 226.7, 512, 1194, 1197, 1197.1, 1198, and 2802.

Pollock resides in Lake Elsinore, California. Pollock and the other current and former Drivers of Swift are "employees" within the meaning of Industrial Welfare Commission Wage Order No. 9-2001 (the "Wage Order"), paragraph 2.F, and "aggrieved employees" under Labor Code Section 2699(c). At all relevant times mentioned herein, Pollock and other aggrieved employees worked as Drivers for Swift. Pollock began working for Swift in July of 2008 and worked continuously for the company until June of 2010. Throughout his employment with Swift, he regularly performed his duties within the State of California.

*Jack Pollock / Swift Transportation Co., Inc. / Swift Transportation Co. of Arizona, LLC*
*10/8/2010*
*Page 2 of 11*

At all relevant times, Swift has employed persons, conducted business in, and engaged in illegal payroll practices and policies throughout the state of California. Pollock was one of approximately 19,000 Drivers, many of whom reside in and are employed in California. The principal and primary job duties of Drivers are transporting goods for Swift by truck to destinations both inside and outside of California. During their employment, Swift agreed to pay Pollock and the other aggrieved employees a specified sum for each mile they drove at Swift's direction. Swift invariably paid each of its Drivers less than it had agreed to.

During their employment with Swift, Pollock and the aggrieved employees have consistently been required to work off-the-clock, time for which they received no compensation, have consistently been prevented from taking duty free meal and rest periods as required by law, have consistently not been paid compensation for missed meal and rest periods or compensated for time spent working through required periods, and have secretly been paid lower wages than required by statute. Additionally, Swift prevented Pollock and the aggrieved employees from receiving all wages earned because it deposited their wages to *Comdata ECash* payroll debit cards card accounts which required the payment of fees in order to access the balance.

Moreover, Swift failed to reimburse Pollock and the aggrieved employees for all necessary business expenses incurred during the discharge of their duties. Swift also failed to keep legally required records concerning Pollock and the other aggrieved employees, including, but not limited to, accurate records of hours worked, and has failed to provide them with accurate wage statements. Further, Pollock and the aggrieved employees who are former employees of Swift have not received timely payment of all final wages owed following termination or discharge.

### **Failure to Pay All Wages Earned for All Hours Worked**

Section 2 of the applicable Wage Orders defines "hours worked" as "the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so."

Section 4 of the applicable Wage Orders require an employer to pay non-exempt employees at least the minimum wage set forth therein for all hours worked, which consist of all hours that an employer has actual or constructive knowledge that employees are working.

Labor Code § 1194 invalidates any agreement between an employer and an employee to work for less than the minimum or overtime wage required under the applicable Wage Orders.

Labor Code §§ 1197 and 1197.1 make it unlawful for an employer, or any other person acting either individually or as an officer, agent, or employee of another person, to pay an employee less than the minimum wage required under the applicable Wage Orders for all hours worked during a payroll period.

Labor Code § 1198 makes it unlawful for an employer to employ an employee under conditions that violate the applicable Wage Orders.

*Jack Pollock / Swift Transportation Co., Inc. / Swift Transportation Co. of Arizona, LLC*
*10/8/2010*
*Page 3 of 11*

Under Labor Code § 204, all wages (other than those mentioned in Labor Code §§ 201–202) earned by any person in any employment are due and payable twice during each calendar month, on days designated in advance by the employer as the regular paydays. Labor performed between the 1st and 15th days, inclusive, of any calendar month shall be paid for between the 16th and the 26th day of the month during which the labor was performed, and labor performed between the 16th and the last day, inclusive, of any calendar month, shall be paid for between the 1st and 10th day of the following month.

At all times during the applicable time period, Swift maintained a practice of refusing to pay hourly rates of at least the state-mandated minimum wage for time spent by Pollock and the other aggrieved employees doing activities such as driving miles in excess of the estimated miles for which they were paid, performing pre-trip, in-transit, and post-trip inspections, fueling vehicles, waiting for dispatch to be issue assignments via on board computer systems, and hooking and unhooking empty trailers. In addition, Swift failed to pay Pollock and the aggrieved employees at least the state-mandated minimum wage for all time they spent attending mandatory trainings by Swift and transmitting data logs to the company.

Accordingly, Pollock now seeks civil penalties for Swift's violations of Labor Code Sections 204, 1194, 1197, 1197.1 and 1198 as follows:

1. For all initial violations of Labor Code Sections 1194, 1197, and 1198 $100.00 for each aggrieved employee per pay period for each violation (Labor Code Section 2699(f)(2));

2. For all subsequent violations of Labor Code Sections 1194, 1197, and 1198 $200.00 for each aggrieved employee per pay period for each violation (Labor Code Section 2699(f)(2));

3. For any initial violations of Labor Code Section 1197.1 that is intentionally committed, $100.00 for each underpaid employee per pay period for each violation (Labor Code Section 1197.1);

4. For each subsequent violation of Labor Code Section 1197.1, $250.00 for each underpaid employee per pay period for each violation regardless of whether the initial violation was intentional (Labor Code Section 1197.1);

5. For all initial violations of Labor Code § 204, $100.00 for each aggrieved employee per pay period for each violation (Labor Code Section 210); and

6. For all subsequent violations of Labor Code § 204, $200.00 for each aggrieved employee, plus 25% of the amount unlawfully withheld from each aggrieved employee, per pay period for each violation (Labor Code Section 210).

//

//

## Failure To Provide Rest and Meal Periods

In relevant part, California Labor Code § 512 states:

> An employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee. An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

In relevant part, Section 11 of the Wage Order states:

Meal Periods:

(A)     No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and the employee.

(B)     An employer may not employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

(C)     Unless the employee is relieved of all duty during a 30 minute meal period, the meal period shall be considered an "on duty" meal period and counted as time worked. An "on duty" meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to. The written agreement shall state that the employee may, in writing, revoke the agreement at any time.

(D)     If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided.

*Jack Pollock / Swift Transportation Co., Inc. / Swift Transportation Co. of Arizona, LLC*
*10/8/2010*
*Page 5 of 11*

Section 12 of the Wage Order provides, in relevant part:

Rest Periods:

(A)    Every employer shall authorize and permit all employees to take rest periods,
which insofar as practicable shall be in the middle of each work period. The
authorized rest period time shall be based on the total hours worked daily at
the rate often (10) minutes net rest time per four (4) hours or major fraction
thereof.   However, a rest period need not be authorized for employees
whose total daily work time is less than three and one-half (3 1/2) hours.
Authorized rest period time shall be counted as hours worked for which
there shall be no deduction from wages.

(B)    If an employer fails to provide an employee a rest period in accordance with
the applicable provisions of this Order, the employer shall pay the employee
one (1) hour of pay at the employee's regular rate of compensation for each
work day that the rest period is not provided.

California Labor Code § 226.7 states:

(a)    No employer shall require any employee to work during any meal or rest
period mandated by an applicable order of the Industrial Welfare
Commission.

(b)    If an employer fails to provide an employee a meal period or rest period in
accordance with an applicable order of the Industrial Welfare Commission,
the employer shall pay the employee one additional hour of pay at the
employee's regular rate of compensation for each work day that the meal or
rest period is not provided.

Swift has intentionally and improperly failed to provide Pollock and the aggrieved employees with
rest and/or meal periods in which they are relieved of all duty, as required by law. In addition, Swift
has failed to pay Pollock and the aggrieved employees the additional required premium wages owed
as a result of being unable to take all legally required meal and/or rest periods. By failing to do so,
Swift violated the provisions of Labor Code §§ 226.7 and 512.

Accordingly, Pollock, on behalf of himself and the other aggrieved employees, now seeks civil
penalties for these Labor Code violations that Swift has committed as follows:

1.   For all initial violations of Labor Code § 226.7, $100.00 for each aggrieved employee per pay
period for each violation (Labor Code Section 2699(f)(2));

2.   For all subsequent violations of Labor Code § 226.7, $200.00 for each aggrieved employee
per pay period for each violation (Labor Code Section 2699(f)(2));

*Jack Pollock / Swift Transportation Co., Inc. / Swift Transportation Co. of Arizona, LLC*
*10/8/2010*
*Page 6 of 11*

3. For all initial violations of Labor Code § 512, $50.00 for each aggrieved employee per pay period for each violation (Labor Code Section 558(a)(1)-(2)); and

4. For all subsequent violations of Labor Code § 512, $100.00 for each aggrieved employee per pay period for each violation (Section 558(a)(1)-(2)).

## Failure to Reimburse for All Necessary Business Expenses

In pertinent part, California Labor Code § 2802(a) states, "An employer shall indemnify his or her employee[s] for all necessary expenditures incurred by the employee in direct consequence of the discharge of his or her duties." At relevant times during the applicable limitations period, Swift required Pollock and the aggrieved employees to incur expenses which Swift failed and/or refused to reimburse them for including, but not limited to, cell phone usage, miles driven in excess of those paid, gas, tolls, and other business expenses.

Accordingly, Pollock, on behalf of himself and the other aggrieved employees, now seeks civil penalties for these Labor Code violations that Swift has committed as follows:

1. For all initial violations of Labor Code § 2802, $100.00 for each aggrieved employee per pay period for each violation (Labor Code Section 2699(f)(2)); and

2. For all subsequent violations of Labor Code § 2802, $200.00 for each aggrieved employee per pay period for each violation (Labor Code Section 2699(f)(2)).

## Unlawful Payment Instruments
### (Comdata ECash Paycard System)

Labor Code § 212 states:

(a) No person, or agent or officer thereof, shall issue in payment of wages due, or to become due, or as an advance on wages to be earned:

(1) Any order, check, draft, note, memorandum, or other acknowledgment of indebtedness, unless it is negotiable and payable in cash, on demand, without discount, at some established place of business in the state, the name and address of which must appear on the instrument, and at the time of its issuance and for a reasonable time thereafter, which must be at least 30 days, the maker or drawer has sufficient funds in, or credit, arrangement, or understanding with the drawee for its payment.

(2) Any scrip, coupon, cards, or other thing redeemable, in merchandise or purporting to be payable or redeemable otherwise than in money.

(b) Where an instrument mentioned in subdivision (a) is protested or dishonored, the notice or memorandum of protest or dishonor is admissible as proof of presentation, nonpayment and protest and is presumptive evidence of knowledge of insufficiency of funds or credit with the drawee.

(c) Notwithstanding paragraph (1) of subdivision (a), if the drawee is a bank, the bank's address need not appear on the instrument and, in that case, the instrument shall be negotiable and payable in cash, on demand, without discount, at any place of business of the drawee chosen by the person entitled to enforce the instrument.

This statute only permits the use of paycards as remuneration where the employer has both obtained the employee's voluntary authorization (*see* Labor Code § 213 and O.L. 1994.02.03-1, p.2) and has enabled the employee to use the card to obtain all wages due without incurring charge (O.L. 2008.07.07 and O.L. 1997.10.21).

Indeed, the DLSE has specifically noted:

The imposition of a fee in order to readily *access* one's earned and paid wages under a payroll card program which is designed to discharge the employer's wage payment obligation could impermissibly interfere with an employee's receipt of paid wages by creating a financial condition which would have the *effect* of reducing or discounting wages because such fee would be charged against the same account in which wages are deposited.

O.L. 2008.07.07 at p. 8. In addition, a paycard system must also comply with the requirement of Labor Code § 212(d), which requires that employer pay deposits to employees be made in a bank, savings and loan association, or credit union "with a place of business in [California]." Further, a paycard system must comply with Labor Code § 212(a), which requires that all wages be fully payable, on demand and without discount, at some established business in California.

The Comdata paycards that Swift provided to Pollock and the aggrieved employees do not meet these requirements. First, Comdata has no place of business anywhere in California that allows employees to obtain the entirety of their wages without discount because there are no ATM machines in California where employees can access their wages without incurring a fee. Second, the paycards do not allow employees to obtain the entirety of their wages without discount because ATM machines do not dispense small bills or coins. Third, Comdata has charged separate fees for access checks and paycard withdrawals independent from any third-party fees. By virtue of these practices, Swift' use of the Comdata paycard system for paying Pollock and the other aggrieved employees violates Labor Code § 212.

Accordingly, Pollock, on behalf of himself and the other aggrieved employees, now seeks civil penalties for these Labor Code violations that Swift has committed as follows:

*Jack Pollock / Swift Transportation Co., Inc. / Swift Transportation Co. of Arizona, LLC*
*10/8/2010*
*Page 8 of 11*

1. For all initial violations of Labor Code § 212 that are deemed to be neither willful nor intentional, $100.00 for each aggrieved employee per pay period for each violation (Labor Code Section 225.5);

2. For all initial violations of Labor Code § 212 that are deemed to be either willful or intentional, $200.00 for each aggrieved employee, plus 25% of the amount unlawfully withheld from each aggrieved employee, per pay period for each violation (Labor Code Section 225.5); and

3. For all subsequent violations of Labor Code § 212, regardless of whether the initial violation of Labor Code Section 212 is deemed to be either willful or intentional, $200.00 for each aggrieved employee, plus 25% of the amount unlawfully withheld from each aggrieved employee, per pay period for each violation (Labor Code Section 225.5).

### Failure To Provide Accurate Wage Statements

Labor Code § 226 states that an employer must furnish employees with an "accurate itemized statement in writing showing:

1) Gross wages earned,
2) Total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission,
3) The number of piece rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis,
4) All deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item,
5) Net wages earned,
6) The inclusive dates of the period for which the employee is paid,
7) The name of the employee and his or her social security number, except that by January 1, 2008, only the last four digits of his or her social security number or an employee identification number other than a social security number may be shown on the itemized statement,
8) The name and address of the legal entity that is the employer, and
9) All applicable hourly rates in effect during the pay period and the corresponding number of

*Jack Pollock / Swift Transportation Co., Inc. / Swift Transportation Co. of Arizona, LLC*
*10/8/2010*
*Page 9 of 11*

1. For all violations of Labor Code Section 226(a), if a civil action filed in accordance with the procedures set forth in Labor Code Section 2699.3 results in an initial citation or its equivalent, $250.00 for each employee for each violation (Labor Code Section 226.3); or,

2. For all violations of Labor Code Section 226(a), if a civil action filed in accordance with the procedures set forth in Labor Code Section 2699.3 results in a subsequent citation or its equivalent, $1000.00 for each employee for each violation (Labor Code Section 226.3).

### Failure to Timely Pay All Wages Due Upon Termination of Employment

Under Labor Code § 201, if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately. Under Labor Code § 202, if an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than seventy-two (72) hours thereafter, unless the employee has given seventy-two (72) hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting. Notwithstanding any other provision of law, an employee who quits without providing a seventy-two (72) hour notice shall be entitled to receive payment by mail if she or he so requests and designates a mailing address. *Id.* The date of the mailing shall constitute the date of payment for purposes of the requirement to provide payment within seventy-two (72) hours of the notice of quitting. *Id.*

Under Labor Code § 203, if an employer willfully fails to pay, without abatement or reduction, in accordance with Labor Code §§ 201 and 202, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days.

Swift failed to pay Pollock all final wages owed upon termination of employment. Pollock had to wait over two weeks following his termination to receive his final paycheck. Further, by failing to pay Pollock and the other aggrieved employees within the statutory timeframes for all hours worked, for missed meal and/or rest periods, and for all unreimbursed business expenses, Swift failed to timely pay these persons all wages due upon the termination of employment. Accordingly, Pollock, on behalf of himself and the other aggrieved employees, now seeks civil penalties for these Labor Code violations that Swift has committed as follows:

1. For all initial violations of Labor Code Sections 201, 202, and 203, $100.00 for each aggrieved employee per pay period for each violation (Labor Code Section 2699(f)(2)); and

2. For all subsequent violations of Labor Code Sections 201, 202, and 203, $200.00 for each aggrieved employee per pay period for each violation (Labor Code Section 2699(f)(2)).

//

//

*Jack Pollock / Swift Transportation Co., Inc. / Swift Transportation Co. of Arizona, LLC*
*10/8/2010*
*Page 10 of 11*

### Secret Withholding of Compensation

California Labor Code § 223 makes it unlawful for an employer to secretly pay a lower wage than required by contract or statute. By failing to pay Pollock and the other aggrieved employees for all hours worked, by failing to pay Pollock and the other aggrieved employees one hour of additional pay for each missed meal or rest period, and by failing to reimburse Pollock and the other aggrieved employees for all necessary business expenses, Swift secretly paid Pollock and the other aggrieved employees a lower wage than required by statute.

Accordingly, Pollock, on behalf of himself and the other aggrieved employees, now seeks civil penalties for these Labor Code violations that Swift has committed as follows:

1. For all initial violations of Labor Code § 223 that are deemed to be neither willful nor intentional, $100.00 for each aggrieved employee per pay period for each violation (Labor Code Section 225.5);

2. For all initial violations of Labor Code § 223 that are deemed to be either willful or intentional, $200.00 for each aggrieved employee, plus 25% of the amount unlawfully withheld from each aggrieved employee, per pay period for each violation (Labor Code Section 225.5); and

3. For all subsequent violations of Labor Code § 223, regardless of whether the initial violation of Labor Code Section 223 is deemed to be either willful or intentional, $200.00 for each aggrieved employee, plus 25% of the amount unlawfully withheld from each aggrieved employee, per pay period for each violation (Labor Code Section 225.5).

### Conclusion

As noted above, this letter constitutes the required notice under the Labor Code Private Attorneys General Act of 2004. Insofar as this letter is directed toward Swift, I will presume that all the information set forth herein is true and correct unless you can prove otherwise within seven (7) business days unless otherwise agreed.

Sincerely,

David G. Spivak, Esq.
cc:    Jack Pollock
       Shaun Setareh, Esq.
       Louis Benowitz, Esq.

*Jack Pollock / Swift Transportation Co., Inc. / Swift Transportation Co. of Arizona, LLC*
*10/8/2010*
*Page 11 of 11*

Swift Transportation Co., Inc.
c/o Ellen  Bronchetti, Esq.
Paul Cowie, Esq.
Littler Mendelson
650 California Street, 20th Floor.
San Francisco, CA  94108-2693

Swift Transportation Co. of Arizona, LLC
c/o Ellen  Bronchetti, Esq.
Paul Cowie, Esq.
Littler Mendelson
650 California Street, 20th Floor.
San Francisco, CA  94108-2693

# EXHIBIT 2

# JAMES *J.H.* HAWKINS
### A PROFESSIONAL LAW CORPORATION
9880 RESEARCH DRIVE, SUITE 200, IRVINE, CALIFORNIA 92618
TELEPHONE (949) 387-7200; FACSIMILE (949) 387-6676

January 9, 2012

**Via Certified Mail**

Labor and Workforce Development Agency
801 K Street, Suite 2101
Sacramento, CA 95814

SWIFT TRANSPORTATION SERVICES, LLC
2200 South 75th Avenue
Phoenix, AZ 85043

SWIFT TRANSPORTATION COMPANY OF ARIZONA, LLC
2200 South 75th Avenue
Phoenix, AZ 85043

**Re:     NOTICE PURSUANT TO LABOR CODE SECTIONS 2698, et seq.**

To Whom It May Concern:

PLEASE TAKE NOTICE that Plaintiff, James D. Rudsell, on behalf of himself and all others similarly situated give NOTICE to commence and/or amend a civil action pursuant to Labor Code Sections 2698, et seq. Plaintiff hereby gives written notice by certified mail to the Labor and Workforce Development Agency, and SWIFT TRANSPORTATION SERVICES, LLC and SWIFT TRANSPORTATION COMPANY OF ARIZONA, LLC.

Plaintiff hereby attaches a copy of the Complaint as though fully set forth herewith, setting out the specific provisions of the Labor Codes Plaintiff alleges have been violated including the facts and his/her theories. <u>All labor provisions alleged violated in the Complaint PERTAIN TO ALL ENTITIES AND INDIVIDUALS NAMED IN THE COMPLAINT; even if not specifically specified.</u>

Please advise within thirty (30) days of the post mark on this letter if the LWDA intends to investigate these claims. Thank you.

If you have any questions, please do not hesitate to contact me.

Very Truly Yours,

James R. Hawkins

JAMES R. HAWKINS, APLC
James R. Hawkins, Esq. SBN 192925
Gregory E. Mauro, Esq. SBN 222239
9880 Research Drive, Suite 200
Irvine, CA 92618
TEL:   (949) 387-7200
FAX:   (949) 387-6676

Attorneys for Plaintiff, JAMES R. RUDSELL, on behalf of himself and all others similarly situated

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SAN BERNARDINO

| | |
|---|---|
| JAMES R. RUDSELL, on behalf of himself and all others similarly situated<br><br>         Plaintiffs,<br><br>vs.<br><br>SWIFT TRANSPORTATION COMPANY OF ARIZONA, LLC, a DELAWARE Corporation, and DOES 1 through 50, inclusive,<br><br>         Defendants. | CASE NO.<br>ASSIGNED FOR ALL PURPOSES TO:<br><br>**CLASS ACTION COMPLAINT**<br><br>1)  **Failure to Pay Minimum Wages**<br><br>2)  **Failure to Provide Meal Periods or Compensation in Lieu Thereof**<br><br>3)  **Failure to Provide Rest Periods or Compensation in Lieu Thereof**<br><br>4)  **Failure to Timely Pay Wages**<br><br>5)  **Failure to Provide Accurate Employee Itemized Wage Statements**<br><br>6)  **Violations of the California Unfair Competition Laws**<br><br>**JURY TRIAL DEMANDED** |

- 1 -

CLASS ACTION COMPLAINT

Plaintiff, JAMES R. RUDSELL, on behalf of himself and all others similarly situated, complain of Defendants, and each of them, and for causes of action alleges:

## I.

## __INTRODUCTION__

1.     This is a Class Action, pursuant to Code of Civil Procedure section 382, on behalf of Plaintiff and all California non-exempt truck driver employees employed by SWIFT TRANSPORTATION COMPANY OF ARIZONA, LLC and any subsidiaries or affiliated companies (hereinafter "SWIFT" or "Defendants"), within the State of California.

2.     For at least four years prior to the filing of this action and through to the present ("liability period"), Defendants consistently maintained and enforced against SWIFT Non-Exempt Truck Drivers, among others, the following unlawful practices and policies, in violation of California state wage and hour laws: a) failing to pay minimum wages; b); failing to provide meal and rest periods and c) failing to provide accurate itemized wage statements.

3.     During the statutory liability period and continuing to the present (rest and meal period liability period), Defendants have had a consistent policy of failing to provide SWIFT Non-Exempt Truck Drivers within the State of California, and while performing work within California, including Plaintiff, rest periods of at least (10) minutes per four (4) hours worked or major fraction thereof and failing to pay such employees one (1) hour of pay at the employees regular rate of compensation for each workday that the rest period is not provided, as required by California state wage and hour laws.

4.     During the statutory liability period and continuing to the present (rest and meal period liability period), Defendants have had a consistent policy of requiring SWIFT Non-Exempt Truck Drivers within the State of California, while performing work within California, including Plaintiff, to work at least five (5) hours without a meal period and/or work in excess of ten hours per day without being provided a second meal period, and failing to pay such employees a one (1) hour wage at the employees regular rate of compensation for each workday that the meal period is not provided, as required by California state wage and hour laws.

- 2 -

5.     Plaintiff on behalf of himself and all Class Members brings this action pursuant to Labor Code sections 201, 202, 204, 218.6, 226, 226.7, 512, 558, 1194, 1197, 2698, et. seq., Industrial Wage Order 9, and Cal Code Regs. Title 8, § 11090, seeking unpaid minimum wages, unpaid rest and meal period compensation, penalties, injunctive and other equitable relief, and reasonable attorneys' fees and costs.

6.     Plaintiff, on behalf of himself and all Class Members, pursuant to Business and Professions Code sections 17200-17208, also seeks injunctive relief and restitution of all benefits Defendants enjoyed from their failure to pay all minimum wages and rest and meal period premiums.

**II.**

**JURISDICTION AND VENUE**

7.     This Court has jurisdiction over this action pursuant to the California Constitution Article VI §10, which grants the California Superior Court original jurisdiction in all causes except those given by statute to other courts.  The statutes under which this action is brought do not give jurisdiction to any other court.  Venue as to each Defendant is proper in this judicial district pursuant to Code of Civil Procedure section 395.  On information and belief, Defendants operate SWIFT TRANSPORTATION COMPANY OF ARIZONA, LLC ( hereinafter SWIFT), a Delaware Corporation, doing business in the City of Fontana, County of San Bernardino and each Defendant is within the jurisdiction of this Court for service of process purposes.

8.     The unlawful acts alleged herein have a direct effect on Plaintiff and those similarly situated within the State of California and within San Bernardino County.  On information and belief, Defendants employ numerous Class Members throughout California. All of the claims Plaintiff asserts for himself and for the Class he seeks to represent relate exclusively to hours of work performed solely within the State of California.  None of the claims Plaintiff asserts for himself or for the Class he seeks to represent relate to hours of work performed outside of the State of California.

9.     This Court has jurisdiction over Defendants because, upon information and belief,

each Defendant is either a resident of California, has sufficient minimum contacts in California, or otherwise intentionally avails itself of the California market so as to render the exercise of jurisdiction over it by the California Courts consistent with traditional notions of fair play and substantial justice.

**III.**

**<u>PARTIES</u>**

10.     Plaintiff JAMES R. RUDSELL is a resident of Hesperia, California.  At all relevant times herein, he has been employed by Defendants as a driver of SWIFT in the City of Fontana, County of San Bernardino, California and has been employed by SWIFT since approximately June 13, 2011, in a non-exempt capacity during the liability periods.

11.     On information and belief, SWIFT TRANSPORTATION COMPANY OF ARIZONA, LLC, engaged in the ownership and operation of a trucking and logistics company in San Bernardino County and throughout California. Plaintiff is informed and believes, and thereon alleges, that at all relevant times mentioned herein, Defendants are organized and existing under the laws of California, and were at all times mentioned herein licensed and qualified to do business in California.  On information and belief, Plaintiff alleges that at all relevant times referenced herein Defendants did and continue to transact business throughout California.

12.     Whenever in this complaint reference is made to any act, deed, or conduct of Defendants, the allegation means that Defendants engaged in the act, deed, or conduct by or through one or more of its officers, directors, agents, employees, or representatives, who was actively engaged in the management, direction, control, or transaction of the ordinary business and affairs of Defendants.

13.     The true names and capacities of Defendants, whether individual, corporate, associate, or otherwise, sued herein as DOES 1 through 50, inclusive, are currently unknown to Plaintiff, who therefore sues Defendants by such fictitious names.  Plaintiff is informed and believes, and based thereon alleges that each of the Defendants designated herein as a DOE is

- 4 -

CLASS ACTION COMPLAINT

legally responsible in some manner for the unlawful acts referred to herein. Plaintiff will seek leave of court to amend this Complaint to reflect the true names and capacities of the Defendants designated hereinafter as DOES when such identities become known.

14.    Plaintiff is informed and believes, and based thereon alleges, that Defendants acted in all respects pertinent to this action as the agent of the other Defendants, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each Defendant are legally attributable to the other Defendants.

**III.**

**FACTUAL BACKGROUND**

15.    Defendants operate and, at all times during the liability period, have conducted business in the City of Fontana, County of San Bernardino and elsewhere within California as a trucking and logistics business.  At all times set forth herein, Defendants employed Plaintiff and other persons in the capacity of truck drivers or equivalent positions with similar job duties, however titled, throughout the state of California.

16.    Defendants employed Plaintiff as a truck driver between June 13, 2011 to the present.  In that capacity, Plaintiff's duties included driving to client locations making pick-ups and deliveries.

17.    Defendants continue to employ truck drivers, or individuals in equivalent positions with similar job duties, however titled, throughout the state of California.

18.    Plaintiff is informed and believes, and thereon alleges, that Defendants are and were advised by skilled lawyers and other professionals, employees, and advisors with knowledge of the requirements of California's wage and employment laws.

19.    During the relevant time frame, Defendants compensated Plaintiff and Class Members based solely on piece rate (cents per mile) that did not always equate to minimum wage for all hours worked.

20.    During the relevant time period, Plaintiff and Class Members were required to attend three days of orientation all without payment of minimum wages as required under

- 5 -

CLASS ACTION COMPLAINT

California law.

21.     During the relevant time period, Plaintiff and Class Members were regularly required to work without being minimum wage waiting for loads and unloads, all without payment of minimum wage, as required by California law.

22.     During the relevant time frame, wages earned were paid weekly, but not within seven (7) days of the pay period end date.

23.     During the relevant time frame, Plaintiff and Class Members were systematically denied meal periods and rest breaks due to the demands of Defendants and Defendants' clients. Nevertheless, Defendants never paid Plaintiff, and on information and belief, never paid Class Members an extra hour of pay as required by California law where meal periods and rest breaks were not provided.  Defendants failed to track hours worked or meal period start/end times in violation of the applicable wage order.

24.     Plaintiff is informed and believes, and thereon alleges, that Defendants know, should know, knew, and/or should have known that Plaintiff and the other Class Members were entitled to receive minimum wages for all worked and premium wages under Labor Code §226.7 but were not receiving such compensation.

25.     Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, Defendants knew that they had a duty to compensate Plaintiff and Class Members minimum wages, and that Defendants had the financial ability to pay such compensation, but willfully, knowingly, recklessly, and/or intentionally failed to do so, and falsely represented to Plaintiff and Class Members that they were properly denied wages, all in order to increase Defendants' profits.

## IV.

## CLASS ACTION ALLEGATIONS

26.     Plaintiff brings this action on behalf of himself and all others similarly situated as a class action and thus, seeks class certification under California Code of Civil Procedure §382.

27.     Plaintiff seeks to represent a Class composed of and defined as follows:

(a) All of Defendant's California based drivers who are employed or have been employed by Defendants in the State of California during the relevant time period who have performed work within California within four (4) years prior to the filing of the complaint in this action until resolution of this lawsuit (hereinafter collectively referred to as the "Class" or "Class Members").

28.     Plaintiff also seeks to represent Subclasses composed of and defined as follows:

(a) All of Defendant's California based drivers who are employed or have been employed by Defendants in the State of California during the relevant time period who, have not been minimum wage for all hours worked within California during the liability period.

(b) All of Defendant's California based drivers who are employed or have been employed by Defendants in the State of California during the relevant time period who, while performing work within California, have not been provided a rest period for every four hours or major fraction thereof worked per day and were not provided a premium wage in lieu thereof.

(c) All of Defendant's California based drivers who are employed or have been employed by Defendants in the State of California during the relevant time period who, while performing work within California,  have not been provided a meal period for every five and/or ten hours worked per day and were not provided a premium wage in lieu thereof.

(d) All of Defendant's California based drivers who are employed or have been employed by Defendants in the State of California during the relevant time period who were not timely paid wages in accordance with the timing requirements of Labor Code §204.

29.     Plaintiff reserves the right to amend or modify the class description with greater specificity or further division into subclasses or limitation to particular issues.

30.     This action has been brought and may properly be maintained as a class action under the provisions of section 382 of the Code of Civil Procedure because there are questions of law or fact common to class members that predominate over any questions affecting only individual members, and that a class action is superior to other available methods.

- 7 -

CLASS ACTION COMPLAINT

**A. <u>Numerosity</u>**

31.     The potential members of the Class as defined are so numerous that

joinder of all the members of the Class is impracticable. While the precise number of Class

Members has not been determined at this time, Plaintiff is informed and believes that Defendants

currently employ, and during the relevant time periods employed, as many as several hundred

employees, many within the State of California, in positions as SWIFT Non-Exempt drivers in

San Bernardino County and disbursed throughout California during the liability period and who

are or have been affected by Defendants' unlawful practices as alleged herein.

32.     Accounting for employee turnover during the relevant periods necessarily

increases this number substantially.  Upon information and belief, Plaintiff alleges Defendants'

employment records would provide information as to the number and location of all Class

Members.  Joinder of all members of the proposed Class is not practicable.

**B. <u>Commonality</u>**

33.     There are questions of law and fact common to the Class and Subclasses

predominating over any questions affecting only individual Class Members. These common

questions of law and fact include, without limitation:

i.       Whether Defendants failed to pay minimum wage compensation to Plaintiff and
         Class Members for all hours worked;

ii.      Whether Defendants violated Labor Code sections 226.7, 512, Wage Order 9-
         2001, or other applicable IWC Wage Orders, and Cal. Code Regs. Title 8, § 11090, by
         failing to provide daily rest periods to Non-Exempt drivers for every four hours or major
         fraction thereof worked and failing to compensate said employees one hours wages in
         lieu of rest periods;

iii.     Whether Defendants violated Labor Code sections 226.7, 512 and IWC Wage
         Order 9-2001 or other applicable IWC Wage Orders, and Cal Code Regs. Title 8,
         § 11090 by failing to provide a meal period to Non-Exempt truck drivers on days they
         worked work periods in excess of five hours and failing to compensate said employees
         one hour wages in lieu of meal periods;

iv.     Whether Defendants violated sections 204 of the Labor Code by failing to pay wages in accordance with the timing requirements.

v.      Whether Defendants violated section 17200 *et seq.* of the Business and Professions Code by failing to pay minimum wages, failing to provide rest and meal periods without compensating non-exempt employees one hour pay for every day such periods were not provided;

vi.     Whether Defendants violated Business and Professions Code and Labor Code sections 201, 202, 204, 218.6, 226, 226.7, 512, 558, 1194, 1197, 2698, et. seq., and applicable IWC Wage Orders which violation constitutes a violation of fundamental public policy;

vii.    Whether Plaintiff and the Members of the Plaintiff Class are entitled to equitable relief pursuant to Business and Professions Code section 17200, et. seq.;

viii.   Whether Plaintiff and the Members of the Plaintiff Class are entitled to relief in the form of back wages, penalties and interest for failure to pay minimum wages pursuant to Labor Code sections 1194 and 1197;

ix.     Whether Plaintiff and Members of the Plaintiff Class are entitled to penalties pursuant to Labor Code section 226 et. seq. for failing to provide accurate itemized wage statements; and

x.      Whether Plaintiff and the Members of the Plaintiff Class are entitled to relief pursuant to Labor Code §2698, et. seq. in the form of penalties for failure to pay minimum wages, provide meal and rest periods, pay wages due and owing upon separation and providing accurate itemized wage statements.

**C. Typicality**

34.     The claims of the named Plaintiff are typical of the claims of the Class. Plaintiff and all members of the Class sustained injuries and damages arising out of and caused by Defendants' common course of conduct in violation of California laws, regulations, and statutes as alleged herein.

**D. Adequacy of Representation**

35.     Plaintiff will fairly and adequately represent and protect the interests of the members of the Class.  Counsel who represents Plaintiff is competent and experienced in litigating large employment class actions.

**E. Superiority of Class Action**

36.     A class action is superior to other available means for the fair and efficient adjudication of this controversy.  Individual joinder of all Class Members is not practicable, and questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class.  Each member of the Class has been damaged and is entitled to recovery by reason of Defendants' unlawful policy and/or practice of failing to compensate Class Members for all wages earned, engaging in the unlawful practices herein complained of, and denying Class Members rest and meal periods without legal compensation.

37.     Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system. Plaintiff is unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

**V.**

**CAUSES OF ACTION**

**First Cause of Action**

*Failure to Pay Minimum Wage*

(Lab. Code, §§ 1194, 1197, IWC Wage Order 9)

(Against All Defendants)

38.     Plaintiff incorporates paragraphs 1 through 37 as though fully set forth herein.

39.     On information and belief and based on that information and belief, Defendant compensated its non-exempt employees on a piece rate basis, i.e. per mile.

40.     On information and belief, Defendants failed to pay its non-exempt employees minimum wage for hours worked when it required Plaintiff and Members of the Class, under the control of Defendants, to wait for the loading and unloading of cargo

or goods from or into their trucks, otherwise known as detention time.

41.    On information and belief, Defendants required Plaintiff and Members of the Class to attend mandatory orientation without pay of minimum wage.

42.    On information and belief, this controlled time was not compensated time.

43.    On information and belief, Defendants willfully violated the provisions of the Labor Code, among others, §§1194, 1197 and IWC Wage Order 9.

44.    As a result of the unlawful acts of Defendants, Plaintiff and the Class he seeks to represent have been deprived of minimum wages in amounts to be determined at trial, and are entitled to recovery of such amounts, plus interest and statutory penalties thereon, attorneys' fees, and costs, pursuant to Labor Code sections 558, 1194, 1197 and IWC Wage Order 9.

45.    WHEREFORE, Plaintiff and the Class he seeks to represent request relief as described herein and below.

### Second Cause of Action

*Failure to Provide Meal Periods or*

*Compensation in Lieu Thereof*

(Lab. Code, §§226.7, 512, IWC Wage Order 9)

(Against all Defendants)

46.    Plaintiff incorporates paragraphs 1 through 45 as though fully set forth herein.

47.    Pursuant to Labor Code §512, no employer shall employ an employee for a work period of more than five (5) hours without providing a meal break of not less than thirty (30) minutes in which the employee is relieved of all of his or her duties.  An employer may not employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second meal period of not less than thirty (30) minutes, except that if the total hours worked is no more than twelve (12) hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

48.    Pursuant to the IWC wage orders applicable to Plaintiff's and Class Members'

CLASS ACTION COMPLAINT

employment by Defendants, in order for an "on duty" meal period to be permissible, the nature of the work of the employee must prevent an employee from being relieved of all duties relating to his or her work for the employer and the employees must consent in writing to the "on duty" meal period. Plaintiff and Class Members did not consent in writing to an "on duty" meal period. Further, the nature of the work of Plaintiff and Class Members was not such that Plaintiff and Class Members are prevented from being relieved of all duties. Despite said requirements of the IWC wage orders applicable to Plaintiff's and Class Members' employment by Defendants and Labor Code §512 and §226.7, Plaintiff and Class Members were not provided with meal periods and were not relieved of all duties during any meal periods Plaintiff and Class Members did take.

49. For the four (4) years preceding the filing of this lawsuit, Defendants failed to provide Plaintiff and Class Members, in their roles as Non-Exempt drivers, or equivalent positions with similar job duties, however titled, first and sometimes second meal breaks of not less than thirty (30) minutes pursuant to the IWC wage orders applicable to Plaintiff's and Class Members' employment by Defendants. In addition, Defendants failed to record meal periods for Plaintiff and Class Members in accordance with the applicable IWC wage order. As a proximate result of the aforementioned violations, Plaintiff and Class Members have been damaged in an amount according to proof at time of trial.

50. Pursuant to Labor Code §226.7, Plaintiff and Class Members are entitled to recover one (1) hour of premium pay for each day in which a meal period was not provided.

**<u>Third Cause of Action</u>**

*Failure to Provide Rest Periods or*

*Compensation in Lieu Thereof*

(Lab. Code, §§226.7, 512, IWC Wage Order 9)

(<u>Against all Defendants</u>)

51. Plaintiff incorporates paragraphs 1 through 50 as though fully set forth herein.

52. Pursuant to the IWC wage orders applicable to Plaintiff's and Class Members'

employment by Defendants, "Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period…. [The] authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours worked or major fraction thereof.… Authorized rest period time shall be counted as hours worked, for which there shall be no deduction from wages."  Labor Code §226.7(a) prohibits an employer from requiring any employee to work during any rest period mandated by an applicable order of the IWC.  Defendants were required to authorize and permit employees such as Plaintiff and Class Members to take rest periods, based upon the total hours worked at a rate of ten (10) minutes net rest per four (4) hours, or major fraction thereof, with no deduction from wages.  Despite said requirements of the IWC wage orders applicable to Plaintiff's and Class Members' employment by Defendants, Defendants failed and refused to authorize and permit Plaintiff and Class Members, in their roles as Non-Exempt Drivers, or equivalent positions with similar job duties, however titled, to take ten (10) minute rest periods for every four (4) hours worked, or major fraction thereof.

53.     For the four (4) years preceding the filing of this lawsuit, Defendants failed to provide Plaintiff and Class Members the required rest periods pursuant to the IWC wage orders applicable to Plaintiff's and Class Members' employment by Defendants and Labor Code §226.7.  As a proximate result of the aforementioned violations, Plaintiff and Class Members have been damaged in an amount according to proof at time of trial.

54.     Pursuant to Labor Code §226.7, Plaintiff and Class Members are entitled to recover one (1) hour of premium pay for each day in which a rest period was not provided.

//
//
//
//
//

- 13 -

**Fourth Cause of Action**

*Knowing and Intentional Failure to Comply With Itemized Employee*

*Wage Statement Provisions*

(Lab. Code §§226(b), 1174, 1175)

(Against All Defendants)

55.    Plaintiff incorporates paragraphs 1 through 54 as though fully set forth herein.

56.    Section 226(a) of the California Labor Code requires Defendants to itemize in wage statements all deductions from payment of wages and to accurately report total hours worked by Plaintiff and the members of the proposed class. On information and belief, Defendants have knowingly and intentionally failed to comply with Labor Code section 226(a) on each and every wage statement that should have been provided to Plaintiff and members of the proposed class.

57.    IWC Wage Order 9 requires Defendant to maintain time records showing, among others, when the employee begins and ends each work period, meal periods, split shift intervals and total daily hours worked in an itemized wage statements, and must show all deductions and reimbursements from payment of wages, and accurately report total hours worked by Plaintiff and the members of the proposed class.  On information and belief, Defendants have failed to record all or some of the items delineated in Wage Order 9 and 226.

58.    Pursuant Labor Code §226, Plaintiff and Class Members are entitled up to a maximum of $4,000.00 each for record-keeping violations.

59.    WHEREFORE, Plaintiff and the Class he seeks to represent request relief as described herein below.

**Fifth Cause of Action**

*Waiting Time Subclass*

(Bus. & Prof. Code, § 201-202, 204)

(Against All Defendants)

60.    Plaintiff incorporates paragraphs 1 through 59 as though fully set forth herein.

- 14 -

CLASS ACTION COMPLAINT

61.     California Labor Code §204 requires that wages earned be paid within certain timeframes, including:

> Labor performed between the 1st and 15th days, inclusive, of any calendar month shall be paid for between the 16th and the 26th day of the month during which the labor was performed, and labor performed between the 16th and the last day, inclusive, of any calendar month, shall be paid for between the 1st and 10th day of the following month. ….(d) The requirements of this section shall be deemed satisfied by the payment of wages for weekly, biweekly, or semimonthly payroll if the wages are paid not more than seven calendar days following the close of the payroll period.

62.     During the relevant time frame, Defendants failed to pay Plaintiff and Class Members in accordance with the requirements of Labor Code §204 by issuing wage payments less frequently than seven days after the pay period end.

63.     As a result, Defendants are liable to Plaintiff and members of the Waiting Time Subclass for waiting time penalties pursuant to Labor Code §2698, et. seq., in an amount according to proof at the time of trial.

### Sixth Cause of Action

*Violation of Unfair Competition Law*

(Bus. & Prof. Code, § 17200, et seq.)

(Against All Defendants)

64.     Plaintiff incorporates paragraphs 1 through 63 as though fully set forth herein.

65.     On information and belief, by their policy of:

    i.      failing to provide daily rest periods to Non-Exempt Drivers for every four hours or major fraction thereof worked and failing to compensate said employees one hours wages in lieu of rest periods;

    ii.     failing to pay minimum wages;

    iii.    failing to provide a meal period to Non-Exempt Drivers on days they worked work periods in excess of five hours, and/or work in excess of ten hours per day without being provided a second meal period, or compensation in lieu thereof; and

CLASS ACTION COMPLAINT

1     iv.  failing to timely pay wages;

2 Defendants engaged in unlawful activity prohibited by Business and Professions Code §17200

3 et seq.

4    66.  The actions of Defendants as alleged within this Complaint, constitute false,

5 unlawful, unfair, and deceptive business practices, within the meaning of Business and

6 Professions Code section 17200, et. seq.

7    67.  Plaintiff is entitled to an injunction and other equitable relief against such

8 unlawful practices in order to prevent future damage, for which there is no adequate remedy at

9 law, and to avoid a multiplicity of lawsuits.

10    68.  As a result of their unlawful acts, Defendants have reaped and continue to reap

11 unfair benefits and unlawful profits at the expense of Plaintiff, and the Class Members.

12 Defendants should be enjoined from this activity.  Plaintiff is informed and believes, and thereon

13 alleges, that Plaintiff and members of the Plaintiff Class are prejudiced by Defendants' unfair

14 trade practices.

15    69.  As a direct and proximate result of the unfair business practices of Defendants,

16 and each of them, Plaintiff, individually and on behalf of all employees similarly situated, is

17 entitled to equitable and injunctive relief.

18    70.  The unlawful conduct alleged herein is continuing, and there is no indication that

19 Defendants will not continue such activity into the future. Plaintiff alleges that if Defendants are

20 not enjoined from the conduct set forth in this Complaint, they will continue to require

21 employees to work during meal periods, will continue to fail to provide rest periods or provide

22 appropriate compensation in lieu thereof, and will continue to fail to pay and to avoid paying

23 appropriate taxes, insurance, and unemployment withholdings.

24    71.  Plaintiff further requests that the court issue a preliminary and permanent

25 injunction prohibiting Defendants from requiring Plaintiff and the Class he seeks to represent to

26 reimburse Defendants for the allegations contained herein and which may later be discovered in

27 the course of litigation.

28

72.     WHEREFORE, Plaintiff and the Class he seeks to represent request relief as described herein and below.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays judgment against Defendants, as follows:

### Class Certification

1.     That this action be certified as a class action;

2.     That Plaintiff be appointed as the representative of the Class;

3.     That Plaintiff be appointed as the representative of the Subclasses; and

4.     That counsel for Plaintiff be appointed as counsel for the Class and Subclass.

### On the First Cause of Action

1.     For compensatory damages in an amount equal to the amount of unpaid minimum wage compensation owed to Plaintiff and Class Members;

2.     For pre-judgment interest on any unpaid minimum wage compensation due from the day that such amounts were due;

3.     For liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon pursuant to Labor Code §1194.2;

4.     For reasonable attorneys' fees and costs pursuant to Labor Code §1194; and

5.     For such other and further relief as the Court deems proper.

### On the Second Cause of Action

1.     For one (1) hour of premium pay for each day in which a required meal period was not provided; and

2.     For such other and further relief as the Court deems proper.

### On the Third Cause of Action

1.     For one (1) hour of premium pay for each day in which a required rest period was not provided; and

2.     For such other and further relief as the Court deems proper.

On the Fourth Cause of Action

1.      For statutory penalties pursuant to Labor Code §201-204; 2698, et. seq.; and

2.      For such other and further relief as the Court deems proper.

On the Fifth Cause of Action

1.      For statutory penalties pursuant to Labor Code §226

2.      For such other and further relief as the Court deems proper.

On the Sixth Cause of Action

1.      That Defendants, jointly and/or severally, pay restitution of sums to Plaintiff and Class Members for their past failure to pay minimum wages over the last four (4) years in an amount according to proof;

2.      That Defendants, jointly and/or severally, pay restitution and/or disgorgement of sums to Plaintiff and Class Members for their past failure to pay premium wages for meal and/or rest periods that were not provided to Plaintiff and Class Members over the last four (4) years in an amount according to proof;

3.      For pre-judgment interest on any unpaid overtime wages due from the day that such amounts were due;

4.      For reasonable attorneys' fees that Plaintiff and Class Members are entitled to recover under Labor Code §1194;

5.      For costs of suit incurred herein that Plaintiff and Class Members are entitled to recover under Labor Code §1194; and

6.      For such other and further relief as the Court deems proper.

//
//
//
//
//
//

CLASS ACTION COMPLAINT

**DEMAND FOR JURY TRIAL**

1.       Plaintiff hereby demands trial of his claims by jury to the extent authorized by law.

Dated:   January 9, 2012                          JAMES R. HAWKINS, APLC

                                                  _____

                                                  James Hawkins, Esq.
                                                  Gregory Mauro, Esq.
                                                  Attorneys for Plaintiff JAMES R. RUDSELL