**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**



FILED
CLERK, U.S. DISTRICT COURT

AUG 16, 2019

CENTRAL DISTRICT OF CALIFORNIA
BY: _____ BH _____ DEPUTY

John Burnell,

　　　　　Plaintiff,

　　v.

Swift Transportation Co. Inc., et

　al.,

　　　　　Defendants.

5:10-cv-00809-VAP-OPx
5:12-cv-00692-VAP-OPx

**Order GRANTING Motion for Conditional Class Certification and Preliminary Approval of Class Settlement (Doc. No. 197)**

Before the Court is Motion for Conditional Class Certification and Preliminary Approval of a Class Action Settlement.  (Doc. No. 197).  After considering all papers filed in support of the Motion, the Court GRANTS the Motion, conditionally certifies the class, and preliminarily approves the class action settlement.

## I. BACKGROUND

On June 7, 2019, Plaintiffs Gilbert Saucillo and James Rudsell (collectively, "Plaintiffs") filed their consolidated complaint[1] on behalf of a putative class of non-exempt truck drivers against Defendants Swift Transportation Co., Inc. and Swift Transportation Co. of Arizona, LLC

---

[1] On June 7, 2019, after a stipulation by the parties, the Court consolidated this action, *John Burnell v. Swift Transportation Co Inc.*, et al., No. 5:10-cv-00809-VAP-OPx, with *James R. Rudsell v. Swift Transportation Company of Arizona LLC, et al.*, No. 5:12-cv-00692-VAP-OPx.  (Doc. No. 190).

(collectively, "Defendants").  (Doc. No. 204).  Plaintiffs bring the following claims: (1) recovery of unpaid minimum wages, (2) failure to provide meal and rest periods, (3) failure to indemnify, (4) failure to furnish timely accurate itemized wage statements, (5) unlawful pay instruments, (6) failure to pay timely all earned final wages, (7) unfair competition, and (8) civil penalties. (*Id.*).

The parties now request that this court conditionally certify the class for settlement purposes and preliminarily approve the class action settlement.  (Doc. No. 197).  Counsel for putative class plaintiffs in two related cases, *Lawrence J. Peck v. Swift Transportation Co. of Arizona, LLC et al.*, No. 5:14-cv-02206-VAP-KKx, and *Sadashiv Mares v. Swift Transportation Co. of Arizona, LLC et al.*, No. 2:15-cv-07920-VAP-KKx, have filed objections.  (Doc. No. 205; *Rudsell* Doc. No. 39).

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 23(e) provides that "[t]he claims, issues, or defenses of a certified class may be settled, voluntarily dismissed, or compromised only with the court's approval."  "[S]trong judicial policy . . . favors settlements, particularly where complex class action litigation is concerned."  *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992).  "The purpose of Rule 23(e) is to protect the unnamed members of the class from unjust or unfair settlements affecting their rights."  *In re Syncor ERISA Litig.*, 516 F.3d 1095, 1100 (9th Cir. 2008).  The Court's review of the settlement is meant to be "extremely limited" and should

consider the settlement as a whole.  *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998).

At the preliminary approval stage, the Court need only consider whether the proposed settlement "(1) appears to be the product of serious, informed, non-collusive negotiations; (2) has no obvious deficiencies; (3) does not improperly grant preferential treatment to class representatives or segments of the class; and (4) falls within the range of possible approval." *Harris v. Vector Mktg. Corp.*, No. 3:08-cv-05198-EMC, 2011 WL 1627973, at *7 (N.D. Cal. Apr. 29, 2011); *see also Moppin v. Los Robles Reg'l Med. Ctr.*, No. 5:15-cv-01551-JGB-DTBx, 2016 WL 7479380, at *8 (C.D. Cal. Sept. 12, 2016) ("At the Preliminary Approval phase, the Court need only decide whether the settlement is *potentially* fair."); *In re Tableware Antitrust Litig.*, 484 F. Supp. 2d 1078, 1079 (N.D. Cal. 2007) (citing Federal Judicial Center, Manual for Complex Litigation § 30.44 (2d ed. 1985)).

### III.    DISCUSSION

#### A.   Class Certification for Settlement Purposes

Parties seeking class certification for settlement purposes must satisfy the requirements of Federal Rule of Civil Procedure 23.  *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620 (1997).  To bring a class action under Rule 23(a), a plaintiff must demonstrate: (1) numerosity: the class is so numerous that joinder of all members is impracticable, (2) commonality: there are questions of law or fact common to the class, (3) typicality: the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) adequacy of representation: the

representative parties will fairly and adequately protect the interests of the class.  In addition to these requirements, a plaintiff must satisfy one of the Rule 23(b) prongs to maintain a class action.  Under Rule 23(b)(3), the plaintiff must prove: "the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy."

The parties propose certification of the following class for settlement purposes: All drivers employed by Swift Transportation Co. of Arizona, LLC and/or Swift Transportation Co., Inc. to perform work in the State of California and who earned mileage-based compensation during the period March 22, 2006 to January 31, 2019.

1.   <u>Numerosity</u>

To satisfy the numerosity requirement under Rule 23(a)(1), the class must be "so numerous that joinder of all members is impracticable," but not necessarily impossible.  *Parkinson v. Hyundai Motor Am.*, 258 F.R.D. 580, 588 (C.D. Cal. 2008).  There is no specific number requirement, as the Court may examine the specific facts of each case.  *Ballard v. Equifax Check Servs., Inc.*, 186 F.R.D. 589, 594 (E.D. Cal. 1999).  Here, the parties agree that the class size would be approximately 19,626 members.  (Doc. No. 193, at 13).  Accordingly, the Court finds the numerosity requirement is satisfied because joinder of all members would be impracticable.

2.   <u>Commonality</u>

The second prerequisite under Rule 23(a) is that "there are questions of law or fact common to the class."  Fed. R. Civ. P. 23(a)(2).  Courts have construed this commonality requirement permissively.  *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998).  As the Ninth Circuit explained, "[a]ll questions of fact and law need not be common to satisfy the rule;" instead, the "existence of shared legal issues with divergent factual predicates is sufficient, as is a common core of salient facts coupled with disparate legal remedies within the class."  *Id.* at 1019.  "[T]he commonality requirement is interpreted to require very little."  *In re Paxil Litig.*, 212 F.R.D. 539, 549 (C.D. Cal. 2003).  "[F]or the commonality requirement to be met, there must only be one single issue common to the proposed class."  *Haley v. Medtronic, Inc.*, 169 F.R.D. 643, 648 (C.D. Cal. 1996).

Here, the class members share the following common questions of fact: (1) were they authorized and permitted to take meal and rest periods, (2) were they paid for all hours worked performing non-driving tasks, (3) were they reimbursed for expenses, (4) were they provided accurate wage statements, and (5) were they paid wages timely upon discharge.  (Doc. No. 193, at 13-15).  Even assuming Defendants could show "divergent factual predicates" or individualized factual inquires, such factual differences are permissible where, as here, there is a "common core of salient facts coupled with disparate legal remedies within the class."  *Hanlon*, 150 F.3d at 1019.  Accordingly, the Court finds there are common questions of law and fact to unite the class.

3.   Typicality

The third prerequisite under Rule 23(a) is that "the claims or defenses of the representative parties are typical of the claims or defenses of the class."  Fed. R. Civ. P. 23(a)(3).  The Ninth Circuit in *Hanlon* explained that "representative claims are 'typical' if they are reasonably co-extensive with those of absent class members; they need not be substantially identical." 150 F.3d at 1020.  Thus, to find typicality, a "court does not need to find that the claims of the purported class representative are identical to the claims of the other class members."  *Haley*, 169 F.R.D. at 649.  The class representatives "must be able to pursue [their] claims under the same legal or remedial theories as the unrepresented class members."  *Paxil*, 21 F.R.D. at 549.

Here, Plaintiffs, as class representatives, share with all other class members that they were employed by Defendants as drivers earning mileage-based pay during the class period.  (Doc. No. 193, at 15).  Plaintiffs' claims and the claims of the other class members arise from the same conduct described above under the commonality requirement, and they would pursue the same legal and remedial theories as the unrepresented class members.  Accordingly, the Court finds the typicality requirement is satisfied.

4.   Adequacy of Representation

Rule 23(a)(4) requires that "the representative parties will fairly and adequately protect the interests of the class."  The determination that representative parties would adequately protect the interests of the class "is

United States District Court
Central District of California

6

United States District Court
Central District of California

a question of fact that depends on the circumstances of each case."  *In re Nat'l W. Life Ins. Deferred Annuities Litig.*, No. 3:05-cv-01018-JLS-WVGx, 2010 WL 2735732, at *5 (S.D. Cal. July 12, 2010) (quoting *McGowan v. Faulkner Concrete Pipe Co.*, 659 F.2d 554, 559 (5th Cir. 1981)).  "Resolution of two questions determines legal adequacy: (1) do the named plaintiffs and their counsel have any conflicts of interest with other class members[,] and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?"  *Hanlon*, 150 F.3d at 1020.

Here, the parties agree that Plaintiffs and their counsel have no conflicts of interest with other class members and have and will prosecute the action vigorously on behalf of the class.  (Doc. No. 193, at 16).  The Court has no reason to doubt the representations of the parties.  Class counsel has identified and investigated potential claims, has experience handling class actions, has knowledge of the applicable law, and has committed all necessary resources to represent the class.  (*Id.*); *see* Fed. R. Civ. P. 23(g)(1).  Additionally, Plaintiffs' interests align with all putative class members in ensuring appropriate recovery.  *Andrews Farms v. Calcot, Ltd.*, No. 1:07-cv-00464-LJO-DLBx, 2009 WL 1211374, at *11 (E.D. Cal. May 1, 2009).  Accordingly, the Court finds Plaintiffs and class counsel adequately protect the interests of the class.

5.   Rule 23(b)

Rule 23(b)(3) applies where the court finds (1) "that the questions of law or fact common to class members predominate over any questions affecting only individual members," and (2) "that a class action is superior to

7

other available methods for fairly and efficiently adjudicating the controversy."

First, the "predominance inquiry tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Amchem*, 521 U.S. at 623.  "When common questions present a significant aspect of the case and they can be resolved for all members of the class in a single adjudication, there is clear justification for handling the dispute on a representative rather than on an individual basis."  *Hanlon*, 150 F.3d at 1022.  Here, common questions of law and fact predominate, and a class action is superior to individual litigation.  Defendants allegedly subjected all class members to the same practices and each of the legal issues identified above are shared among all class members.  The Court's adjudication of the legality of those practices would resolve significant aspects of the case for all members.

Second, the "superiority inquiry under Rule 23(b)(3) requires determination of whether the objectives of the particular class action procedure will be achieved in the particular case."  *Hanlon*, 150 F.3d at 1023.  Here, the valuations presented by counsel demonstrate that each class member's maximum average potential recovery would be roughly $11,000.  (*See* Doc. No. 193, at 9, dividing the total recovery by the number of class members).  "Even if efficacious, these claims would not only unnecessarily burden the judiciary, but would prove uneconomic for potential plaintiffs," and "[i]n most cases, litigation costs would dwarf potential recovery."  *Hanlon*, 150 F.3d at 1023.  There is no advantage in

United States District Court
Central District of California

8

individual members controlling the prosecution of separate actions because there would be less leverage for each plaintiff and they would have significantly reduced resources.  *See id.*

Accordingly, the Court finds the class satisfies the requirements of Rule 23(b)(3) and conditionally certifies the class for the purposes of settlement approval.

### B.   Product of Serious, Informed, Non-Collusive Negotiations

The Court agrees with the parties "that procedure for reaching this settlement was fair and reasonable and that the settlement was the product of arms-length negotiations."  *In re Tableware Antitrust Litig.*, 484 F. Supp. 2d at 1080.  Both sides were represented by experienced counsel, each with a comprehensive understanding of the strengths and weaknesses of the claims and defenses.  *Id.*  Additionally, the settlement was reached after an all-day mediation with neutral mediator, Mark Rudy.  (Doc. No. 193, at 20-22).

### C.   No Obvious Deficiencies

With the following two exceptions, which the Court will review at a final approval hearing, the proposed settlement has no obvious deficiencies.

First, the amount requested in attorneys' fees is exceeds the benchmark with no justification, such as extraordinary efforts by counsel. Reasonable attorneys' fees are generally calculated by application of the lodestar method, which requires multiplying a reasonable hourly rate by the

hours reasonably expended. *See City of Riverside v. Rivera*, 477 U.S. 561, 568 (1986) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Alternatively, "[i]n the Ninth Circuit, 25% is generally considered the benchmark for determining whether attorney's fees are reasonable when they are based on a percentage of the award." *McKeen-Chaplin v. Provident Sav. Bank, FSB*, No. 2:12-cv-03035-MCE-ACx, 2018 WL 3474472, at *2 (E.D. Cal. July 19, 2018) (collecting cases).  Here, Plaintiffs' counsel has failed to demonstrate that their work justifies a departure from the benchmark and Plaintiffs' counsel has failed to provide a lodestar calculation as a crosscheck.  Accordingly, the Court would not be not inclined to approve attorneys' fees, if based on the total award, in an amount exceeding 25% of the total award.

Second, the proposed enhancement awards to the named plaintiffs are excessive.  "The district court must evaluate [incentive] awards individually, using 'relevant factors includ[ing] the actions the plaintiff has taken to protect the interests of the class, the degree to which the class has benefitted from those actions, . . . the amount of time and effort the plaintiff expended in pursuing the litigation . . . and reasonabl[e] fear[s of] workplace retaliation.'" *Staton v. Boeing Co.*, 327 F.3d 938, 977 (9th Cir. 2003).  Courts also consider the risk to the class representative in commencing suit, both financial and otherwise, the notoriety and personal difficulties encountered by the class representative, the amount of time and effort spent by the class representative, the duration of the litigation, and the personal benefit (or lack thereof) enjoyed by the class representative as a result of the litigation.  *Van Vranken v. Atl. Richfield Co.*, 901 F. Supp. 294, 299 (N.D. Cal. 1995).  Here,

the Court must protect the interests of the other class members.  Each member of the class presently stands to receive an award averaging roughly $200.  (*See* Doc. 197, at 11-12, dividing the roughly $4,000,000 payable to the class by the estimated class size of 19,626 members).  At this stage, Plaintiffs fail to demonstrate why their involvement justifies an award 25 times the size of the award to their fellow class members.

As these issues are not determined at the preliminary approval stage, however, the Court will make final determinations as to these two deficiencies at the final approval stage.

### D.  Does Not Grant Preferential Treatment to Class Segments

At this time, the settlement does not seem to give preferential treatment to a segment of the class—except for the disproportional incentive payments addressed above.  So long as "the settlement agreement mandates that the net settlement amount will be shared equally by all of the participating class members," preliminarily approval would be warranted. *Dilts v. Penske Logistics, L.L.C.*, No. 3:08-cv-0318-CAB-BLMx, 2014 WL 12515159, at *3 (S.D. Cal. July 11, 2014).

### E.  Falls Within the Range of Possible Approval

Whether a settlement "falls within the range of possible approval," depends on "substantive fairness and adequacy," and the court should "consider plaintiffs' expected recovery balanced against the value of the settlement offer."  *In re Tableware Antitrust Litig.*, 484 F.Supp.2d at 1080. The burden is on counsel proposing the settlement to show that the

United States District Court
Central District of California

11

settlement is adequate. *Philliben v. Uber Techs., Inc.*, No. 3:14-cv-05615-JST, 2016 WL 4537912, at *9 (N.D. Cal. Aug. 30, 2016).

The overall settlement amount of $7,250,000, while on the low end considering the parties estimate Plaintiffs may be entitled to $211,000,000, (Doc. No. 193, at 9), is within the range of reasonableness considering the risk attendant with further litigation and the early stage of this litigation. *See Pierce v. Rosetta Stone, Ltd.*, No. C 11-01283 SBA, 2013 WL 1878918, at *7 (N.D. Cal. May 3, 2013). Plaintiffs would face significant obstacles not only with certifying the class but also surviving summary judgment on all claims and ultimately prevailing at trial. Although the Court will conduct a more thorough examination of the award at the final approval stage as required under Ninth Circuit precedent,[2] the Court finds that after balancing Plaintiffs' expected recovery against the value of the settlement offer, the settlement offer falls within the range of possible approval.

### F.   Objections

The Court finds the objections of Lawrence Peck and Sadashiv Mares premature. "[A] plaintiff who files a proposed class action cannot legally bind members of the proposed class before the class is certified." *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 593 (2013); *Zepeda v. Paypal, Inc.*, No. C 10-1668 SBA, 2015 WL 6746913, at *5 (N.D. Cal. Nov. 5, 2015) ("[S]ince [the objector, as an unnamed class member] is not a party to the

---

[2] *Torrisi v. Tucson Elec. Power Co.*, 8 F.3d 1370, 1375 (9th Cir. 1993); *accord In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 458 (9th Cir. 2000) (citing *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998)).

United States District Court
Central District of California

action, it is questionable whether he has standing to object to the proposed settlement at this juncture.").  Accordingly, any objections by potential class members would not be ripe until after this Court issues its order regarding class certification.  Furthermore, Peck and Mares' interests remain protected as they may object at the final approval phase or may opt out of the class.

Additionally, the Court finds the objections unpersuasive.  Peck's objections regarding potential class certification and the overall fairness of the award were addressed by the Court-ordered supplemental briefing, (Doc. No. 193), and the Court has addressed these issues more fully above. Mares' objections regarding the specific claim valuations fall beyond the scope of the inquiry at the preliminary approval stage regarding whether the amount falls within the range of possible approval, which, as addressed above, the Court finds is satisfied.

## IV.   CONCLUSION

The Court therefore GRANTS the Motion, conditionally certifies the class, and preliminarily approves the class action settlement.

The class for settlement purposes is defined as: All drivers employed by Swift Transportation Co. of Arizona, LLC and/or Swift Transportation Co., Inc. to perform work in the State of California and who earned mileage-based compensation during the period March 22, 2006 to January 31, 2019.

United States District Court
Central District of California

1   Gregory E. Mauro and James R. Hawkins of James Hawkins APLC

2   and Stanley D. Saltzman of Marlin and Saltzman are hereby appointed as

3   joint Class Counsel.

4

5   On or before August 23, 2019, Defendants shall provide to the

6   settlement administrator, ILYM Group Inc., a "Class List and Data Report,"

7   showing each Plaintiff's name, most current mailing address and telephone

8   number, social security number, and the respective number of weeks each

9   Plaintiff worked as a driver earning mileage-based pay during the

10  Settlement Class Period.  Defendants shall provide the list in an electronic

11  format reasonably acceptable to the Settlement Administrator.  The

12  Settlement Administrator shall keep the list confidential and will use it only

13  for the purposes described herein.

14

15  The Court approves, as to form and content, the Notice of Proposed

16  Settlement of Class Action attached to the Settlement Agreement as Exhibit

17  1.  Via first-class regular U.S. mail, the settlement administrator shall mail

18  the notice form to all settlement class members on or before September 6,

19  2019.

20

21  Settlement class members shall have until October 18, 2019 to

22  respond, oppose the settlement, and/or choose to opt out of the settlement.

23

24  Defendants will file a declaration attesting to the mailing of the notice

25  form, the inability to deliver any mailings due to invalid addresses, and the

26  receipt of valid requests for exclusion on or before October 28, 2019.

14

1   Defendants will file a supplemental declaration stating the number of valid

2   timely claims, objections, and requests for exclusions on or before

3   November 4, 2019.

4

5       A Final Approval and Fairness Hearing is hereby set for 2:00 p.m. on

6   December 2, 2019.  The parties shall file final approval papers, including

7   replies in support of final approval and Class Counsel's fee application, on

8   or before November 18, 2019.

9

10      **IT IS SO ORDERED.**

11

12

13   Dated:    8/16/19

14                                          Virginia A. Phillips
                                            Chief United States District Judge
15

16

17

18

19

20

21

22

23

24

25

26

United States District Court
Central District of California