1
2
3
4
5
6
7 **UNITED STATES DISTRICT COURT**

8 **CENTRAL DISTRICT OF CALIFORNIA**

9

| | |
|---|---|
| 10   John Burnell, on behalf of <br> 11   himself and all others similarly situated, <br><br> 12 <br> 13           Plaintiffs, <br> 14      vs. <br> 15   SWIFT TRANSPORTATION COMPANY <br> 16   OF ARIZONA, LLC, a DELAWARE <br> Corporation, SWIFT TRANSPORTATION <br> 17   COMPANY as DOES 1 through 50, <br> inclusive, <br> 18 <br> 19           Defendants. | Lead Case No. 5:10-cv-00809-VAP-OPx <br> Consolidated with Case No. 5:12-cv-00692-VAP-OPx <br><br> **DECLARATION OF NATHALIE HERNANDEZ OF ILYM GROUP, INC., IN SUPPORT OF MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT** <br><br> Date:      December 2, 2019 <br> Time:     2:00 p.m. <br><br> Judge:    Hon. Virginia A. Phillips <br> Dept.: |
| 20   James R. Rudsell, on behalf of <br> 21   himself and all others similarly situated, <br><br> 22 <br> 23           Plaintiffs, <br> 24      vs. <br> 25   SWIFT TRANSPORTATION COMPANY <br> OF ARIZONA, LLC, a DELAWARE <br> 26   Corporation, SWIFT TRANSPORTATION <br> COMPANY as DOES 1 through 50, <br> 27   inclusive, <br> 28           Defendants. | |

Declaration of Nathalie Hernandez                 Case No. 5:12-cv-00692 V AP (OPx)

I, Nathalie Hernandez, declare as follows:

1.      I am a resident of the United States of America and am over the age of 18.  I am the Operations Manager for ILYM Group, Inc., (herein after referred to as "ILYM Group"), the professional settlement services provider who has been retained by the Parties' Counsel and subsequently appointed by the Court to serve as the Claims Administrator for the above captioned *Burnell v. Swift Transportation Co. Inc., et al.* matter.  I am authorized to make this declaration on behalf of ILYM Group and myself.  I have personal knowledge of the facts herein, and, if called upon to testify, I could and would testify competently to such facts.

2.      ILYM Group has extensive experience in administering Class Action Settlements, including direct mail services, database management, claims processing and settlement fund distribution services for Class Actions ranging in size from 26 to 4.5 million Settlement Class Members.

3.      ILYM Group was engaged by the Parties' Counsel and subsequently approved and appointed by the Court to provide notification services and claims administration, pursuant to the terms of the Settlement, in the above referenced Action. Duties performed to-date and to be performed after Final Approval of the Settlement is granted, include: (a) printing and mailing the *Notice of Proposed Settlement of Class Action* (referred to as "Notice Packet"); (b) receiving and processing requests for exclusion; (c) calculating individual settlement award amounts; (d) processing and mailing settlement award checks; (e) handling tax withholdings as required by the Settlement and the law; (f) preparing, issuing and filing tax returns and other applicable tax forms; (g) handling the distribution of any unclaimed funds pursuant to the terms of the Settlement; and (h) performing other tasks as the Parties mutually agree to and/or the Court orders ILYM Group to perform.

4.      On August 21, 2019, ILYM Group received the Court approved text for the Notice Packet from Counsel for Defendants.  ILYM Group prepared a draft of the formatted Notice Packet, which was approved by the Parties' Counsel prior to mailing.

5.      On August 23, 2019, ILYM Group received the class data file from Counsel for Defendants, which contained the name, employee number, social security number, last known mailing address, last known telephone number, employment dates, and workweeks for each Settlement Class

1  Member. The data file was uploaded to our database and checked for duplicates and other possible

2  discrepancies. The Class List contained 19,544 individuals.

3       6.     As part of the preparation for mailing, all 19,544 names and addresses contained in the

4  Class List were then processed against the National Change of Address ("NCOA") database, maintained

5  by the United States Postal Service ("USPS"), for purposes of updating and confirming the mailing

6  addresses of the Settlement Class Members before mailing of the Notice Packet.  The NCOA contains

7  requested change of addresses filed with the USPS.  To the extent that an updated address was found in the

8  NCOA database, the updated address was used for the mailing of the Notice Packet.  To the extent that no

9  updated address was found in the NCOA database, the original address provided by Counsel for Defendants

10  was used for the mailing of the Notice Packet.

11       7.     On September 6, 2019, the Notice Packet was mailed, via U.S First Class Mail, to all

12  19,544 individuals contained in the Class List.  Attached hereto, as **Exhibit A**, is a true and correct copy of

13  the mailed Notice Packet.

14       8.     As of the date of this declaration, 883 Notice Packets have been returned to our office as

15  undeliverable.  Of the 883 returned Notice Packets, 7 were returned with a forwarding address and promptly

16  re-mailed to the forwarding address provided.  ILYM Group performed a computerized skip trace on the

17  876 returned Notice Packets that did not have a forwarding address, in an effort to obtain an updated address

18  for purpose of re-mailing the Notice Packet.  As a result of this skip trace, 537 updated addresses were

19  obtained and the Notice Packet was promptly re-mailed to those Settlement Class Members, via U.S First

20  Class Mail.

21       9.     As of the date of this declaration, a total of 544 Notice Packets have been re-mailed.

22  Specifically, 7 were re-mailed as a result of a forwarding address provided by the USPS, 537 have been re-

23  mailed as a result of ILYM Group's skip tracing efforts.

24       10.     As of the date of this declaration, a total of 339 Notice Packets have been deemed

25  undeliverable. Specifically, 339 have been deemed undeliverable as no updated address was found

26  notwithstanding the skip tracing. As a result, the 339 undeliverable Notice Packets represent 1.7% of the

27  total number of Settlement Class Members.

28       11.     As of the date of this declaration, ILYM Group has received 11 timely valid requests for

Declaration of Nathalie Hernandez            Case No. 5:12-cv-00692 V AP (OPx)

1    exclusion.  The deadline to request exclusion from the Settlement was October 18, 2019.

2         I declare under penalty of perjury under the laws of the State of California and the United States

3    that the foregoing is true and correct to the best of my knowledge and that this Declaration was executed

4    this 28th day of October 2019, at Tustin, California.

5

6

7                                                    *Nathalie Hernandez*
                                                     NATHALIE HERNANDEZ

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Declaration of Nathalie Hernandez                          Case No. 5:12-cv-00692 V AP (OPx)

# EXHIBIT "A"

<u>**NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION**</u>

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

> **To:    All drivers employed by Swift Transportation Company, LLC to perform work in the State of California and who earned mileage-based compensation during the Settlement Class Period beginning March 22, 2006 through January 31, 2019.**

You are receiving this Notice because a proposed settlement has been reached in the following cases pending in the United States District Court for the Central District of California: (1) *John Burnell, et al. v. Swift Transportation Co., Inc., et al*., Case No. ED-CV 10-00809 VAP (Opx); and (2) *James R. Rudsell v. Swift Transportation Company of Arizona, LLC*, et al., Case No. ED-CV-00692 VAP (OPx).  You may be entitled to benefits as a Settlement Class Member if the Court approves the Settlement described in this Notice.  Your options with respect to the Settlement are explained in further detail below.

<u>**THIS NOTICE AFFECTS YOUR LEGAL RIGHTS.
PLEASE READ IT CAREFULLY.**</u>

*This is not a solicitation from a lawyer.  A Court has authorized this Notice.*

**WHAT IS THIS NOTICE ABOUT?**

A proposed settlement (the "Settlement") has been reached jointly between Plaintiffs James Rudsell and Gilbert Saucillo ("Plaintiffs") and Defendants Swift Transportation Company of Arizona, LLC, et al. ("Defendants" or "Swift") in two proposed class actions pending in the United States District Court for the Central District of California, brought on behalf of "all drivers employed by Defendants to perform work in the State of California and who earned mileage-based compensation during the Settlement Class Period" beginning March 22, 2006 through January 31, 2019 (the "Settlement Class").

On August 16, 2019, the Court preliminarily approved the proposed joint Settlement and certified the Settlement Class for purposes of Settlement only.  You have received this Notice because Swift's records indicate that you are a member of the Settlement Class.  This Notice is designed to inform you of how you can participate in the Settlement, request to be excluded from the Settlement or object to the Settlement.  **Unless you submit a request to be excluded from the Settlement, the Settlement, if finally approved by the Court, will be binding on you.**

**WHAT ARE THESE LAWSUITS ABOUT?**

On March 22, 2010, Mr. Burnell, a former Swift truck driver, filed a wage and hour putative class action on behalf of a group of current and former Swift truck drivers (the "*Burnell* Action").  On August 27, 2013, Gilbert Saucillo was added as a named plaintiff and proposed class representative in the complaint filed by Mr. Burnell.  The *Burnell* action alleges that Swift failed to compensate its truck drivers for all time worked, including compensation for missed meal and rest periods and compensation for time spent by Settlement Class Members working but not driving (for example, waiting for dispatch and completing paperwork).  The *Burnell* action further alleges that Swift failed to provide Settlement Class Members with accurate wage statements and failed to pay separated employees all compensation due in a timely manner.  The *Burnell* action seeks compensatory damages, liquidated damages, penalties, interest, attorneys' fees and costs, restitution and injunctive relief.  Defendants deny all allegations in the *Burnell* Action in their entirety, vigorously maintain that Swift pays its drivers properly under the law (including for meal periods, rest periods, nonproductive time, and at the time of separation), and have asserted numerous affirmative defenses to the *Burnell* allegations.

On January 10, 2012, Plaintiff James R. Rudsell, another former Swift truck driver, filed a different wage and hour putative class action on behalf of a slightly different group of current and former Swift truck drivers (the "*Rudsell* Action"). The *Rudsell* action contains many of the same allegations as the *Burnell* action, including that Defendants purportedly failed to compensate Settlement Class Members for all time worked, failed to provide Settlement Class Members with accurate wage statements and failed to pay separated employees all compensation due in a timely manner. Like the *Burnell* Action, the *Rudsell* Action seeks compensatory damages, liquidated damages, penalties, interest, attorneys' fees and costs, restitution and injunctive relief. Defendants deny all allegations in the *Rudsell* Action in their entirety, vigorously maintain that Swift pays its drivers properly under the law, and have asserted numerous affirmative defenses.

On April 29, 2013, the Honorable Virginia A. Phillips, Chief District Judge for the United States District Court for the Central District of California, granted Defendant's Motion to Stay the *Rudsell* Action pending the outcome of the *Burnell* Action because the *Burnell* Action completely subsumes the *Rudsell* Action ("the putative class in both actions consists of California non-exempt truck driver employees . . .[b]oth actions bring claims for failure to pay minimum wage; failure to provide meal and rest periods; failure to timely pay wages; failure to provide accurate wage statements; violations of California's unfair competition laws; and violations of California Labor Code § 2698 . . .[t]he class period in the [*Rudsell* Action] falls with the class period in the *Burnell* Action").

The parties have conducted a significant investigation of the facts and law during the prosecution of these actions, including the exchange of information and documents through informal and formal discovery. The parties have held numerous meetings and informal conferences wherein they exchanged information and theories of the respective cases. The parties participated in a mediation and subsequent settlement discussions and reached a Settlement. The Settlement resolves all claims in the *Burnell* Action and all claims in the *Rudsell* Action (which is completely subsumed by the *Burnell* Action).

This Settlement represents a compromise and settlement of highly disputed claims. Nothing in this Notice is intended or will be construed as an admission by Defendants that Plaintiffs' claims in the Actions have merit or that Defendants have any liability to Plaintiffs or the Settlement Class on those claims, or as an admission by Plaintiffs that Defendants' defenses in the Actions have merit.

The Parties and their counsel have concluded that the Settlement is advantageous, considering the costs, interruptions, risks and uncertainties to each side of continued litigation. The parties and their counsel have determined that the Settlement is fair, reasonable, and adequate, and Plaintiffs and their counsel believe the Settlement is in the best interests of Settlement Class Members.

## WHO IS INCLUDED IN THE SETTLEMENT?

You are included in the Settlement Class if you fall within the following definition:

> All drivers employed by Defendants to perform work in the State of California and who earned mileage-based compensation during the Settlement Class Period beginning March 22, 2006 through January 31, 2019.

## WHAT ARE THE BENEFITS AND TERMS OF THE SETTLEMENT?

1. Defendant will pay a Gross Settlement Amount of $7,250,000.00 (Seven Million Two Hundred and Fifty Thousand Dollars and No Cents) to settle these Actions. The Gross Settlement Amount will fund all payments to be made under the Settlement, including payments to the Settlement Class Members and the employer's portion of payroll taxes, and all court-approved deductions including settlement administration costs, attorney's fees, costs, and the Service Award, as described below.

2. Following the court-approved deductions from the Gross Settlement Amount, the remaining amount will be the Payout Fund.

3. The entire Payout Fund will be distributed to Settlement Class Members who do not timely request to be excluded from the Settlement as described below:

   a. All Settlement Class Members will be eligible to automatically receive a Settlement Award on a pro-rata basis, based on the number of workweeks they worked as Settlement Class Members as compared to the number of workweeks worked by all Settlement Class Members.  For example, if the Payout Fund is $4,000,000 and if there were 800,000 workweeks worked by all Settlement Class Members during the Settlement Class Period, each workweek would have a value of $5.00.  A Settlement Class Member who worked for 52 weeks, for example, would be eligible for a Settlement Award of approximately $260.00.  Any partial workweek will be rounded up to the nearest full workweek.

   b. Thirty-three percent (33%) of all Settlement Award payments to participating Settlement Class Members will be called the "Wage Portion."  From each individual's Wage Portion, payroll deductions will be made for state and federal withholding taxes and any other applicable payroll deductions owed by the Settlement Class Member as a result of the payment, resulting in a "Net Wage Portion."  Settlement Class Members will be issued W-2s for the Wage Portions of their Settlement Awards.

   c. The remaining sixty-seven percent (67%) of all Settlement Award payments to participating Settlement Class Members will represent the "Non-Wage Portion" of the Settlement Awards and includes interest and penalties sought in the Actions.  No deductions will be made from the Non-Wage Portion of the Settlement Awards.  Settlement Class Members will be issued IRS Form 1099s for the Non-Wage Portions of their Settlement Awards.

   d. Once the allocations are made between the Wage Portion and Non-Wage Portion, and applicable payroll deductions are made for state and federal withholding taxes and any other applicable payroll deductions from the Wage Portion, the resulting amount shall be the individual's "Net Settlement Amount."  The Net Settlement Amount will be the net amount paid to each Settlement Class Member and is the individual's "Settlement Payment."

4. There is no need for a Settlement Class Member to submit a Claim Form in order to be eligible for and to receive an Award.

5. Excluded from becoming Settlement Class Members are those Plaintiffs who submit valid and timely requests for exclusion pursuant to the terms and procedures of the Notice.

6. **Released Claims**.  The Settlement includes a release of all claims asserted in, or arising out of the facts alleged in, the Complaints against Defendants, including claims for unpaid wages, unpaid meal periods or meal period premiums, unpaid rest periods or rest period premiums, exemplary damages, penalties and/or interest, to the fullest extent permitted by law.

7. **Court-Approved Deductions**.  Should the Court approve the Settlement, the following court-approved deductions shall be made from the Gross Settlement Amount:

   a. **Class Counsel Fees Payment and Class Counsel Expenses Payment**.  Class Counsel have represented and continue to represent the Settlement Class on a contingency-fee basis.  That means that attorneys' fees are paid only if money is recovered for the Settlement Class.  It is common to

award attorneys' fees as a percentage of the settlement amount negotiated by the attorneys for the Settlement Class. As part of the final approval hearing, Plaintiffs' Counsel, will request up to $2,416,666.66 (one third of the Gross Settlement Amount) for their attorneys' fees in connection with their work in this case, and up to $100,000.00 in reimbursement of their reasonable litigation costs and expenses that were advanced in connection with the Actions.

b. **Service Awards**. In addition to their Settlement Awards as Settlement Class Members, the named Plaintiffs will seek approval from the Court for payments of $5,000 each (for a total of $10,000) in consideration for their service in initiating and pursuing the Actions, and undertaking the risk of liability for attorneys' fees and expenses in the event the were unsuccessful in the prosecution of the Actions. These payments, if approved by the Court, will be paid in addition to each Plaintiff's Settlement Award, and will be made out of the Gross Settlement Amount.

c. **LWDA Deduction**. The parties will seek approval from the Court to designate $500,000 of the Gross Settlement Amount as penalties recoverable under the Private Attorneys' General Act. 75% of this amount, or $375,000, will be paid to the California Labor and Workforce Development Agency, as required by law. The remaining 25% of this amount, or $125,000.00, will be included in the Payout Fund and distributed to Settlement Class Members.

d. **Claims Administration Expenses**. If approved by the Court, the reasonable costs of administering the Settlement, including the Settlement Administrator's fees and expenses, which are approximately $100,000.00, will be paid out of the Gross Settlement Amount.

## WHO IS CLASS COUNSEL?

Gregory E. Mauro and James R. Hawkins of James Hawkins APLC are Class Counsel on behalf of Plaintiff James Rudsell, and Stanley D. Saltzman of Marlin and Saltzman, LLP is Class Counsel on behalf of Plaintiff Gilbert Saucillo.

## WHAT HAPPENS IF THE COURT APPROVES THE SETTLEMENT?

If the Court approves the proposed Settlement, it will enter a judgment that will dismiss the Actions with prejudice on the merits as to all Settlement Class Members who do not timely request exclusion from the Settlement. This means that Settlement Class Members, including the Named Plaintiffs, who do not exclude themselves, will be barred from bringing their own lawsuits for recovery against Defendants for any and all claims, rights, penalties, demands, damages, debts, accounts, duties, costs (other than those costs required to be paid pursuant to this Settlement Agreement), liens, charges, complaints, causes of action, obligations, or liability of any and every kind, whether known or unknown, that were alleged or could have been asserted based on the alleged facts in these Actions and any claims relating in any way to any of the facts alleged or asserted or referred to in any of the pleadings and/or papers filed in the Actions (the "Released Claims"), namely:

- All claims arising from or related to the facts and claims alleged in the Actions, or that could have been raised in the Actions based on the facts and claims alleged;

- All claims for unpaid wages of whatever kind, including, but not limited to, failure to pay minimum wages; failure to pay straight time compensation, overtime compensation, double-time compensation, reporting time compensation, off-the-clock work, time subject to employer's control, and/or interest; missed, late, short or interrupted meal and/or rest periods, including any claim for any alleged failure to pay premiums for missed, late, short or interrupted meal or rest periods, or to pay such premiums at the regular rate of compensation; reimbursement for business expenses or any other claim that Defendants allowed or required employees to bear any of the costs associated with the operation of Defendants' business;

inaccurate or otherwise improper wage statements and/or failure to keep or maintain accurate records; unlawful deductions; unlawful payment instruments; any claim for unfair business practices arising out of or related to any or all of the aforementioned claims; any claim for penalties arising out of or related to any or all of the aforementioned claims, including, but not limited to, recordkeeping penalties, wage statement penalties, minimum-wage penalties, and waiting-time penalties; and attorneys' fees and costs;

- Any and all claims arising under the California Labor Code (including, but not limited to, sections 200, 201, 201.3, 201.5, 202, 203, 204, 205.5, 210, 212, 216, 218, 218.5, 218.6, 221, 222, 222.5, 223, 224, 225, 225.5, 226, 226.7, 226.8, 227.3, 450, 510, 511, 512, 516, 558, 1174, 1174.5, 1194, 1194.2, 1197, 1197.1, 1197.2, 1198, 1198, 2698 et seq. and 2699 et seq.); the applicable Wage Orders of the California Industrial Welfare Commission; California Business and Professions Code section 17200, et seq.; the California Civil Code, including but not limited to, sections 3287, 3289, 3336 and 3294; California Code of Civil Procedure § 1021.5; California common law, to the extent it relates to or includes the Released Claims set forth above; and the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA") and/or federal common law; and

- Any and all claims under the Private Attorneys General Act, Cal. Lab. Code § 2698 et seq. ("PAGA") that were or could have been asserted in the Actions based on the facts alleged or are reasonably related to those asserted.  The PAGA Released Claims include PAGA Claims asserted during the PAGA Settlement Period of March 22, 2009 through January 31, 2019.

- With respect to Yard Hostlers and Yard Hostlers only, the parties disagree on the impact of this release. Defendants maintain that the case law dictates that the release of 203 penalties, and other penalties, in these Actions, effects a release of all such claims for the affected Yard Hostler Class Members, regardless of any other actions that may be pending involving those same Class Members because an employee may only claim 203 penalties once, regardless of the number of different alleged violations triggering such penalties.  Plaintiffs disagree, and assert that to the extent that factual claims that were not asserted in these actions and could not have been asserted in the actions on behalf of mileage-based drivers exist, and are being pursued in other actions against the Defendant Releasees, specifically Fritsch v. Swift Transportation Co. of Arizona, LLC, United States District Court Case No. 5:17-cv- 02226-JGB-SP, that such Class Members can pursue such claims for 203 penalties, or other penalties arising therefrom, in such other action, irrespective of any release granted in this matter.  Plaintiffs believe this issue of law is unsettled in California, and thus the Parties do not agree upon the legal issue underlying this question of law, that being whether the release granted herein would apply to such other claims for 203 penalties or other penalties sought in the referenced action.  That issue will be resolved, if necessary, in such other action.

The release of claims set forth in the Settlement excludes the release of claims not permitted by law.

## WHAT HAPPENS IF THE COURT DOES NOT APPROVE THE SETTLEMENT?

If the Court does not approve the proposed Settlement, the Actions will proceed as if no settlement has been attempted and there can be no assurance that the Settlement Class Members will recover more than is provided for in this Settlement or, indeed, anything.

## WHEN IS THE FINAL SETTLEMENT APPROVAL HEARING?

A hearing will be held before the Honorable Virginia A. Phillips of the United States District Court for the Central District of California on December 2, 2019 at 2:00 p.m., at the First Street Courthouse, Courtroom 8A, 8th Floor, 350 West 1st Street, Los Angeles, CA 90012.  The purpose of the hearing is for the Court to determine final approval of the Settlement along with the amount properly payable for (i) the Fees and Costs Award, (ii) Named

Plaintiffs' Service Awards, (iii) the Settlement Administrator's Fees and Expenses, (iv) Settlement Class Member Awards; and (v) the PAGA Payment to the LWDA. **The time and date of this hearing may be changed without further notice. Settlement Class Members are advised to check the Settlement website or the Court's PACER site to confirm that the date and/or time of the hearing has not been changed.**

| **WHAT ARE MY OPTIONS REGARDING THE SETTLEMENT?** |
| --- |

If you are receiving this Notice, you have the following options:

- **Participate Fully in the Settlement**:  To receive a monetary payment from this settlement, Settlement Class Members are not required to do anything.

- **Request to be Excluded**:  Settlement Class Members who wish to exclude themselves from the Settlement Class must submit a signed, written statement requesting exclusion from the Settlement Class on or before the Objection/Exclusion Deadline Date of October 18, 2019.  The Opt-Out Request must state in substance:

  > "I have read the Class Notice and I wish to opt out of the settlement of the following cases:  *Rudsell v. Swift Transportation Company of Arizona, LLC, et al.*, Case No. ED-CV-00692 VAP (OPx) and *Burnell, et al. v. Swift Transportation Co., Inc., et al.*, Case No. ED-CV 10-00809 VAP (OPx).  I understand that by opting out of the settlement that I will not be bound by any judgment in the cases and will not be entitled to receive any payment from the settlement."

  Such written request for exclusion must contain the name, address, telephone number and last four digits of the Social Security number of the individual requesting exclusion and the location and years of his or her employment by Defendants; must be returned by mail to the Settlement Administrator at the following address:  ILYM Group, Inc., | P.O. Box 2031 Tustin, CA 92781; must be signed by the individual requesting exclusion; and must be postmarked on or before the Objection/Exclusion Deadline Date of October 18, 2019.  **The date of the postmark on the mailing envelope shall be the exclusive means used to determine whether a request for exclusion has been timely submitted**.  Any person who opts-out of the Settlement Class will not be entitled to any recovery under the Settlement and will not be bound by the Settlement or have any right to object, appeal or comment thereon.  Individuals who fail to submit a valid and timely request for exclusion on or before the Objection/Exclusion Deadline Date of October 18, 2019 shall be Settlement Class Members and shall be bound by all terms of the Settlement and any Final Judgment entered in these actions if the Settlement is approved by the Court.

- **Object**.  You can ask the Court to deny approval of the Settlement by filing an objection. **You cannot ask the Court to order a different settlement; the Court can only approve or reject the settlement**.  If the Court denies approval, no settlement payments will be sent out and the lawsuit will continue. If that is what you want to happen, you must object.

  Settlement Class Members who wish to object to the Settlement must file with the Court and serve on counsel for the Parties a written statement objecting to the Settlement.  Such written statement must be filed with the Court and served on counsel for the Parties no later than October 18, 2019 (the "Objection/Exclusion Deadline Date").  No Settlement Class Member shall be entitled to be heard at the final Settlement Hearing (whether individually or through separate counsel) or to object to the Settlement, and no written objections or briefs submitted by any Settlement Class Member shall be received or considered by the Court at the Settlement Hearing, unless written notice of the Settlement Class Member's intention to appear at the Settlement Hearing, and copies of any written objections or briefs, shall have been filed with the Court and provided to the Settlement Administrator on or before the Objection/Exclusion Deadline Date of October 18, 2019.  If the

Settlement Class Member satisfies the requirements to object to the Settlement, he or she may opt to appear at the Final Approval Hearing *pro se* or through his or her own attorney. Where the Settlement Class Member opts to appear through his or her own attorney, he or she is responsible for hiring and paying that attorney.

The Parties will be permitted to respond in writing to such objections prior to the Final Approval Hearing. Settlement Class Members who fail to file and serve timely written objections in the manner specified above shall remain Settlement Class Members and shall be deemed to have waived any objections and shall be foreclosed from making any objection (whether by appeal or otherwise) to the Settlement.

**YOU MUST SERVE ANY OBJECTIONS ON COUNSEL FOR THE PARTIES AT THE ADDRESSES BELOW:**

| DEFENSE COUNSEL | BURNELL CLASS COUNSEL | RUDSELL CLASS COUNSEL |
|---|---|---|
| SHEPPARD MULLIN RICHTER & HAMPTON | MARLIN AND SALTZMAN, LLP | JAMES HAWKINS APLC |
| Robert Mussig | Stanley D. Saltzman | Gregory E. Mauro |
| rmussig@sheppardmullin.com | ssaltzman@marlinsaltzman.com | greg@jameshawkinsaplc.com |
| 333 South Hope Street, 43rd Floor | | 9880 Research Drive, Suite 200 |
| Los Angeles, CA 90071 | 29800 Agoura Rd, Suite 210 | Irvine, CA. 92618 |
| Tel: 213-620-1780 | Agoura Hills, CA 91301 | Tel: 949-387-7200 |
| | Tel: 818-991-8080 | |

**ARE THERE MORE DETAILS AVAILABLE?**

This notice summarizes the proposed Settlement. For the precise terms and conditions of the settlement, please see the Settlement Agreement, which is available at www.swifttransportationsettlement.com. You may also obtain a copy of the Settlement Agreement by contacting Class Counsel at 949-387-7200, accessing the Court docket in this case, for a fee, through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cacd.uscourts.gov, or by visiting the office of the Clerk of the Court for the United States District Court for the Central District of California, First Street Courthouse, 350 West 1st Street, Los Angeles, California 90012, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays.

For any additional inquiries concerning this case, you may also contact the Claims Administrator, ILYM Group, Inc. at P.O. Box 2031 Tustin, CA 92781 or at 888-250-6810.

**PLEASE DO NOT TELEPHONE THE COURT OR THE COURT CLERK'S OFFICE TO INQUIRE ABOUT THIS SETTLEMENT OR THE CLAIM PROCESS.**