**JAMES R. HAWKINS, APLC**
James R. Hawkins, Esq. SBN 192925
Gregory E. Mauro, Esq. SBN 222239
9880 Research Drive, Suite 200
Irvine, CA 92618
TEL:    (949) 387-7200
FAX:   (949) 387-6676

Attorneys for Plaintiff, JAMES R. RUDSELL, on behalf of himself and all others similarly situated

**MARLIN & SALTZMAN, LLP**
Stanley D. Saltzman, Esq. (SBN 90058)
29800 Agoura Road, Suite 210
Agoura Hills, California   91301
Telephone:  (818) 991-8080
Facsimile:   (818) 991-8081
ssaltzman@marlinsaltzman.com

**SETAREH LAW GROUP**
Shaun Setareh, (SBN 204514)
315 South Beverly Drive, Suite 315
Beverly Hills, CA 90212
Telephone: (310) 888-7771
Facsimile: (310) 888-0109shaun@setarehlaw.com

Attorneys for Plaintiffs GILBERT SAUCILLO, et al

## IN THE UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN BURNELL, JACK POLLOCK, and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SWIFT TRANSPORTATION CO. OF ARIZONA, LLC,<br><br>Defendant. | **CASE NO.  EDCV 12-00692 VAP OPx**<br>Related Case: **5:10-CV-00809-VAP (OPx)**<br>(Assigned to the Hon. Virginia A. Phillips)<br><br>**DECLARATION OF JAMES HAWKINS IN SUPPORT OF PLAINTIFFS' MOTION FOR FINAL APPROVAL, ATTORNEYS' FEES, COSTS, SERVICE AWARDS, AND ADMINISTRATION COSTS**<br><br>Date:          December 2, 2019<br>Time:         02:00 p.m.<br>Room:        8A – First Street<br><br>Complaint Filed:   March 22, 2010<br>Trial Date:          None Set |

## DECLARATION OF JAMES R. HAWKINS

I, James Hawkins, declare as follows:

1.      I am an individual over the age of 18.  I am a partner at the Law Firm of James Hawkins, APLC ("Counsel" or "Class Counsel").  I am one of the attorneys of record for named Plaintiff James Rudsell ("Plaintiff" or "Class Representative"), who has filed the *Rudsell* class action on behalf of the Class Members. I submit this Declaration in support of the Motion for Final Approval of Class Action Settlement, Attorneys' Fees, Costs, Service Awards and Administration Costs ("Motion") of the Class Action Settlement ("Settlement" or "Settlement Agreement"), which is filed concurrently herewith, along with the Memorandum of Points and Authorities.  I have personal knowledge of the facts set forth below, with many of the facts being drawn from the Court files herein, and if called to testify regarding them, I could and would do so competently.

2.      Nothing has changed to disturb the Court's August 16, 2019 granting of preliminary approval of the settlement and the Court should grant final approval.  Of the 19,544 individuals, only 11 valid and timely individuals have excluded themselves and only 4 individuals have made objections, Three of the four objections assert an inadequate settlement value.  However, the Court has already considered the reasonable value of the settlement over the objections and held oral argument prior to granting preliminary approval.  The fourth objections, separately addressed, also lacks reason to deny final approval.  Nothing has changed to disturb such a finding of the reasonableness of the settlement given the in depth risks and valuation discussions made in support of the motion for preliminary approval and the Court should grant final approval. A true and correct copy of the operative Settlement Agreement is attached hereto as **Exhibit 1** and incorporated herein.

3.       The *Burnell* case was filed on March 22, 2010, and thereafter removed to this Court.  The *Rudsell* case was filed on January 10, 2012, and also removed to this Court.

4.      The *Burnell* and *Rudsell* Actions and the proposed settlement Class Members are/were employed by Defendants who own and operate a logistics business, as employee drivers primarily driving within the state of California and alleged claims for unpaid wages, unpaid rest breaks, illegal meal breaks, wage statement violations, unreimbursed expenses, waiting time penalties, PAGA and unfair competition.  Plaintiffs alleged in both actions that Defendant's mileage-based pay violated California law in that it did not allocate pay for certain tasks drivers had to perform, i.e. pre- and post-trip inspections, loading, unloading, fueling, maintenance, hooking or unhooking trailers, waiting time, and completing paperwork, and because Defendant did not provide paid rest breaks. The certified class for settlement purposes is defined as all drivers employed by Swift Transportation Co. of Arizona, LLC and/or Swift Transportation Co., Inc. ("Swift" or Defendants") to perform work in the State of California and who earned mileage-based compensation during the period March 22, 2006 to January 31, 2019. There are 19,533 Settlement Class Members.

5.      The *Rudsell* case engaged in a round of discovery before the case was stayed by order of this Court, on April 29, 2013.  The *Burnell* case was the subject of extensive pre-certification litigation, including many depositions of parties and corporate witnesses, as well as extensive productions of records by the Defendant—all of the discovery and investigation went to not only the class claims but also to the representative PAGA claim, which is predicated on the same factual allegations as the class claims.  The *Burnell* plaintiffs filed their motion for class certification on January 22, 2016.  After full briefing, the motion was argued on April 25, 2016, and ultimately denied by the Court on May 4, 2016 (Docket no. 170).  Plaintiffs' filed a petition for review under Rule 23(f), which after briefing was denied by the Ninth Circuit on July 18, 2016. There has not been any ruling on the PAGA claims asserted in either *Burnell* or *Rudsell*.

6.      From the inception of these cases, through until the settlement negotiations, the parties have vigorously litigated their respective positions in

3

connection with all aspects of this litigation.  Such investigation has included, inter alia, the formal and informal exchange of information and documents including interrogatories and request for documents which included production of covering policies and procedures relating to the alleged claims, such as employee handbooks, relevant policies on timekeeping, pay schemes, meal and rest periods, job descriptions and duties, sampled time and payroll records, Defendant's locations in California during the class period,  the compensation information relating to the Class Members such as work workweeks applicable to the Class during the Class Period.  Defendant also provided data regarding the class size, including active drivers and formers and driver payroll records.  This discovery permitted Class Counsel to conduct extensive and comprehensive damages analyses and have a clear view of the strengths and weaknesses of their claims and defenses to determine potential liability for each of Plaintiffs' claims.

7.     After review and analysis of the extensive body of documents and information produced by Defendant, including developing intricate custom software algorithms for the computation of damage models in this case for use at mediation and case valuation, the parties attended a full-day mediation on April 23, 2018 with experienced wage-and-hour mediator, Mark Rudy, Esq., in San Francisco. The parties were unable to reach a resolution at mediation that day but continued negotiations through mediator Mark Rudy and eventually agreed upon the $7.25 million settlement on or about May 14, 2018. Thereafter, the Parties continued to negotiate the additional terms of the settlement.

8.     Throughout the negotiations and the litigation process in general, Plaintiffs recognized that the issues of liability and class certification presented significant uncertainty and risk.  This was born out by the outcome of the certification motion in the *Burnell* case, plus the *Mares* and *McKinsty* cases, where this Court thrice denied certification of the claims asserted.  Moreover, this Court also granted defense

summary judgment in the *Mares* case and in the unrelated but similar *CRST* matter, wherein both sets of Plaintiffs' counsels herein were also counsel for the class therein.

9. If Plaintiffs were unable to reverse the denial of certification or to reverse the summary judgments awarded, they could not prevail on these claims, and a judgment would be entered for Defendant, whereby the Class Members would receive nothing. The proposed Settlement, in contrast, offers a guaranteed, significant value to the Class Members that fairly and reasonably accounts for the very real risks of litigation. Based on the parties' own independent investigations and evaluation, I am of the opinion that the settlement for the consideration and on the terms set forth in the Settlement is within the range of approval, and is fair, reasonable, and adequate and is in the best interests of the Class in light of all known facts and circumstances and the expenses and risks inherent in litigation and certification. The issues and arguments Class Counsel has encountered and overcome in arriving at the parties' negotiated settlement terms were many and complex and required skillful advocacy that can arise only out of experience, professional perspective, and success.

10. Subject to Court approval, Defendant has agreed to pay a non-reversionary Gross Settlement Amount of Seven Million Two Hundred and Fifty Thousand dollars ($7,250,000.00) to settle these proposed consolidated actions. Upon the Court granting preliminary and then final approval of the requested amounts, the following specific payments will be made from the GSA to arrive at the Net Settlement Amount (NSA), which is the amount available for distribution to the Participating Class Members:

|  | *Amount* |
|---|---|
| **Gross Settlement Fund:** | **$7,250,000.00** |
| Attorneys' Fees | ($2,416,666.67) |
| Litigation Costs | ($75,000.00) |
| Settlement Administration | ($67,551.61) |
| Plaintiff Service Awards | ($10,000.00) |
| PAGA Penalties (75% LWDA portion) | ($375,000.00) |

5

| Net Settlement Amount | $4,305,781.72 |
|---|---|

11.     The Settlement provides Class Members immediate relief, after nine years of litigation, while avoiding further significant legal and factual obstacles that otherwise may prevent them from obtaining any recovery at all.  Indeed, as noted above, certification of this and two other similar classes has been denied on three separate occasions, summary judgment motions on key issues have been granted in favor of the defendant, and critical claims have now been subjected to federal agency intervention through the recent determinations of the Federal Motor Carrier Safety Administration (FMCSA) declaring meal and rest breaks to be preempted by federal law, and therefore class certification, trial and any attendant appeals, are inherently uncertain.

12.     Aside from the attacks on the merits of the Plaintiffs' claims, Defendant also asserted that Plaintiffs' meal and rest break and wage/hour claims may be subject to federal preemption based on the December 21, 2018 Federal Motor Carrier Safety Administration ("FMCSA") granting the American Trucking Association ("ATA") petition finding that California's meal and rest break laws are preempted under 49 U.S.C. 31141. (Section 31141 for property-carrying commercial drivers that are covered by the Department of Transportation ("DOT")).  On March 22, 2019, the FMCSA issued a clarifying decision stating that its December 21, 2018 decision "precludes courts from granting relief pursuant to the preempted State law or regulation at any time following issuance of the decision, regardless of whether the conduct underlying the lawsuit occurred before or after the decision was issued, and regardless of whether the lawsuit was filed before or after the decision was issued." If such regulations pass judicial scrutiny at the 9th Circuit or U.S. Supreme Court, as to which several appeals are already occurring, those claims would immediately be worthless.

13.     This case also has the potential to impose enormous litigation costs

1   on all of the parties, as Defendant is expected to continue challenging Plaintiffs'
2   allegations.  Although it is difficult to foresee the ultimate result of a trial, we
3   anticipate an expensive, complex and time-consuming process.  We foresee the
4   possibility of a lengthy and costly appeal regardless of the outcome of trial given the
5   ever changing legal landscape governing this case.  In order to succeed on the merits,
6   Class Members would also need to prevail on the several hotly disputed legal and
7   factual issues discussed herein.

8       14.    Plaintiffs' Counsel continues to view this as a fair and reasonable
9   settlement in light of the complexities of the case, the state of the law and uncertainties
10  of class certification and litigation, the policies and practices Defendant has had in
11  place or implemented, and their impact on potential liability, and the benefit to be
12  recovered for the Class Members.  Given the risks inherent in litigation and the
13  defenses asserted, Class Counsel believe this Settlement to be fair, adequate, and
14  reasonable and to be in the best interests of the Class Members, such that it should be
15  preliminarily approved.

16      15.    The Class Representatives have provided extensive supporting
17  documents, and assisted counsel in developing information which has been absolutely
18  necessary to litigate and settle this case.  Plaintiffs also conducted extensive record
19  review and consultation with counsel.   The Settlement provides for a request for the
20  Court to approve an enhancement award to be paid to the Class Representative in the
21  amount of $5,000.  Plaintiffs faced significant risks both financially and reputationally.
22  Had Defendant prevailed in this action, Plaintiffs may have been required to pay
23  Defendant's costs. Moreover, by putting their names on the face of this action against a
24  major trucking company in the United States, Plaintiffs have gained notoriety, and risk
25  facing difficulty finding future positions in the trucking industry.   The incentive awards
26  requested by each of the Plaintiffs represent a small fraction of the overall settlement
27  value.  Plaintiffs have maintained their position in this action for close to a decade.
28  Surely Plaintiffs could have decided to settle their individual claims and not provide

7

1    any relief to the class.  Yet, Plaintiffs have maintained a steady course which course

2    should not be penalized.  Without Plaintiffs' work and efforts, the Settlement Class

3    would have received nothing.  Therefore, when examined in the context of the gross

4    funds that were obtained on behalf of the Class as a direct result of Plaintiffs'

5    undertaking the role of Class representatives, the requested Incentive Awards are

6    proportionally modest, fair, and reasonable.

7         16.    I and my firm have a great deal of experience in wage and hour class

8    action litigation. My practice is limited exclusively to litigation, focusing on the

9    representation of employees and consumers in wage and hour and consumer class

10   action matters and have been appointed Class Counsel or co-Class Counsel in many of

11   these cases.  I have been certified and approved as class counsel in many other

12   wage/hour class actions, and I am currently litigating numerous others before federal

13   and state courts.  Although not an all-inclusive list, over the years I have prosecuted

14   the following class action matters as lead and/or co-lead counsel, all of which

15   implicated similar law and facts to those associated with this Action:

16        a.    ***Carey, et. al. v. Arthur J. Gallagher, et. al.***, USDC, SOUTHERN

17              DISTRICT- Case No.: 09-cv-0168.  Wage and Hour Class action seeking

18              past wages of overtime for mis-classification of insurance claims adjusters

19              employed by Gallagher Bassett, a third party administrator (TPA) in the

20              State of California.  Certification granted.  Plaintiffs' counsel co-lead

21              counsel. Case settled, Final Approval granted, no objections and funds

22              fully distributed.

23        b.     ***Dao v. 3M Company, et al.*** USDC, CENTRAL DISTRICT, Case No.

24              CV-08-04554.  Wage and Hour Class Action case seeking past wages for

25              "off the clock", overtime and meal and rest break violations for

26              production workers in the State of California.  Plaintiffs' Counsel

27              appointed as Lead Counsel. Case settled, Final Approval granted, no

28              objections and funds fully distributed.

c.  ***Ortiz v. Kmart*,** USDC, CENTRAL DISTRICT, Case No. SACV 06-638 ODW.  Wage and Hour Class Action case seeking past wages for meal and rest period violations for retail employees in the State of California. Plaintiffs' counsel appointed co-lead counsel.  Case settled, Final Approval granted, no objections and funds fully distributed.

d.  ***Morgan v. Aramark Campus, LLC,*** USDC, CENTRAL DISTRICT, Case No. SACV08-00412.  Wage and Hour Class Action case seeking past wages for meal and rest period violations for retail employees in the State of California.  Plaintiffs' Counsel appointed as Lead Counsel.  Case settled, Final Approval granted, no objections and funds fully distributed.

e.  ***West v Iron Mountain Information Management, Inc, et. al.;***   Los Angeles County Superior Court, Case No. BC393709.  Wage and Hour Class Action seeking past wages for overtime, meal and rest break violations for driver employees in the State of California.  Settlement for "binding arbitration."  Arbitration Award for Plaintiff Class.  Arbitration Award confirmed.  Plaintiffs' counsel lead trial counsel and class counsel. Case settled, Final Approval granted, no objections and funds fully distributed.

f.  ***Gonzalez v. Superior Industries International, Inc.*, et al.,** Los Angeles County Superior Court, Case No.  BC 357912.  Wage and Hour Class Action seeking past wages for overtime, meal and rest breaks violations for production employees in the State of California.  Plaintiffs' counsel appointed as lead counsel.  Case settled, Final Approval granted, no objections and funds fully distributed.

g.  ***Acosta v. Fleetwood Travel Trailers of California, Inc.,*** **et al.,** Riverside County Superior Court, Case No. RIC 440630.  Wage and Hour Class Action seeking past wages for overtime, meal and rest break violations for production employees in the State of California.  Plaintiffs' counsel

9

1    appointed as co-lead counsel.  Case settled, Final Approval granted, no

2    objections and funds fully distributed.

3    h.   ***Walker v. Sharkeez*, et al.,** Orange County Superior Court, Case No.

4    05CC00293. Wage and Hour Class Action seeking past wages for

5    unlawful deductions, meal and rest break violations for restaurant

6    employees in the State of California.  Plaintiffs' counsel appointed as lead

7    counsel.  Case settled, Final Approval granted and funds fully distributed.

8    i.   ***Padron v. Universal Protection Service, et al*,** Orange County Superior

9    Court, Case No. 05CC00013.  Wage and Hour Class Action seeking past

10   wages for overtime, meal and rest break violations for security officers in

11   the State of California.  Plaintiffs' counsel appointed as co-lead counsel.

12   Case settled, Final Approval granted, no objections and funds fully

13   distributed.

14   j.   ***Martinez v. Securitas Security Services USA, et al.*,** Santa Clara Superior

15   Court, Case No. 105-CV047499, et al. J.C.C.P. No. 4460.  Wage and

16   Hour Class Action seeking past wages for meal and rest break violations

17   for security officers employed by defendant in the State of California.

18   Plaintiffs' counsel and co-counsel.  Case settled, Final Approval granted

19   and funds fully distributed.

20   k.   ***Velasquez-Lopez v. Hotel Cleaning Services, Inc. et al.*,** Riverside

21   Superior Court, Case No. RIC 420909.  Wage and Hour Class Action

22   seeking past wages for overtime, meal and rest break violations for

23   housekeepers employed by defendant in the State of California.

24   Plaintiffs' counsel appointed as lead counsel.  Case settled, Final

25   Approval granted, no objections and funds fully distributed.

26   l.   ***Ruiz, et al. v. Unisourse Worldwide, Inc., et al.*,** USDC, CENTRAL

27   DISTRICT, Case No. CV09-05848.  Wage and Hour Class Action

28   seeking past wages for meal and rest period violations for non-exempt

1    employees employed by defendant in the state of California.  Case settled,

2    Final Approval granted, no objections and funds fully distributed.

3    m.    *Herrador v. Culligan International Company, et al.,* USDC, CENTRAL

4          DISTRICT, Case No. SACV 08-680.  Wage and Hour Class Action

5          seeking past wages for field and branch employees of defendant in the

6          State of California.   Plaintiffs' counsel appointed as lead counsel.  Case

7          settled, Final Approval granted, no objections and funds fully distributed.

8    n.    *Defries v. Domain Restaurants, et al.,* Orange County Superior Court,

9          Case No. 05CC00128.  Wage and Hour Class Action seeking past wages

10         for restaurant employees of defendant in the State of California.

11         Plaintiffs' counsel appointed as lead counsel.  Case settled, Final

12         Approval granted, no objections and funds fully distributed.

13   o.    *Denton v. BLB Enterprises, Inc., et al.,* Orange County Superior Court,

14         Case No. 07CC01292.  Wage and Hour Class Action seeking unpaid

15         overtime, meal and rest break violations for security guards employed by

16         defendant in the State of California.  Plaintiffs' counsel appointed as lead

17         counsel.  Case settled, Final Approval granted, no objections and funds

18         fully distributed.

19   p.    *Rios v. Sandberg Furniture Manufacturing Co., Inc, et al.,* Los Angeles

20         Superior Court, Case No. BC411477.  Wage and Hour Class Action

21         seeking unpaid meal and rest break violations for production employees

22         employed by defendant in the State of California.  Plaintiff counsel

23         appointed as lead counsel.  Case settled, Final Approval granted, no

24         objections and funds fully distributed.

25   q.    *McMurray v. Dave and Busters, Inc., et al.,* Orange County Superior

26         Court, Case No. 06CC00099.  Wage and Hour Class Action seeking past

27         wages for meal and rest break violations for restaurant employees

28         employed by defendant in the State of California.  Plaintiffs' counsel

11

1    appointed as co-lead counsel.  Case settled, Final Approval granted, no
2    objections and funds fully distributed.

3    r.    ***Osuna v. DFG Restaurants, Inc., et al.,*** Los Angeles Superior Court,
4    Case No. BC 330145.  Wage and Hour Class Action seeking past wages
5    of overtime for mis-classification of managers employed by Defendant,
6    DBA Carl's Jrs. in the State of California.  Plaintiffs' counsel appointed
7    as co-lead counsel.  Case settled, Final Approval granted, no objections
8    and funds fully distributed.

9    s.    ***Burns v. Gymboree Operations, Inc.,*** **et al.,** San Francisco Superior
10   Court, Case No. CGC-07-461612.  Wage and Hour Class Action
11   seeking past wages for meal and rest break violations for retail employees
12   employed by defendant in the State of California.
13   Plaintiffs' counsel appointed lead counsel.  Case settled, Final Approval
14   granted, no objections and funds fully distributed.

15   t.    ***Willems v. Diedrich Coffee, Inc., et al.,*** Orange County Superior Court,
16   Case No. 07CC00015.  Wage and Hour Class Action seeking past wages
17   of overtime for mis-classification of managers employed by Defendant in
18   the State of California.  Plaintiffs' counsel appointed lead counsel.  Case
19   settled, Final Approval granted, no objections and funds fully distributed.

20   u.    ***Davila, et al. v. Beckman Coulter, Inc., et al.,*** Orange County Superior
21   Court, Case No. 07CC01347.  Wage and Hour Class Action seeking past
22   wages for overtime, meal and rest break violations for production workers
23   employed by defendant in the State of California.  Plaintiffs' counsel
24   appointed lead counsel.  Cased settled, Final Approval granted, no
25   objections and funds fully distributed.

26   v.    ***Perez v. Naked Juice Company of Glendora, Inc.,*** Los Angeles Superior
27   Court, Case No. BC387088.  Wage and Hour Class Action seeking past
28   wages for overtime, meal and rest period violations for production

12

1  employees employed by defendant in the State of California.  Plaintiff

2  counsel appointed as lead counsel.  Case settled, Final Approval granted,

3  no objections and funds fully distributed.

4  w. ***Coordination Proceeding Special Title [Rule 1550(b)] Wackenhut Wage***

5  ***and Hour Cases***, Los Angeles Superior Court, Case No. JCCP 4545.

6  Wage and Hour Class Action seeking past wages for overtime, meal and

7  rest period violations for security guards employed by defendant in the

8  State of California.  Certification granted.  Plaintiffs' counsel appointed as

9  co-lead counsel.  Writ taken.  Case Settled for $130,000,000. Final

10  Approval Granted.

11  17.  The Settlement Agreement authorizes Class Counsel to seek from the

12  Court attorneys' fees what would be 33 1/3% of the Gross Settlement Amount which

13  is respectfully believed to be reasonable. Any amounts not awarded in fees will be

14  added to the GSA i.e., the Settlement is not dependent on the Court awarding any

15  particular amount to Class Counsel Attorneys' Fee Award or Class Counsel's Costs

16  Award.  My firm along with the Marling and Saltzman, LLP firm have been the only

17  counsels to represent Plaintiffs and the Class Members in this matter, and we have

18  borne the entire risks and cost of this litigation on a pure contingency basis. The legal

19  issues raised in this case were complex and drew significantly upon the experience of

20  Class Counsel and our extensive review and analysis of this Action. In a complex

21  action such as this, which resulted in not only agreed upon recovery to the Settlement

22  Class, Class Counsel's proposed attorneys' fees are, at the very least, in keeping with

23  the market rate for contingency fees, reasonable.

24  18.  Class Counsel respectfully requests the Court award its fees in

25  accordance with the percentage of the common fund approach, based upon a

26  reasonable contingency fee on the GSA. (*See Williams v. MGM- Pathe Commun.*

27  *Co.*, 129 F.3d 1026, 1027 (9th Cir. 1997) ("We conclude that the district court

28  abused its discretion by basing the fee on the class members' claims against the fund

13

rather than on a percentage of the entire fund or on the lodestar.")). To the extent the Court would like to apply the lodestar analysis to cross-check the contingency fee award at final approval, Class Counsel will provide the Court with information on attorneys' billable hours incurred and their rates. Plaintiff and Class Counsel respectfully submit the fees provision of the Settlement is fair and can be cross-checked for reasonableness under lodestar. The issues and arguments Class Counsel has encountered and overcome in arriving at the parties' negotiated settlement terms were also many and complex and required skillful advocacy that can arise only out of experience, professional perspective, and success. Such claims are complex, evidence intensive, and nuanced, and can be very challenging to certify.

19.     By this motion, Class Counsel seeks an award of attorneys' fees in the sum of approximately $2,416,666.67 representing 33-1/3% of the GSA. This sum is reasonable and appropriate based on the substantial hours expended to achieve this result, the litigation risks and complexities of prosecuting these types of cases, the contingent nature of any fee, their experience in handling cases of this type, the fees commonly awarded in these cases, and the vindication of the Class' rights by securing a $7,250,000 non-reversionary Settlement.

20.     In similar wage and class action cases and settlements, Central District Courts have awarded attorneys' fees in percentages equal to or greater than Class Counsel's fee request.

a.   *Karapetyan v. ABM Indus., No. 2:15-cv-08313-GW-E, 2015 U.S. Dist. LEXIS 24210 (C.D. Cal. Sept. 7, 2017)* (awarding 33-1/3% in $5,000,000 wage and hour class action);

b.   *Aguirre v. Genesis Logistics, Inc., No. 8:12-cv-00687-JVS-KES, 2014 U.S. Dist. LEXIS 184617 (C.D. Cal. Nov. 29, 2017)* (awarding 33-1/3% in $7,000,000 wage and hour class action);

c.   *Grillo v. Key Energy Services, LLC*, No. 2:14-cv-000881-AB-AGR, 2017 U.S. Dist. LEXIS 42682 (C.D. Cal. Oct. 13, 2017) (awarding

14

1    33-1/3%  in $3,000,000 wage and hour class action);

2    d.    *Shiferaw v. Sunrise Senior Living Management, Inc.*, No. 2:13-cv-

3    *02171- JAK- PLA, 2016 U.S. Dist. LEXIS 187548 (C.D. Cal. Jul.*

4    *17, 2017)* (awarding 33-1/3% in $2,180,000 wage and hour class

5    action); and

6    e.    *Boyd v. Bank of America Corp.*, 2014 U.S. Dist. 162880 * (C.D. Cal.,

7    Nov. 18, 2014) (awarding 33-1/3% in $5,800,000 wage and hour class

8    action).

9    21.    The hours expended were reasonable in light of the complexity of this

10   litigation. In undertaking these risks, and their responsibility to the Class, Class

11   Counsel had to assure they had sufficient resources to dedicate to the prosecution of

12   this Action. By accepting this case on a contingent basis, my firm was precluded

13   from taking on other matters.

14   22.    To date, Class Counsel, on behalf of Plaintiff and the Settlement Class

15   members, have approximately 539.25 hours litigating this matter and will incur

16   numerous additional hours through final administration and possible appeal based on

17   the objections filed with this Court.  The Parties' contractual agreement to pay

18   attorneys' fees of 33% of the  GSA is reasonable.  My firm along with the Marlin and

19   Saltzman firm have been the counsel to represent Plaintiffs and the other Class

20   Members in this matter, and we have borne the entire risks and costs of this litigation

21   on a pure contingency fee basis.  The legal issues raised in this case are complex, and

22   drew significantly upon my experience and the extensive review and analysis of

23   documents and information by me and others at my firm.   In a complex action such

24   as this, the proposed attorneys' fees are, at the very least, on the low side of the

25   market rate for contingency fees. At this juncture, Class Counsel requests a modest

26   multiplier of 1.12.

27   23.    A review of our firm's billing system reveals that to date, our  firm as

28   Class Counsel, on behalf of Plaintiffs and the Settlement Class Members,

1  invested approximately 539.25 hours litigating this matter through the date of this

2  declaration.  Based on those hours, my firm has incurred the following attorney

3  lodestar hours of approximately $462,119.50 in fees, broken down as follows: my rate

4  of $850 per hour x 250.12 hours = $212,602; Gregory Mauro's rate of $800 per hour

5  x 252.60 documented hours plus an estimated 50 additional undocumented hours =

6  $242,400; Melissa Whitson, paralegal- 36.50 hours X $195= $7,117.50. All of the

7  work and tasks performed by Class Counsel were reasonable and necessary to the

8  prosecution of this case.

9       24.    Class Counsel's skill and experience support their hourly rates ranging

10  from $800 to $850, which are in line with rates typically approved in wage and

11  hour class action litigation in California and specifically approved by numerous state

12  and federal courts  in  California  in  the  following  class  action  settlement  which

13  were  given  final approval.

14          a. *Smith v. Space Exploration Technologies Corp*., Los Angeles County

15              Superior Court Case No. BC554258;

16          b.  *Madrigal v. Balda C Brewer, Inc.*, Orange County Superior Court Case

17              No. 30-2015-008202188-CU-OE-CXC;

18      c.       *Gonzalez v. Quality Aluminum Force, LLC*, Orange County Superior

19              Court Case  No. 30-2015-00817941-CU-OE-CXC; and

20      d.      *Guitierrez v. HMT Tank*, United States Central District Court Case No.

21              CV14-1967-CAS-MANx.

22      25.    My firm is continually monitoring prevailing market rates of defense

23  and plaintiff law firms and set the billing rates to follow those rates for attorneys and

24  staff  of  comparable  skill,  qualifications,  and  experience.  Other  wage  and  hour

25  attorneys  working  as  Class  Counsel  before  California  courts  charge  comparable  if

26  not higher rates.

27      26.    Class  Counsel  has  incurred  costs  of  $12,083.62  to  successfully

28  prosecute this Action. These costs included filing fees for pleadings and motions,

1   service of process, deposition reporter and transcripts, copying, postage, messenger

2   services, mediation fees, travel and participating in mediation, attorney services fees,

3   etc. Attached hereto as **Exhibit 3** is a true and correct copy of Class Counsel's

4   itemized costs.

5   　　　25.   My firm's work on this case has been entirely contingent on

6   successfully resolving the wage and hour claims alleged in this Action and

7   collecting an award of attorneys' fees. Our clients were not responsible for paying

8   our attorneys' fees and would only collect attorneys' fees if we were successful on

9   their behalf. Our firm has litigated this Action for over three years without any

10   payment of attorneys' fees and has advanced litigation costs on a contingency basis,

11   carrying the risk that this time and out-of-pocket costs would be lost if the case

12   was not resolved successfully. If the case proceeded to trial, this tie and the costs

13   would have increased dramatically.

14   　　　26.   Despite the complexity of the case, Class Counsel has, through the

15   investment of substantial effort and the resources of our law firm, been able to secure

16   an outstanding settlement on behalf of the Class Members.  Plaintiffs would have

17   faced substantial legal and factual obstacles in demonstrating that class certification

18   was appropriate, and the difficulties inherent in managing and marshalling evidence

19   for class action claims are exponentially multiplied when dealing with such a large

20   number of employees.   Plaintiffs will also be required to establish a significant

21   amount of witness testimony, pattern and practice evidence, statistical evidence,

22   sampling evidence, expert testimony, and other evidence in order to evaluate and

23   present arguments at trial.  The further conduct of this litigation will likely span

24   several additional years and require the dedication of extensive resources to first

25   establish complex class certification and then to establish the merits of all class

26   claims at trial or through contested motion practice. Further, the legal attacks by the

27   transportation industry on California labor laws as applied to commercial drivers

28   which has most recently resulted in the FMSCA opinion that California's meal and

17

rest break laws should be preempted, and moreover that said determination should apply retroactively.

I declare under penalty of perjury that the foregoing is true and correct. Executed on this 16th day of November 2019 at Irvine, California.

*/s/ James R. Hawkins*
James R. Hawkins

Declaration of James Hawkins ISO Plaintiffs' Motion for Final Approval
CV12-00692-VAP-OP

# EXHIBIT 1

SHEPPARD, MULLIN, RICHTER & HAMPTON, LLP
PAUL S. COWIE, Cal. Bar No. 250131
pcowie@sheppardmullin.com
379 Lytton Ave.
Palo Alto, California 94301
Telephone: 650.815.2600
Facsimile:  650.815.2601

SHEPPARD, MULLIN, RICHTER & HAMPTON, LLP
ROBERT MUSSIG, Cal. Bar No. 240369
rmussig@sheppardmullin.com
333 South Hope Street, 43rd Floor
Los Angeles, California 90071-1422
Telephone: 213.620.1780
Facsimile:  213.620.1398

Attorneys for Defendants SWIFT
TRANSPORTATION CO. OF ARIZONA,
LLC, and SWIFT TRANSPORTATION COMPANY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| JAMES R. RUDSELL, on behalf of himself and all others similarly situated<br><br>Plaintiffs,<br><br>v.<br><br>SWIFT TRANSPORTATION COMPANY OF ARIZONA, LLC, a DELAWARE Corporation, SWIFT TRANSPORTATION COMPANY as DOES 1; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 5:12-cv-00692 VAP (OPx)<br><br>Hon. Virginia A. Phillips<br><br>**STIPULATION AND SETTLEMENT OF CLASS ACTION CLAIMS** |
| --- | --- |

SMRH:490202050.1
042919

## STIPULATION AND SETTLEMENT AGREEMENT
## OF CLASS ACTION CLAIMS

I.    Settlement Agreement.  This Stipulation and Settlement Agreement of Class Action Claims ("Settlement," "Stipulation," or "Agreement") is made between Gilbert Saucillo and James Rudsell ("Named Plaintiffs") on behalf of themselves and each of the other "Plaintiffs" as defined herein, on the one hand, and the defendants, Swift Transportation Co. of Arizona, LLC and Swift Transportation Co., Inc. (collectively "Defendants" or "Swift") on the other hand, in the actions pending in the United States District Court for the Central District of California, Case Nos. ED-CV-00692 VAP (OPx) and Case No. ED-CV 10-00809 VAP (OPx), and subject to the approval of the Court.  This Settlement was reached pursuant to a mediation conducted on April 23, 2018, by Mark Rudy and further months'-long negotiations between the parties, including further assistance of Mr. Rudy.

II.   Definitions.

A.    The term "Settlement" means the settlement described in this Stipulation.

B.    The term "Settlement Administrator" means ILYM Group Inc., whom the Parties mutually agree shall be responsible for the administration of the Settlement, distribution of any amounts owed under this settlement, and matters necessarily related thereto, pursuant to the terms of this Stipulation.

C.    The term "Court" as used herein means the United States District Court for the Central District of California located at First Street Courthouse, 350 West 1st Street, Los Angeles, California 90012.

D.    The term "Plaintiffs' Counsel" or "Class Counsel" means, Gregory E. Mauro and James R. Hawkins of James Hawkins APLC on behalf of Plaintiff James Rudsell and Stanley D. Saltzman of Marlin and Saltzman, LLP on behalf of Plaintiff Gilbert Saucillo.

E.     The terms "Rudsell Lawsuit" or "Rudsell Action" mean the action entitled <u>James R. Rudsell v. Swift Transportation Company of Arizona, LLC, et al.</u>, United States District Court for the Central District of California, Case No. ED-CV-00692 VAP (OPx), pending before the Hon. Virginia A. Phillips of the United States District Court for the Central District of California.  The terms "Burnell Lawsuit" or "Burnell Action" mean the action entitled <u>John Burnell, et al. v. Swift Transportation Co. of Arizona, LLC, et al.</u>, United States District Court for the Central District of California, Case No. ED-CV 10-00809 VAP (Opx), pending before the Hon. Virginia A. Phillips of the United States District Court for the Central District of California.  The terms "Lawsuits" and "Actions" mean, collectively, the Rudsell Lawsuit and the Burnell Lawsuit.

F.     The term "Settlement Class Period" means the time period beginning March 22, 2006 through January 31, 2019.

G.     The term "Named Plaintiffs" means James Rudsell and Gilbert Saucillo.

H.     The term "Plaintiffs" means all drivers employed by Defendants to perform work in the State of California and who earned mileage-based compensation during the Settlement Class Period.  Defendants represent there were approximately 19,000 Plaintiffs as of the date of the mediation who worked approximately 850,000 workweeks in the Settlement Class Period.

I.     The term "Class Member" means any of the Plaintiffs who have not requested exclusion from the Settlement.

III.   <u>Background and Procedural History</u>.

The Rudsell Action was filed against Defendants by Named Plaintiff James R. Rudsell in the Superior Court of the State of California of the County of San Bernadino on January 10, 2012.  The Operative Rudsell Complaint alleges the following causes of action: (1) Failure to Pay Minimum Wage (Lab. Code §§ 1194. 1197, IWC Wage Order 9); (2) Failure to Provide Meal Periods or Compensation in

1  Lieu Thereof (Lab. Code §§ 226.7, 512, IWC Wage Order 9); (3) Failure to Provide

2  Rest Periods or Compensation in Lieu Thereof (Lab. Code §§ 226.7, 512, IWC

3  Wage Order 9); (4) Knowing and Intentional Failure to Comply With Itemized

4  Employee Wage Statement Provisions (Lab. Code §§ 226(b), 1174, 1175); (5)

5  Waiting Time Subclass (Bus. & Prof. Code § 201-2012, 204); (6) Violation of

6  Unfair Competition Law (Bus. & Prof. Code § 17200, *et seq.*); and (7) Private

7  Attorneys General Act of 2004 (Lab. Code § 2698, *et seq.*). Defendants answered

8  the Operative Rudsell Complaint on May 2, 2012 and removed the matter on May 3,

9  2012 from the Superior Court of California of San Bernardino County to the United

10 States District Court for the Central District of California.

11   The Burnell Action was filed against Defendants by Named Plaintiff John

12 Burnell in the Superior Court of the State of California of the County of San

13 Bernardino on March 22, 2010. Defendants removed the Burnell Action to the

14 United States District Court for the Central District of California on June 2, 2010.

15 Gilbert Saucillo was added as a Named Plaintiff and proposed class representative

16 on or about August 27, 2013. The Operative Burnell Complaint alleges: (1)

17 Recovery of Unpaid Minimum Wages (Lab. Code §§ 204, 223, 1194, 1197 and

18 1198); (2) Failure to Provide Meal and Rest Periods (Lab. Code §§ 226.7 and 512);

19 (3) Failure to Indemnify (Lab. Code § 2802(a)); (4) Failure to Timely Furnish

20 Accurate Itemized Wage Statements (Lab. Code § 226(a)); (5) Unlawful Payment

21 Instruments (Lab. Code § 212(a)); (6) Failure to Timely Pay All Earned Final

22 Wages (Lab. Code §§ 201-203); (7) Unfair Competition (Bus. & Prof. Code §§

23 17200, *et seq.*); and (8) Civil Penalties (Lab. Code §§ 2698, *et seq.*).

24   On April 23, 2018, the Parties attended a full-day mediation with mediator

25 Mark Rudy, but were not able to reach a settlement on that date. The Parties

26 continued to engage in settlement discussions through Mr. Rudy and ultimately

27 reached a settlement, the terms of which are memorialized in further detail herein.

28

SMRH:490202050.1                          -3-

IV.    <u>Investigation in the Class Actions</u>.  The Parties conducted a significant investigation of the facts and law during the prosecution of these Actions.

In the Rudsell Action, such investigation has included, *inter alia*, the exchange of information and documents through informal and formal discovery. Both Parties exchanged Initial Disclosures pursuant to Federal Rule of Civil Procedure Rule 26(a).  Named Plaintiffs propounded and Defendants responded to substantial written discovery.  Defendants produced over one million pages of documents to Named Plaintiffs.  The Parties also held numerous meetings and informal conferences wherein they exchanged information and theories of the case.

In the Burnell Action, such investigation has included, *inter alia*, the exchange of information and documents through informal and formal discovery. Both Parties exchanged Initial Disclosures pursuant to Federal Rule of Civil Procedure Rule 26(a).  Named Plaintiffs propounded and Defendants responded to substantial written discovery, resulting in, among other things, the production of over one million pages of documents to Named Plaintiffs.  Defendants propounded and Named Plaintiffs responded to significant written discovery.  The Parties also conducted at least fourteen (14) depositions in the Burnell Action, including numerous 30(b)(6) depositions.  Named Plaintiffs demanded and were provided with class contact information for putative class members.  Further, the Parties held numerous meetings and informal conferences wherein they exchanged information and theories of the case.

Counsel for the Parties further investigated the applicable law as applied to the facts discovered regarding the alleged claims of Plaintiffs and potential defenses thereto, and the damages claimed by Plaintiffs.  The gist of the Actions is that Named Plaintiffs allege Defendants failed to properly compensate Plaintiffs by virtue of not paying for all non-driving time and that the averaging of time to meet California minimum wage standards was unlawful.  Named Plaintiffs also allege that Defendants failed to provide meal and permit and authorize paid rest periods to

their drivers or to reimburse expenses or use proper payment instruments.  Named
Plaintiffs also allege a variety of additional claims, including derivative claims for
failure to pay wages upon separation and inaccurate wage statements.  For these
allegedly improper actions, Named Plaintiffs demand various amounts for wages,
penalties, interest, attorneys' fees, and restitution.  Plaintiffs' Counsel are aware of
the defenses and positions of Defendants, but believe Plaintiffs would ultimately
succeed in the Action.

Named Plaintiffs have fully investigated the factual and legal bases for the
causes of action asserted in the Action.  As a result of their investigation the
applicable Named Plaintiffs continue to believe that Defendants failed to properly
compensate drivers for all time worked and failed to properly provide meal and rest
periods, to reimburse expenses, or use lawful payment instruments.

Defendants have denied all allegations.  Defendants contend they fully and
separately paid for all hours worked, including all non-driving activities, and
provided all meal and rest periods in accordance with California law, as well as
reimbursing expenses and using lawful payment instruments.  Further, Defendants
contend that case law supports their compensation system, and that they have a good
faith argument for paying the putative class via the method they did such that no
waiting time penalties are owed and the wage statements utilized are and were
accurate.

Given the disagreement between the Parties as to the viability of these claims,
the Parties believe the Settlement provided for herein is a fair, adequate and
reasonable settlement.

V.    Benefits of Settlement to Class Members.  Named Plaintiffs recognize
the expense and length of continued proceedings necessary to continue the litigation
against Defendants through trial and through any possible appeals, including the
fluid changes in the regulations and law as applied to the Class and facts of this
case.  In fact, as of this date, the Burnell action is approximately nine years old,

1  and if not resolved by the Settlement set forth herein, would have many years of
2  additional litigation left to reach a conclusion.  Named Plaintiffs have also taken into
3  account the uncertainty and risk of the outcome of further litigation, and the
4  difficulties and delays inherent in such litigation, as described above.  Named
5  Plaintiffs are also aware of the burdens of proof necessary to establish liability for
6  the claims asserted in the Actions (the "Claims" or "Class Action Claims"),
7  Defendants' defenses thereto, and the difficulties in establishing damages for
8  Plaintiffs.  Named Plaintiffs have also taken into account the extensive discovery
9  undertaken, motion practice including a motion for class certification, and
10  settlement negotiations conducted, which negotiations resulted in the material
11  settlement terms set forth herein.  Based on the foregoing, Named Plaintiffs have
12  determined that the Settlement set forth in this Agreement is a fair, adequate and
13  reasonable settlement, and is in the best interests of Plaintiffs.

14      VI.   <u>Defendants' Reasons for Settlement</u>.  Defendants have concluded that
15  any further defense of this litigation would be protracted and expensive for all
16  Parties.  Defendants have devoted substantial amounts of time, energy and resources
17  to the defense of the claims asserted by Plaintiffs and, unless this Settlement is
18  made, will continue to do so for the foreseeable future.  For these reasons,
19  Defendants have agreed to settle the manner upon the terms set forth in this
20  Agreement, to put to rest the Claims as set forth in the Actions.

21      VII.   <u>Defendants' Denials of Wrongdoing</u>.  Defendants have denied and
22  continue to deny each of the claims and contentions alleged by Plaintiffs in the
23  Actions.  Defendants have repeatedly asserted and continue to assert defenses
24  thereto, and have expressly denied and continue to deny any wrongdoing or legal
25  liability arising out of any of the facts or conduct alleged in the Actions.  Defendants
26  also have denied and continue to deny, *inter alia*, the allegations that Plaintiffs have
27  suffered damages; that Defendants improperly failed to pay Plaintiffs all wages
28  owed; that Defendants failed to properly provide meal and rest periods; that

Defendants provided Plaintiffs with inaccurate wage statements; that Defendants failed to timely pay all wages due at separation of employment; that Defendants failed to reimburse business expenses; that Defendants used unlawful payment instruments; that Defendants engaged in any unlawful, unfair or fraudulent business practices; that Defendants engaged in any other wrongful conduct as alleged in the Actions; or that Plaintiffs were harmed by the conduct alleged in the Actions. Neither this Agreement, nor any document referred to or contemplated herein, nor any action taken to carry out this Agreement, is, may be construed as, or may be used as an admission, concession or indication by or against Defendants of any fault, wrongdoing or liability whatsoever.

VIII. <u>Plaintiffs' Claims</u>. Named Plaintiffs claim and continue to claim that the Released Claims (as defined below) have merit and give rise to liability on the part of Defendants. Neither this Agreement nor any documents referred to herein, or any action taken to carry out this Agreement is or may be construed as or may be used as an admission by or against Plaintiffs or Class Counsel as to the merits or lack thereof of the claims asserted.

IX. <u>Stipulation</u>. NOW, THEREFORE, IT IS HEREBY STIPULATED, by and among Named Plaintiffs on behalf of Plaintiffs on the one hand, and Defendants on the other hand, and subject to the approval of the Court, that the Actions are hereby being compromised and settled pursuant to the terms and conditions set forth in this Agreement and that upon the Effective Date (as defined below) the Actions shall be dismissed with prejudice and shall be a binding and final resolution of the Released Claims by Class Members, subject to the recitals set forth hereinabove which by this reference become an integral part of this Agreement and subject to the following terms and conditions:

1. <u>"Effective Date"</u>. As used in this Settlement, "Effective Date" means the date by which the Settlement Agreement is finally approved as provided herein and the Court's Final Judgment becomes final. For purposes of this

Agreement, the Final Judgment "becomes final" when: (i) the period for filing any appeal, writ, or other appellate proceeding opposing the Settlement has elapsed without any appeal, writ, or other appellate proceeding having been filed; (ii) any appeal, writ or other appellate proceeding opposing the Settlement has been dismissed finally and conclusively with no right to pursue further remedies or relief; or (iii) any appeal, writ or other appellate proceeding has upheld the Court's final order with no right to pursue further remedies or relief. In this regard, it is the intention of the parties that the Settlement shall not become effective until the Court's order approving the Settlement is completely final, and there is no further recourse by an appellant or objector who seeks to contest the Settlement. <u>Class Certification</u>. Federal Rule of Civil Procedure 23 Class. For the purposes of this Stipulation only, the Parties agree to the certification of the Settlement Class pursuant to Fed. R. Civ. Proc. 23, to include all Plaintiffs. Should the Stipulation not become final, for whatever reason, the fact that the Parties were willing to stipulate to class certification as part of the Settlement shall have no bearing on, and shall not be admissible in connection with, the issue of whether a class should be certified in a non-settlement context in the Lawsuits, and shall have no bearing on, and shall not be admissible in connection with, the issue of whether a class should be certified in any other lawsuit.

        3.     <u>Releases</u>.

        (a)     <u>Release Of All Claims Based Upon The Facts Pled In The Complaints Filed in the Rudsell and Burnell Lawsuits</u>. As of the Effective Date of this Agreement, all Class Members fully and finally release Defendants and each of their past, present and future agents, employees, servants, officers, directors, partners, trustees, representatives, shareholders, stockholders, attorneys, parents, subsidiaries, equity sponsors, related companies/corporations and/or partnerships (defined as a company/corporation and/or partnership that is, directly or indirectly, under common control with Defendants or any of their parents and/or affiliates),

1  divisions, assigns, predecessors, successors, insurers, consultants, joint ventures,

2  joint employers, affiliates, and alter-egos, and all of their respective past, present

3  and future employees, directors, officers, agents, attorneys, stockholders, fiduciaries,

4  parents, subsidiaries, and assigns (collectively, the "Released Parties") from any and

5  all Class Released Claims during the Settlement Period.  The Class Released Claims

6  include, but are not limited to, all claims arising from or related to the facts and

7  claims alleged in the Actions, or that could have been raised in the Action based on

8  the facts and claims alleged.  The Class Released Claims include, without limitation,

9  all claims for unpaid wages of whatever kind, including, but not limited to, failure to

10  pay minimum wages; failure to pay straight time compensation, overtime

11  compensation, double-time compensation, reporting time compensation, off-the-

12  clock work, time subject to employer's control, and/or interest; missed, late, short or

13  interrupted meal and/or rest periods, including any claim for any alleged failure to

14  pay premiums for missed, late, short or interrupted meal or rest periods, or to pay

15  such premiums at the regular rate of compensation; reimbursement for business

16  expenses or any other claim that Defendants allowed or required employees to bear

17  any of the costs associated with the operation of Defendants' business; inaccurate or

18  otherwise improper wage statements and/or failure to keep or maintain accurate

19  records; unlawful deductions; unlawful payment instruments; any claim for unfair

20  business practices arising out of or related to any or all of the aforementioned

21  claims; any claim for penalties arising out of or related to any or all of the

22  aforementioned claims, including, but not limited to, recordkeeping penalties, wage

23  statement penalties, minimum-wage penalties, and waiting-time penalties; and

24  attorneys' fees and costs.  The Class Released Claims include any and all claims

25  arising under the California Labor Code to the extent the following code sections

26  relate to or include the Released Claims set forth above (including, but not limited

27  to, sections 200, 201, 201.3, 201.5, 202, 203, 204, 205.5, 210, 212, 216, 218, 218.5,

28  218.6, 221, 222, 222.5, 223, 224, 225, 225.5, 226, 226.7, 226.8, 227.3, 450, 510,

511, 512, 516, 558, 1174, 1174.5, 1194, 1194.2, 1197, 1197.1, 1197.2, 1198, 1198, 2698 et seq. and 2699 et seq.); the applicable Wage Orders of the California Industrial Welfare Commission; California Business and Professions Code section 17200, et seq.; the California Civil Code, to the extent it relates to or includes the Released Claims set forth above, including but not limited to, sections 3287, 3289, 3336 and 3294; California Code of Civil Procedure § 1021.5; California common law, to the extent it relates to or includes the Released Claims set forth above; and the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA") and/or federal common law, to the extent said Federal laws relate to or include the Released Claims set forth above,. The Class Released Claims also include any and all claims under the Private Attorneys General Act, Cal. Lab. Code § 2698 et seq. ("PAGA") that were or could have been asserted in the Action based on the facts alleged or are reasonably related to those asserted. The PAGA Released Claims include PAGA Claims asserted during the PAGA Settlement Period of March 22, 2009 through January 31, 2019. This release excludes the release of claims not permitted by law.

With respect to Yard Hostlers and Yard Hostlers only, the parties disagree on the impact of this release. Defendants maintain that the case law dictates that the release of 203 penalties, and other penalties, in these Actions, effects a release of all such claims for the affected Yard Hostler Class Members, regardless of any other actions that may be pending involving those same Class Members because an employee may only claim 203 penalties once, regardless of the number of different alleged violations triggering such penalties. Plaintiffs disagree, and assert that to the extent that factual claims that were not asserted in these actions and could not have been asserted in the actions on behalf of mileage-based drivers exist, and are being pursued in other actions against the Defendant Releasees, specifically *Fritsch v. Swift Transportation Co. of Arizona, LLC*, United States District Court Case No. 5:17-cv- 02226-JGB-SP, that such Class Members can pursue such claims for 203 penalties, or other penalties arising therefrom, in such

other action, irrespective of any release granted in this matter. Plaintiffs believe this issue of law is unsettled in California, and thus the Parties do not agree upon the legal issue underlying this question of law, that being whether the release granted herein would apply to such other claims for 203 penalties or other penalties sought in the referenced action. That issue will be resolved, if necessary, in such other action.

(b) <u>General Release By Named Plaintiffs Only</u>. In addition to the releases made by the Class Members set forth above, Named Plaintiffs for themselves only, as of the Effective Date, make the additional following general release of all claims, known or unknown. (The release set forth in this paragraph shall be referred to hereinafter as the "General Release"). As of the date of Judgment, Named Plaintiffs fully and finally release the Released Parties for themselves individually, from any and all claims, known and unknown, under federal, state and/or local law, statute, ordinance, regulation, common law, or other source of law, including but not limited to claims arising from or related to their employment with Defendants and/or the termination of their employment ("Named Plaintiffs' Released Claims"). Named Plaintiffs' Released Claims include, but are not limited to, all claims asserted in, arising from or related in any way to the Actions, including without limitation any and all claims that could have been asserted as part of the Actions based on the facts alleged. Named Plaintiffs' Released Claims include all claims for unpaid wages, including, but not limited to, failure to pay minimum wages; failure to pay straight time compensation, overtime compensation, double-time compensation, reporting time compensation, off-the-clock work, time subject to employer's control, and/or interest; missed, late, short or interrupted meal and/or rest periods, including any claim for any alleged failure to pay premiums for missed, late, short or interrupted meal or rest periods, or to pay such premiums at the regular rate of compensation; reimbursement for business

expenses or any other claim that Defendants allowed or required employees to bear

any of the costs associated with the operation of Defendants' business; inaccurate or

otherwise improper wage statements and/or failure to keep or maintain accurate

records; unlawful deductions; unlawful payment instruments; any claim for unfair

business practices arising out of or related to any or all of the aforementioned

claims; any claim for penalties arising out of or related to any or all of the

aforementioned claims, including, but not limited to, recordkeeping penalties, wage

statement penalties, minimum-wage penalties, and waiting-time penalties; and

attorneys' fees and costs. Named Plaintiff's Released Claims include all claims

arising under the California Labor Code (including, but not limited to, sections 200,

201, 201.3, 201.5, 202, 203, 204, 205.5, 210, 212, 216, 218, 218.5, 218.6, 221, 222,

222.5, 223, 224, 225, 225.5, 226, 226.7, 226.8, 227.3, 450, 510, 511, 512, 516, 558,

1174, 1174.5, 1194, 1194.2, 1197, 1197.1, 1197.2, 1198, 1199, 2698 et seq., 2800

and 2802); all claims arising under the Wage Orders of the California Industrial

Welfare Commission; California Business and Professions Code section 17200, et

seq.; the California Civil Code, including but not limited to, sections 3287, 3289,

3336 and 3294; 12 CCR § 11040; 8 CCR § 11060; California Code of Civil

Procedure § 1021.5; California common law; the FLSA; federal common law; and

the Employee Retirement Income Security Act, 29 U.S.C. § 1001, et seq. Named

Plaintiffs' Released Claims include any and all claims under the Private Attorneys

General Act, Cal. Lab. Code § 2698 et seq. ("PAGA"), of any kind, including but

not limited to the PAGA claims asserted in the Actions. Named Plaintiffs' Released

Claims also include all claims for lost wages and benefits, emotional distress,

retaliation, punitive damages, and attorneys' fees and costs arising under federal,

state, or local laws for discrimination, harassment, retaliation, and wrongful

termination, such as, by way of example only, (as amended) 42 U.S.C. section 1981,

Title VII of the Civil Rights Act of 1964, the Americans With Disabilities Act, the

Age Discrimination in Employment Act, and the California Fair Employment and

Housing Act; and the law of contract and tort. This release excludes the release of claims not permitted by law.

Named Plaintiffs' Released Claims include all claims, whether known or unknown. Even if Named Plaintiffs discover facts in addition to or different from those that they now know or believe to be true with respect to the subject matter of Named Plaintiffs' Released Claims, those claims will remain released and forever barred. Thus, Named Plaintiffs expressly waive and relinquish the provisions, rights and benefits of section 1542 of the California Civil Code, which reads:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party

Named Plaintiffs' Released Claims apply only to Named Plaintiffs individually and not to the Class Members.

4. <u>Gross Settlement Amount</u>. The term "Gross Settlement Amount" is a non-reversionary common fund that shall have a value of no more than and no less than $7,250,000.00 (Seven Million Two Hundred and Fifty Thousand Dollars and No Cents) and includes without limitation any and all payments Defendants may be responsible for under the Settlement, including attorneys' fees and costs, any class representative enhancement payments, claims administration costs, and any employer-side payroll taxes due and owing as a result of the Settlement. Defendants shall pay to the Settlement Administrator under the terms of this Stipulation and Settlement of Class Action Claims the entire Gross Settlement Amount of $7,250,000.00 within 20 business days of the Effective Date. The total amount that Defendants shall pay for any and all purposes under this Agreement is the Gross Settlement Amount. <u>The Gross Settlement Amount is non</u>

reversionary.  Allocation of Gross Settlement Amount.  The Gross Settlement Amount shall be allocated among these elements:

        (a)    The "Fees Award" to Class Counsel, in an amount not to exceed $2,416,666.66 (Two Million Four Hundred and Sixteen Thousand Six Hundred and Sixty-Six Dollars and Sixty-Six Cents), which is one third of the Gross Settlement Amount;

        (b)    The "Costs Award" to Class Counsel, in an amount not to exceed $100,000.00 (One Hundred Thousand Dollars And No Cents);

        (c)    "Service Awards" to the Named Plaintiffs, in an amount not to exceed $5,000.00 (Five Thousand Dollars And No Cents) each, for a total of $10,000.00 (Ten Thousand Dollars And No Cents);

        (d)    The "PAGA Payment," in an amount not to exceed $500,000.00 (Five Hundred Thousand Dollars and No Cents) representative of penalties recoverable under PAGA, 75% of which, or $375,000.00, will be paid to the LWDA, and 25% of which, or $125,000.00, will be paid to Class Members; and

        (e)    The "Claims Administration Expenses," in an amount not to exceed $100,000.00 (One Hundred Thousand Dollars And No Cents).

      6.    Plan of Allocation for Payment to Class Members.  Within 20 business days after the Effective Date, and solely for purposes of this Settlement, Defendants shall wire the Gross Settlement Amount, $7,250,000.00, into a Qualified Settlement Account established by the Settlement Administrator pursuant to Internal Revenue Code section 1.468B-1 for distribution in accordance with the following eligibility and settlement formula requirements:

        (a)    Excluded from becoming Class Members are those Plaintiffs who submit valid and timely requests for exclusion pursuant to the terms and procedures of the Notice of Pendency of Settlement of Class Action attached as Exhibit 1 hereto.  The Gross Amount of these Awards will be calculated as follows:

(i)     After deducting the amount of Fees Award, the Costs Award, the Service Awards, the LWDA portion of the PAGA Payment, and Claims Administration Expenses from the Gross Settlement Amount that are all finally approved by the Court, the remaining amount will be labeled the "Payout Fund." The entire Payout Fund will be distributed to Class Members as described herein below. There shall be no reversion of any portion of the Gross Settlement Amount to Defendants;

(ii)     All Class Members will automatically receive an Award on a pro-rata basis, based on the number of workweeks they worked as Class Members as compared to the number of workweeks worked by all Class Members. For example, if the Payout Fund is $4,000,000 and if there were 800,000 workweeks worked by all Class Members during the Class Period, each workweek would have a value of $5.00. A Class Member who worked for 52 weeks, for example, would be eligible for an Award of approximately $260.00. There is no need for a Class Member to submit a Claim Form in order to be eligible for and to receive an Award. Any partial workweek will be rounded up to the nearest full workweek. If the number of workweeks actually accrued during the Settlement Class Period by Class Members exceeds 850,000, the Gross Settlement Amount shall be increased by the percentage difference between that amount and the actual number of workweeks during the Settlement Class Period.

(i)     Thirty-three percent (33%) of all Award payments to participating Class Members will be called the "Wage Portion." From each individual's Wage Portion, payroll deductions will be made for state and federal withholding taxes and any other applicable payroll deductions owed by the Settlement Class Member as a result of the payment, resulting in a "Net Wage Portion." The remaining sixty-seven percent (67%) of all Award Payments to participating Class Members will represent the "Non-Wage Portion" of the Settlement Awards and includes interest and penalties sought in the Action. No

deductions will be made from the Non-Wage Portion of the Settlement Awards.
Class Members will be issued W2s for the Wage Portions of their Settlement
Awards and IRS Form 1099s for the Non-Wage Portions. Once the allocations are
made between the Wage Portion and Non-Wage Portion, and applicable payroll
deductions are made for state and federal withholding taxes and any other applicable
payroll deductions from the Wage Portion, the resulting amount shall be the
individual's "Net Settlement Amount." The Net Settlement Amount will be the net
amount paid to each Class Member and is the individual's "Settlement Payment."

       7.   <u>Fees Award, Costs Award, and Incentive Award</u>. Class Counsel
will request, and Defendants will not oppose, an award of attorneys' fees ("Fees
Award") of up to $2,416,666.00 (Two Million Four Hundred and Sixteen Thousand
Six Hundred and Sixty-Six Dollars and Sixty-Six Cents). This constitutes one third
of the Gross Settlement Amount. Class Counsel shall request, and Defendants will
not oppose, an award of costs incurred up to $100,000.00 (One Hundred Thousand
Dollars and No Cents) ("Costs Award"). Class Counsels' Fees Award and Costs
Award shall be paid out of the Gross Settlement Amount. Any Fees Award and
Costs Award shall be paid by the Settlement Administrator to Class Counsel within
20 business days of the Effective Date either by check or wiring the Fees Award and
Costs Award to an account designated by Class Counsel. Class Counsel will be
issued an IRS Form 1099 for their award of attorneys' fees. If the Court awards
attorneys' fees and costs less than said amount, the un-awarded amounts shall
remain in the Payout Fund and be distributed to Class Members. Class Counsel
shall not be permitted to petition the Court for, or accept, any additional payments
for fees, costs, or interest, and the Fees and Costs Awards shall be for all claims for
attorneys' fees and costs past and present incurred in the Class Action to date
through Final Approval and Claims Administration of this Settlement.Upon the
Effective Date, payment of the Fees Award and Costs Award to Class Counsel as set
forth herein shall constitute full satisfaction of the obligation to pay any amounts to

any person, attorney or law firm for attorneys' fees, expenses or costs in the Class Actions incurred by any attorney on behalf of Named Plaintiffs and/or the Class Members, and shall relieve Class Members, Defendants, the Settlement Administrator, the Settlement Fund, and Defendants' Counsel of any other claims or liability to any other attorney or law firm for any attorneys' fees, expenses and/or costs to which any of them may claim to be entitled on behalf of Named Plaintiffs and/or the Class Members.

Class Counsel may apply for Service Awards for the Named Plaintiffs in an amount not to exceed $5,000.00 (Five Thousand Dollars and No Cents) each for a total of $10,000.00 (Ten Thousand Dollars and No Cents) ("Service Award"), to be paid to each Named Plaintiff for his and their time and effort spent pursuing the Actions; for the risks associated with suing Defendants; and for their agreement to enter into a general release of all claims. Defendants agree not to oppose such an application, so long as it is consistent with the provisions of this Agreement. Any Service Awards shall be paid by the Settlement Administrator to each Named Plaintiff within 20 business days of the Effective Date either by check or wiring the Enhancement Awards to an account designated by Class Counsel. Named Plaintiffs will be issued IRS Form 1099s for the Enhancement Awards. If the Court awards Service Awards less than said amount, the unawarded amounts shall remain in the Payout Fund and distributed to Class Members.

8.    CIRCULAR 230 DISCLAIMER. EACH PARTY TO THIS AGREEMENT (FOR PURPOSES OF THIS SECTION, THE "ACKNOWLEDGING PARTY" AND EACH PARTY TO THIS AGREEMENT OTHER THAN THE ACKNOWLEDGING PARTY, AN "OTHER PARTY") ACKNOWLEDGES AND AGREES THAT (1) NO PROVISION OF THIS AGREEMENT, AND NO WRITTEN COMMUNICATION OR DISCLOSURE BETWEEN OR AMONG THE PARTIES OR THEIR ATTORNEYS AND OTHER ADVISERS, IS OR WAS INTENDED TO BE, NOR SHALL ANY SUCH

COMMUNICATION OR DISCLOSURE CONSTITUTE OR BE CONSTRUED OR BE RELIED UPON AS, TAX ADVICE WITHIN THE MEANING OF UNITED STATES TREASURY DEPARTMENT CIRCULAR 230 (31 CFR PART 10, AS AMENDED); (2) THE ACKNOWLEDGING PARTY (A) HAS RELIED EXCLUSIVELY UPON HER OR ITS OWN, INDEPENDENT LEGAL AND TAX COUNSEL FOR ADVICE (INCLUDING TAX ADVICE) IN CONNECTION WITH THIS AGREEMENT, (B) HAS NOT ENTERED INTO THIS AGREEMENT BASED UPON THE RECOMMENDATION OF ANY OTHER PARTY OR ANY ATTORNEY OR ADVISOR TO ANY OTHER PARTY, AND (C) IS NOT ENTITLED TO RELY UPON ANY COMMUNICATION OR DISCLOSURE BY ANY ATTORNEY OR ADVISER TO ANY OTHER PARTY TO AVOID ANY TAX PENALTY THAT MAY BE IMPOSED ON THE ACKNOWLEDGING PARTY; AND (3) NO ATTORNEY OR ADVISER TO ANY OTHER PARTY HAS IMPOSED ANY LIMITATION THAT PROTECTS THE CONFIDENTIALITY OF ANY SUCH ATTORNEY'S OR ADVISER'S TAX STRATEGIES (REGARDLESS OF WHETHER SUCH LIMITATION IS LEGALLY BINDING) UPON DISCLOSURE BY THE ACKNOWLEDGING PARTY OF THE TAX TREATMENT OR TAX STRUCTURE OF ANY TRANSACTION, INCLUDING ANY TRANSACTION CONTEMPLATED BY THIS AGREEMENT.

9. <u>Responsibilities of Defendants. Defendants shall:</u>

(a) Provide, within 20 business days of preliminary approval of this Settlement, the Settlement Administrator a "Class List and Data Report" showing each Plaintiff's name, most current mailing address and telephone number, social security number, and the respective number of weeks each Plaintiff worked as a Driver during the Settlement Class Period. Defendants shall provide the list in an electronic format reasonably acceptable to the Settlement Administrator. The

Settlement Administrator will keep the list confidential, and will use it only for the purposes described herein;

(b)  Fund the $7,250,000.00 Gross Settlement Amount within 20 business days of the Effective Date;

(c)  At no time shall Defendants have the obligation to segregate the funds comprising the Gross Settlement Amount from their other assets and will retain exclusive authority over, and responsibility for, those funds until the date those amounts are required to be funded pursuant to this Agreement.

10.  Operation of the Gross Settlement Amount.

(a)  The Settlement Administrator will calculate the individual Awards to be paid to the Class Members from the Payout Fund in accordance with the terms and provisions of this Agreement.

(b)  The Settlement Administrator shall be responsible for issuing the payments and calculating and withholding all required state and federal taxes owed by the Class Members and Defendants.

(c)  The Settlement Administrator shall have the authority and obligation to make payment of the Fees Award, Costs Award, Service Awards, LWDA portion of the PAGA payment, and individual Settlement Class Member Awards from the Gross Settlement Amount calculated in accordance with the methodology set out in this Agreement and orders of the Court, and shall do so.

(d)  To the extent any tax returns must be filed for the Gross Settlement Amount pursuant to this Agreement, the Settlement Administrator shall cause to be timely and properly filed all informational and other tax returns, if any, necessary with respect to the Gross Settlement Amount.  Such returns shall be consistent with this paragraph.  Any expenses and/or costs incurred in connection with the operation and implementation of this paragraph (including, without limitation, reasonable expenses of tax attorneys, accountants or other designees retained by the Settlement Administrator as required for the preparation and filing of

tax returns described in this paragraph) shall be treated as, and considered to be, a cost of administration of the Settlement.

(e)    No person shall have any claim against Defendants, Defendants' Counsel, Named Plaintiffs, Plaintiffs, Class Counsel or the Settlement Administrator based on distributions and payments made in accordance with this Agreement.

11.    <u>No Injunctive Relief</u>.  As part of this Settlement, Defendants shall not be required to enter into any consent decree, nor shall Defendants be required to agree to any provision for injunctive relief, or to modify or eliminate any of its personnel, compensation or payroll practices, or adopt any new personnel, compensation or payroll practices.

12.    <u>Notice/Approval of Settlement and Settlement Implementation</u>. As part of this Settlement, the Parties agree to the following procedures for obtaining preliminary approval of the Settlement, notifying Plaintiffs, obtaining final Court approval of the Settlement, and processing the settlement payments:

(a)    <u>CAFA Notice</u>.  Pursuant to CAFA, within ten (10) days after Named Plaintiffs move for preliminary approval of this Settlement, Defendants will mail CAFA Notices to the Attorney General of the United States, the Attorney General of the State of California, and the Attorney General of any other state where a Plaintiff resides according to Defendants' records.  The Parties intend and believe that the CAFA Notice pursuant to the procedures described in this section comply with the requirements of CAFA; will seek approval of these procedures for CAFA Notice in Named Plaintiffs' motions for preliminary approval of the Settlement; and will request the Court to adjudicate the validity of the CAFA Notice in the motion for final approval of the Settlement and bar any claim to void or avoid the Settlement under CAFA.

(b)    <u>Amended Consolidated Complaint and Motion to Lift Stay.</u> Within 15 days of the execution of this Agreement, Named Plaintiffs shall file

1    an Amended Consolidated Complaint consolidating both operative complaints in the

2    Rudsell and Burnell Actions, which consolidated complaint will be filed in the

3    Rudsell Action.  Also within 15 days of the execution of this Agreement, Named

4    Plaintiffs shall request that the Court lift the stay in the Rudsell Action so as to

5    permit the filing of the motion for preliminary approval in the Rudsell Action.

6              (c)    Preliminary Approval Motion.  Named Plaintiffs shall file

7    a motion for preliminary approval of the Settlement  in the Rudsell Action within 15

8    days of the execution of this Agreement.  Plaintiffs shall schedule the motion for

9    hearing on the earliest date the Court has available that complies with notice

10   requirements.

11             (d)    Preliminary Approval Order.  In conjunction with these

12   hearings, Named Plaintiffs will submit this Agreement, which sets forth the terms of

13   this Settlement, and will include proposed forms of all notices and other documents

14   as attached hereto necessary to implement the Settlement.  Simultaneous with the

15   filing of the Stipulation of Settlement and solely for purposes of this Settlement,

16   Named Plaintiffs will request the Court to enter the Preliminary Approval Order

17   ("Preliminary Approval Order" or "Order") (attached as Exhibit 2 hereto),

18   preliminarily approving the proposed Settlement, and setting a hearing date to

19   determine final approval of the Settlement.  The Order shall provide for notice of the

20   Settlement and related matters to be sent to Plaintiffs as specified herein.

21             (e)    Notice to Plaintiffs.  Notice of the Settlement shall be

22   provided to Plaintiffs using the following procedures:

23                    (1)    Settlement Administrator.  The  Settlement

24   Administrator shall be responsible for preparing, printing and mailing to the

25   Plaintiffs the Notice of Settlement of Class Action attached as Exhibit 1 hereto (the

26   "Class Notice") as directed by the Court; calculating individual Settlement Awards,

27   along with the amount of all payroll tax deductions to be withheld; keeping track of

28   opt-outs and objections; drafting and mailing checks to Class Members; and for such

1  other tasks as the Parties mutually agree or the Court orders the Settlement

2  Administrator to perform.  The Parties each represent they do not have any financial

3  interest in the Settlement Administrator or otherwise have a relationship with the

4  Settlement Administrator that could create a conflict of interest.

5               (2)    <u>Notice By First-Class Mail</u>.  Within 10 calendar

6  days after receipt of the Class List and Data Report, the Settlement Administrator

7  shall mail the Class Notice to Plaintiffs via first-class regular U.S. mail.  Plaintiffs

8  will have 45 days from the mailing of the Class Notice to opt-out of or object to the

9  settlement ("Opt Out/Objection Period").  Prior to mailing, the Settlement

10  Administrator will perform a search based on the National Change of Address

11  Database information to update and correct for any known or identifiable address

12  changes and, if necessary, perform reasonable skip-tracing efforts to locate

13  Plaintiffs.  If a new address is obtained by way of a returned Class Notice, the

14  Settlement Administrator shall promptly forward the original Class Notice to the

15  updated address via first-class regular U.S. mail indicating on the original Class

16  Notice the date of such re-mailing.

17          The Settlement Administrator will, on a weekly basis during and for a

18  reasonable period following the Notice Period, provide updates to Class Counsel

19  and Defense Counsel as to the number of Plaintiffs who submitted (i) valid opt-out

20  requests for exclusions; and (ii) objections.  To the extent practicable, the weekly

21  updates shall also provide updated data on the extent of Class Notices that are

22  returned undeliverable and any re-mailing efforts.

23          Within 7 calendar days after the close of the Notice Period, the

24  Settlement Administrator will prepare a declaration to be provided to Class Counsel

25  and Defendant's Counsel for filing in support of Plaintiffs' motion for final approval

26  attesting to the following: (i) its mailing efforts regarding the Class Notice; (ii) its

27  receipt of the valid requests for exclusion, and its inability to deliver the Settlement

28  Class Notice to Plaintiffs, if any; (iii) the number of Class Members; (iv) the highest

1  estimated Award Payments, along with the estimated average Award Payment.  The

2  Settlement Administrator will also prepare and submit to Class Counsel and

3  Defendants' Counsel for filing in support of the motion any supplemental

4  declaration as applicable.

5          In the event the procedures in this paragraph are followed and the

6  intended recipient of a Class Notice still does not receive the Class Notice, the

7  intended recipient shall remain a Settlement Class Member and will be bound by all

8  terms of the Settlement and any Final Judgment entered by the Court if the

9  Settlement is approved by the Court.

10         (f)    Procedure for Payment of Settlement Awards.  Except for

11  Plaintiffs who submit valid and timely requests for exclusion as provided herein, all

12  Class Members shall receive an Award, distributed by the Settlement Administrator

13  within 20 calendar days of the date of receipt of the tender of payment by the

14  Defendants.  The Settlement Administrator's determination of eligibility for, and the

15  amounts of, any Settlement Payments under the terms of this Agreement, shall be

16  conclusive, final and binding on all Parties, including all Class Members.

17         Checks paid to Class Members shall remain valid and negotiable for one

18  hundred and eighty days from the date of their issuance ("Check Stale Date") and may

19  thereafter automatically be canceled if not cashed by a Settlement Class Member

20  within that time.  The funds corresponding to voided checks pursuant to this paragraph

21  shall be deposited into the California Unclaimed Property Fund in accordance with

22  California Unclaimed Property Law.

23         13.    Procedure for Objecting to or Requesting Exclusion From Class

24  Action Settlement.

25         (a)    Procedure for Objecting.  The Notice shall provide that

26  Class Members who wish to object to the Settlement must file with the Court and

27  serve on counsel for the Parties a written statement objecting to the Settlement.

28  Such written statement must be filed with the Court and served on counsel for the

Parties no later than forty-five (45) days after the date the Class Notice is first mailed (the "Objection/Exclusion Deadline Date"). No Class Member shall be entitled to be heard at the final Settlement Hearing (whether individually or through separate counsel) or to object to the Settlement, and no written objections or briefs submitted by any Settlement Class Member shall be received or considered by the Court at the Settlement Hearing, unless written notice of the Settlement Class Member's intention to appear at the Settlement Hearing, and copies of any written objections or briefs, shall have been filed with the Court and provided to the Settlement Administrator on or before the Objection/Exclusion Deadline Date. The Parties will be permitted to respond in writing to such objections prior to the Final Approval Hearing. Class Members who fail to file and serve timely written objections in the manner specified above shall remain Class Members and shall be deemed to have waived any objections and shall be foreclosed from making any objection (whether by appeal or otherwise) to the Settlement.

(b)    Procedure for Requesting Exclusion. The Class Notice shall provide that Plaintiffs who wish to exclude themselves from the Settlement Class must submit a signed, written statement requesting exclusion from the Settlement Class on or before the Objection/Exclusion Deadline Date. The Opt-Out Request must state in substance:

> "I have read the Class Notice and I wish to opt out of the settlement of the following cases: *Rudsell v. Swift Transportation Company of Arizona, LLC, et al.*, Case No. ED-CV-00692 VAP (OPx) and *Burnell, et al. v. Swift Transportation Co. of Arizona. LLC, et al.*, Case No. ED-CV 10-00809 VAP (OPx). I understand that by opting out of the settlement that I will not be bound by any judgment in the cases and will not be entitled to receive any payment from the settlement."

Such written request for exclusion must contain the name, address, telephone number and last four digits of Social Security number of the person requesting exclusion and the location and years of his or her employment by Defendants, must be returned by mail to the Settlement Administrator at a specified

address, must be signed by the Plaintiff, and must be postmarked on or before the Objection/Exclusion Deadline Date. The date of the postmark on the return mailing envelope shall be the exclusive means used to determine whether a request for exclusion has been timely submitted. Any Plaintiff who opts-out of the Settlement Class will not be entitled to any recovery under the Settlement and will not be bound by the Settlement or have any right to object, appeal or comment thereon. Plaintiffs who fail to submit a valid and timely request for exclusion on or before the Objection/Exclusion Deadline Date shall be Class Members and shall be bound by all terms of the Settlement and any Final Judgment entered in these actions if the Settlement is approved by the Court.

(c)     No Solicitation of Settlement Objections or Exclusions. The Parties agree to use their best efforts to carry out the terms of this Settlement. At no time shall any of the Parties or their counsel seek to directly or indirectly solicit or otherwise encourage Plaintiffs to submit written objections to the Settlement or requests for exclusion from the Settlement Class, or appeal from the Court's Final Judgment.

(d)     Option to Void Settlement. If, after the Objection/Exclusion Deadline Date, the number of Plaintiffs who have timely submitted requests for exclusion total in number more than 5 percent of the Settlement Class, Defendants shall have, in their sole discretion, the option to void this Settlement. In order to exercise this option, Defendants must notify Class Counsel in writing within 10 business days after the later of the Objection/Exclusion Deadline Date, or of learning from the Settlement Administrator that the number of Plaintiffs who have timely submitted requests for exclusion total in number more than 5 percent of the Settlement Class.

(e)     Final Settlement Approval Hearing and Entry of Final Judgment. Upon expiration of the Objection/Exclusion period, with the Court's permission, a Final Settlement Approval Hearing shall be conducted to determine

final approval of the Settlement along with the amount properly payable for (i) the Fees Award and Costs Award, (ii) Named Plaintiffs' Service Awards, (iii) Settlement Administrator's Fees and Expenses, and (iv) Settlement Class Member Awards; and (v) the PAGA Payment to the LWDA. Upon final approval of the Settlement by the Court at or after the Settlement Hearing, the Parties shall present a Final Judgment and Order of Dismissal with Prejudice ("Final Judgment") (attached as <u>Exhibit 3</u> hereto) to the Court for its approval.

The Settlement Administrator shall keep Counsel for the Parties apprised of all distributions from the Settlement Fund and upon completion of administration of that portion of the Settlement, the Settlement Administrator shall provide written certification, under penalty of perjury, of such completion to the Court and counsel for all Parties.

Upon completion of administration of the Settlement, Named Plaintiffs and Class Counsel shall provide written certification, under penalty of perjury, of such completion to the Court and Defendants' Counsel. Also upon completion of administration of the Settlement, the Settlement Administrator shall provide written certification, under penalty of perjury, of such completion to the Court and counsel for all Parties, as provided herein.

(f)     <u>Administration Costs</u>. All of Defendants' own legal fees, costs and expenses incurred in this Action shall be borne by Defendants. As set forth above, claims administration expenses will be paid from the Gross Settlement Amount. The Parties agree to cooperate in the Settlement administration process and to make all reasonable efforts to control and minimize the costs and expenses incurred in administration of the Settlement.

(g)     <u>Nullification of Settlement Agreement</u>. In the event: (i) the Court does not enter the Order specified herein; (ii) the Court does not finally approve the Settlement as provided herein; (iii) the Court does not enter a Final Judgment as provided herein which becomes final as a result of the occurrence of

the Effective Date; or (iv) the Settlement does not become final for any other reason, this Settlement Agreement shall be null and void and any order or judgment entered by the Court in furtherance of this Settlement shall be treated as void ab initio. In such a case, the Parties and any funds to be awarded under this Settlement shall be returned to their respective statuses as of the date and time immediately prior to the execution of this Agreement, and the Parties shall proceed in all respects as if this Settlement Agreement had not been executed, except that any fees already incurred by the Settlement Administrator shall be borne equally by the Parties. In the event an appeal is filed from the Court's Final Judgment, or any other appellate review is sought prior to the Effective Date, administration of the Settlement shall be stayed pending final resolution of the appeal or other appellate review.

14. <u>Privacy of Documents and Information</u>. Plaintiffs and their counsel agree that none of the documents and information provided to them by Defendants shall be used for any purpose other than settlement of the Actions. Named Plaintiffs and their Class Counsel agree to comply with the terms of the Stipulated Protective Order entered in Burnell Action on February 28, 2013.

15. <u>No Effect on Employee Benefits</u>. The Service Awards and Settlement Payments paid to Named Plaintiffs and Class Members shall be deemed not to be pensionable earnings and shall not have any effect on the eligibility for, or calculation of, any of the employee benefits (e.g., vacations, holiday pay, retirement plans, etc.) of the respective Named Plaintiffs or Class Members. The Parties agree that any Service Awards and Settlement Payments paid to Named Plaintiffs and Class Members under the terms of this Agreement do not represent any modification of Named Plaintiffs' or Class Members' previously credited hours of service or other eligibility criteria under any employee pension benefit plan or employee welfare benefit plan sponsored by Defendants. Further, any Service Awards or Settlement Payments hereunder shall not be considered "compensation" in any year

1   for purposes of determining eligibility for, or benefit accrual within, an employee

2   pension benefit plan or employee welfare benefit plan sponsored by Defendants.

3       16.   Publicity. The Parties agree that neither Named Plaintiffs nor

4   Class Counsel shall issue any press release or announcement of any kind related in

5   any way to the settlement. Named Plaintiffs and Class Counsel agree that, prior to

6   preliminary approval of the settlement, they will keep the terms of the settlement

7   confidential except for purposes of communicating with Named Plaintiffs only.

8   Named Plaintiffs shall be informed that the settlement is confidential and shall be

9   advised to keep the settlement confidential. From and after preliminary approval of

10  the settlement, Named Plaintiffs and Class Counsel may:  (1) as required by law; (2)

11  as required under the terms of the Settlement; or (3) as required under counsel's

12  duties and responsibilities as Class Counsel, comment regarding the specific terms

13  of the settlement. In all other cases, Named Plaintiffs and Class Counsel agree to

14  limit their statements regarding the terms of the settlement, whether oral, written or

15  electronic (including the world wide web), to say the Actions have been resolved

16  and that Named Plaintiffs and Class Counsel are satisfied with the settlement terms.

17  Class Counsel shall not, at any time, advertise or mention the terms of the

18  Settlement on personal or firm website(s); shall not discuss the terms of the

19  Settlement with media, general public, or issue press releases; and shall limit any

20  statements regarding the terms of the Settlement to that information that is publicly

21  available. Nothing in this Paragraph is intended to interfere with Class Counsel's

22  duties and obligations to faithfully discharge their duties as Class Counsel, including

23  but not limited to, communicating with Class Members regarding the settlement.

24      17.   No Admission By the Released Parties. The Released Parties,

25  including Defendants, deny any and all claims alleged in the Rudsell and Burnell

26  Actions and deny any and all wrongdoing whatsoever. This Agreement is not a

27  concession or admission, and shall not be used against Defendants or any of the

28  Released Parties as an admission or indication with respect to any claim of any fault,

concession or omission by Defendants or any of the Released Parties. Whether or not the Settlement is finally approved, neither the Settlement, nor any document, statement, proceeding or conduct related to this Agreement, nor any reports or accounts thereof, shall in any event be:

(a)   construed as, offered or admitted in evidence as, received as, or deemed to be evidence for any purpose adverse to the Released Parties, including, but not limited to, evidence of a presumption, concession, indication or admission by any of the Released Parties of any liability, fault, wrongdoing, omission, concession or damage; or

(b)   disclosed, referred to or offered or received in evidence against any of the Released Parties, in any further proceeding in the Rudsell Action or Burnell Action, or any other civil, criminal or administrative action or proceeding except for purposes of settling the Rudsell Action and Burnell Action pursuant to this Agreement.

(c)   The Released Parties, including Defendants, shall have the right to use this Settlement, including the Releases set forth above, to defend against any claims asserted by Class Members that are encompassed within the Releases, whether such claims are asserted in the Rudsell and Burnell Actions or any other lawsuit.

18.   Exhibits and Headings. The terms of this Agreement include the terms set forth in any attached Exhibits 1-3, which are incorporated by this reference as though fully set forth herein. Any Exhibits to this Agreement are an integral part of the Settlement. The descriptive headings of any paragraphs or sections of this Agreement are inserted for convenience of reference only and do not constitute a part of this Agreement.Interim Stay of Proceedings. The Parties agree to hold all proceedings in the Rudsell Action and Burnell Action, except such proceedings necessary to implement and complete the Settlement, in abeyance pending the Settlement Hearing to be conducted by the Court.Amendment or Modification. This

Agreement may be amended or modified only by a written instrument signed by counsel for all Parties or their successors-in-interest. <u>Entire Agreement</u>. This Agreement and any attached Exhibits constitute the entire agreement among these Parties, and no oral or written representations, warranties or inducements have been made to any Party concerning this Agreement or its Exhibits other than the representations, warranties and covenants contained and memorialized in such documents.

22. <u>Authorization to Enter Into Settlement Agreement</u>. Counsel for all Parties warrant and represent they are expressly authorized by the Parties whom they represent and who are signing this Agreement, to negotiate this Agreement and to take all appropriate action required or permitted to be taken by such Parties pursuant to this Agreement to effectuate its terms, and to execute any other documents required to effectuate the terms of this Agreement. The Parties and their counsel will cooperate with each other and use their best efforts to effect the implementation of the Settlement.

23. <u>Binding on Successors and Assigns</u>. This Agreement shall be binding upon, and inure to the benefit of, the successors or assigns of the Parties hereto, as previously defined.

24. <u>California Law Governs</u>. All terms of this Agreement and the Exhibits hereto shall be governed by and interpreted according to the laws of the State of California. <u>Counterparts</u>. This Agreement may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument provided that counsel for the Parties to this Agreement shall exchange among themselves original signed counterparts.

26. <u>This Settlement is Fair, Adequate and Reasonable</u>. The Parties believe this Settlement is a fair, adequate and reasonable settlement of the Class Actions and have arrived at this Settlement in arms-length negotiations, taking into

account all relevant factors, present and potential. This Settlement was reached after extensive negotiations.

27. <u>Jurisdiction of the District Court</u>. The Court shall retain jurisdiction with respect to the interpretation, implementation and enforcement of the terms of this Agreement and all orders and judgments entered in connection therewith, and the parties and their counsel hereto submit to the jurisdiction of the Court for purposes of interpreting, implementing and enforcing the settlement embodied in this Agreement and all orders and judgments entered in connection therewith.

28. <u>Cooperation and Drafting</u>. Each of the parties has cooperated in the drafting and preparation of this Agreement. Hence, in any construction made to this Agreement, the same shall not be construed against any of the parties.

29. <u>Invalidity of Any Provision</u>. Before declaring any provision of this Agreement invalid, the Court shall first attempt to construe the provisions valid to the fullest extent possible consistent with applicable precedents so as to define all provisions of this Agreement valid and enforceable.

30. <u>Named Plaintiff General Release Remains Effective</u>. Named Plaintiffs set forth herein agree to sign this Agreement, and by signing this Agreement are bound by the terms herein stated upon final approval, including without limitation the general release set forth above. Named Plaintiffs shall retain their rights as Class Members under this Agreement, but understand that should they opt out of the Settlement, they shall waive their rights to any recovery of any Service Award, although their General Release of all claims will remain in effect.

<u>NAMED PLAINTIFFS</u>

Date: _____   _____

JAMES RUDSELL

Date: _5/2/19_

_(signature)_

GILBERT SAUCELLO

SWIFT TRANSPORTATION CO. OF
ARIZONA. LLC

SWIFT TRANSPORTATION CO., INC.

Date: _____

By: _____
Its: _____

account all relevant factors, present and potential. This Settlement was reached after extensive negotiations.

27. <u>Jurisdiction of the District Court</u>. The Court shall retain jurisdiction with respect to the interpretation, implementation and enforcement of the terms of this Agreement and all orders and judgments entered in connection therewith, and the parties and their counsel hereto submit to the jurisdiction of the Court for purposes of interpreting, implementing and enforcing the settlement embodied in this Agreement and all orders and judgments entered in connection therewith.

28. <u>Cooperation and Drafting</u>. Each of the parties has cooperated in the drafting and preparation of this Agreement. Hence, in any construction made to this Agreement, the same shall not be construed against any of the parties.

29. <u>Invalidity of Any Provision</u>. Before declaring any provision of this Agreement invalid, the Court shall first attempt to construe the provisions valid to the fullest extent possible consistent with applicable precedents so as to define all provisions of this Agreement valid and enforceable.

30. <u>Named Plaintiff General Release Remains Effective</u>. Named Plaintiffs set forth herein agree to sign this Agreement, and by signing this Agreement are bound by the terms herein stated upon final approval, including without limitation the general release set forth above. Named Plaintiffs shall retain their rights as Class Members under this Agreement, but understand that should they opt out of the Settlement, they shall waive their rights to any recovery of any Service Award, although their General Release of all claims will remain in effect.

NAMED PLAINTIFFS

Date: 4-30-19

JAMES RUDSELL

Date: _____

_____

GILBERT SAUCILLO

SWIFT TRANSPORTATION CO. OF
ARIZONA. LLC

SWIFT TRANSPORTATION CO., INC.

Date: ___4-24-19___

By: _____
Its: GENERAL COUNSEL

# EXHIBIT 2

# *Time Ticket Diary Report*

| | |
|---|---|
| Report Date: | 11/18/2019 |
| Report Time: | 2:44PM |
| Page: | 1 of 21 |
| User ID: | hitson |

## JAMES HAWKINS APLC

| | |
|---|---|
| **Date Range:** | **01/01/1900 to 11/18/2019** |
| **Timekeeper:** | **All** |
| **Client:** | **SWIFT James Rudsell** |
| **Matter:** | **JRH3215 Swift Transportation Co., Inc- James Rudsell v. Swift Transportation Co.** |
| **Billing Type:** | **All** |
| **Task Code:** | **All** |
| **Hold Status:** | **All (both Held and Non-Held)** |
| **Billing Status:** | **Unbillled Only** |
| **Sorted by:** | **Timekeeper,Date,Client** |

| Client Number / Client Name | Matter Number | Date / Matter Description | Ticket Number | Hours | Amount | Type | Task Code | Activity Code | Held | Billing Status |
|---|---|---|---|---|---|---|---|---|---|---|
| **GEM** Greg Mauro | | | | | | | | | | |
| SWIFT James Rudsell | JRH3215 | 10/15/2011 Swift Transportation Co., Inc- James Rudsell v. Swift Transportation Co. | 127 | 1.70 | 1,360.00 | BL | | | No | Unbilled |
| Time Ticket Text: | conf and discussions w/ GEM and MLW re new case, violations and causes of action | | | | | | | | | |
| SWIFT James Rudsell | JRH3215 | 10/19/2011 Swift Transportation Co., Inc- James Rudsell v. Swift Transportation Co. | 128 | 2.40 | 1,920.00 | BL | | | No | Unbilled |
| Time Ticket Text: | meet w/ potential additional rep; witness info and docs | | | | | | | | | |
| SWIFT James Rudsell | JRH3215 | 10/20/2011 Swift Transportation Co., Inc- James Rudsell v. Swift Transportation Co. | 129 | 2.20 | 1,760.00 | BL | | | No | Unbilled |
| Time Ticket Text: | review client docs and witness info; strategy discussions w/ JRH | | | | | | | | | |
| SWIFT James Rudsell | JRH3215 | 10/22/2011 Swift Transportation Co., Inc- James Rudsell v. Swift Transportation Co. | 130 | 3.20 | 2,560.00 | BL | | | No | Unbilled |
| Time Ticket Text: | research re causes; due diligence and review of docs | | | | | | | | | |
| SWIFT James Rudsell | JRH3215 | 10/29/2011 Swift Transportation Co., Inc- James Rudsell v. Swift Transportation Co. | 131 | 1.00 | 800.00 | BL | | | No | Unbilled |
| Time Ticket Text: | phone call w/ client; additional info; memo to file | | | | | | | | | |
| SWIFT James Rudsell | JRH3215 | 11/10/2011 Swift Transportation Co., Inc- James Rudsell v. Swift Transportation Co. | 132 | 1.50 | 1,200.00 | BL | | | No | Unbilled |
| Time Ticket Text: | further due diligence and strategy discussion; complaint; docs and venue | | | | | | | | | |
| SWIFT James Rudsell | JRH3215 | 11/30/2011 Swift Transportation Co., Inc- James Rudsell v. Swift Transportation Co. | 133 | 4.00 | 3,200.00 | BL | | | No | Unbilled |
| Time Ticket Text: | meet w/ JRH and client; additional docs; witnesses and complaint | | | | | | | | | |
| SWIFT James Rudsell | JRH3215 | 12/10/2011 Swift Transportation Co., Inc- James Rudsell v. Swift Transportation Co. | 134 | 2.00 | 1,600.00 | BL | | | No | Unbilled |
| Time Ticket Text: | conf w/ client; conf w/ JRH; re complaint | | | | | | | | | |

# *Time Ticket Diary Report*

## JAMES HAWKINS APLC

| Client Number<br>Client Name | Matter<br>Number | Date<br>Matter Description | Ticket<br>Number | Hours | Amount | Type | Task<br>Code | Activity<br>Code | Held | Billing Status |
|---|---|---|---|---|---|---|---|---|---|---|
| SWIFT<br>James Rudsell | JRH3215 | 12/15/2011<br>Swift Transportation Co., Inc- James Rudsell v. Swift Transportation Co. | 135 | 1.90 | 1,520.00 | BL | | | No | Unbilled |
| Time Ticket Text: | | legal research; email MLW re same; memo to file | | | | | | | | |
| SWIFT<br>James Rudsell | JRH3215 | 12/20/2011<br>Swift Transportation Co., Inc- James Rudsell v. Swift Transportation Co. | 136 | 2.60 | 2,080.00 | BL | | | No | Unbilled |
| Time Ticket Text: | | begin to gather docs and draft complaint; email JRH re same | | | | | | | | |
| SWIFT<br>James Rudsell | JRH3215 | 12/28/2011<br>Swift Transportation Co., Inc- James Rudsell v. Swift Transportation Co. | 137 | 1.20 | 960.00 | BL | | | No | Unbilled |
| Time Ticket Text: | | continue to draft complaint; conf w/ client | | | | | | | | |
| SWIFT<br>James Rudsell | JRH3215 | 01/04/2012<br>Swift Transportation Co., Inc- James Rudsell v. Swift Transportation Co. | 138 | 2.30 | 1,840.00 | BL | | | No | Unbilled |
| Time Ticket Text: | | redline revisions for complaint; conf w/ JRH re same; continue to draft | | | | | | | | |
| SWIFT<br>James Rudsell | JRH3215 | 01/06/2012<br>Swift Transportation Co., Inc- James Rudsell v. Swift Transportation Co. | 139 | 1.50 | 1,200.00 | BL | | | No | Unbilled |
| Time Ticket Text: | | strategy discussions w/JRH re complaint and research | | | | | | | | |
| SWIFT<br>James Rudsell | JRH3215 | 01/09/2012<br>Swift Transportation Co., Inc- James Rudsell v. Swift Transportation Co. | 140 | 2.60 | 2,080.00 | BL | | | No | Unbilled |
| Time Ticket Text: | | final revisions to complaint; prep docs for filing; email MLW re same; POS | | | | | | | | |
| SWIFT<br>James Rudsell | JRH3215 | 01/15/2012<br>Swift Transportation Co., Inc- James Rudsell v. Swift Transportation Co. | 141 | 0.50 | 400.00 | BL | | | No | Unbilled |
| Time Ticket Text: | | email from MLW re filing; phone call w/ client re same | | | | | | | | |
| SWIFT<br>James Rudsell | JRH3215 | 03/01/2012<br>Swift Transportation Co., Inc- James Rudsell v. Swift Transportation Co. | 142 | 0.70 | 560.00 | BL | | | No | Unbilled |
| Time Ticket Text: | | receipt of voicemail from client; returned phone call re status | | | | | | | | |
| SWIFT<br>James Rudsell | JRH3215 | 03/20/2012<br>Swift Transportation Co., Inc- James Rudsell v. Swift Transportation Co. | 143 | 0.60 | 480.00 | BL | | | No | Unbilled |
| Time Ticket Text: | | receipt and review; conf w/ JRH; calendar; email MLW re same | | | | | | | | |
| SWIFT<br>James Rudsell | JRH3215 | 03/21/2012<br>Swift Transportation Co., Inc- James Rudsell v. Swift Transportation Co. | 144 | 2.90 | 2,320.00 | BL | | | No | Unbilled |
| Time Ticket Text: | | motion to remand; conf w/ JRH re same; email MLW re calendar; phone call w/ client re same | | | | | | | | |
| SWIFT<br>James Rudsell | JRH3215 | 03/24/2012<br>Swift Transportation Co., Inc- James Rudsell v. Swift Transportation Co. | 145 | 1.00 | 800.00 | BL | | | No | Unbilled |
| Time Ticket Text: | | prep for hearing; review docs | | | | | | | | |

# *Time Ticket Diary Report*

## JAMES HAWKINS APLC

| Client Number<br>Client Name | Matter<br>Number | Date<br>Matter Description | Ticket<br>Number | Hours | Amount | Type | Task<br>Code | Activity<br>Code | Held | Billing Status |
|---|---|---|---|---|---|---|---|---|---|---|
| SWIFT<br>James Rudsell | JRH3215 | 03/25/2012<br>Swift Transportation Co., Inc- James Rudsell v. Swift Transportation Co. | 146 | 1.90 | 1,520.00 | BL | | | No | Unbilled |
| Time Ticket Text: | | hearing prep; conf w/ JRH; review docs | | | | | | | | |
| SWIFT<br>James Rudsell | JRH3215 | 03/26/2012<br>Swift Transportation Co., Inc- James Rudsell v. Swift Transportation Co. | 147 | 6.50 | 5,200.00 | BL | | | No | Unbilled |
| Time Ticket Text: | | prep; review; travel and attend hearing | | | | | | | | |
| SWIFT<br>James Rudsell | JRH3215 | 03/29/2012<br>Swift Transportation Co., Inc- James Rudsell v. Swift Transportation Co. | 148 | 2.40 | 1,920.00 | BL | | | No | Unbilled |
| Time Ticket Text: | | crs w/ MLW re summons and complaint; draft FAC; conf w/ JRH re same | | | | | | | | |
| SWIFT<br>James Rudsell | JRH3215 | 03/30/2012<br>Swift Transportation Co., Inc- James Rudsell v. Swift Transportation Co. | 149 | 2.10 | 1,680.00 | BL | | | No | Unbilled |
| Time Ticket Text: | | prep docs; FAC and email to MLW re filing; phone call w/ client and memo to file | | | | | | | | |
| SWIFT<br>James Rudsell | JRH3215 | 04/11/2012<br>Swift Transportation Co., Inc- James Rudsell v. Swift Transportation Co. | 150 | 2.30 | 1,840.00 | BL | | | No | Unbilled |
| Time Ticket Text: | | prep for hearing; strategy discussions w/ JRH re same | | | | | | | | |
| SWIFT<br>James Rudsell | JRH3215 | 04/13/2012<br>Swift Transportation Co., Inc- James Rudsell v. Swift Transportation Co. | 151 | 3.20 | 2,560.00 | BL | | | No | Unbilled |
| Time Ticket Text: | | prep; review and attend hearing | | | | | | | | |
| SWIFT<br>James Rudsell | JRH3215 | 04/15/2012<br>Swift Transportation Co., Inc- James Rudsell v. Swift Transportation Co. | 152 | 0.60 | 480.00 | BL | | | No | Unbilled |
| Time Ticket Text: | | phone call from client re status | | | | | | | | |
| SWIFT<br>James Rudsell | JRH3215 | 05/07/2012<br>Swift Transportation Co., Inc- James Rudsell v. Swift Transportation Co. | 153 | 3.10 | 2,480.00 | BL | | | No | Unbilled |
| Time Ticket Text: | | receipt and review of notice of removal; crs w/ JRH; strategy discussions and review | | | | | | | | |
| SWIFT<br>James Rudsell | JRH3215 | 05/08/2012<br>Swift Transportation Co., Inc- James Rudsell v. Swift Transportation Co. | 154 | 0.50 | 400.00 | BL | | | No | Unbilled |
| Time Ticket Text: | | receipt of dec Rohwer; conf w/ JRH | | | | | | | | |
| SWIFT<br>James Rudsell | JRH3215 | 05/08/2012<br>Swift Transportation Co., Inc- James Rudsell v. Swift Transportation Co. | 155 | 1.30 | 1,040.00 | BL | | | No | Unbilled |
| Time Ticket Text: | | strategy discussions w/ JRH re decs; email MLW re calendar; memo to file and phone call w/ client | | | | | | | | |
| SWIFT<br>James Rudsell | JRH3215 | 05/09/2012<br>Swift Transportation Co., Inc- James Rudsell v. Swift Transportation Co. | 156 | 1.80 | 1,440.00 | BL | | | No | Unbilled |
| Time Ticket Text: | | certificate of interested parties; notice of counsel and parties; receipt and review; crs re same | | | | | | | | |

# *Time Ticket Diary Report*

Report Date:     11/18/2019
Report Time:     2:44PM
Page:            4 of 21
User ID:         hitson

## JAMES HAWKINS APLC

| Client Number<br>Client Name | Matter<br>Number | Date<br>Matter Description | Ticket<br>Number | Hours | Amount | Type | Task<br>Code | Activity<br>Code | Held | Billing Status |
|---|---|---|---|---|---|---|---|---|---|---|
| SWIFT<br>James Rudsell | JRH3215 | 06/11/2012<br>Swift Transportation Co., Inc- James Rudsell v. Swift Transportation Co. | 4 | 0.20 | 160.00 | BL | | | No | Unbilled |
| Time Ticket Text: | review crs from D and proposed stip re waiver of LR-23-3, return crs re word version for edits... | | | | | | | | | |
| SWIFT<br>James Rudsell | JRH3215 | 06/11/2012<br>Swift Transportation Co., Inc- James Rudsell v. Swift Transportation Co. | 157 | 0.30 | 240.00 | BL | | | No | Unbilled |
| Time Ticket Text: | crs and emails re cert | | | | | | | | | |
| SWIFT<br>James Rudsell | JRH3215 | 07/02/2012<br>Swift Transportation Co., Inc- James Rudsell v. Swift Transportation Co. | 158 | 1.40 | 1,120.00 | BL | | | No | Unbilled |
| Time Ticket Text: | strategy discussions w/ JRH; case set up and review | | | | | | | | | |
| SWIFT<br>James Rudsell | JRH3215 | 08/07/2012<br>Swift Transportation Co., Inc- James Rudsell v. Swift Transportation Co. | 159 | 0.60 | 480.00 | BL | | | No | Unbilled |
| Time Ticket Text: | prep for conf w/ other counsel; email crs re same | | | | | | | | | |
| SWIFT<br>James Rudsell | JRH3215 | 08/08/2012<br>Swift Transportation Co., Inc- James Rudsell v. Swift Transportation Co. | 160 | 1.10 | 880.00 | BL | | | No | Unbilled |
| Time Ticket Text: | prep and participate w/ conf w/other counsel on competing case | | | | | | | | | |
| SWIFT<br>James Rudsell | JRH3215 | 08/10/2012<br>Swift Transportation Co., Inc- James Rudsell v. Swift Transportation Co. | 161 | 0.50 | 400.00 | BL | | | No | Unbilled |
| Time Ticket Text: | receipt of voicemail from client; returned phone call | | | | | | | | | |
| SWIFT<br>James Rudsell | JRH3215 | 08/17/2012<br>Swift Transportation Co., Inc- James Rudsell v. Swift Transportation Co. | 162 | 1.00 | 800.00 | BL | | | No | Unbilled |
| Time Ticket Text: | conf w/ JRH and MB re action; email MLW re same-calendar | | | | | | | | | |
| SWIFT<br>James Rudsell | JRH3215 | 09/10/2012<br>Swift Transportation Co., Inc- James Rudsell v. Swift Transportation Co. | 8 | 0.80 | 640.00 | BL | | | No | Unbilled |
| Time Ticket Text: | conf cal lwith D re status of case... | | | | | | | | | |
| SWIFT<br>James Rudsell | JRH3215 | 09/20/2012<br>Swift Transportation Co., Inc- James Rudsell v. Swift Transportation Co. | 9 | 0.70 | 560.00 | BL | | | No | Unbilled |
| Time Ticket Text: | conf call with Sonne re stip to proceed with discovery prior to RUle 26 conference... | | | | | | | | | |
| SWIFT<br>James Rudsell | JRH3215 | 10/12/2012<br>Swift Transportation Co., Inc- James Rudsell v. Swift Transportation Co. | 163 | 1.10 | 880.00 | BL | | | No | Unbilled |
| Time Ticket Text: | crs re joint report; draft and email crs re same | | | | | | | | | |
| SWIFT<br>James Rudsell | JRH3215 | 10/13/2012<br>Swift Transportation Co., Inc- James Rudsell v. Swift Transportation Co. | 164 | 0.50 | 400.00 | BL | | | No | Unbilled |
| Time Ticket Text: | crs re joint report | | | | | | | | | |

# *Time Ticket Diary Report*

## JAMES HAWKINS APLC

| Client Number Client Name | Matter Number | Date Matter Description | Ticket Number | Hours | Amount | Type | Task Code | Activity Code | Held | Billing Status |
|---|---|---|---|---|---|---|---|---|---|---|
| SWIFT | JRH3215 | 10/16/2012 | 10 | 0.60 | 480.00 | BL | | | No | Unbilled |
| James Rudsell | | Swift Transportation Co., Inc- James Rudsell v. Swift Transportation Co. | | | | | | | | |
| Time Ticket Text: | prep crs to D re meet and confer LR 7-3 re commencement of discovery as no Rule 26 conference has been scheduled yet... | | | | | | | | | |
| SWIFT | JRH3215 | 10/16/2012 | 11 | 1.10 | 880.00 | BL | | | No | Unbilled |
| James Rudsell | | Swift Transportation Co., Inc- James Rudsell v. Swift Transportation Co. | | | | | | | | |
| Time Ticket Text: | prep SC report to state court re status of removal.  prep crs to D re same.  review retrun crs re same and prep for filing report... | | | | | | | | | |
| SWIFT | JRH3215 | 10/16/2012 | 165 | 0.60 | 480.00 | BL | | | No | Unbilled |
| James Rudsell | | Swift Transportation Co., Inc- James Rudsell v. Swift Transportation Co. | | | | | | | | |
| Time Ticket Text: | additional conf and crs re joint report; email MLW re same | | | | | | | | | |
| SWIFT | JRH3215 | 10/20/2012 | 166 | 0.80 | 640.00 | BL | | | No | Unbilled |
| James Rudsell | | Swift Transportation Co., Inc- James Rudsell v. Swift Transportation Co. | | | | | | | | |
| Time Ticket Text: | research and strategy discussions w/ JRH re continuance | | | | | | | | | |
| SWIFT | JRH3215 | 10/25/2012 | 167 | 1.10 | 880.00 | BL | | | No | Unbilled |
| James Rudsell | | Swift Transportation Co., Inc- James Rudsell v. Swift Transportation Co. | | | | | | | | |
| Time Ticket Text: | prep docs; email MLW; f/u on filing; memo to file | | | | | | | | | |
| SWIFT | JRH3215 | 11/01/2012 | 168 | 0.60 | 480.00 | BL | | | No | Unbilled |
| James Rudsell | | Swift Transportation Co., Inc- James Rudsell v. Swift Transportation Co. | | | | | | | | |
| Time Ticket Text: | voicemail from client; email MLW; f/u appt | | | | | | | | | |
| SWIFT | JRH3215 | 01/08/2013 | 12 | 0.90 | 720.00 | BL | | | No | Unbilled |
| James Rudsell | | Swift Transportation Co., Inc- James Rudsell v. Swift Transportation Co. | | | | | | | | |
| Time Ticket Text: | conf call with D Sonne re rule 26 early meeting conference... | | | | | | | | | |
| SWIFT | JRH3215 | 01/22/2013 | 13 | 1.90 | 1,520.00 | BL | | | No | Unbilled |
| James Rudsell | | Swift Transportation Co., Inc- James Rudsell v. Swift Transportation Co. | | | | | | | | |
| Time Ticket Text: | prepare draft Rule 26 joint report.  prep crs to D re same... | | | | | | | | | |
| SWIFT | JRH3215 | 01/26/2013 | 169 | 0.90 | 720.00 | BL | | | No | Unbilled |
| James Rudsell | | Swift Transportation Co., Inc- James Rudsell v. Swift Transportation Co. | | | | | | | | |
| Time Ticket Text: | prep docs for MLW re copies for judge; memo | | | | | | | | | |
| SWIFT | JRH3215 | 01/28/2013 | 14 | 1.40 | 1,120.00 | BL | | | No | Unbilled |
| James Rudsell | | Swift Transportation Co., Inc- James Rudsell v. Swift Transportation Co. | | | | | | | | |
| Time Ticket Text: | rev crs from D re revised joint report.  review proposed joint report.  propose redline changes.  prep return crs to D re same... | | | | | | | | | |
| SWIFT | JRH3215 | 01/28/2013 | 15 | 1.10 | 880.00 | BL | | | No | Unbilled |
| James Rudsell | | Swift Transportation Co., Inc- James Rudsell v. Swift Transportation Co. | | | | | | | | |
| Time Ticket Text: | review multiple crs from D re rule 26 joint report.  Review joint report and prepare ADR form 1 for filing.  Prep | | | | | | | | | |

# *Time Ticket Diary Report*

## JAMES HAWKINS APLC

| Client Number / Client Name | Matter Number | Date / Matter Description | Ticket Number | Hours | Amount | Type | Task Code | Activity Code | Held | Billing Status |
|---|---|---|---|---|---|---|---|---|---|---|
| | | return crs to D re same. File joint report and send for courtesy copy... | | | | | | | | |
| SWIFT | JRH3215 | 01/30/2013 | 171 | 0.80 | 640.00 | BL | | | No | Unbilled |
| James Rudsell | | Swift Transportation Co., Inc- James Rudsell v. Swift Transportation Co. | | | | | | | | |
| Time Ticket Text: | | discussions w/ JRH and client re disclosures; email MLW re same | | | | | | | | |
| SWIFT | JRH3215 | 02/07/2013 | 16 | 1.10 | 880.00 | BL | | | No | Unbilled |
| James Rudsell | | Swift Transportation Co., Inc- James Rudsell v. Swift Transportation Co. | | | | | | | | |
| Time Ticket Text: | | review document and draft Initial Disclosure statement.  send to DDS for service... | | | | | | | | |
| SWIFT | JRH3215 | 02/07/2013 | 172 | 0.70 | 560.00 | BL | | | No | Unbilled |
| James Rudsell | | Swift Transportation Co., Inc- James Rudsell v. Swift Transportation Co. | | | | | | | | |
| Time Ticket Text: | | further crs and emails re disclosures | | | | | | | | |
| SWIFT | JRH3215 | 03/02/2013 | 173 | 2.80 | 2,240.00 | BL | | | No | Unbilled |
| James Rudsell | | Swift Transportation Co., Inc- James Rudsell v. Swift Transportation Co. | | | | | | | | |
| Time Ticket Text: | | crs and conf re RFP's; conf w/ client and JRH; prep docs | | | | | | | | |
| SWIFT | JRH3215 | 03/03/2013 | 174 | 2.50 | 2,000.00 | BL | | | No | Unbilled |
| James Rudsell | | Swift Transportation Co., Inc- James Rudsell v. Swift Transportation Co. | | | | | | | | |
| Time Ticket Text: | | continue to draft discovery responses; RFP and email crs re same | | | | | | | | |
| SWIFT | JRH3215 | 03/04/2013 | 175 | 1.80 | 1,440.00 | BL | | | No | Unbilled |
| James Rudsell | | Swift Transportation Co., Inc- James Rudsell v. Swift Transportation Co. | | | | | | | | |
| Time Ticket Text: | | continue discovery; prep docs; conf w/ JRH; email MLW re docs | | | | | | | | |
| SWIFT | JRH3215 | 03/08/2013 | 17 | 0.60 | 480.00 | BL | | | No | Unbilled |
| James Rudsell | | Swift Transportation Co., Inc- James Rudsell v. Swift Transportation Co. | | | | | | | | |
| Time Ticket Text: | | conf call with Sonne re stay... | | | | | | | | |
| SWIFT | JRH3215 | 03/11/2013 | 18 | 2.40 | 1,920.00 | BL | | | No | Unbilled |
| James Rudsell | | Swift Transportation Co., Inc- James Rudsell v. Swift Transportation Co. | | | | | | | | |
| Time Ticket Text: | | review client intake and FAC re claims.  Propound written discovery to D... | | | | | | | | |
| SWIFT | JRH3215 | 03/11/2013 | 176 | 0.80 | 640.00 | BL | | | No | Unbilled |
| James Rudsell | | Swift Transportation Co., Inc- James Rudsell v. Swift Transportation Co. | | | | | | | | |
| Time Ticket Text: | | prep for and participate in conf w/ other plaintiff's counsel; memo to file | | | | | | | | |
| SWIFT | JRH3215 | 03/25/2013 | 177 | 1.20 | 960.00 | BL | | | No | Unbilled |
| James Rudsell | | Swift Transportation Co., Inc- James Rudsell v. Swift Transportation Co. | | | | | | | | |
| Time Ticket Text: | | research and prep for hearing; conf w/ JRH re same | | | | | | | | |
| SWIFT | JRH3215 | 03/27/2013 | 178 | 1.50 | 1,200.00 | BL | | | No | Unbilled |
| James Rudsell | | Swift Transportation Co., Inc- James Rudsell v. Swift Transportation Co. | | | | | | | | |
| Time Ticket Text: | | continue to prep for hearing re removal | | | | | | | | |

# *Time Ticket Diary Report*

## JAMES HAWKINS APLC

| Client Number / Client Name | Matter Number | Date / Matter Description | Ticket Number | Hours | Amount | Type | Task Code | Activity Code | Held | Billing Status |
|---|---|---|---|---|---|---|---|---|---|---|
| SWIFT / James Rudsell | JRH3215 | 03/29/2013 / Swift Transportation Co., Inc- James Rudsell v. Swift Transportation Co. | 179 | 3.00 | 2,400.00 | BL | | | No | Unbilled |
| Time Ticket Text: | | prep; travel and attend hearing; email MLW re calendar; memo to file and phone call w/ client re same | | | | | | | | |
| SWIFT / James Rudsell | JRH3215 | 03/31/2013 / Swift Transportation Co., Inc- James Rudsell v. Swift Transportation Co. | 180 | 1.50 | 1,200.00 | BL | | | No | Unbilled |
| Time Ticket Text: | | due diligence; strategy discussions w/ JRH | | | | | | | | |
| SWIFT / James Rudsell | JRH3215 | 04/13/2013 / Swift Transportation Co., Inc- James Rudsell v. Swift Transportation Co. | 181 | 2.40 | 1,920.00 | BL | | | No | Unbilled |
| Time Ticket Text: | | receipt of responses from defense; review; conf w/ JRH re same; email MLW re calendar | | | | | | | | |
| SWIFT / James Rudsell | JRH3215 | 04/14/2013 / Swift Transportation Co., Inc- James Rudsell v. Swift Transportation Co. | 182 | 1.30 | 1,040.00 | BL | | | No | Unbilled |
| Time Ticket Text: | | review responses; crs re same | | | | | | | | |
| SWIFT / James Rudsell | JRH3215 | 05/29/2013 / Swift Transportation Co., Inc- James Rudsell v. Swift Transportation Co. | 185 | 0.40 | 320.00 | BL | | | No | Unbilled |
| Time Ticket Text: | | phone call from client; returned phone call re status; memo | | | | | | | | |
| SWIFT / James Rudsell | JRH3215 | 11/09/2013 / Swift Transportation Co., Inc- James Rudsell v. Swift Transportation Co. | 183 | 1.40 | 1,120.00 | BL | | | No | Unbilled |
| Time Ticket Text: | | review file and prep for conf w/ counsel | | | | | | | | |
| SWIFT / James Rudsell | JRH3215 | 11/10/2014 / Swift Transportation Co., Inc- James Rudsell v. Swift Transportation Co. | 184 | 1.50 | 1,200.00 | BL | | | No | Unbilled |
| Time Ticket Text: | | prep; review and participate in conf w/ co-counsel; crs w/ JRH re same | | | | | | | | |
| SWIFT / James Rudsell | JRH3215 | 11/22/2014 / Swift Transportation Co., Inc- James Rudsell v. Swift Transportation Co. | 186 | 0.60 | 480.00 | BL | | | No | Unbilled |
| Time Ticket Text: | | phone call f/u w/ client re status | | | | | | | | |
| SWIFT / James Rudsell | JRH3215 | 02/01/2017 / Swift Transportation Co., Inc- James Rudsell v. Swift Transportation Co. | 187 | 2.00 | 1,600.00 | BL | | | No | Unbilled |
| Time Ticket Text: | | strategy meeting w/ JRH and MLW re mediation; case set up; due diligence | | | | | | | | |
| SWIFT / James Rudsell | JRH3215 | 02/15/2017 / Swift Transportation Co., Inc- James Rudsell v. Swift Transportation Co. | 188 | 2.80 | 2,240.00 | BL | | | No | Unbilled |
| Time Ticket Text: | | conf w/ co-counsel; emails; crs re mediation and cert; further research | | | | | | | | |
| SWIFT / James Rudsell | JRH3215 | 04/15/2017 / Swift Transportation Co., Inc- James Rudsell v. Swift Transportation Co. | 189 | 0.30 | 240.00 | BL | | | No | Unbilled |
| Time Ticket Text: | | receipt of voicemail from client; returned phone call | | | | | | | | |

# *Time Ticket Diary Report*

## JAMES HAWKINS APLC

| Client Number / Client Name | Matter Number | Date / Matter Description | Ticket Number | Hours | Amount | Type | Task Code | Activity Code | Held | Billing Status |
|---|---|---|---|---|---|---|---|---|---|---|
| SWIFT / James Rudsell | JRH3215 | 12/20/2017 / Swift Transportation Co., Inc- James Rudsell v. Swift Transportation Co. | 190 | 0.40 | 320.00 | BL | | | No | Unbilled |
| Time Ticket Text: | | crs re mediation; memo | | | | | | | | |
| SWIFT / James Rudsell | JRH3215 | 12/21/2017 / Swift Transportation Co., Inc- James Rudsell v. Swift Transportation Co. | 191 | 2.50 | 2,000.00 | BL | | | No | Unbilled |
| Time Ticket Text: | | strategy meeting w/ JRH re mediation; docs; travel; email MLW re same | | | | | | | | |
| SWIFT / James Rudsell | JRH3215 | 01/05/2018 / Swift Transportation Co., Inc- James Rudsell v. Swift Transportation Co. | 192 | 0.60 | 480.00 | BL | | | No | Unbilled |
| Time Ticket Text: | | crs and phone call w/ client re mediation | | | | | | | | |
| SWIFT / James Rudsell | JRH3215 | 04/13/2018 / Swift Transportation Co., Inc- James Rudsell v. Swift Transportation Co. | 193 | 5.60 | 4,480.00 | BL | | | No | Unbilled |
| Time Ticket Text: | | begin to review file; docs and prep for mediation; crs w/ JRH re same | | | | | | | | |
| SWIFT / James Rudsell | JRH3215 | 04/14/2018 / Swift Transportation Co., Inc- James Rudsell v. Swift Transportation Co. | 194 | 4.80 | 3,840.00 | BL | | | No | Unbilled |
| Time Ticket Text: | | draft brief for mediation; strategy discussions w/ JRH re same | | | | | | | | |
| SWIFT / James Rudsell | JRH3215 | 04/16/2018 / Swift Transportation Co., Inc- James Rudsell v. Swift Transportation Co. | 217 | 3.10 | 2,480.00 | BL | | | No | Unbilled |
| Time Ticket Text: | | continue mediation prep and review; confirm travel; crs w/ mediator | | | | | | | | |
| SWIFT / James Rudsell | JRH3215 | 04/17/2018 / Swift Transportation Co., Inc- James Rudsell v. Swift Transportation Co. | 21 | 8.90 | 7,120.00 | BL | | | No | Unbilled |
| Time Ticket Text: | | prep for mediation-conf with D re same-review voluminous documents-conf with mediator... | | | | | | | | |
| SWIFT / James Rudsell | JRH3215 | 04/17/2018 / Swift Transportation Co., Inc- James Rudsell v. Swift Transportation Co. | 215 | 4.60 | 3,680.00 | BL | | | No | Unbilled |
| Time Ticket Text: | | mediation strategy discussions; conf and review of docs | | | | | | | | |
| SWIFT / James Rudsell | JRH3215 | 04/18/2018 / Swift Transportation Co., Inc- James Rudsell v. Swift Transportation Co. | 20 | 10.50 | 8,400.00 | BL | | | No | Unbilled |
| Time Ticket Text: | | prep for mediation-continued draft of brief and review of documents-exchange crs with D re same-conf with co counsel re same-conf with possible co counsel Saltzman... | | | | | | | | |
| SWIFT / James Rudsell | JRH3215 | 04/18/2018 / Swift Transportation Co., Inc- James Rudsell v. Swift Transportation Co. | 195 | 6.90 | 5,520.00 | BL | | | No | Unbilled |
| Time Ticket Text: | | finalize brief and continue to prep and review docs for mediation prep | | | | | | | | |
| SWIFT / James Rudsell | JRH3215 | 04/20/2018 / Swift Transportation Co., Inc- James Rudsell v. Swift Transportation Co. | 196 | 5.90 | 4,720.00 | BL | | | No | Unbilled |
| Time Ticket Text: | | review damages w/ JRH; doc review; phone call w/ client and continue to prep for mediation | | | | | | | | |

# *Time Ticket Diary Report*

## JAMES HAWKINS APLC

| Client Number Client Name | Matter Number | Date Matter Description | Ticket Number | Hours | Amount | Type | Task Code | Activity Code | Held | Billing Status |
|---|---|---|---|---|---|---|---|---|---|---|
| SWIFT James Rudsell | JRH3215 | 04/21/2018 | 214 | 6.40 | 5,120.00 | BL | | | No | Unbilled |
| | | Swift Transportation Co., Inc- James Rudsell v. Swift Transportation Co. | | | | | | | | |
| Time Ticket Text: | continue to prep and review for mediation | | | | | | | | | |
| SWIFT James Rudsell | JRH3215 | 04/22/2018 | 197 | 6.50 | 5,200.00 | BL | | | No | Unbilled |
| | | Swift Transportation Co., Inc- James Rudsell v. Swift Transportation Co. | | | | | | | | |
| Time Ticket Text: | prep and travel for mediation | | | | | | | | | |
| SWIFT James Rudsell | JRH3215 | 04/23/2018 | 198 | 12.50 | 10,000.00 | BL | | | No | Unbilled |
| | | Swift Transportation Co., Inc- James Rudsell v. Swift Transportation Co. | | | | | | | | |
| Time Ticket Text: | prep and attend mediation | | | | | | | | | |
| SWIFT James Rudsell | JRH3215 | 04/24/2018 | 199 | 6.70 | 5,360.00 | BL | | | No | Unbilled |
| | | Swift Transportation Co., Inc- James Rudsell v. Swift Transportation Co. | | | | | | | | |
| Time Ticket Text: | travel from mediation | | | | | | | | | |
| SWIFT James Rudsell | JRH3215 | 04/26/2018 | 200 | 0.50 | 400.00 | BL | | | No | Unbilled |
| | | Swift Transportation Co., Inc- James Rudsell v. Swift Transportation Co. | | | | | | | | |
| Time Ticket Text: | email and crs w/ mediator and JRH | | | | | | | | | |
| SWIFT James Rudsell | JRH3215 | 07/24/2018 | 22 | 1.50 | 1,200.00 | BL | | | No | Unbilled |
| | | Swift Transportation Co., Inc- James Rudsell v. Swift Transportation Co. | | | | | | | | |
| Time Ticket Text: | Conference call with Client re Settlement- Conference call with co counsel JH re same- Exchange multiple emails with Defense re MOU... | | | | | | | | | |
| SWIFT James Rudsell | JRH3215 | 04/30/2019 | 23 | 1.00 | 800.00 | BL | | | No | Unbilled |
| | | Swift Transportation Co., Inc- James Rudsell v. Swift Transportation Co. | | | | | | | | |
| Time Ticket Text: | Email regarding Swift at 7:36p. re settlement agreement... | | | | | | | | | |
| SWIFT James Rudsell | JRH3215 | 05/16/2019 | 201 | 4.30 | 3,440.00 | BL | | | No | Unbilled |
| | | Swift Transportation Co., Inc- James Rudsell v. Swift Transportation Co. | | | | | | | | |
| Time Ticket Text: | revisions to prelim docs; dec; conf w/ JRH re same; email MLW re prep docs and calendar | | | | | | | | | |
| SWIFT James Rudsell | JRH3215 | 05/22/2019 | 202 | 2.00 | 1,600.00 | BL | | | No | Unbilled |
| | | Swift Transportation Co., Inc- James Rudsell v. Swift Transportation Co. | | | | | | | | |
| Time Ticket Text: | continue to draft prelim and prep docs | | | | | | | | | |
| SWIFT James Rudsell | JRH3215 | 06/03/2019 | 203 | 1.40 | 1,120.00 | BL | | | No | Unbilled |
| | | Swift Transportation Co., Inc- James Rudsell v. Swift Transportation Co. | | | | | | | | |
| Time Ticket Text: | prep docs for filing; review and file w/ MLW re memo to file | | | | | | | | | |
| SWIFT James Rudsell | JRH3215 | 06/23/2019 | 204 | 1.50 | 1,200.00 | BL | | | No | Unbilled |
| | | Swift Transportation Co., Inc- James Rudsell v. Swift Transportation Co. | | | | | | | | |
| Time Ticket Text: | conf w/ counsel re meet and confer w/ JRH and defense counsel | | | | | | | | | |

# *Time Ticket Diary Report*

| | |
|---|---|
| Report Date: | 11/18/2019 |
| Report Time: | 2:44PM |
| Page: | 10 of 21 |
| User ID: | hitson |

## JAMES HAWKINS APLC

| Client Number<br>Client Name | Matter<br>Number | Date<br>Matter Description | Ticket<br>Number | Hours | Amount | Type | Task<br>Code | Activity<br>Code | Held | Billing Status |
|---|---|---|---|---|---|---|---|---|---|---|
| SWIFT | JRH3215 | 06/24/2019 | 205 | 7.20 | 5,760.00 | BL | | | No | Unbilled |
| James Rudsell | | Swift Transportation Co., Inc- James Rudsell v. Swift Transportation Co. | | | | | | | | |
| Time Ticket Text: | reply to objection; conf w/ JRH re same | | | | | | | | | |
| SWIFT | JRH3215 | 07/27/2019 | 206 | 1.80 | 1,440.00 | BL | | | No | Unbilled |
| James Rudsell | | Swift Transportation Co., Inc- James Rudsell v. Swift Transportation Co. | | | | | | | | |
| Time Ticket Text: | reply discussions; conf w/ JRH | | | | | | | | | |
| SWIFT | JRH3215 | 07/28/2019 | 207 | 2.50 | 2,000.00 | BL | | | No | Unbilled |
| James Rudsell | | Swift Transportation Co., Inc- James Rudsell v. Swift Transportation Co. | | | | | | | | |
| Time Ticket Text: | reply; review and revisions; conf w/ JRH | | | | | | | | | |
| SWIFT | JRH3215 | 07/29/2019 | 213 | 3.80 | 3,040.00 | BL | | | No | Unbilled |
| James Rudsell | | Swift Transportation Co., Inc- James Rudsell v. Swift Transportation Co. | | | | | | | | |
| Time Ticket Text: | due diligence further for reply; conf w/ JRH; research and phone call w/ client | | | | | | | | | |
| SWIFT | JRH3215 | 07/30/2019 | 208 | 1.50 | 1,200.00 | BL | | | No | Unbilled |
| James Rudsell | | Swift Transportation Co., Inc- James Rudsell v. Swift Transportation Co. | | | | | | | | |
| Time Ticket Text: | prep docs for filing; crs w/ MLW re same; chamber; calendar | | | | | | | | | |
| SWIFT | JRH3215 | 10/05/2019 | 209 | 2.20 | 1,760.00 | BL | | | No | Unbilled |
| James Rudsell | | Swift Transportation Co., Inc- James Rudsell v. Swift Transportation Co. | | | | | | | | |
| Time Ticket Text: | final approval strategy discussions; due diligence; conf | | | | | | | | | |
| SWIFT | JRH3215 | 10/06/2019 | 210 | 2.40 | 1,920.00 | BL | | | No | Unbilled |
| James Rudsell | | Swift Transportation Co., Inc- James Rudsell v. Swift Transportation Co. | | | | | | | | |
| Time Ticket Text: | draft revisions to final; dec and docs | | | | | | | | | |
| SWIFT | JRH3215 | 11/10/2019 | 211 | 2.10 | 1,680.00 | BL | | | No | Unbilled |
| James Rudsell | | Swift Transportation Co., Inc- James Rudsell v. Swift Transportation Co. | | | | | | | | |
| Time Ticket Text: | final approval motion and docs | | | | | | | | | |
| SWIFT | JRH3215 | 11/15/2019 | 212 | 1.90 | 1,520.00 | BL | | | No | Unbilled |
| James Rudsell | | Swift Transportation Co., Inc- James Rudsell v. Swift Transportation Co. | | | | | | | | |
| Time Ticket Text: | finalize motion and docs; conf w/ JRH re same; email MLW re prep docs for filing; memo | | | | | | | | | |
| SWIFT | JRH3215 | 11/17/2019 | 170 | 15.00 | 12,000.00 | BL | | | No | Unbilled |
| James Rudsell | | Swift Transportation Co., Inc- James Rudsell v. Swift Transportation Co. | | | | | | | | |
| Time Ticket Text: | estimation of hours to complete case wrap up | | | | | | | | | |

Totals For:GEM  252.60  202,080.00

JRH      James Hawkins

# *Time Ticket Diary Report*

## JAMES HAWKINS APLC

| Client Number / Client Name | Matter Number | Date / Matter Description | Ticket Number | Hours | Amount | Type | Task Code | Activity Code | Held | Billing Status |
|---|---|---|---|---|---|---|---|---|---|---|
| SWIFT James Rudsell | JRH3215 | 10/12/2011 Swift Transportation Co., Inc- James Rudsell v. Swift Transportation Co. | 27 | 0.70 | 595.00 | BL | | | No | Unbilled |
| Time Ticket Text: | voicemail from potential client; returned phone call, schedule time to speak, email MLW re calendar... | | | | | | | | | |
| SWIFT James Rudsell | JRH3215 | 10/13/2011 Swift Transportation Co., Inc- James Rudsell v. Swift Transportation Co. | 30 | 2.60 | 2,210.00 | BL | | | No | Unbilled |
| Time Ticket Text: | research potential employer and violations... | | | | | | | | | |
| SWIFT James Rudsell | JRH3215 | 10/13/2011 Swift Transportation Co., Inc- James Rudsell v. Swift Transportation Co. | 29 | 1.60 | 1,360.00 | BL | | | No | Unbilled |
| Time Ticket Text: | phone call w/ potential client... | | | | | | | | | |
| SWIFT James Rudsell | JRH3215 | 10/14/2011 Swift Transportation Co., Inc- James Rudsell v. Swift Transportation Co. | 31 | 4.50 | 3,825.00 | BL | | | No | Unbilled |
| Time Ticket Text: | meet w/ client; intake and retainer... | | | | | | | | | |
| SWIFT James Rudsell | JRH3215 | 10/15/2011 Swift Transportation Co., Inc- James Rudsell v. Swift Transportation Co. | 34 | 2.40 | 2,040.00 | BL | | | No | Unbilled |
| Time Ticket Text: | review client docs and due diligence... | | | | | | | | | |
| SWIFT James Rudsell | JRH3215 | 10/17/2011 Swift Transportation Co., Inc- James Rudsell v. Swift Transportation Co. | 1 | 0.90 | 765.00 | BL | | | No | Unbilled |
| Time Ticket Text: | Conf. w/ client re: status. | | | | | | | | | |
| SWIFT James Rudsell | JRH3215 | 10/19/2011 Swift Transportation Co., Inc- James Rudsell v. Swift Transportation Co. | 2 | 1.20 | 1,020.00 | BL | | | No | Unbilled |
| Time Ticket Text: | Conf w/ client re: add'l rep. | | | | | | | | | |
| SWIFT James Rudsell | JRH3215 | 11/20/2011 Swift Transportation Co., Inc- James Rudsell v. Swift Transportation Co. | 35 | 3.80 | 3,230.00 | BL | | | No | Unbilled |
| Time Ticket Text: | further due diligence; legal research... | | | | | | | | | |
| SWIFT James Rudsell | JRH3215 | 11/30/2011 Swift Transportation Co., Inc- James Rudsell v. Swift Transportation Co. | 36 | 3.60 | 3,060.00 | BL | | | No | Unbilled |
| Time Ticket Text: | meet w/ client re additional docs; review... | | | | | | | | | |
| SWIFT James Rudsell | JRH3215 | 12/10/2011 Swift Transportation Co., Inc- James Rudsell v. Swift Transportation Co. | 38 | 1.80 | 1,530.00 | BL | | | No | Unbilled |
| Time Ticket Text: | strategy discussions w/ GEM re filing; venue... | | | | | | | | | |
| SWIFT James Rudsell | JRH3215 | 12/20/2011 Swift Transportation Co., Inc- James Rudsell v. Swift Transportation Co. | 40 | 0.60 | 510.00 | BL | | | No | Unbilled |
| Time Ticket Text: | phone call w/ client re status and docs... | | | | | | | | | |

# *Time Ticket Diary Report*

## JAMES HAWKINS APLC

| Client Number / Client Name | Matter Number | Date / Matter Description | Ticket Number | Hours | Amount | Type | Task Code | Activity Code | Held | Billing Status |
|---|---|---|---|---|---|---|---|---|---|---|
| SWIFT James Rudsell | JRH3215 | 01/04/2012 Swift Transportation Co., Inc- James Rudsell v. Swift Transportation Co. | 41 | 2.30 | 1,955.00 | BL | | | No | Unbilled |
| Time Ticket Text: | redline revisions to complaint; review and discussions w/ GEM re same... | | | | | | | | | |
| SWIFT James Rudsell | JRH3215 | 01/06/2012 Swift Transportation Co., Inc- James Rudsell v. Swift Transportation Co. | 42 | 1.80 | 1,530.00 | BL | | | No | Unbilled |
| Time Ticket Text: | further research re complaint and further strategy discussions... | | | | | | | | | |
| SWIFT James Rudsell | JRH3215 | 01/09/2012 Swift Transportation Co., Inc- James Rudsell v. Swift Transportation Co. | 43 | 1.40 | 1,190.00 | BL | | | No | Unbilled |
| Time Ticket Text: | filing complaint discussions; email MLW re same; calendar; memo... | | | | | | | | | |
| SWIFT James Rudsell | JRH3215 | 03/20/2012 Swift Transportation Co., Inc- James Rudsell v. Swift Transportation Co. | 45 | 0.90 | 765.00 | BL | | | No | Unbilled |
| Time Ticket Text: | receipt and review; crs w/ GEM re same... | | | | | | | | | |
| SWIFT James Rudsell | JRH3215 | 03/21/2012 Swift Transportation Co., Inc- James Rudsell v. Swift Transportation Co. | 48 | 2.60 | 2,210.00 | BL | | | No | Unbilled |
| Time Ticket Text: | motion to remand | | | | | | | | | |
| SWIFT James Rudsell | JRH3215 | 03/25/2012 Swift Transportation Co., Inc- James Rudsell v. Swift Transportation Co. | 46 | 2.50 | 2,125.00 | BL | | | No | Unbilled |
| Time Ticket Text: | prep for hearing; discussions w/ GEM re same | | | | | | | | | |
| SWIFT James Rudsell | JRH3215 | 03/26/2012 Swift Transportation Co., Inc- James Rudsell v. Swift Transportation Co. | 47 | 4.00 | 3,400.00 | BL | | | No | Unbilled |
| Time Ticket Text: | prep for hearing; travel and attend; email MLW re calendar; memo to file | | | | | | | | | |
| SWIFT James Rudsell | JRH3215 | 03/26/2012 Swift Transportation Co., Inc- James Rudsell v. Swift Transportation Co. | 3 | 5.25 | 4,462.50 | BL | | | No | Unbilled |
| Time Ticket Text: | Attendance at hearing, travel to/from... | | | | | | | | | |
| SWIFT James Rudsell | JRH3215 | 03/30/2012 Swift Transportation Co., Inc- James Rudsell v. Swift Transportation Co. | 50 | 0.80 | 680.00 | BL | | | No | Unbilled |
| Time Ticket Text: | crs w/ MLW re summons and complaint | | | | | | | | | |
| SWIFT James Rudsell | JRH3215 | 03/30/2012 Swift Transportation Co., Inc- James Rudsell v. Swift Transportation Co. | 51 | 1.60 | 1,360.00 | BL | | | No | Unbilled |
| Time Ticket Text: | FAC; crs w/ GEM re same | | | | | | | | | |
| SWIFT James Rudsell | JRH3215 | 04/12/2012 Swift Transportation Co., Inc- James Rudsell v. Swift Transportation Co. | 55 | 1.40 | 1,190.00 | BL | | | No | Unbilled |
| Time Ticket Text: | prep for hearing | | | | | | | | | |

# *Time Ticket Diary Report*

## JAMES HAWKINS APLC

| Client Number / Client Name | Matter Number | Date / Matter Description | Ticket Number | Hours | Amount | Type | Task Code | Activity Code | Held | Billing Status |
|---|---|---|---|---|---|---|---|---|---|---|
| SWIFT | JRH3215 | 04/13/2012 | 56 | 1.70 | 1,445.00 | BL | | | No | Unbilled |
| James Rudsell | | Swift Transportation Co., Inc- James Rudsell v. Swift Transportation Co. | | | | | | | | |
| Time Ticket Text: | prep for and attend hearing | | | | | | | | | |
| SWIFT | JRH3215 | 05/07/2012 | 57 | 1.40 | 1,190.00 | BL | | | No | Unbilled |
| James Rudsell | | Swift Transportation Co., Inc- James Rudsell v. Swift Transportation Co. | | | | | | | | |
| Time Ticket Text: | notice of removal; discussions w/ GEM; strategy | | | | | | | | | |
| SWIFT | JRH3215 | 05/08/2012 | 60 | 0.70 | 595.00 | BL | | | No | Unbilled |
| James Rudsell | | Swift Transportation Co., Inc- James Rudsell v. Swift Transportation Co. | | | | | | | | |
| Time Ticket Text: | receipt and review of dec R. Rohwer | | | | | | | | | |
| SWIFT | JRH3215 | 05/08/2012 | 58 | 1.50 | 1,275.00 | BL | | | No | Unbilled |
| James Rudsell | | Swift Transportation Co., Inc- James Rudsell v. Swift Transportation Co. | | | | | | | | |
| Time Ticket Text: | strategy discussions w/ GEM re cert of notice of interested parties; notice of counsel and parties | | | | | | | | | |
| SWIFT | JRH3215 | 06/10/2012 | 61 | 0.90 | 765.00 | BL | | | No | Unbilled |
| James Rudsell | | Swift Transportation Co., Inc- James Rudsell v. Swift Transportation Co. | | | | | | | | |
| Time Ticket Text: | phone call w/ client re status | | | | | | | | | |
| SWIFT | JRH3215 | 07/02/2012 | 62 | 1.80 | 1,530.00 | BL | | | No | Unbilled |
| James Rudsell | | Swift Transportation Co., Inc- James Rudsell v. Swift Transportation Co. | | | | | | | | |
| Time Ticket Text: | strategy w/ GEM | | | | | | | | | |
| SWIFT | JRH3215 | 08/08/2012 | 5 | 1.20 | 1,020.00 | BL | | | No | Unbilled |
| James Rudsell | | Swift Transportation Co., Inc- James Rudsell v. Swift Transportation Co. | | | | | | | | |
| Time Ticket Text: | Conf. w/ other counsel on competing case, conf. w/ co-counsel re: same... | | | | | | | | | |
| SWIFT | JRH3215 | 08/08/2012 | 6 | 0.90 | 765.00 | BL | | | No | Unbilled |
| James Rudsell | | Swift Transportation Co., Inc- James Rudsell v. Swift Transportation Co. | | | | | | | | |
| Time Ticket Text: | Conf with other plaintiff counsel... | | | | | | | | | |
| SWIFT | JRH3215 | 08/17/2012 | 7 | 0.70 | 595.00 | BL | | | No | Unbilled |
| James Rudsell | | Swift Transportation Co., Inc- James Rudsell v. Swift Transportation Co. | | | | | | | | |
| Time Ticket Text: | Conference cl to MB re: action... | | | | | | | | | |
| SWIFT | JRH3215 | 10/13/2012 | 63 | 0.80 | 680.00 | BL | | | No | Unbilled |
| James Rudsell | | Swift Transportation Co., Inc- James Rudsell v. Swift Transportation Co. | | | | | | | | |
| Time Ticket Text: | crs re joint report | | | | | | | | | |
| SWIFT | JRH3215 | 10/16/2012 | 64 | 0.30 | 255.00 | BL | | | No | Unbilled |
| James Rudsell | | Swift Transportation Co., Inc- James Rudsell v. Swift Transportation Co. | | | | | | | | |
| Time Ticket Text: | joint report | | | | | | | | | |

# *Time Ticket Diary Report*

## JAMES HAWKINS APLC

| Client Number / Client Name | Matter Number | Date / Matter Description | Ticket Number | Hours | Amount | Type | Task Code | Activity Code | Held | Billing Status |
|---|---|---|---|---|---|---|---|---|---|---|
| SWIFT | JRH3215 | 10/20/2012 | 66 | 0.50 | 425.00 | BL | | | No | Unbilled |
| James Rudsell | | Swift Transportation Co., Inc- James Rudsell v. Swift Transportation Co. | | | | | | | | |
| Time Ticket Text: | crs and discussions w/ GEM re continuance | | | | | | | | | |
| SWIFT | JRH3215 | 10/25/2012 | 68 | 0.40 | 340.00 | BL | | | No | Unbilled |
| James Rudsell | | Swift Transportation Co., Inc- James Rudsell v. Swift Transportation Co. | | | | | | | | |
| Time Ticket Text: | crs and email MLW re filing; calendar; crs w/ GEM re same | | | | | | | | | |
| SWIFT | JRH3215 | 11/05/2012 | 69 | 0.60 | 510.00 | BL | | | No | Unbilled |
| James Rudsell | | Swift Transportation Co., Inc- James Rudsell v. Swift Transportation Co. | | | | | | | | |
| Time Ticket Text: | phone call w/ client re status | | | | | | | | | |
| SWIFT | JRH3215 | 01/27/2013 | 70 | 0.70 | 595.00 | BL | | | No | Unbilled |
| James Rudsell | | Swift Transportation Co., Inc- James Rudsell v. Swift Transportation Co. | | | | | | | | |
| Time Ticket Text: | strategy w/ GEM; copies to judge; email MLW | | | | | | | | | |
| SWIFT | JRH3215 | 01/30/2013 | 72 | 1.70 | 1,445.00 | BL | | | No | Unbilled |
| James Rudsell | | Swift Transportation Co., Inc- James Rudsell v. Swift Transportation Co. | | | | | | | | |
| Time Ticket Text: | phone call w/ client re disclosures | | | | | | | | | |
| SWIFT | JRH3215 | 02/07/2013 | 73 | 0.50 | 425.00 | BL | | | No | Unbilled |
| James Rudsell | | Swift Transportation Co., Inc- James Rudsell v. Swift Transportation Co. | | | | | | | | |
| Time Ticket Text: | crs re disclosures; email MLW re same | | | | | | | | | |
| SWIFT | JRH3215 | 03/02/2013 | 74 | 2.30 | 1,955.00 | BL | | | No | Unbilled |
| James Rudsell | | Swift Transportation Co., Inc- James Rudsell v. Swift Transportation Co. | | | | | | | | |
| Time Ticket Text: | meet re RFP's; review docs and crs w/ GEM re same | | | | | | | | | |
| SWIFT | JRH3215 | 03/04/2013 | 75 | 1.90 | 1,615.00 | BL | | | No | Unbilled |
| James Rudsell | | Swift Transportation Co., Inc- James Rudsell v. Swift Transportation Co. | | | | | | | | |
| Time Ticket Text: | cont RFP | | | | | | | | | |
| SWIFT | JRH3215 | 03/11/2013 | 19 | 0.60 | 510.00 | BL | | | No | Unbilled |
| James Rudsell | | Swift Transportation Co., Inc- James Rudsell v. Swift Transportation Co. | | | | | | | | |
| Time Ticket Text: | Conference call with other plaintiff counsel re: status, conf. with co-counsel... | | | | | | | | | |
| SWIFT | JRH3215 | 03/26/2013 | 81 | 1.80 | 1,530.00 | BL | | | No | Unbilled |
| James Rudsell | | Swift Transportation Co., Inc- James Rudsell v. Swift Transportation Co. | | | | | | | | |
| Time Ticket Text: | legal research and due diligence... | | | | | | | | | |
| SWIFT | JRH3215 | 03/28/2013 | 78 | 1.60 | 1,360.00 | BL | | | No | Unbilled |
| James Rudsell | | Swift Transportation Co., Inc- James Rudsell v. Swift Transportation Co. | | | | | | | | |
| Time Ticket Text: | prep for status removal hearing... | | | | | | | | | |

# *Time Ticket Diary Report*

## JAMES HAWKINS APLC

| Client Number<br>Client Name | Matter<br>Number | Date<br>Matter Description | Ticket<br>Number | Hours | Amount | Type | Task<br>Code | Activity<br>Code | Held | Billing Status |
|---|---|---|---|---|---|---|---|---|---|---|
| SWIFT<br>James Rudsell | JRH3215 | 03/29/2013<br>Swift Transportation Co., Inc- James Rudsell v. Swift Transportation Co. | 79 | 2.30 | 1,955.00 | BL | | | No | Unbilled |
| Time Ticket Text: | prep and attend hearing; email crs re same... | | | | | | | | | |
| SWIFT<br>James Rudsell | JRH3215 | 03/31/2013<br>Swift Transportation Co., Inc- James Rudsell v. Swift Transportation Co. | 82 | 1.20 | 1,020.00 | BL | | | No | Unbilled |
| Time Ticket Text: | pacer access; doc review and strategy discussion w/ GEM... | | | | | | | | | |
| SWIFT<br>James Rudsell | JRH3215 | 04/12/2013<br>Swift Transportation Co., Inc- James Rudsell v. Swift Transportation Co. | 83 | 1.40 | 1,190.00 | BL | | | No | Unbilled |
| Time Ticket Text: | receipt and review defenses RFP and SROG... | | | | | | | | | |
| SWIFT<br>James Rudsell | JRH3215 | 04/15/2013<br>Swift Transportation Co., Inc- James Rudsell v. Swift Transportation Co. | 85 | 2.70 | 2,295.00 | BL | | | No | Unbilled |
| Time Ticket Text: | continue to review docs from defense; strategy w/ GEM... | | | | | | | | | |
| SWIFT<br>James Rudsell | JRH3215 | 04/20/2013<br>Swift Transportation Co., Inc- James Rudsell v. Swift Transportation Co. | 86 | 0.70 | 595.00 | BL | | | No | Unbilled |
| Time Ticket Text: | phone call w/ client re status... | | | | | | | | | |
| SWIFT<br>James Rudsell | JRH3215 | 11/21/2013<br>Swift Transportation Co., Inc- James Rudsell v. Swift Transportation Co. | 87 | 0.20 | 170.00 | BL | | | No | Unbilled |
| Time Ticket Text: | receipt of voicemail from client; returned phone call; left voicemail... | | | | | | | | | |
| SWIFT<br>James Rudsell | JRH3215 | 11/29/2013<br>Swift Transportation Co., Inc- James Rudsell v. Swift Transportation Co. | 88 | 0.50 | 425.00 | BL | | | No | Unbilled |
| Time Ticket Text: | phone call w/ client... | | | | | | | | | |
| SWIFT<br>James Rudsell | JRH3215 | 10/20/2014<br>Swift Transportation Co., Inc- James Rudsell v. Swift Transportation Co. | 89 | 0.40 | 340.00 | BL | | | No | Unbilled |
| Time Ticket Text: | phone call w/ client... | | | | | | | | | |
| SWIFT<br>James Rudsell | JRH3215 | 11/10/2014<br>Swift Transportation Co., Inc- James Rudsell v. Swift Transportation Co. | 126 | 1.00 | 850.00 | BL | | | No | Unbilled |
| Time Ticket Text: | conf w/ GEM and co-counsel re startegy and due diligence... | | | | | | | | | |
| SWIFT<br>James Rudsell | JRH3215 | 06/05/2015<br>Swift Transportation Co., Inc- James Rudsell v. Swift Transportation Co. | 123 | 0.50 | 425.00 | BL | | | No | Unbilled |
| Time Ticket Text: | phone call w/ client; status; memo to file... | | | | | | | | | |
| SWIFT<br>James Rudsell | JRH3215 | 02/01/2017<br>Swift Transportation Co., Inc- James Rudsell v. Swift Transportation Co. | 124 | 1.70 | 1,445.00 | BL | | | No | Unbilled |
| Time Ticket Text: | conf and meet w/ GEM and MLW re mediation strategy; conf w/ co-counsel re same... | | | | | | | | | |

# *Time Ticket Diary Report*

## JAMES HAWKINS APLC

| Client Number / Client Name | Matter Number | Date / Matter Description | Ticket Number | Hours | Amount | Type | Task Code | Activity Code | Held | Billing Status |
|---|---|---|---|---|---|---|---|---|---|---|
| SWIFT / James Rudsell | JRH3215 | 02/15/2017 / Swift Transportation Co., Inc- James Rudsell v. Swift Transportation Co. | 125 | 1.90 | 1,615.00 | BL | | | No | Unbilled |
| Time Ticket Text: | conf w/ co-counsel; cert and mediation... | | | | | | | | | |
| SWIFT / James Rudsell | JRH3215 | 12/20/2017 / Swift Transportation Co., Inc- James Rudsell v. Swift Transportation Co. | 90 | 0.60 | 510.00 | BL | | | No | Unbilled |
| Time Ticket Text: | multiple crs re mediation... | | | | | | | | | |
| SWIFT / James Rudsell | JRH3215 | 12/21/2017 / Swift Transportation Co., Inc- James Rudsell v. Swift Transportation Co. | 91 | 2.60 | 2,210.00 | BL | | | No | Unbilled |
| Time Ticket Text: | strategy discussions w/ GEM re mediation... | | | | | | | | | |
| SWIFT / James Rudsell | JRH3215 | 04/10/2018 / Swift Transportation Co., Inc- James Rudsell v. Swift Transportation Co. | 122 | 6.80 | 5,780.00 | BL | | | No | Unbilled |
| Time Ticket Text: | review docs; file; damages and discussions w/ GEM; phone call w/ client; mediation due diligence... | | | | | | | | | |
| SWIFT / James Rudsell | JRH3215 | 04/15/2018 / Swift Transportation Co., Inc- James Rudsell v. Swift Transportation Co. | 102 | 7.80 | 6,630.00 | BL | | | No | Unbilled |
| Time Ticket Text: | prep and review for mediation; binders; email w/ MLW re same... | | | | | | | | | |
| SWIFT / James Rudsell | JRH3215 | 04/16/2018 / Swift Transportation Co., Inc- James Rudsell v. Swift Transportation Co. | 103 | 9.40 | 7,990.00 | BL | | | No | Unbilled |
| Time Ticket Text: | mediation discussions; analysis of damages; strategy discussions; due diligence | | | | | | | | | |
| SWIFT / James Rudsell | JRH3215 | 04/17/2018 / Swift Transportation Co., Inc- James Rudsell v. Swift Transportation Co. | 101 | 10.50 | 8,925.00 | BL | | | No | Unbilled |
| Time Ticket Text: | begin damage model for mediation; begin review of defense docs; strategy w/ GEM; crs w/ mediator; review file; phone call w/ client | | | | | | | | | |
| SWIFT / James Rudsell | JRH3215 | 04/18/2018 / Swift Transportation Co., Inc- James Rudsell v. Swift Transportation Co. | 100 | 7.90 | 6,715.00 | BL | | | No | Unbilled |
| Time Ticket Text: | review docs from defense in prep for mediation | | | | | | | | | |
| SWIFT / James Rudsell | JRH3215 | 04/19/2018 / Swift Transportation Co., Inc- James Rudsell v. Swift Transportation Co. | 99 | 9.40 | 7,990.00 | BL | | | No | Unbilled |
| Time Ticket Text: | continue to prep for mediation; brief; phone call w/ client; crs re mediation | | | | | | | | | |
| SWIFT / James Rudsell | JRH3215 | 04/20/2018 / Swift Transportation Co., Inc- James Rudsell v. Swift Transportation Co. | 98 | 8.70 | 7,395.00 | BL | | | No | Unbilled |
| Time Ticket Text: | continue analysis of damages; prep for mediation; review file | | | | | | | | | |
| SWIFT / James Rudsell | JRH3215 | 04/21/2018 / Swift Transportation Co., Inc- James Rudsell v. Swift Transportation Co. | 97 | 9.80 | 8,330.00 | BL | | | No | Unbilled |
| Time Ticket Text: | damage model; review; analysis and strategy discussions w/ GEM re mediation | | | | | | | | | |

# *Time Ticket Diary Report*

Report Date: 11/18/2019
Report Time: 2:44PM
Page: 17 of 21
User ID: hitson

## JAMES HAWKINS APLC

| Client Number / Client Name | Matter Number | Date / Matter Description | Ticket Number | Hours | Amount | Type | Task Code | Activity Code | Held | Billing Status |
|---|---|---|---|---|---|---|---|---|---|---|
| SWIFT | JRH3215 | 04/22/2018 | 96 | 11.20 | 9,520.00 | BL | | | No | Unbilled |
| James Rudsell | | Swift Transportation Co., Inc- James Rudsell v. Swift Transportation Co. | | | | | | | | |
| Time Ticket Text: | prep; review for mediation and travel | | | | | | | | | |
| SWIFT | JRH3215 | 04/23/2018 | 94 | 13.50 | 11,475.00 | BL | | | No | Unbilled |
| James Rudsell | | Swift Transportation Co., Inc- James Rudsell v. Swift Transportation Co. | | | | | | | | |
| Time Ticket Text: | prep for; review and attend mediation | | | | | | | | | |
| SWIFT | JRH3215 | 04/24/2018 | 95 | 7.50 | 6,375.00 | BL | | | No | Unbilled |
| James Rudsell | | Swift Transportation Co., Inc- James Rudsell v. Swift Transportation Co. | | | | | | | | |
| Time Ticket Text: | travel from mediation | | | | | | | | | |
| SWIFT | JRH3215 | 04/30/2018 | 104 | 3.10 | 2,635.00 | BL | | | No | Unbilled |
| James Rudsell | | Swift Transportation Co., Inc- James Rudsell v. Swift Transportation Co. | | | | | | | | |
| Time Ticket Text: | f/u w/ mediator; review; crs w/ GEM re same. | | | | | | | | | |
| SWIFT | JRH3215 | 05/02/2018 | 105 | 1.50 | 1,275.00 | BL | | | No | Unbilled |
| James Rudsell | | Swift Transportation Co., Inc- James Rudsell v. Swift Transportation Co. | | | | | | | | |
| Time Ticket Text: | phone call w/ client re mediation; status | | | | | | | | | |
| SWIFT | JRH3215 | 05/30/2018 | 113 | 1.70 | 1,445.00 | BL | | | No | Unbilled |
| James Rudsell | | Swift Transportation Co., Inc- James Rudsell v. Swift Transportation Co. | | | | | | | | |
| Time Ticket Text: | conf w/ co-counsel; strategy and crs w/ GEM re same | | | | | | | | | |
| SWIFT | JRH3215 | 03/02/2019 | 114 | 1.00 | 850.00 | BL | | | No | Unbilled |
| James Rudsell | | Swift Transportation Co., Inc- James Rudsell v. Swift Transportation Co. | | | | | | | | |
| Time Ticket Text: | phone call w/ client and GEM | | | | | | | | | |
| SWIFT | JRH3215 | 05/15/2019 | 106 | 3.30 | 2,805.00 | BL | | | No | Unbilled |
| James Rudsell | | Swift Transportation Co., Inc- James Rudsell v. Swift Transportation Co. | | | | | | | | |
| Time Ticket Text: | draft prelim; discussions w/ GEM; strategy and review | | | | | | | | | |
| SWIFT | JRH3215 | 05/23/2019 | 110 | 3.10 | 2,635.00 | BL | | | No | Unbilled |
| James Rudsell | | Swift Transportation Co., Inc- James Rudsell v. Swift Transportation Co. | | | | | | | | |
| Time Ticket Text: | redline revisions to prelim; dec; crs w/ GEM re same; email MLW re calendar | | | | | | | | | |
| SWIFT | JRH3215 | 06/01/2019 | 111 | 2.20 | 1,870.00 | BL | | | No | Unbilled |
| James Rudsell | | Swift Transportation Co., Inc- James Rudsell v. Swift Transportation Co. | | | | | | | | |
| Time Ticket Text: | redline to dec; crs and email re prelim; memo to file | | | | | | | | | |
| SWIFT | JRH3215 | 06/03/2019 | 115 | 1.60 | 1,360.00 | BL | | | No | Unbilled |
| James Rudsell | | Swift Transportation Co., Inc- James Rudsell v. Swift Transportation Co. | | | | | | | | |
| Time Ticket Text: | prelim discussions; filing; review and crs re same | | | | | | | | | |

# *Time Ticket Diary Report*

## JAMES HAWKINS APLC

| Client Number Client Name | Matter Number | Date Matter Description | Ticket Number | Hours | Amount | Type | Task Code | Activity Code | Held | Billing Status |
|---|---|---|---|---|---|---|---|---|---|---|
| SWIFT James Rudsell | JRH3215 | 06/23/2019 Swift Transportation Co., Inc- James Rudsell v. Swift Transportation Co. | 25 | 1.50 | 1,275.00 | BL | | | No | Unbilled |
| Time Ticket Text: | | Met and Conferred with GEM, Co-counsel, and D counsel on Reply to Objection.... | | | | | | | | |
| SWIFT James Rudsell | JRH3215 | 06/24/2019 Swift Transportation Co., Inc- James Rudsell v. Swift Transportation Co. | 24 | 8.50 | 7,225.00 | BL | | | No | Unbilled |
| Time Ticket Text: | | Conferred with Co-counsel, and GEM and drafted Reply to Objection/Opposition to Settlement.... | | | | | | | | |
| SWIFT James Rudsell | JRH3215 | 07/28/2019 Swift Transportation Co., Inc- James Rudsell v. Swift Transportation Co. | 118 | 2.00 | 1,700.00 | BL | | | No | Unbilled |
| Time Ticket Text: | | reply discussions; crs w/ GEM re same; revisions | | | | | | | | |
| SWIFT James Rudsell | JRH3215 | 07/30/2019 Swift Transportation Co., Inc- James Rudsell v. Swift Transportation Co. | 117 | 0.50 | 425.00 | BL | | | No | Unbilled |
| Time Ticket Text: | | crs re chamber copies; email MLW re same; receipt | | | | | | | | |
| SWIFT James Rudsell | JRH3215 | 08/05/2019 Swift Transportation Co., Inc- James Rudsell v. Swift Transportation Co. | 26 | 2.50 | 2,125.00 | BL | | | No | Unbilled |
| Time Ticket Text: | | Conference call with counsel prep and review file re same... | | | | | | | | |
| SWIFT James Rudsell | JRH3215 | 10/05/2019 Swift Transportation Co., Inc- James Rudsell v. Swift Transportation Co. | 119 | 1.70 | 1,445.00 | BL | | | No | Unbilled |
| Time Ticket Text: | | final approval motion redline revisions and review; crs w/ GEM re same | | | | | | | | |
| SWIFT James Rudsell | JRH3215 | 10/07/2019 Swift Transportation Co., Inc- James Rudsell v. Swift Transportation Co. | 120 | 3.40 | 2,890.00 | BL | | | No | Unbilled |
| Time Ticket Text: | | redline to dec; review final docs; strategy discussions w/ GEM; review of file and memo to file | | | | | | | | |
| SWIFT James Rudsell | JRH3215 | 10/11/2019 Swift Transportation Co., Inc- James Rudsell v. Swift Transportation Co. | 121 | 0.60 | 510.00 | BL | | | No | Unbilled |
| Time Ticket Text: | | crs w/ MLW re costs; review report; memo | | | | | | | | |
| SWIFT James Rudsell | JRH3215 | 11/17/2019 Swift Transportation Co., Inc- James Rudsell v. Swift Transportation Co. | 92 | 19.00 | 16,150.00 | BL | | | No | Unbilled |
| Time Ticket Text: | | estimated time needed for case wrap up | | | | | | | | |
| | | | **Totals For:JRH** | 250.15 | 212,627.50 | | | | | |
| **MLW**   Melissa Whitson | | | | | | | | | | |
| SWIFT James Rudsell | JRH3215 | 10/12/2011 Swift Transportation Co., Inc- James Rudsell v. Swift Transportation Co. | 28 | 0.30 | 58.50 | BL | | | No | Unbilled |
| Time Ticket Text: | | email from JRH; calendar, memo... | | | | | | | | |

# *Time Ticket Diary Report*

## JAMES HAWKINS APLC

| Client Number / Client Name | Matter Number | Date / Matter Description | Ticket Number | Hours | Amount | Type | Task Code | Activity Code | Held | Billing Status |
|---|---|---|---|---|---|---|---|---|---|---|
| SWIFT | JRH3215 | 10/14/2011 | 32 | 4.60 | 897.00 | BL | | | No | Unbilled |
| James Rudsell | | Swift Transportation Co., Inc- James Rudsell v. Swift Transportation Co. | | | | | | | | |
| Time Ticket Text: | assist JRH w/ intake, client docs and retainer.  set up new case and file on network... | | | | | | | | | |
| SWIFT | JRH3215 | 10/15/2011 | 33 | 0.60 | 117.00 | BL | | | No | Unbilled |
| James Rudsell | | Swift Transportation Co., Inc- James Rudsell v. Swift Transportation Co. | | | | | | | | |
| Time Ticket Text: | scan client docs and open on server; email JRH re same... | | | | | | | | | |
| SWIFT | JRH3215 | 11/30/2011 | 37 | 0.70 | 136.50 | BL | | | No | Unbilled |
| James Rudsell | | Swift Transportation Co., Inc- James Rudsell v. Swift Transportation Co. | | | | | | | | |
| Time Ticket Text: | scan additional docs; create file and memo... | | | | | | | | | |
| SWIFT | JRH3215 | 12/10/2011 | 39 | 0.40 | 78.00 | BL | | | No | Unbilled |
| James Rudsell | | Swift Transportation Co., Inc- James Rudsell v. Swift Transportation Co. | | | | | | | | |
| Time Ticket Text: | calendar dates per JRH; email GEM re same... | | | | | | | | | |
| SWIFT | JRH3215 | 01/09/2012 | 44 | 0.50 | 97.50 | BL | | | No | Unbilled |
| James Rudsell | | Swift Transportation Co., Inc- James Rudsell v. Swift Transportation Co. | | | | | | | | |
| Time Ticket Text: | prep docs and file complaint; calendar... | | | | | | | | | |
| SWIFT | JRH3215 | 03/30/2012 | 49 | 0.50 | 97.50 | BL | | | No | Unbilled |
| James Rudsell | | Swift Transportation Co., Inc- James Rudsell v. Swift Transportation Co. | | | | | | | | |
| Time Ticket Text: | prep and file summons and complaint | | | | | | | | | |
| SWIFT | JRH3215 | 03/31/2012 | 52 | 0.50 | 97.50 | BL | | | No | Unbilled |
| James Rudsell | | Swift Transportation Co., Inc- James Rudsell v. Swift Transportation Co. | | | | | | | | |
| Time Ticket Text: | prep and file FAC | | | | | | | | | |
| SWIFT | JRH3215 | 03/31/2012 | 53 | 0.30 | 58.50 | BL | | | No | Unbilled |
| James Rudsell | | Swift Transportation Co., Inc- James Rudsell v. Swift Transportation Co. | | | | | | | | |
| Time Ticket Text: | calendar | | | | | | | | | |
| SWIFT | JRH3215 | 04/10/2012 | 54 | 0.50 | 97.50 | BL | | | No | Unbilled |
| James Rudsell | | Swift Transportation Co., Inc- James Rudsell v. Swift Transportation Co. | | | | | | | | |
| Time Ticket Text: | set up and confirm courtcall; calendar | | | | | | | | | |
| SWIFT | JRH3215 | 05/08/2012 | 59 | 0.50 | 97.50 | BL | | | No | Unbilled |
| James Rudsell | | Swift Transportation Co., Inc- James Rudsell v. Swift Transportation Co. | | | | | | | | |
| Time Ticket Text: | scan docs and calendar | | | | | | | | | |
| SWIFT | JRH3215 | 10/16/2012 | 65 | 0.40 | 78.00 | BL | | | No | Unbilled |
| James Rudsell | | Swift Transportation Co., Inc- James Rudsell v. Swift Transportation Co. | | | | | | | | |
| Time Ticket Text: | prep and file docs | | | | | | | | | |

# *Time Ticket Diary Report*

## JAMES HAWKINS APLC

| Client Number / Client Name | Matter Number | Date / Matter Description | Ticket Number | Hours | Amount | Type | Task Code | Activity Code | Held | Billing Status |
|---|---|---|---|---|---|---|---|---|---|---|
| SWIFT<br>James Rudsell | JRH3215 | 10/25/2012<br>Swift Transportation Co., Inc- James Rudsell v. Swift Transportation Co. | 67 | 0.40 | 78.00 | BL | | | No | Unbilled |
| Time Ticket Text: | prep docs and file | | | | | | | | | |
| SWIFT<br>James Rudsell | JRH3215 | 01/28/2013<br>Swift Transportation Co., Inc- James Rudsell v. Swift Transportation Co. | 71 | 0.40 | 78.00 | BL | | | No | Unbilled |
| Time Ticket Text: | prep and file; courtesy copies to judge | | | | | | | | | |
| SWIFT<br>James Rudsell | JRH3215 | 03/11/2013<br>Swift Transportation Co., Inc- James Rudsell v. Swift Transportation Co. | 76 | 0.40 | 78.00 | BL | | | No | Unbilled |
| Time Ticket Text: | Prep and file RFP... | | | | | | | | | |
| SWIFT<br>James Rudsell | JRH3215 | 03/28/2013<br>Swift Transportation Co., Inc- James Rudsell v. Swift Transportation Co. | 77 | 0.50 | 97.50 | BL | | | No | Unbilled |
| Time Ticket Text: | schedule courtcall; confirm and calendar... | | | | | | | | | |
| SWIFT<br>James Rudsell | JRH3215 | 03/29/2013<br>Swift Transportation Co., Inc- James Rudsell v. Swift Transportation Co. | 80 | 0.30 | 58.50 | BL | | | No | Unbilled |
| Time Ticket Text: | prep joint report... | | | | | | | | | |
| SWIFT<br>James Rudsell | JRH3215 | 04/11/2013<br>Swift Transportation Co., Inc- James Rudsell v. Swift Transportation Co. | 84 | 0.60 | 117.00 | BL | | | No | Unbilled |
| Time Ticket Text: | scan defenses docs; calendar... | | | | | | | | | |
| SWIFT<br>James Rudsell | JRH3215 | 04/18/2018<br>Swift Transportation Co., Inc- James Rudsell v. Swift Transportation Co. | 107 | 5.50 | 1,072.50 | BL | | | No | Unbilled |
| Time Ticket Text: | assist JRH w/ mediation prep | | | | | | | | | |
| SWIFT<br>James Rudsell | JRH3215 | 04/19/2018<br>Swift Transportation Co., Inc- James Rudsell v. Swift Transportation Co. | 108 | 3.60 | 702.00 | BL | | | No | Unbilled |
| Time Ticket Text: | mediation binders; prep per JRH; assist | | | | | | | | | |
| SWIFT<br>James Rudsell | JRH3215 | 04/20/2018<br>Swift Transportation Co., Inc- James Rudsell v. Swift Transportation Co. | 109 | 4.00 | 780.00 | BL | | | No | Unbilled |
| Time Ticket Text: | assist JRH w/ mediation prep and travel confirmations | | | | | | | | | |
| SWIFT<br>James Rudsell | JRH3215 | 06/01/2018<br>Swift Transportation Co., Inc- James Rudsell v. Swift Transportation Co. | 112 | 2.00 | 390.00 | BL | | | No | Unbilled |
| Time Ticket Text: | assist w/ prelim motion and docs | | | | | | | | | |
| SWIFT<br>James Rudsell | JRH3215 | 06/03/2019<br>Swift Transportation Co., Inc- James Rudsell v. Swift Transportation Co. | 116 | 1.00 | 195.00 | BL | | | No | Unbilled |
| Time Ticket Text: | assist w/ prelim; prep and file docs | | | | | | | | | |

# *Time Ticket Diary Report*

## JAMES HAWKINS APLC

| Client Number Client Name | Matter Number | Date Matter Description | Ticket Number | Hours | Amount | Type | Task Code | Activity Code | Held | Billing Status |
|---|---|---|---|---|---|---|---|---|---|---|
| SWIFT James Rudsell | JRH3215 | 11/17/2019 Swift Transportation Co., Inc- James Rudsell v. Swift Transportation Co. | 93 | 8.00 | 1,560.00 | BL | | | No | Unbilled |
| Time Ticket Text: | approx of hours for case closure | | | | | | | | | |
| | | Totals For:MLW | | 36.50 | 7,117.50 | | | | | |

### Timekeepers Totals

| Timekeeper: | GEM | Type | | Unbilled |
|---|---|---|---|---|
| | | Billable Hours | | 252.60 |
| | | Total For GEM | | 252.60 |
| | | | | |
| Timekeeper: | JRH | Type | | Unbilled |
| | | Billable Hours | | 250.15 |
| | | Total For JRH | | 250.15 |
| | | | | |
| Timekeeper: | MLW | Type | | Unbilled |
| | | Billable Hours | | 36.50 |
| | | Total For MLW | | 36.50 |

### Firm Totals

| TYPE | Unbilled |
|---|---|
| Billable Hours | 539.25 |
| Grand Total: | 539.25 |

# EXHIBIT 3

# *Matter Billing Detail*

Report Date: 11/18/2019
Report Time: 9:47AM
Page: 1 of 3
User ID: Miccolis

## JAMES HAWKINS APLC

**Date Range:** **01/01/1900 to 11/18/2019**
**Client:** **SWIFT - James Rudsell**
**Matter:** **JRH3215 - Swift Transportation Co., Inc- James Rudsell v. Swift Transportation Co.**

| Date | Expense Code | Description | Debit | Credit | Billing Status | On Hold | Invoice Number | Check Number | Payee |
|------|------|------|------|------|------|------|------|------|------|
| | | Balance Forward: | $0.00 | | | | | | |
| 01/09/2012 | FF | Filing Fee - Summons & Complaint In# 255583 | $523.45 | | Unbilled | | | | |
| 03/26/2012 | PRK | Parking Fee -Court Hearing-Motion to Remand | $14.00 | | Unbilled | | | | |
| 03/26/2012 | TE | Travel Expenses -Hearing-Motion to Remand | $60.50 | | Unbilled | | | | |
| 03/30/2012 | DDS | DDS Service - IN3 260964- Summons & Cmplnt | $134.90 | | Unbilled | | | | |
| 03/31/2012 | DDS | DDS Service - In#260051- File FAC & Process Serve | $88.95 | | Unbilled | | | | |
| 04/10/2012 | CCL | Court Call -4/13/12 OSC Hearing San Berdo | $78.00 | | Unbilled | | | | |
| 05/07/2012 | SCN | Scanning - Ntc of Removal | $20.50 | | Unbilled | | | | |
| 05/07/2012 | SCN | Scanning - Certif of Service | $1.00 | | Unbilled | | | | |
| 05/07/2012 | SCN | Scanning - Ntc of Removal pursuant | $20.00 | | Unbilled | | | | |
| 05/07/2012 | SCN | Scanning - Civl Cover Sheet | $0.50 | | Unbilled | | | | |
| 05/07/2012 | SCN | Scanning - Certif of Ntc of Interested Parties | $0.25 | | Unbilled | | | | |
| 05/07/2012 | SCN | Scanning -Dec of R. Rohwer | $1.75 | | Unbilled | | | | |
| 05/07/2012 | SCN | Scanning - Ntc of Counsel | $0.25 | | Unbilled | | | | |
| 05/07/2012 | SCN | Scanning - Ntc to Parties | $0.50 | | Unbilled | | | | |
| 05/07/2012 | SCN | Scanning - Ntc to Counsel | $1.50 | | Unbilled | | | | |
| 10/16/2012 | DDS | DDS Service -In#272624- File Joint report | $84.45 | | Unbilled | | | | |
| 10/25/2012 | DDS | DDS Service - IN#272624- File Ntc of Continued Hearing | $93.45 | | Unbilled | | | | |
| 01/28/2013 | DDS | DDS Service - IN#277962- Courtesy Copy Delivery to Judge | $59.95 | | Unbilled | | | | |
| 02/07/2013 | DDS | DDS Service -IN#278935- Plf's Initial Disclosures -Served Def-2 | $79.90 | | Unbilled | | | | |
| 03/11/2013 | DDS | DDS Service -IN#280695- Plf's First RFP of Docs- Served | $79.90 | | Unbilled | | | | |
| 03/28/2013 | CCL | Court Call -3/29/13 Hearing- re Status of Removal- drg | $108.00 | | Unbilled | | | | |
| 03/28/2013 | FF | Filing Fee - FiledSan Bernardino Superior Court-Joint Status Report & Courtesy Copy Delivery | $31.61 | | Unbilled | | | | |

# *Matter Billing Detail*

## JAMES HAWKINS APLC

| Date | Expense Code | Description | Debit | Credit | Billing Status | On Hold | Invoice Number | Check Number | Payee |
|------|------|-------------|-------|--------|----------------|---------|----------------|--------------|-------|
| 03/28/2013 | LRE | Legal Research - Westlaw- GEM | $13.14 | | Unbilled | | | | |
| 03/29/2013 | CRT | Court Documents - Deliver Check to Phyliss Preston for Transcript of 2/11/13 Hearing | $116.47 | | Unbilled | | | | |
| 03/31/2013 | PCR | Pacer- Access Courts Electronic Records - Mar 2013 Document Access | $49.20 | | Unbilled | | | | |
| 04/01/2013 | DDS | DDS Service -In#282510- Deliver Chamber Copies to Judge Phillips | $59.95 | | Unbilled | | | | |
| 04/11/2013 | SCN | Scanning - Def Respns to RFP1, SROGS1 | $8.50 | | Unbilled | | | | |
| 12/28/2017 | MED | Mediation Fees CK#7252 Mark Rudy Mediation set for 04/23/18 | $7,500.00 | | Unbilled | | | | |
| 03/20/2018 | ACC | Accomodations for Mediation- Hotel for 4/23/18 Mediation- JRH & GEM | $415.00 | | Unbilled | | | | |
| 03/20/2018 | TE | Travel Expenses- Airfare to San Francisco for Mediation 4/23/18-GEM | $541.96 | | Unbilled | | | | |
| 03/20/2018 | TE | Travel Expenses-Airfare to San Francisco for Mediation 4/23/18-JRH | $555.96 | | Unbilled | | | | |
| 04/23/2018 | PRK | Parking Fee-Airport | $30.00 | | Unbilled | | | | |
| 04/23/2018 | CAR | Transportation Costs-Airport | $36.24 | | Unbilled | | | | |
| 04/23/2018 | CAR | Transportation Costs- Encore Car Invoice -Mediation 04.23.18 | $188.00 | | Unbilled | | | | |
| 04/24/2018 | CAR | Transportation Costs-Encore Car Invoice -Mediation 04.24.18 | $188.00 | | Unbilled | | | | |
| 04/30/2018 | TE | Travel Expenses-Travel Expenses-Airfare to San Francisco for Mediation 4/23/18-A. Rogers | $541.98 | | Unbilled | | | | |
| 06/03/2019 | FED | FED EX- Motion for Preliminary Approval Documents sent to Neal Fialkow, Esq., Paul Cowie, Esq. and Stanley Saltzman, Esq. | $65.16 | | Unbilled | | | | |
| 06/24/2019 | FST | First Legal Network | $226.25 | | Unbilled | | | | |
| 07/31/2019 | FST | First Legal Network - MANDATORY Chamber Copies of Plf Reply, Dec, NEF - IN #30103231 | $45.75 | | Unbilled | | | | |
| 08/15/2019 | PRK | Parking Fee- Parking Costs GEM | $18.50 | | Unbilled | | | | |
| 10/15/2019 | SCN | Scanning- Objection letter from class member | $0.25 | | Unbilled | | | | |

|  |  |  |
|---|---|---|
| **Total:** | $12,083.62 | $0.00 |
| **Balance:** | $12,083.62 | |

# *Matter Billing Detail*

| | |
|---|---|
| Report Date: | 11/18/2019 |
| Report Time: | 9:47AM |
| Page: | 3 of 3 |
| User ID: | Miccolis |

## JAMES HAWKINS APLC

| Date | Expense Code | Description | Debit | Credit | Billing Status | On Hold | Invoice Number | Check Number | Payee |
|---|---|---|---|---|---|---|---|---|---|
| | | **Total Fees Billed - - - - - - - - - - - - - - - - - -** | **$0.00** | | | | | | |
| | | **Total Fees Unbilled : - - - - - - - - - - - - - - -** | **$0.00** | | | | | | |
| | | **Total Fees Received : - - - - - - - - - - - - - -** | **$0.00** | | | | | | |
| | | **Total Soft Cost Billed : - - - - - - - - - - - - -** | **$0.00** | | | | | | |
| | | **Total Soft Cost Unbilled : - - - - - - - - - - -** | **$0.00** | | | | | | |
| | | **Total Soft Cost Received : - - - - - - - - - -** | **$0.00** | | | | | | |
| | | **Total Hard Cost Billed : - - - - - - - - - - - -** | **$0.00** | | | | | | |
| | | Total Hard Cost Unbilled : - - - - - - - - - - - | $12,083.62 | | | | | | |
| | | **Total Hard Cost Received : - - - - - - - - - -** | **$0.00** | | | | | | |
| | | **Total Taxes Billed : - - - - - - - - - - - - - - - -** | **$0.00** | | | | | | |
| | | **Total Taxes Unbilled : - - - - - - - - - - - - - -** | **$0.00** | | | | | | |
| | | **Total Taxes Received : - - - - - - - - - - - - - -** | **$0.00** | | | | | | |
| | | **Total Late Charges Billed : - - - - - - - - -** | **$0.00** | | | | | | |
| | | **Total Late Charges Unbilled: - - - - - - - -** | **$0.00** | | | | | | |
| | | **Total Late Charges Received : - - - - - - - -** | **$0.00** | | | | | | |
| | | **Trust Balance: - - - - - - - - - - - - - - - - - - -** | **$0.00** | | | | | | |