UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| John Burnell, <br><br> Plaintiff, <br><br> v. <br><br> Swift Transportation Co Inc et al, <br><br> Defendant. | 5:10-cv-00809-VAP-OPx <br><br> **Order GRANTING Plaintiff Hodges's Motion for Relief from Judgment (Dkt. 258).** |

Plaintiff Richard Hodges filed this Motion for Relief from Judgment on May 15, 2020. ("Motion," Dkt. 258). Swift Transportation Company and Swift Transportation Co. of Arizona, LLC (together, "Defendants") filed opposition on May 22, 2020 (Dkt. 263), and Plaintiff replied on June 1, 2020 (Dkt. 264). The Court deems the Motion suitable for resolution without hearing pursuant to Local Rule 7-15. After considering all papers filed in support of, and in opposition to, the Motion, the Court GRANTS the Motion.

## I. BACKGROUND

The parties are well-acquainted with the facts of this case, which is now in its second decade. Plaintiff is a member of a class of non-exempt truck drivers that recently settled the above-captioned wage-and-hour class action lawsuit against Defendants. (*See* Dkt. 236, 246 (the "*Burnell* Settlement")). He is also a named plaintiff and proposed class representative in a separate putative class action against

1

Defendants, *Bouissey v. Swift Transp. Co. of Arizona, LLC*, Case No. 2:19-cv-03203-VAP-KKx (hereafter, "*Bouissey*"). (Dkt. 258-1 at 4).

Given the allegedly overlapping nature of the claims in the *Bouissey* action and this case, Plaintiff's participation in the *Burnell* Settlement would preclude his participation in *Bouissey*. Accordingly, the question before the Court is whether Plaintiff is bound by the judgment here.

The Court-approved notice of settlement in this case stated class members could request exclusion from the settlement on or before October 18, 2019 by submitting a request containing, *inter alia*, the name, address, telephone number and last four digits of the Social Security number of the person requesting exclusion, and the location and years of his or her employment by Defendants. (Dkt. 219, Ex. A). On September 30, 2019, Plaintiff penned an opt-out letter to the settlement administrator. (Dkt. 258-3 at 7). The request included his name, address, telephone number, last four digits of his Social Security number, and stated, "I have read the Class Notice and I wish to opt out of the settlement of [*Burnell*]. I understand by opting out of the settlement that I will not be bound by any judgment in the cases and will not be entitled to receive any payment from the settlement." (*Id.*). Plaintiff did not, however, provide information about the location and years of his employment with Defendants. (*See id.*). A list of class members who timely and validly requested exclusion is included as an exhibit to the Court's judgment and does not include Plaintiff—though it does, coincidentally, list "Rickey Hodge." (Dkt. 246, Ex. A).

Plaintiff now seeks relief from the *Burnell* Settlement, arguing the Court should honor his opt-out request despite its failure to comply with the instructions provided in the notice of settlement.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 60(b) provides that

> the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

District courts exercise considerable discretion in considering Rule 60(b) motions. *See Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005) (characterizing appellate review as limited and deferential); *Molloy v. Wilson*, 878 F.2d 313, 316–17 (9th Cir. 1989) (same). Although courts must be mindful of the public interest in the timeliness and finality of judgments, *see Phelps v. Alameida*, 569 F.3d 1120, 1135 (9th Cir. 2009), "[t]hat policy consideration, standing alone, is unpersuasive in

the interpretation of a provision whose whole purpose is to make an exception to finality," *Gonzalez*, 545 U.S. at 535.

### III. DISCUSSION

#### A. Timeliness of Plaintiff's Motion

As a threshold matter, the Court considers Defendants' argument that the Motion must be denied as untimely. (*See* Dkt. 263 at 9–10). "A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). Defendants assert that Plaintiff filed the instant Motion two months after the deadline to appeal the *Burnell* Settlement, and "[m]otions filed after the time to appeal the applicable judgment has elapsed are generally deemed untimely." (Dkt. 263 at 9).

Defendants' argument is a red herring, as the cases they cite explicitly refer to motions under Rule 60(b)(1) only (*see id.*); Plaintiff states he seeks relief under Rule 60(b)(2), (3), and (6) (Dkt. 258-1 at 10). Motions under subsections (2) and (3) may be made within one year of entry of judgment, *see Nevitt v. United States*, 886 F.2d 1187, 1188 (9th Cir. 1989); *Inland Concrete Enterprises, Inc. v. Kraft*, 318 F.R.D. 383, 411 (C.D. Cal. 2016), and there is no outside limit for bringing a motion under Rule 60(b)(6), *Molloy*, 878 F.2d at 316.

The Court issued its final judgment approving the Burnell Settlement on February 10, 2020 (Dkt. 246), well less than a year before Plaintiff filed the instant Motion. The Motion is, therefore, timely.

4

**B. Plaintiff's Grounds for Relief**

The Court is persuaded that Plaintiff qualifies for relief under Rule 60(b)(6), "a grand reservoir of equitable power that allows courts to grant relief from a final judgment for 'any' reason that 'justifies relief.'" *Henson v. Fid. Nat'l Fin., Inc.*, 943 F.3d 434, 439–40 (9th Cir. 2019). "Rule 60(b)(6) is a 'catch-all' provision that 'vests power in courts adequate to enable them to vacate judgments whenever such action is appropriate to accomplish justice.'" *Jung Ai Shin v. U.S. Citizenship & Immigration Servs.*, 2013 WL 571781, at *2 (C.D. Cal. Feb. 13, 2013) (citations omitted). It "grants federal courts broad authority to relieve a party from a final judgment 'upon such terms as are just,' provided that the motion is made within a reasonable time and is not premised on one of the grounds for relief enumerated in clauses (b)(1) through (b)(5)." *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863 (1988) (quoting *Klapprott v. United States*, 335 U.S. 601, 614–615 (1949)).

"To receive relief under Rule 60(b)(6), a party must demonstrate 'extraordinary circumstances which prevented or rendered him unable to prosecute [his case].'" *Lal v. California*, 610 F.3d 518, 524 (9th Cir. 2010) (citation omitted). The "extraordinary circumstances" requirement "suggest[s] that the party is faultless in the delay." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 393 (1993). The Ninth Circuit directs courts to "consider all of the relevant circumstances surrounding the specific motion before the court in order to ensure that justice be done in light of all the facts." *Henson*, 943 F.3d at 440.

Plaintiff argues that declining to honor his opt-out request would run counter to "the interest of basic fairness and justice." (Dkt. 258-1 at 15). He notes that his

request for exclusion was timely, unambiguous, and included all necessary, identifying information; that Defendants and the settlement administrator failed to notify him of the deficiency; that nothing in the settlement documents stated his request for exclusion was deficient; and that, although the settlement administrator stated it received 11 timely, valid requests for exclusion, it did not identify the 11 class members by name or explain that it deemed other requests for exclusion invalid. (Dkt. 258-1 at 8–9). In fact, the settlement administrator received 26 opt-out requests and deemed 15 deficient. (*Id.* at 9).

Defendants counter that Plaintiff "argues the Court should grant him relief based on some vague idea of 'fairness,' but he fails to demonstrate the sort of 'extraordinary circumstances' required for relief under Fed. R. Civ. P. 60(b)(6). Hodges admittedly had notice of the requirement to include the location and years of his employment in his opt-out request and simply failed to do so, or to seek relief from the requirement prior to judgment being entered." (Dkt. 263 at 15).

Defendants' objections are unavailing. Prior to February 10, 2020, when the Court entered judgment in the *Burnell* Settlement and the names of those excluded appeared on the docket for the first time (*see* Dkt. 246), Plaintiff reasonably believed his request for exclusion was effective. Even after the Court entered judgment, Plaintiff may have believed he had opted out; it is, after all, a startling coincidence that the class contained a "Rickey Hodge" who also submitted a request for exclusion. Plaintiff's failure to include his dates of employment weighs against him, but Defendants' complete reliance on this omission rings hollow, given Defendants' kept opt-out information to themselves rather than notify Plaintiff (or any other class member) in time to remedy the error or object to the settlement.

It would have been good practice for Plaintiff's attorneys to clarify whether "Rickey Hodge" referred to their client or was a typographical error, although they likely would have learned the truth after the Court entered judgment. In reviewing the parties' behavior, however, the Court rather finds Defendants' practices stand out. While it is true that "Swift was under no obligation to inform class members who submitted invalid exclusion requests to the settlement administrator of the deficiencies" (Dkt. 263 at 14), the Court declines to condone Defendants' practice of keeping a class member in the dark when it was clear he wished to opt-out. The settlement administration process is meant to oversee impartially the notice given to class members and to honor the spirit of Rule 23's opt-out rights. Defendants' opacity seemed designed to reject as many requests for exclusion as possible. An attorney's responsibility includes attention to the overall integrity of the process. *See* California Rule Professional Conduct 1.0, comment 5 ("A lawyer, as a member of the legal profession, is a representative and advisor of clients, an officer of the legal system and a public citizen having special responsibilities for the quality of justice.").

Defendants do not argue granting the Motion would prejudice them, beyond suggesting other courts consider the importance of certainty and finality in class action settlements. (Dkt. 263 at 17). This is unpersuasive. The Court agrees with Plaintiff that "[h]onoring Mr. Hodges' opt-out under the circumstances here would not upset Defendant's finality interest, as administration of the settlement is stayed in light of multiple appeals of the settlement pending in the Ninth Circuit. . . . Further, dismissing Mr. Hodges' claims from the *Bouissey v. Swift* action will not conclude that litigation, as Swift acknowledges that Mr. Bouissey, the other named Plaintiff in that case, is identified as an opt out to the *Burnell* Judgment." The Court

also reiterates that an objection based on finality "standing alone, is unpersuasive in the interpretation of a provision whose whole purpose is to make an exception to finality," *Gonzalez*, 545 U.S. at 535. Considering the entirety of the circumstances, the Court finds the interests of justice require granting relief.

## IV. CONCLUSION

The Court therefore GRANTS the Motion.

**IT IS SO ORDERED.**

Dated: 6/25/20

Virginia A. Phillips
United States District Judge